IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2008 MAR -3 P 4: 19

VILLAGE MANOR, INC.,            *
CLEVELAND DEVELOPMENT,          *
INC., SOUTHEASTERN LIHTC        *
MANAGEMENT, INC., R. TIMOTHY    *
SINGLETON, SINGLETON &          *
ASSOCIATES, INC.,               *
                                *
        Plaintiffs,             *        2: 08 CV149 -T
                                *
vs.                             *
                                *
ARCH SPECIALTY INSURANCE        *
COMPANY, SCOTTSDALE             *
INSURANCE COMPANY, CHUBB        *
INSURANCE COMPANY, MARSH        *
USA, Inc.,                      *
                                *
        Defendants.             *

## NOTICE OF REMOVAL

COMES NOW Arch Specialty Insurance Company ("Arch") and

Marsh USA, Inc. ("Marsh")[1] (hereinafter referred to as "removing parties"

or "defendants") and give notice, with full reservation of all defenses,

including but not limited to, lack of personal jurisdiction, insufficient

---

[1] The pleading initiating this action against the removing parties is entitled "Third Party Complaint," and identifies the above-named "plaintiffs" as "third party plaintiffs" and the removing parties as "third party defendants." The pleading, however, was filed in an action with an assigned case number of CV-2005-2795, which action was terminated on November 11, 2007, with the filing of a Stipulation of Dismissal with Prejudice. Thus, the pleading is misnamed a third party complaint, it incorrectly identified the parties as "third parties", and it is filed in an action that was previously terminated by law. For ease of pleading, Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc. will be referred to herein as "plaintiffs."

process, insufficient service of process, improper venue, and failure to state a claim upon which relief can be granted, that this cause is hereby removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As for its Notice of Removal, the removing parties show unto the Court as follows:

## BACKGROUND

1.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases, and therefore removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based upon diversity of citizenship.

2.     Plaintiffs Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc. instituted this civil action in the Circuit Court of Montgomery County, Alabama, on January 28, 2008, against the removing parties Arch, Scottsdale Insurance Company ("Scottsdale"), Federal Insurance Company, improperly named as Chubb Insurance Company, and Marsh.

COMPLIANCE WITH PROCEDURAL REQUIREMENTS

3.    This action could have originally been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between plaintiffs and the removing parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.    The purported Third-Party Complaint alleges a cause of action for Bad Faith against Arch, Scottsdale, and Federal Insurance Company, and alleges a cause of action for Fraudulent Misrepresentation against Marsh. The Third-Party Complaint alleges that Arch, Scottsdale and Federal Insurance Company failed to defend and indemnify the plaintiffs from allegations brought in case number CV-2005-2795 in the Circuit Court of Montgomery County, Alabama.

AMOUNT IN CONTROVERSY

5.    According to the Third Amended Complaint in the underlying litigation, plaintiffs were responsible for itemized damages to the property at issue in the amounts of $500,000 (as to the Village Manor property) and $480,000 (as to the Forrest Grove property) and for the improper distribution of $57,186 (as to the Village Manor Property) and $65,407 (as to the Forrest Grove property).    (*See* Third Amended Complaint, ¶¶ 20, 22, and 23 attached hereto as Exhibit A).

6.      While the Third-Party Complaint is silent as to an exact amount of damages sought, prior to filing, plaintiffs demanded $125,000 from Arch. (*See* Affidavit of Marc Lanzkowsky ("Lanzkowsky Affid."), ¶ 5, attached hereto as Exhibit B).

7.      The Third-Party Complaint alleges that R. Timothy Singleton on behalf of himself and the other plaintiffs purchased insurance policies from removing parties Arch, Scottsdale and Federal Insurance Company. (*See* Third-Party Complaint, ¶ 13, attached hereto as Exhibit C).

8.      The Third-Party Complaint also alleges that plaintiffs purchased the policies through insurance broker Marsh. (*Id.* ¶ 14).

9.      The Third-Party Complaint alleges that plaintiffs suffered damage in the form of "loss of insurance premiums and fees" paid to the removing parties. (*Id.*, ¶ 26).

10.      Although it is unclear from the Third-Party Complaint as to which policy(ies) the plaintiffs' seek recovery under, the Complaint in the underlying litigation alleges that the Agreement for Management Services related to Village Manor was signed on December 1, 2000, and the Agreement for Management Services related to Cleveland Development, Inc., was signed November 29, 2001. (*See* Compl. ¶¶ 18-19).    The

Complaint in the underlying litigation was filed on October 31, 2005. (*See* Third-Party Compl., ¶ 12).

11.   During the period of time allegedly relevant to this lawsuit, Singleton & Associates paid commissions to Marsh for policies placed by Marsh on behalf of Singleton, and paid premiums to certain insurance carriers for those policies. (*See* Affidavit of Cliona Levy ("Levy Affid."), ¶ 5, attached hereto as Exhibit D).

12.   For the policy period 08/15/00 to 08/15/01, Singleton & Associates paid a total of $73,709.44 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $19,548.56 in commissions to Marsh, for a total amount of premiums and fees of $93,258.00. (Levy Affid., ¶ 6).

13.   For the policy period 08/15/01 to 08/15/02, Singleton & Associates paid a total of $111,541.17 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $29,656.86 in commissions to Marsh, for a total amount of premiums and fees of $141,198.03. (Levy Affid., ¶ 7)

14.   For the policy period 08/15/02 to 08/15/03, Singleton & Associates paid a total of $196,504.64 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $30,667.17 in

commissions to Marsh, for a total amount of premiums and fees of $227,171.81. (Levy Affid., ¶ 8).

15.     The total amount of insurance premiums paid to insurance carriers on the policies placed on behalf of Singleton & Associates by Marsh during the period of time allegedly relevant to this lawsuit and commissions paid to Marsh for those policies is $461,627.84.

16.     Because plaintiffs seek recovery of "loss of insurance premiums and fees" paid to the removing parties for the policies in addition to costs associated with defending the underlying claim, which appears to have been litigated over a period of two years, the amount of damages plaintiffs seek to recover is in excess of the threshold required for diversity jurisdiction under 28 U.S.C. § 1332.

## COMPLETE DIVERSITY OF PARTIES

17.     Plaintiff Village Manor, Inc. was at the institution of this civil action, and at all times intervening, an Alabama Corporation. (*See* Third-Party Compl., ¶ 2).

18.     Plaintiff Cleveland Development, Inc. was at the institution of this civil action, and at all times intervening, a Tennessee Corporation. (*See* *Id.*, ¶ 3).

19.    Plaintiff Southeastern LIHTC Management, Inc. was at the institution of this civil action, and at all times intervening, an Alabama Corporation. (*See Id.*, ¶ 4).

20.    Plaintiff R. Timothy Singleton, was at the institution of this civil action, and at all times intervening, a citizen and resident of Alabama. (*See Id.*, ¶ 1).

21.    Plaintiff Singleton & Associates, Inc. was at the institution of this civil action, and at all times intervening, an Alabama Corporation. (*See Id.*, ¶ 5).

22.    None of the removing parties are, or were, at the institution of this civil action, or at any time intervening, corporations of or had their principal place of business in Tennessee or Alabama.

23.    Arch is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.  Arch is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Lanzkowsky Affid., ¶ 4).

24.    Scottsdale is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Arizona.  Scottsdale is not, and

was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Affidavit of Louis Getz, III, ¶ 4, attached hereto as Exhibit E).

25.    Federal Insurance Company is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Indiana with its principal place of business in the State of New Jersey. Federal Insurance Company is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Affidavit of Joy Ralston, ¶ 4, attached hereto as Exhibit F).

26.    Marsh is, and was at the time of the institution of this civil action, a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York. Marsh is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Levy Affid. ¶ 2).

THE REMOVAL NOTICE IS TIMELY

27.    This Notice of Removal is filed within thirty days of the first service of the Third-Party Complaint upon any removing party, pursuant to 28 U.S.C. § 1446(b). The first notice of this action to any removing party as required by 28 U.S.C. § 1446(b) was on January 31, 2008, when Federal

Insurance Company was served with a copy of the summons and Third-Party Complaint.

28. This Notice of Removal is filed within one year of the commencement of this action by the plaintiffs against these removing parties pursuant to 28 U.S.C. § 1446(b). This matter was commenced on January 28, 2008, despite the fact that it was filed in a Montgomery County Circuit Court case numbered CV-2005-2795 which was terminated more than two months prior to the filing of the Third-Party Complaint.

29. The Montgomery County Circuit Court case numbered CV-2005-2795 was filed in October 2005 and it terminated in November 2007. CV-2005-2795 progressed as follows until a stipulation of dismissal was filed on November 29, 2007:

> On October 31, 2005, in the Circuit Court of Montgomery County, Alabama, in CV-2005-2795, KeyCorp Investment Limited Partnership; Village Manor Limited; and Cleveland Apartments, LP filed suit against Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; R. Timothy Singleton; Jeffery D. Brooks; George Kershaw; Ronald E. Dearolf; and Singleton & Associates, Inc.

On October 2, 2007, defendants Brooks, Kershaw, and Dearolf were dismissed from CV-2005-2795 with prejudice.

On November 29, 2007, the remaining parties to CV-2005-2795 filed a stipulation of dismissal with prejudice signed by counsel for all parties.

30.    A true and accurate copy of the Stipulation of Dismissal with Prejudice terminating the underlying state court action is attached hereto as Exhibit G.

31.    Alabama law is clear that a case is terminated upon the filing of a stipulation of dismissal, and following the filing of a stipulation of dismissal all further pleadings and orders are void.[2]

---

[2] In *Greene v. Town of Cedar Bluff*, 965 So.2d 773 (Ala. Feb. 16, 2007), the Supreme Court of Alabama discussed the termination of an action following the filing of stipulation of dismissal. The Court held that following a stipulation of dismissal under either Alabama Rule of Civil Procedure 41(a)(1)(i) or 41(a)(1)(ii) further proceedings were void. 965 So.2d at 779. In this case, Greene attempted to intervene in an action after the original parties had filed a stipulation of dismissal under Rule 41(a)(1)(ii). The trial court denied Greene's motion to intervene and Greene appealed. The Court stated, "because the parties' stipulation of dismissal terminated case no. CV-03-107 when the stipulation was filed, the trial court's order denying Greene's motion to intervene is void, and we dismiss the appeal." *Greene*, 965 So.2d at 780.

In reaching its holding, the Court quoted extensively from *Ex parte Sealy, L.L.C.*, 904 So.2d 1230 (Ala. 2004). In *Ex parte Sealy*, the plaintiff filed a notice of dismissal, and the court held:

> [the] notice *ipso facto* deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void. Moreover, the notice "carried down with it [all] *previous* proceedings and orders in the action and all pleadings, both of [Sealy] and [Banks], and all issues, with respect to [Sealy's] claim," *In re Piper Aircraft*, 551 F.2d at 219.

*Id.*, 904 So. 2d at 1236.

32.    In the present matter, following the filing of the stipulation of dismissal, Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc. were no longer parties to CV-05-2795.  Therefore, they cannot be third party plaintiffs, they cannot file a third party complaint, and they cannot bring the removing parties into a suit to which they do not belong.  Accordingly, the Third-Party Complaint filed against the removing parties is a new action which commenced on January 28, 2008, clearly within one year of the filing of this Notice of Removal.

33.    A true and correct copy of all pleadings served on the removing parties in this action is attached as Exhibit C, referred to previously, and a copy of the Court file of CV-2005-2795 is attached hereto as Exhibit H herein, and both are incorporated by reference herein.

34.    The removing parties also attach copies of all documents filed in the Montgomery Circuit Court in case numbered CV-2005-2795 for the Court's reference.    However, as CV-2005-2795 was terminated on November 29, 2007, per Alabama law, the filing date of the pleading of CV-2005-2795 should not affect this action.[3]

---

[3] *See Ex parte Sealy, L.L.C.*, 904 So.2d 1230, 1236 (Ala. 2004) (holding that the filing of a stipulation of dismissal "carried down with it [all] previous proceedings and orders in the action, and all pleadings…").

35.    All properly joined and served removing parties consent to and join with this Notice of Removal. (*See* Consents and Joinders to Notice of Removal attached hereto as Exhibits I & J).

36.    The removing parties filed a copy of this Notice with the Clerk of the Circuit Court of Montgomery County, Alabama.

37.    The removing parties meet all prerequisites for removal under 28 U.S.C. § 1441 and this pleading complies with the procedures for removal under 28 U.S.C. § 1446.

38.    If any question arises as to the propriety of the removal of this action, the removing parties request the opportunity to present a brief and oral argument in support of this Court's subject-matter jurisdiction.

WHEREFORE, the removing parties request this Honorable Court to take cognizance of and jurisdiction over this cause, to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, and to enter such orders as may be necessary to obtain a true record of such proceedings as may have been had in the Circuit Court of Montgomery County, Alabama.

This the 3rd day of March, 2008.

Respectfully submitted,


**BRADLEY ARANT ROSE & WHITE LLP**

ROBERT E. POUNDSTONE, IV
ASB-5864-N53R
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
Fax: 334.956.7701
E-mail: bpoundstone@bradleyarant.com

JOHN D. BOND, III
ASB-3910-B61J
100 N. Tryon St., Suite 2690
Charlotte, NC 28202
(704) 338-6000 – Telephone
(704) 332-8852 – Facsimile
E-mail: jbond@bradleyarant.com


*Attorneys for Marsh USA, Inc.*

/s/

MATTHEW W. ROBINETT
ASB-3523-I72M
NORMAN, WOOD, KENDRICK, & TURNER
Financial Center – Suite 1600
505 Twentieth Street North
Birmingham, AL 35203
Telephone: (205) 328-6643
Fax: (205) 251-5479
E-mail: mrobinett@NWKT.com

/s/

THOMAS A. KENDRICK
ASB-5668-E25T
NORMAN, WOOD, KENDRICK, & TURNER
Financial Center – Suite 1600
505 Twentieth Street North
Birmingham, AL 35203
Telephone: (205) 328-6643
Fax: (205) 251-5479
E-mail: tkendrick@nwkt.com

*Attorneys for Arch Specialty Insurance Company*

14

## CERTIFICATE OF SERVICE

I hereby certify on this the 3rd day of March, 2008, a true and correct copy of the above and foregoing has been served upon the following listed persons via first class mail, postage prepaid and addressed as follows:

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL  36117

*(via mail and hand delivery)*

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, AL  36124

*(via mail and hand delivery)*

Walter J. Price, III, Esq.
Huie, Fernambucq & Stewart, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, AL  35223-2484

Edgar M. Elliot, Esq.
Michael A. Vercher
Christian & Small, LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203

OF COUNSEL

ELECTRONICALLY FILED
9/24/2007 2:46 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L. P., BY AND
THROUGH WENTWOOD HOUSING FUND XIII,
GP., INC. AND WENTWOOD HOUSING FUND
XV, GP, INC., ITS GENERAL PARTNERS

      Plaintiffs,

-vs-

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON;
SINGLETON & ASSOCIATES, INC.;
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE WRONGFUL
CONDUCT CAUSED THE INJURIES TO THE
PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,

      Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. CV-2005-2795

### THIRD AMENDED COMPLAINT

COME NOW Plaintiffs, KeyCorp Investment Limited Partnership, III, Village Manor,

Ltd., by and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc.,

its General Partner, by counsel, and for the third time amends the complaint and allege as

follows:



## I. PARTIES

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama. Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.    Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.  Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.    Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.    Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.    Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.    Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

2

8.     Defendant Singleton & Associates, Inc. is, upon information and belief, an Alabama corporation with its principle place of business in Montgomery County, Alabama.

9.     This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

10.  Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama. It operates as an Alabama limited partnership.

11.  On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed. Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton, an officer of Village Manor, and also signed the agreement as individual Guarantor. Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement. The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

12.  Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee. The complex is operated as a limited partnership.

13.    On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the "Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner.  Singleton also signed the agreement as individual Guarantor.  Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement.  The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

14.    The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

15.    The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

4

16.    On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Village Manor Apartments.

17.    On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

18.    On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal as General Partner pursuant to the Village Manor Agreement.   On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General Partner of the Village Manor Partnership in lieu of curing numerous defaults.   At the time of the withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

19.    On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments Agreement.   On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as General Partner of the Cleveland Partnership in lieu of curing numerous defects.   At the time of the withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state of disrepair and financial ruin.

20.    Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing General Partner of the Village Manor Property and the Forrest Grove Property, respectively, Plaintiffs were forced to remove Southeastern as the Management Agent for

the Village Manor Property and the Forrest Grove Property because of numerous outstanding and ongoing problems at the properties which resulted from negligence and mismanagement on the part of the General Partners and Management Agent. More specifically, the Village Manor property was deemed by the Alabama Housing and Finance Authority to be uninhabitable, and it was estimated that it would cost in excess of $500,000.000, or approximately $10,000.00 per unit, to repair the damages caused by Defendants mismanagement. The property was sold in 2006 for significantly less than the outstanding debt on the property, and for a fraction of the fair market value of the property had it been managed properly. Additionally, many of the 96 units at Forrest Grove were damaged. It was estimated that it would cost in excess of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants. Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

21. Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

6

22.   Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

23.   Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding and delinquent accounts payable in excess of $112,016.15 which led to the termination of key services at the development and improperly distributed in excess of $65,407.00 to themselves and their affiliates between 1997 and 2004.

24.   Singleton & Associates, Inc. ("Associates") is a closely held corporation by Timothy Singleton that is in the business of commercial real estate.   Associates was involved in the day to day operation and management of Village Manor, Inc., Cleveland Development, Inc. and Southeastern LIHTC Management, Inc.

25.   Defendants were negligent and wanton in their management of the partnerships and the developments, which led to the deterioration of the physical and financial condition of the partnerships and developments, and the damages more fully described herein.

26.   As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are continuing in nature.

### III. CAUSES OF ACTION
### COUNT ONE: FRAUD (SUPPRESSION)
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

27.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

28.  Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Village Manor partnership and property.  More specifically, Defendants concealed and withheld information regarding the deteriorating condition of the property, the delinquent accounts payable, the non-qualifying tenants at the property, and the improper distributions to Defendants.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

29.  As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

30.  By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT TWO: FRAUD (SUPPRESSION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

31.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

32.  Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Cleveland partnership and the Forest Grove property.  More specifically,

Defendants concealed and withheld information about the deteriorating condition of the property, the delinquent accounts payable, and the improper distribution to Defendants. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

33.   As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

34.   By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT THREE:  BREACH OF FIDUCIARY DUTY
### VILLAGE MANOR, ASSOCIATES AND SINGLETON

35.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

36.   A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor, Associates and Singleton.  These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor, Associates and Singleton to act in Plaintiffs' best interests and to protect their investments. As General Partner of the Village Manor Partnership, Defendants Village Manor, Associates and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs. Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

9

37.    Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner.  By entering into this agreement, Defendants Village Manor, Associates and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants Village Manor, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.  Defendants Village Manor, Associates and Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or unauthorized practices.

38.    Defendants Village Manor, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd.  By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs.  The conduct of Defendants Village Manor, Associates and Singleton was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements.  Defendants disregarded their duties to and the interest of the Plaintiffs.

39.  As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.  Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor, Associates and Singleton in that the Plaintiffs have suffered

10

losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

40.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Associates and Singleton, awarding them compensatory and punitive damages against Defendants Village Manor, Associates and Singleton for their breach of fiduciary duties in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FOUR:  BREACH OF FIDUCIARY DUTY
### CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

41.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

42.   A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development, Associates and Singleton to act in Plaintiffs' best interests to protect their investments.  As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. Defendants Cleveland Development, Associates and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development, Associates and Singleton, so as not to cause injury to the Plaintiffs.

11

43. Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

44. By entering into this agreement, Cleveland Development, Associates and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets. Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings. Defendants Cleveland Development, Associates and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

45. Defendants Cleveland Development, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary duties and related obligations to Plaintiffs. The conduct of Defendants Cleveland Development, Associates and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

46. As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs have been damaged by the wrongful

12

conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

47.   By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FIVE: BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN, ASSOCIATES AND SINGLETON

48.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

49.   A relationship of trust and confidence existed between Plaintiffs and Defendants Southeastern, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern, Associates and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property.   Defendants Southeastern, Associates and Singleton owed the highest obligations and fiduciary duties to Plaintiffs.   Defendants were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

50. By entering into the Management Agreements with the Partnerships, Southeastern, Associates and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties

13

and in the use and preservation of the Plaintiffs' assets. Defendants Southeastern, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings. Defendants Southeastern, Associates and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

51.     Defendants Southeastern, Associates and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants Southeastern, Associates and Singleton disregarded their duties to and the interest of the Plaintiffs.

52.     As a proximate result of Defendants Southeastern, Associates and Singleton breach of their fiduciary duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court. Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

53.     By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

14

<u>COUNT SIX: CONVERSION</u>
<u>VILLAGE MANOR, ASSOCIATES AND SINGLETON</u>

54.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

55.  Defendants Village Manor, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $57,186.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

56.  Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

57.  As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

<u>COUNT SEVEN: CONVERSION</u>
<u>CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON</u>

58.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

59.  As set forth above, Defendant Cleveland Development, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00. Article 4 of the Partnership Agreement

15

describes in detail when and how distributions to the General Partner and related entities can be made. The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

60. Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

61. As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

COUNT EIGHT: BREACH OF CONTRACT
VILLAGE MANOR, ASSOCIATES AND SINGLETON

62. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

63. Defendants Village Manor, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership Agreement for Village Manor, Ltd on approximately March 21, 1997. The Agreement required Defendants Village Manor, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

16

64.  As Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

65.  Defendant Village Manor breached the Partnership Agreement by:

1.  improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

2.  improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

3.  failing to adequately hire and maintain a competent Management Agent;

4.  failing to adequately supervise the Management Agent; and

5.  providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

66.  As a result of Village Manor, Associates and Singleton's breaches of contract, Plaintiffs KCILP III and Village Manor, Ltd. have incurred financial losses and damages more fully described herein.  Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

67.  Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

17

68.  By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT NINE:  BREACH OF CONTRACT
CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

69.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

70.  Defendants Cleveland Development, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996.  The Agreement required Defendants Cleveland Development, Associates and Singleton to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

71.  The Agreement required Defendants Cleveland Development, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

72.  As an Individual Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the  Partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

18

73.  Defendant Cleveland Development breached the Partnership Agreement by:

1.  improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

2.  failing to adequately hire and maintain a competent Management Agent;

3.  failing to adequately supervise the Management Agent; and

4.  providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

74.  Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

75.  As a result of Cleveland Development, Associates and Singleton's breaches, Plaintiffs have incurred financial losses and damages more fully described herein.  Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

76.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants, Cleveland Development, Associates and Singleton jointly and severally, awarding the Plaintiffs compensatory damages an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT TEN: BREACH OF CONTRACT
SOUTHEASTERN, ASSOCIATES AND SINGLETON

77.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

78.   Southeastern entered into Management Agreements with the Village Manor Partnership and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove Property.

79.   Southeastern beached these agreements by, including but not limited to,:

1.   failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

2.   causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

3.   failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(60) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

4.   failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

5.   failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

6.   allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

7.   failing to repair and maintain appliances located in the units on the Village Manor Property; and

8.   failing to address service and maintenance requests made by residents of both Properties.

20

80.  As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages.  Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

81.  By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT ELEVEN: NEGLIGENCE AND WANTONNESS
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

82.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

83.  Defendants Village Manor, as General Partner of the Village Manor Partnership and Associates and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose.  From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that the Village Manor Partnership and the Village Manor Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

84.  Defendants Village Manor, Associates and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

21

85. Defendants Southeastern, Associates and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership. Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

86. As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

87. Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern, Associates and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

COUNT TWELVE: NEGLIGENCE AND WANTONNESS
CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

88. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

89. Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Associates and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997

22

through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

90.  Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

91.  Defendants Southeastern, Associates and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern, Associates and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin.  Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

92.  As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

93.  Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern, Associates and Singleton for their negligence and wantonness.

IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)   Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Associates and Singleton jointly and severally, in an amount to be determined at the trial of this action;

(2)   Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Associates and Singleton in an amount to be determined at the trial of this action;

(3)   Interest on any award at the appropriate statutory or other rate;

(4)   Any attorneys fees Plaintiffs may be justly entitled to; and

(5)   Such other and further relief as this Court deems just and proper.

DATED THIS the 24th day of September, 2007.

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY**


_/s/ David W. Henderson_____
DAVID W. HENDERSON (HEN072)

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_/s/ Robert N. McGehee, Jr._____
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 24th day of September, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL   35203

                    /s/ David W. Henderson
                    Of COUNSEL

25

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **VILLAGE MANOR, INC.,** | * |
| **CLEVELAND DEVELOPMENT,** | * |
| **INC., SOUTHEASTERN LIHTC** | * |
| **MANAGEMENT, INC., R. TIMOTHY** | * |
| **SINGLETON, SINGLETON &** | * |
| **ASSOCIATES, INC.,** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **vs.** | * |
| | * |
| **ARCH SPECIALTY INSURANCE** | * |
| **COMPANY, SCOTTSDALE** | * |
| **INSURANCE COMPANY, CHUBB** | * |
| **INSURANCE COMPANY, MARSH** | * |
| **USA, Inc.,** | * |
| | * |
| **Defendants.** | * |

### AFFIDAVIT OF

Before the undersigned, a notary public in and for said county and state, personally appeared Marc Lanzkowsky, who upon oath, deposes and says as follows:

1.  My name is Marc Lanzkowsky; I have personal knowledge of the facts stated herein.

2.  I am the Senior Vice President – Home Office Claims Management for Arch Specialty Insurance Company.



3.    I am giving this affidavit in support of a notice of removal filed in the above styled matter.

4.    Arch Specialty Insurance Company is, and was at the institution of this civil action, a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.  Arch Specialty Insurance Company is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee.

5.    Before service of this defendant, Arch Specialty Insurance Company received correspondence from plaintiff R. Timothy Singleton, attached as Exhibit A, advising of a settlement reached in the litigation pending in the Circuit Court of Montgomery County, Alabama, in the amount of $125,000.00.  The plaintiffs now claim damages from Arch Specialty Insurance Co. for an alleged bad faith denial of an insurance claim related to the litigation filed against them in the Circuit Court of Montgomery County.  Thus, the amount in controversy exceeds $75,000.00.

_____

State                        )
County                     )

I, the undersigned Notary Public, in and for said County and State, hereby certify that Marc Lanzkowsky whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day

2

that, being informed of the contents of the instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and Official Seal on this the 28th day of February , 2008.

_____
NOTARY PUBLIC

Commission Expires: May 3, 2008

PETER J. CALLEO, ESQ.
Notary Public, State of New York
No. 02CA6109336
Qualified in New York County
Commission Expires May 3, 2008

3



November 8, 2007

Arch Specialty Insurance
1125 Sanctuary Parkway
Suite 100
Alpharetta, GA 30004

RECEIVED
NOV 13 2007

Marsh USA, Inc.
601 Merit 7 #6
Norwalk, CT 06856

Re:  CV-2005-2795 Montgomery Circuit Court

Policy  25RRGPP0293900-271 Arch Specialty Insurance

Dear Sirs:

I have previously put your company on notice of the above referenced lawsuit against my companies and myself, Singleton & Associates, Southeastern LIHTC Management, Inc., R. Timothy Singleton, Village Manor, Inc., and Cleveland Development, Inc. You have refused to provide a defense in the original complaint and each amended complaint of which you have also been noticed.

I have, with aide of counsel, negotiated a good faith settlement of all claims as against the aforementioned entities. I am writing to advise you and place you on notice that a good faith settlement has been reached, although not concluded, in the amount of $125,000.00. I am asking you to either (1) approve the settlement; or (2) take over the defense on behalf of the aforementioned entities. Please provide notice to me in writing of your intent, if any, within the next ten business days as time is of the essence.

Sincerely

R. Timothy Singleton

CC:    Guy Holton, Esq.

Spence Singleton, Esq.

Sent by email and certified mail

EXHIBIT  A

ELECTRONICALLY FILED
1/28/2008 10:17 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

VILLAGE MANOR, INC., CLEVELAND )
DEVELOPMENT, INC., SOUTHEASTERN )
LIHTC MANAGEMENT, INC., R. TIMOTHY )
SINGLETON, SINGELTON & )
ASSOCIATES, INC., )
 )
 **Third Party Plaintiffs,** )
vs. )
 )
 ) **CASE NO.: CV-2005-2795**
ARCH SPECIALTY INSURANCE COMPANY, )
SCOTTSDALE INSURANCE COMPANY, ) **JURY DEMAND**
CHUBB INSURANCE COMPANY, )
MARSH USA,Inc.. )
 )
 **Third Party Defendants.** )

### THIRD PARTY COMPLAINT

### STATEMENT OF THE PARTIES

1. Third party Plaintiff R. Timothy Singleton , hereinafter referred to as Plaintiff

 Singleton, is over the age of nineteen years, a resident of the Montgomery

 County, Alabama and at all times material hereto was an officer, owner, member,

 shareholder or stakeholder in the above referenced Plaintiff entities, Village

 Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC, and Singleton &

 Associates, Inc.

2. Third party Plaintiff Village Manor, Inc., hereinafter referred to as Plaintiff

 Village Manor, is an Alabama corporation and at all times material hereto was a

 beneficiary of the insurance policies made the basis of this lawsuit.

3. Third party Plaintiff Cleveland Development, Inc., hereinafter referred to as

 Plaintiff Cleveland, is a Tennessee corporation and at all times material hereto



EXHIBIT
C

was a beneficiary of the insurance policies made the basis of this lawsuit.

4. Third party Plaintiff Southeastern LIHTC Management, Inc., hereinafter eferred
   to as Plaintiff Southeastern, is an Alabama corporation and at all times material
   hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

5. Third party Plaintiff Singleton & Associates, Inc., hereinafter referred to as
   Plaintiff Singleton & Associates, is an Alabama corporation and at all times
   material hereto was a beneficiary of the insurance policies made the basis of this
   lawsuit.

6. Third party Defendant Scottsdale Insurance Company, hereinafter referred to as
   Defendant Scottsdale, is a foreign corporation believed to be duly licensed to
   provide or sell insurance in the State of Alabama at all times material hereto.

7. Third party Defendant Arch Specialty Insurance Company, hereinafter referred to
   as Defendant Arch, is a foreign corporation believed to be duly licensed to
   provide or sell insurance in the State of Alabama at all times material hereto.

8. Third party Defendant Chubb Insurance Company, hereinafter referred to as
   Defendant Chubb, is a foreign corporation believed to be duly licensed to provide
   or sell insurance in the State of Alabama at all times material hereto.

9. Third party Defendant Marsh USA, Inc., is a foreign corporation and an insurance
   broker believed to be duly  licensed in the State of Alabama to sell /broker
   insurance and hereinafter referred to as Defendant Marsh.

## STATEMENT OF URISDICTION

10. This Honorable Court has jurisdiction of the maters complained of herein
    pursuant to all acts, omissions, and or occurrences occurred in Montgomery

County, Alabama.

11. This Honorable Court has jurisdiction over the matters complained of herein pursuant to § 6-5-1, et.seq., Code of Alabama, 1975.

## STATEMENT OF FACTS

12. On 10-31-05 KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

13. Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb and were covered insured's under those policies at all times material hereto.

14. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

15. Third party Plaintiffs notified Third party Defendants of the pending lawsuit pursuit to the notice requirements of the respective insurance policies.

16. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh represented to Plaintiffs that said insurance coverages included errors and omissions coverage.

17. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

18. Plaintiffs received replies or notice from each Defendant that each Defendant hereto declined to defend and or indemnify Plaintiffs.

19. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a

First Amended Complaint as against all of the Plaintiffs herein.

20. Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Limited Partnership III et.al. .

21. Again, Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

22. On or about 03-01-07 KeyCorp Limited Investment Partnership III et.al. filed a Second Amended Complaint as against all of the Plaintiffs herein.

23. Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Limited Partnership III et.al..

24. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

25. At all times material hereto Plaintiffs paid all premiums and reasonably relied on the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

26. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to suffer damages of loss of insurance premiums and fees paid to Defendants for insurance coverage and costs associated with having to defend against the underlying claims brought by KeyCorp Limited Partnership III et.al.

## COUNT I
## BAD FAITH

27. Plaintiffs reiterate and incorporate all preceding paragraphs as if fully set out herein.

28. Plaintiffs entered into insurance contracts for insurance coverages with Defendants Arch, Scottsdale and Chubb.

29. At all times material hereto Defendants owed Plaintiffs a duty to defend and or indemnify against lawsuits which plead claims that invoked occurrences which were covered pursuant to the terms of said insurance coverage by the policies made the basis of this lawsuit.

30. On 10-31-05  KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

31.  Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb.

32. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

33. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto timely noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

34. Plaintiffs received notice from each Defendant whereby each Defendant hereto declined to defend and or indemnify Plaintiffs.

35. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a First Amended Complaint as against all of the Plaintiffs herein.

36. On or about via letter Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Investment Limited Partnership III et.al. .

37. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

38. On or about 03-01-07 KeyCorp Investment Limited Partnership III et.al. filed a

Second Amended Complaint as against all of the Plaintiffs herein.

39. Plaintiffs once again timely noticed Defendants of the Amended Complaint filing by KeyCorp Investment Limited Partnership III et.al..

40. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

41. At all times material hereto Plaintiffs paid all premiums and reasonably relied on the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

42. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to suffer damages of loss of insurance premiums and fees paid to Defendants for insurance coverage and costs associated with having to defend against the underlying claims brought by KeyCorp Limited Partnership III et.al.

43. Plaintiffs were caused to incur attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Arch, Scottsdale, and Chubb in an amount which exceeds the minimum jurisdictional amount of this Honorable Court and further deemed reasonable by a jury plus costs associated with the instant litigation and reasonable attorneys fees.

## FRAUDULENT MISREPRESENTATION

44. Plaintiffs hereby reiterate and incorporate all preceding paragraphs as if fully set out herein.

45. Plaintiffs hereto purchased all of the policies, except from Defendant Scottsdale, through Defendant Marsh.

46. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh

represented to Plaintiffs that said insurance coverages included errors and omissions coverage.

47. Plaintiffs were denied coverage for defense and indemnity pursuant to the terms of their insurance contracts with Defendants Arch and Chubb in the underlying lawsuit.

48. Plaintiffs reasonably relied on the expertise and knowledge of the industry by Defendant Marsh when Defendant Marsh repeatedly represented that Plaintiffs were covered by said insurance policies made the basis of this lawsuit.

**WHEREFORE** Plaintiffs demand judgment as against Defendant Marsh in an amount which exceeds the minimum jurisdictional amount of this Honorable Court and further deemed reasonable by a jury plus costs of litigation and reasonable attorneys fees.

## DEMAND FOR JURY TRIAL

49. Plaintiffs demand trial by jury on all claims herein.

**RESPECTFULLY SUBMITTED** this the 28th day of January, 2008.

/s Michael Guy Holton
Michael Guy Holton (HOL106)
Co-Counsel for Plaintiffs
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Ste D
Montgomery, Alabama 36117
(334) 244-0447
gholtonattorney@bellsouth.net

/s Spence A. Singleton
Spence A. Singleton (SIN017)
Co-Counsel for Plaintiffs
P.O. Box 240894
Montgomery, Alabama 36124
(334) 396-5600
spencesingleton@bellsouth.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **VILLAGE MANOR, INC.,** ) | |
| **CLEVELAND DEVELOPMENT, INC.,** ) | |
| **SOUTHEASTERN LIHTC** ) | |
| **MANAGEMENT, INC., R. TIMOTHY** ) | |
| **SINGLETON, SINGLETON &** ) | |
| **ASSOCIATES, INC.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | |
| **ARCH SPECIALTY INSURANCE** ) | |
| **COMPANY, SCOTTSDALE** ) | |
| **INSURANCE COMPANY, CHUBB** ) | |
| **INSURANCE COMPANY, MARSH** ) | |
| **USA, Inc.** ) | |
| | |
| **Defendants.** | |

**AFFIDAVIT OF CLIONA A. LEVY**

1.   My name is Cliona A. Levy.  I am over the age of twenty-one and am competent to testify concerning the matters stated herein, which are true and correct, and of which I have personal knowledge.  I am authorized to make this affidavit on behalf of Defendant Marsh USA, Inc. ("Marsh").

2.   I am Litigation Counsel for Marsh.

3.   Marsh is, and was at the time of the institution of this civil action, a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York.  Marsh is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee.

4.   Although Marsh denies any liability to any of the third-party plaintiffs in this matter, as broker of record for Third-Party Plaintiff Singleton & Associates, Inc.



EXHIBIT

D

("Singleton"), Marsh placed several insurance policies on behalf of Singleton for the period of time allegedly relevant to this lawsuit.

5.      During the period of time allegedly relevant to this lawsuit, Singleton paid commissions to Marsh for policies placed by Marsh on behalf of Singleton, and paid premiums to certain insurance carriers for those policies.

6.      For the policy period 08/15/00 to 08/15/01, Singleton paid a total of $73,709.44 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $19,548.56 in commissions to Marsh, for a total amount of premiums and fees of $93,258.00.

7.      For the policy period 08/15/01 to 08/15/02, Singleton paid a total of $111,541.17 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $29,656.86 in commissions to Marsh, for a total amount of premiums and fees of $141,198.03.

8.      For the policy period 08/15/02 to 08/15/03, Singleton paid a total of $196,504.64 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $30,667.17 in commissions to Marsh, for a total amount of premiums and fees of $227,171.81.

9.      The total amount of insurance premiums paid to insurance carriers on the policies placed on behalf of Singleton by Marsh during the period of time allegedly relevant to this lawsuit and commissions paid to Marsh for those policies is $461,627.84.

10.     As is evident from the purported Third-Party Complaint, third-party plaintiffs allege damage in the form of "loss of insurance premiums and fees" paid to third-party defendants. (Third Party Compl. ¶ 26). As such, third-party plaintiffs clearly

2

seek damages in excess of the threshold required for diversity jurisdiction under 28 U.S.C. § 1332.

FURTHER, THE AFFIANT SAYETH NOT:

_Cliona A. Levy_
Cliona A. Levy

STATE OF NEW YORK
NEW YORK COUNTY                    )

     I, the undersigned authority, a Notary Public hereby certify that Cliona A. Levy, whose name is signed to the foregoing instrument, and who is known to me, swore before me on this date that the statements set forth in this Affidavit are based on her personal knowledge, that these statements are made under oath and that she executed this Affidavit voluntarily on the day the same bears date.

FEB. SWORN TO AND SUBSCRIBED BEFORE me this the 29th day of FEB., 2008.

_Notary Public_
Notary Public

MICHAEL J. CINCOTTA
Notary Public, State of New York
No. 01CI4968189
Qualified in Kings County
Commission Expires June 18, 2010

My Commission Expires: 6/18/2010

3

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **VILLAGE MANOR, INC.,** | * | |
| **CLEVELAND DEVELOPMENT,** | * | |
| **INC., SOUTHEASTERN LIHTC** | * | |
| **MANAGEMENT, INC., R. TIMOTHY** | * | |
| **SINGLETON, SINGLETON &** | * | **CIVIL ACTION NO.:** |
| **ASSOCIATES, INC.,** | * | |
| | * | |
| **Plaintiffs,** | * | _____ |
| | * | |
| **v.** | * | |
| | * | |
| **ARCH SPECIALTY INSURANCE** | * | |
| **COMPANY, SCOTTSDALE** | * | |
| **INSURANCE COMPANY, CHUBB** | * | |
| **INSURANCE COMPANY, MARSH** | * | |
| **USA, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

## AFFIDAVIT OF LOUIS GETZ, III

Before the undersigned, a notary public in and for said county and state,

personally appeared Louis Getz, III, who upon oath, deposes and says as

follows:

1.    My name is Louis Getz, III; I have personal knowledge of the facts

stated herein.

2.    I am an employee of Scottsdale Insurance Company.

3.    I am giving this affidavit in support of a notice of removal filed in



the above styled matter.

    4.    Scottsdale Insurance Company is, and was at the institution of this civil action, a corporation organized under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale Insurance Company is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee.

                                     Louis Getz, III

State of Arizona      )
County of Maricopa   )

    I, the undersigned Notary Public, in and for said County and State, hereby certify that **Louis Getz, III** whose names is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he executed the same voluntarily on the day the same bears date.

    Given under my hand and Official Seal on this the 27th day of February, 2008.



OFFICIAL SEAL
SUSAN McROBERTS
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires March 22, 2008

NOTARY PUBLIC

Commission Expires: March 22, 2008

Page 2 of 2

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Village Manor, Inc.,
Cleveland Development, Inc.,
Southeastern LIHHC Management,)
Inc., R. Timothy Singleton,
and Singleton & Associates,
Inc.,

        Plaintiffs,

vs.                                   CIVIL ACTION NO.:

Arch Specialty Insurance
Company, Scottsdale Insurance
Company, Chubb Insurance
Company, and March USA, Inc.,

        Defendants.

AFFIDAVIT OF JOY RALSTON

Before the undersigned, a notary public in and for said
county and state, personally appeared Joy Ralston, who upon oath,
deposes and says as follows:

1. My name is Joy Ralston; I have personal knowledge of the
facts stated herein.

2. I am an employee of Chubb & Son, a Division of Federal
Insurance Company. I am employed as a Litigation Examiner.

3. I am giving this Affidavit in support of a Notice of
Removal filed in the above-styled case.

4. Federal Insurance Company, incorrectly identified as
"Chubb Insurance Company" in the "Third-Party Complaint" filed on
behalf of Village Manor, Inc., Cleveland Development, Inc.,


EXHIBIT
F

Southeastern LHTC Management, Inc., R. Timothy Singleton, and Singleton & Associates, Inc. is, and was at the institution of this civil action, a corporation organized under the laws of the State of Indiana with its principal place of business in the State of New Jersey.  Federal Insurance Company is not, and was not at the time of the institution of this action, a citizen of the State of Alabama or the State of Tennessee.

*Joy Ralston*

JOY RALSTON

Sworn to and subscribed before me
on this 3rd day of March ,
2008.

Notary Public  *Mark F. Pass*

My Commission Expires: 8/17/09

MARK F. PASS
Notary Public-Gwinnett County, Georgia
My Commission Expires August 17, 2009

ELECTRONICALLY FILED
11/29/2007 9:59 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al.,     ) | |
| )<br>) | |
|     Plaintiffs,     ) | |
| ) | |
| vs.     ) | **CIVIL ACTION NO:  CV-05-2795** |
| ) | |
| VILLAGE MANOR, INC., et al.     ) | |
| ) | |
|     Defendants.     ) | |

### STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW the Defendants Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; R. Timothy Singleton; and Singleton & Associates, Inc. (collectively, "Defendants") and the Plaintiffs, KeyCorp, Investment, Limited Partnership III; Village Manor Limited; Cleveland Apartments, L.P.; Wentwood Housing Fund XIII, GP., Inc.; and Wentwood Housing Fund XV, GP, Inc., (collectively, "Plaintiffs"), and hereby give notice that the parties have reached a settlement and therefore Plaintiffs dismiss with prejudice all claims asserted in this matter.  Costs are taxed as paid with each party bearing his/her/its own attorney fees.

Respectfully submitted,

s/ Eugene P.  Stutts_____
Eugene P.  Stutts (STU003)
Thomas S.  Hiley (HIL047)
Attorneys for Defendants,
Village Manor, Inc.; Cleveland
Development, Inc.; Southeastern LIHTC
Management, Inc.; R.  Timothy Singleton;
and Singleton & Associates, Inc.



**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
         tsh@spain-gillon.com


                                        s/ David W.  Henderson
                                        David W.  Henderson (HEN072)
                                        Attorney for Plaintiffs


**OF COUNSEL:**

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116
(334) 834-7600


                                        s/ Robert N.  McGehee, Jr.
                                        Robert N.  McGehee, Jr.
                                        Attorney for Plaintiffs


**OF COUNSEL:**

4200 West Vickery, Suite 101
Fort Worth, TX 76107


2

## CERTIFICATE OF SERVICE

I hereby certify that on **November 29, 2007**, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-electronic participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107


s/ Eugene P. Stutts
Of Counsel

ELECTRONICALLY FILED
10/24/2007 3:21 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III,<br>et al., | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | )    CIVIL ACTION NO: CV-05-2795 <br> ) |
| VILLAGE MANOR, INC., et al. | ) <br> ) |
| Defendants. | ) |

## ANSWER TO THIRD AMENDED COMPLAINT

COME NOW the Defendants Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; and R. Timothy Singleton (collectively, "Defendants") and, in answer to the Third Amended Complaint filed by Plaintiffs on September 25, 2007, state as follows.

### I. PARTIES

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

1

## II.  FACTS COMMON TO ALL CLAIMS

10.    Admitted with the clarification that the Village Manor Apartments, which upon information and belief no longer operated under this name, were located in Birmingham, not Montgomery.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    It is admitted that Village Manor, Inc. was provided a written notice of removal as alleged in this paragraph.  The remaining allegations of the paragraph are denied and Defendants demand strict proof thereof.

19.    It is admitted that Cleveland Development, Inc. was provided a written notice of removal as alleged in this paragraph.  The remaining allegations of the paragraph are denied and Defendants demand strict proof thereof.

20.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

21.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

2

22.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

23.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

24.     Admitted.

25.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

26.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

### III.  CAUSES OF ACTION
### COUNT ONE: FRAUD (SUPPRESSION)
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES, AND SINGLETON

27.     To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

28.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

29.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

30.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

### COUNT TWO: FRAUD (SUPPRESSION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

3

31.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

32.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

33.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

34.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

<u>COUNT THREE: BREACH OF FIDUCIARY DUTY</u>
<u>VILLAGE MANOR, ASSOCIATES AND SINGLETON</u>

35.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

36.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

37.    It is admitted that Article 5 of the Village Manor Partnership Agreement sets forth the powers, rights, and duties of the General Partner.  To the extent this paragraph requests that Defendants concur with Plaintiffs' interpretation of the Agreement, the allegations of the paragraph are denied and Defendants demand strict proof thereof.

38.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

39.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

4

40.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

### COUNT FOUR: BREACH OF FIDUCIARY DUTY
### CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

41.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

42.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

43.    Admitted.

44.    It is admitted that Article 5 of the Cleveland Partnership Agreement sets forth the powers, rights, and duties of the General Partner.  To the extent this paragraph requests that Defendants concur with Plaintiffs' interpretation of the Agreement, the allegations of the paragraph are denied and Defendants demand strict proof thereof.

45.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

46.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

47.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

### COUNT FIVE: BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN, ASSOCIATES AND SINGLETON

48.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

5

49.    It is admitted that the parties held rights and obligations pursuant to the subject partnership agreements. To the extent this paragraph requests that Defendants concur with Plaintiffs' interpretation of the agreements, the allegations of the paragraph are denied and Defendants demand strict proof thereof.

50.    It is admitted that the parties held rights and obligations pursuant to the subject partnership agreements. To the extent this paragraph requests that Defendants concur with Plaintiffs' interpretation of the agreements, the allegations of the paragraph are denied and Defendants demand strict proof thereof.

51.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

52.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

53.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

### COUNT SIX: CONVERSION
### VILLAGE MANOR, ASSOCIATES AND SINGLETON

54.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

55.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

56.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

57.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

## COUNT SEVEN: CONVERSION
## CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

58.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

59.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

60.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

61.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

## COUNT EIGHT: BREACH OF CONTRACT
## VILLAGE MANOR, ASSOCIATES AND SINGLETON

62.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

63.    It is admitted that the designated parties entered into a partnership agreement as described in this paragraph. It is further admitted that the parties held rights and obligations pursuant to the agreement. To the extent this paragraph requests that Defendants concur with Plaintiffs' interpretation of the agreement, the allegations of the paragraph are denied and Defendants demand strict proof thereof.

64.    Admitted.

7

65.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

66.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

67.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

68.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

## COUNT NINE: BREACH OF CONTRACT
## CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

69.     To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

70.     It is admitted that the designated parties entered into a partnership agreement as described in this paragraph. It is further admitted that the parties held rights and obligations pursuant to the agreement. To the extent this paragraph requests that Defendants concur with Plaintiffs' interpretation of the agreement, the allegations of the paragraph are denied and Defendants demand strict proof thereof.

71.     It is admitted that the designated parties entered into a partnership agreement as described in this paragraph. It is further admitted that the parties held rights and obligations pursuant to the agreement. To the extent this paragraph requests that Defendants concur with Plaintiffs' interpretation of the agreement, the allegations of the paragraph are denied and Defendants demand strict proof thereof.

72.     Admitted.

73.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

74.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

75.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

76.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

COUNT TEN: BREACH OF CONTRACT
SOUTHEASTERN, ASSOCIATES AND SINGLETON

77.     To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

78.     Admitted.

79.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

80.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

81.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

COUNT ELEVEN: NEGLIGENCE AND WANTONNESS
VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

82.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

83.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

84.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

85.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

86.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

87.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

## COUNT TWELVE: NEGLIGENCE AND WANTONNESS
## CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

88.    To the extent this paragraph requires a response, the allegations therein are denied and Defendants demand strict proof thereof.

89.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

90.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

91.    The allegations of this paragraph are denied and Defendants demand strict proof thereof.

10

92.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

93.     The allegations of this paragraph are denied and Defendants demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs' Complaint, and each and every count therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants plead that Plaintiffs' claims are barred by the merger doctrine.

### THIRD DEFENSE

Defendants deny the material allegations of the Complaint and demand strict proof thereof.

### FOURTH DEFENSE

Defendants deny that Plaintiffs are entitled to any of the relief requested in their Complaint.

### FIFTH DEFENSE

Defendants plead the Statute of Frauds.

### SIXTH DEFENSE

Defendants deny that they breached any duty or obligation to Plaintiffs.

### SEVENTH DEFENSE

Defendants deny that Plaintiffs have been injured or harmed as a result of any act or failure to act on the part of Defendants.

### EIGHTH DEFENSE

11

Defendants deny that they have breached any agreement to Plaintiffs.

## NINTH DEFENSE

Defendants plead the defense of unclean hands.

## TENTH DEFENSE

Plaintiffs' claims are barred by reason of Plaintiffs' consent and waiver.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel, collateral estoppel, and/or judicial estoppel.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations and/or laches.

## THIRTEENTH DEFENSE

Defendants plead accord and satisfaction, settlement, and release.

## FOURTEENTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## FIFTEENTH DEFENSE

Defendants deny that they are guilty of any conduct which entitles Plaintiffs to recover punitive damages.

## SIXTEENTH DEFENSE

Defendants deny any and all negligent or wanton acts.

## SEVENTEENTH DEFENSE

Defendants aver that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiffs.

## EIGHTEENTH DEFENSE

Defendants aver that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendants under the Constitution of the State of Alabama and under the Constitution of the United States of America.

## NINETEENTH DEFENSE

Defendants aver that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact, standardless, and is not rationally related to legitimate government interests.

## TWENTIETH DEFENSE

Defendants aver that any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the Plaintiffs.

## TWENTY-FIRST DEFENSE

Defendants aver that any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to the Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## TWENTY-SECOND DEFENSE

It is violative of the self–incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against these Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY–THIRD DEFENSE

Plaintiffs' claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded in this state constitute an unconstitutional impediment, infringement and restraint to Defendants' rights under the Commerce Clause of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendants, which thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the

14

imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection

Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the

imposition of punitive damages in excess of the maximum criminal fine for the same or similar

conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments

and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### TWENTY–FOURTH DEFENSE

Plaintiffs' claim of punitive damages violates the Due Process Clause of Article I, Section

6 of the Constitution of Alabama on the following grounds:

(a)    It is a violation of the Due Process Clause to impose punitive damages, which are

penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the

"beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a

limit on the amount of the award against these Defendants;

(c)    The procedures pursuant to which punitive damages are awarded are

unconstitutionally vague and not rationally related to legitimate government interests;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide

specific standards for the amount of the award of punitive damages; and

(e)    The award of the punitive damages in this case constitutes a deprivation of property

without due process of law.

(f)    It is a violation of the Due Process Clause to impose punitive damages against the

Defendants, which are penal in nature, yet compel Defendants to disclose potentially incriminating

documents and evidence.

### TWENTY–FIFTH DEFENSE

The award of punitive damages to these Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY–SIXTH DEFENSE

Defendants aver that the lack of standards under Alabama law for the award of punitive damages violate the Constitution, because they provide no guidance to the jury to determine what constitutes a reasonable relationship between the harm suffered and the amount of punitive damages awarded. Moreover, Alabama law fails to provide legal standards to safeguard an individuals' constitutional rights and prevent the unjust or arbitrary imposition of punitive damages by constraining the unlimited, unbridled discretion of the jury in the award of punitive damages. *BMW v. Gore*, 116 S.Ct. 1589, 134 L.Ed 809 (1996).

### TWENTY-SEVENTH DEFENSE

Defendants aver that the imposition of punitive damages is violative of the United States Constitution, as well as the Constitution of the State of Alabama, because there are no legislative enactments or common law limitations which provide constraining legal standards to guide juries in their determination with regard to the award of punitive damages.

### TWENTY-EIGHTH DEFENSE

Defendants aver that the Complaint fails to state a claim for punitive damages under <u>Ala.</u>

Code §§ 6–11–20 to 6–11–30, and is barred.  Furthermore, Defendants specifically plead the

protections afforded them pursuant to Ala. Code § 6–11–21, and aver that any award of punitive

damages against the Defendants in excess of the statutory caps originally set forth in § 6–11–21, Ala.

Code, and/or as now amended, is barred.

## TWENTY-NINTH DEFENSE

Defendants hereby gives notice that they intend to rely upon any and all such affirmative

defenses as may become available or apparent during the course of discovery and thus reserve the

right to amend their Answer to assert any and all such defenses.

Respectfully submitted,

s/ Eugene P.  Stutts
Eugene P.  Stutts (STU003)
Thomas S.  Hiley (HIL047)
Attorneys for Defendants,
Village Manor, Inc.; Cleveland Development,
Inc.; Southeastern LIHTC Management, Inc.;
R.  Timothy Singleton; and Singleton &
Associates, Inc.

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866

17

Email: eps@spain-gillon.com
      tsh@spain-gillon.com


## CERTIFICATE OF SERVICE

I hereby certify that on **October 24, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107


s/ Eugene P. Stutts _____
Of Counsel

18







IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND VIII, GP, INC., its General Partner,

      Plaintiffs,

-vs-

VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED,

      Defendants.

Case No. CV-2005- **2795**

### COMPLAINT

COME NOW Plaintiffs, KeyCorp Investment Limited Partnership, III, Village Manor, Ltd., by and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc., its General Partner, by counsel, and allege as follows:

### I. PARTIES

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama.

- 1 -

Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.      Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.  Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.      Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.      Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.      Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.      Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

8.      Defendant Jeffrey D. Brooks is an individual citizen of Birmingham, Alabama.

9.      Defendant George Kershaw is an individual citizen of Knoxville, Tennessee.

10.     Defendant Ron Dearolf is an individual citizen of Knoxville, Tennessee.

11.     This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

12.    Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama. It operates as an Alabama limited partnership.

13.    On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed. Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton, an officer of Village Manor, and Jeffrey D. Brooks also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement. The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

14.    Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee. The complex is operated as a limited partnership.

15.    On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the "Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton and two officers of Cleveland Development, George Kershaw and Ron Dearolf

- 3 -

also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement. The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

16.    The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

17.    The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

18.    On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Village Manor Apartments.

19.    On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

20.     On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy

Singleton, was provided with a written notice of removal as General Partner pursuant to the Village

Manor Agreement. On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General

Partner of the Village Manor Partnership in lieu of curing numerous defaults.  At the time of the

withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

21.     On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy

Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments

Agreement.  On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as

General Partner of the Cleveland Partnership in lieu of curing numerous defects.  At the time of the

withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state

of disrepair and financial ruin.

22.     Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing

General Partner of the Village Manor Property and the Forrest Grove Property, respectively,

Plaintiffs were forced to remove Southeastern as the Management Agent for the Village Manor

Property and the Forrest Grove Property because of numerous outstanding and ongoing problems

at the properties which resulted from negligence and mismanagement on the part of the General

Partners and Management Agent.  More specifically, many of the 55 units at Village Manor were

uninhabitable and it is estimated that it would cost in excess of $500,000.000, or approximately

$10,000.00 per unit, to repair the damages caused by Defendants mismanagement.  Additionally,

many of the 96 units at Forrest Grove were damaged and it is estimated that it would cost in excess

of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants.

Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

23.     Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

24.     Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

25.     Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding and delinquent accounts payable in excess of $112,016.15 which led to the termination of key services at the development, failed to keep the development and the Partnership in compliance with the Low Income Housing Tax Credit Program, thereby putting the Partnership at risk for recapture

of past tax credits amounting to approximately $139,000.00; and improperly distributed in excess of $65,407.00 to themselves and its affiliates between 1997 and 2004.

26.    Defendants were negligent and wanton in their management of the partnerships and the developments, which led to the deterioration of the physical and financial condition of the partnerships and developments, and the damages more fully described herein.

27.    As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are continuing in nature.

### III. Causes of Action
### Count One: Fraud (Reckless and Intentional Misrepresentation)
### Village Manor, Southeastern and Singleton

28.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

29.    Defendants Village Manor, Southeastern and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Village Manor, Ltd. regarding the management of the Village Manor Property and the Village Manor Partnership. Furthermore, Defendants Village Manor, Southeastern, and Singleton made material representations to the Plaintiffs concerning the state of the Village Manor Partnership and the Village Manor Property.   When these Defendants made the representations, they knew they were false, or made the representations recklessly without knowledge or regard for the truth. These Defendants intended the Plaintiffs to continue to act on and trust their representations.   Plaintiffs KCILP III and Village Manor, Ltd., in fact, did rely on

- 7 -

Defendants' representations regarding the financial state of the Partnership and the Property, which proximately caused the damages more fully described herein.

30.    Defendants' Village Manor, Southeastern, and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of Plaintiffs KCILP III and Village Manor, Ltd. Each of these Plaintiffs has been damaged by their wrongful conduct.

31.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT TWO: FRAUD (INNOCENT MISRERESENTATION)
VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

32.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

33.    The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs. Therefore, Defendants are guilty of fraud as defined by Alabama law.

34.    As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

35.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally,

- 8 -

awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the

trial of this action, together with interest at the statutory rate.

<u>COUNT THREE: FRAUD (WILLFUL AND WANTON MISREPRESENTATION)</u>
<u>VILLAGE MANOR, SOUTHEASTERN AND SINGLETON</u>

36.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

the preceding paragraphs in this Complaint.

37.    Each of the Defendants willfully and wantonly made said misrepresentations to Plaintiffs

with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations

to their injury.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

38.    As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set

forth hereinabove.

39.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to

a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally,

awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the

trial of this action, together with interest at the statutory rate.

<u>COUNT FOUR: FRAUD (DECEIT)</u>
<u>VILLAGE MANOR, SOUTHEASTERN AND SINGLETON</u>

40.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

the preceding paragraphs in this Complaint.

41.    The conduct of each of the Defendants as stated hereinabove constitute deceit in that

Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations.  Therefore,

each of the Defendants are guilty of fraud as defined by Alabama law.

42.   As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth hereinabove.

43.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT FIVE: FRAUD (SUPPRESSION)<br>VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

44.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

45.   Each of the Defendants concealed and withheld material facts from the Plaintiffs that the Defendants would fail to perform under the contract and agreement entered into between the parties here.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

46.   As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

47.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT SIX: FRAUD (RECKLESS AND INTENTIONAL MISREPRESENTATION)<br>CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

48.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

49.   Defendants Cleveland Development, Southeastern and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Cleveland Apartments, L.P. regarding the management of the Forrest Grove Property and the Cleveland Partnership.   Furthermore, these Defendants made material representations to the Plaintiffs concerning the state of the Partnership and the Forrest Grove Property.   When these Defendants made the representations, they knew they were false or made the representations recklessly, without knowledge of the truth.   Defendants intended Plaintiffs to continue to act on and trust the representations.   Plaintiffs KCILP III and Cleveland Apartments, L.P., in fact, did rely on these representations regarding the financial state of the Cleveland Partnership and the Forrest Grove Property, which proximately caused the damages more fully described herein.

50.   Defendants' Cleveland Development, Southeastern and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of the Plaintiffs.   Each of these Plaintiffs has been damaged by Defendants wrongful conduct.

51.   By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SEVEN:  FRAUD (INNOCENT MISREPRESENTATION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

52.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

- 11 -

53.  The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs. Therefore, Defendants are guilty of fraud as defined by Alabama law.

54.  As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

55.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT EIGHT: FRAUD (WILLFUL AND WANTON MISREPRESENTATION) CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

56.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

57.  Each of the Defendants willfully and wantonly made said misrepresentations to Plaintiffs with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations to their injury. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

58.  As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

59.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT NINE: FRAUD (DECEIT)
CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

60.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

61.    The conduct of each of the Defendants as stated hereinabove constitute deceit in that Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

62.    As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth hereinabove.

63.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT TEN: FRAUD (SUPPRESSION)
CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

64.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

65.    Each of the Defendants concealed and withheld material facts from the Plaintiffs that the Defendants would fail to perform under the contract and agreement entered into between the parties here. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

66.    As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

- 13 -

67.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT ELEVEN:  BREACH OF FIDUCIARY DUTY
VILLAGE MANOR AND SINGLETON

68.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

69.    A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor and Singleton.  These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor and Singleton to act in Plaintiffs' best interests and to protect their investments.  As General Partner of the Village Manor Partnership, Defendants Village Manor and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs.  Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

70.    Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner.  By entering into this agreement, Defendants Village Manor and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants Village Manor and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of

- 14 -

the Partnership Agreement and refraining from self-dealings. Defendants Village Manor and

Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or

unauthorized practices.

71.    Defendants Village Manor and Singleton, either directly or by aiding and abetting its

affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd. By engaging

in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations

to these Plaintiffs. The conduct of Defendants Village Manor and Singleton was purposeful and it

departed from the agreed upon terms of each of the Partnership Agreements. Defendants disregarded

their duties to and the interest of the Plaintiffs.

72.    As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP

III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor

and Singleton in that the Plaintiffs have suffered losses as a result of the breaches more fully

described above, and Plaintiffs continue to incur additional damages.

73.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to

a judgment against Defendants Village Manor and Singleton, awarding them compensatory and

punitive damages against Defendants Village Manor and Singleton for their breach of fiduciary

duties in the amount to be determined at the trial of this action, together with interest at the statutory

rate.

COUNT TWELVE: BREACH OF FIDUCIARY DUTY
CLEVELAND DEVELOPMENT AND SINGLETON

74.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

the preceding paragraphs in this Complaint.

- 15 -

75.   A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development and Singleton to act in Plaintiffs' best interests to protect their investments.   As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P.   Defendants Cleveland Development and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development and Singleton, so as not to cause injury to the Plaintiffs.

76.   Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

77.   By entering into this agreement, Cleveland Development and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets.   Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.   Defendants Cleveland Development and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

78.   Defendants Cleveland Development and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. By engaging in the conduct alleged herein, Defendants repeatedly beached their

fiduciary duties and related obligations to Plaintiffs. The conduct of Defendants Cleveland Development and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

79. As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs have been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

80. By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development and Singleton, awarding them compensatory and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT THIRTEEN: BREACH OF FIDUCIARY DUTY
SOUTHEASTERN AND SINGLETON

81. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

82. A relationship of trust and confidence existed between Plaintiffs and Defendants Southeastern and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property. Defendants Southeastern and Singleton owed the highest obligations and fiduciary duties to Plaintiffs. Defendants were duty bound to act in a

- 17 -

responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

83.    By entering into the Management Agreements with the Partnerships, Southeastern and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties and in the use and preservation of the Plaintiffs' assets.   Defendants Southeastern and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings.   Defendants Southeastern and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

84.    Defendants Southeastern and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs.   By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs.   The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements.   Defendants Southeastern and Singleton disregarded their duties to and the interest of the Plaintiffs.

85.    As a proximate result of Defendants Southeastern and Singleton breach of their fiduciary duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court.   Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

- 18 -

86.    By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FOURTEEN: CONVERSION
### VILLAGE MANOR AND SINGLETON

87.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

88.    Defendants Village Manor and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $57,186.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

89.    Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

90.    As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

<u>COUNT FIFTEEN: CONVERSION</u>
<u>CLEVELAND DEVELOPMENT AND SINGLETON</u>

91.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

92.    As set forth above, Defendant Cleveland Development and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

93.    Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

94.    As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

<u>COUNT SIXTEEN: BREACH OF CONTRACT</u>
<u>VILLAGE MANOR, SINGLETON, BROOKS</u>

95.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

96.    Defendants Village Manor, Singleton and Brooks entered into a partnership agreement with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership Agreement for Village Manor, Ltd on approximately March 21, 1997. The Agreement required

- 20 -

Defendants Village Manor and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

97.    As Guarantors, Singleton and Brooks agreed and represented that they had and would maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty Period, and that they would cover Operating Deficits, and other obligations of the General Partner during this period.

98.    Defendant Village Manor breached the Partnership Agreement by:

    1.    improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

    2.    improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

    3.    failing to adequately hire and maintain a competent Management Agent;

    4.    failing to adequately supervise the Management Agent; and

    5.    providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

99.    As a result of Village Manor and Singleton's breaches of contract, Plaintiffs KCILP III and Village Manor, Ltd. have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

100. Defendants Singleton and Brooks further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

101. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Singleton and Brooks, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### Count Seventeen: Breach of Contract
### Cleveland Development, Singleton, Kershaw & Dearolf

102. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

103. Defendants Cleveland Development, Singleton, Kershaw & Dearolf entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996. The Agreement required Defendants Cleveland Development, Singleton, Kershaw & Dearolf to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

104. The Agreement required Defendants Cleveland Development, Singleton, Kershaw & Dearolf to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

- 22 -

105. As Individual Guarantors, Singleton, Kershaw & Dearolf agreed and represented that they had and would maintain, sufficient liquidity and net worth to sustain the Partnership during the Operating Guaranty Period, and that they would cover Operating Deficits, and other obligations of the General Partner during this period.

106. Defendant Cleveland Development breached the Partnership Agreement by:

    1.    improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

    2.    improperly managing the Partnership so as to put the Partnership at risk for recapture of tax credits taken in the past amounting to approximately $139,000.00;

    3.    failing to adequately hire and maintain a competent Management Agent;

    4.    failing to adequately supervise the Management Agent; and

    5.    providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

107. Defendants Singleton, Kershaw and Dearolf further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

108. As a result of Cleveland Development, Singleton, Kershaw & Dearolf breaches, Plaintiffs have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

109. By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants, Cleveland Development, Singleton, Kershaw and Dearolf jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT EIGHTEEN:  BREACH OF CONTRACT
SOUTHEASTERN AND SINGLETON

110. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

111. Southeastern entered into Management Agreements with the Village Manor Partnership and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove Property.

112. Southeastern beached these agreements by, including but not limited to,:

1. failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

2. causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

3. failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(60) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

4. failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

5. failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

- 24 -

    6.      allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

    7.      failing to repair and maintain appliances located in the units on the Village Manor Property; and

    8.      failing to address service and maintenance requests made by residents of both Properties.

113. As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

114. By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT NINETEEN: NEGLIGENCE AND WANTONNESS
VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

115. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

116. Defendants Village Manor, as General Partner of the Village Manor Partnership and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that the Village Manor Partnership and the Village Manor Property were being maintained in a lawful

- 25 -

and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

117. Defendants Village Manor and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

118. Defendants Southeastern and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership. Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

119. As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

120. Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

### COUNT TWENTY: NEGLIGENCE AND WANTONNESS
### CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

121. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

122. Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

123. Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

124. Defendants Southeastern and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

125. As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

- 27 -

126. Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern and Singleton for their negligence and wantonness.

## IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)    Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Singleton, Brooks, Kershaw and Dearolf jointly and severally, in an amount to be determined at the trial of this action;

(2)    Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Singleton, Brooks, Kershaw and Dearolf in an amount to be determined at the trial of this action;

(3)    Interest on any award at the appropriate statutory or other rate;

(4)    Any attorneys fees Plaintiffs may be justly entitled to; and

(5)    Such other and further relief as this Court deems just and proper.

DATED THIS the 31st day of October, 2005.

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY**

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

Counsel for Plaintiffs

- 28 -

<u>Defendants To Be Served:</u>

Village Manor, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117


R. Timothy Singleton
8212 Marsh Pointe Court
Montgomery, Alabama 36117-7438


Cleveland Development, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

George Kershaw
12231 South Fox Den Drive
Knoxville, Tennessee 37922-3729


Ronald E. Dearolf
8660 Bella Mina Way
Knoxville, Tennessee 37923-6856


Jeffrey D. Brooks
1089 Hampton Place
Birmingham, Alabama 35242


Southeastern LIHTC Management, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-    :
SHIP III; VILLAGE MANOR LIMITED AND       :
CLEVELAND APARTMENTS, L.P. by and         :
through WENTWOOD HOUSING FUND VIII, GP,   :
INC., its GENERAL PARTNER,                :
                                          :
    Plaintiffs,        :    Case No. CV-2005- 2795
                                          :
v.                                        :
                                          :
VILLAGE MANOR, INC.; CLEVELAND DEVELOP-   :
MENT, INC.; SOUTHEASTERN  LIHTC MANAGE-   :
MENT,  INC.; R. TIMOTHY SINGLETON; JEFFREY:
D. BROOKS; GEORGE KERSHAW; AND RON        :
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO      :
ARE ENTITIES OR INDIVIDUALS WHOSE         :
WRONGFUL CONDUCT CAUSED THE INJURIES      :
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND   :
CORRECT NAMES ARE UNKNOWN TO THE          :
PLAINTIFFS AT THIS TIME BUT WILL BE       :
SUBSTITUTED BY AMENDMENT WHEN             :
ASCERTAINED,                              :
    Defendants

## SUMMONS

    To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure to effect service:

\_\_\_\_\_    You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

  X    Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Village Manor, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

## NOTICE TO DEFENDANT

    The Complaint which attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

Dated: 11/9/05

Clerk of the Court

__X__   CERTIFIED MAIL IS HEREBY REQUESTED

Michael J. Cohan, Attorney for Plaintiff

RETURN OF SERVICE

_____   I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

_____   I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ___ day of _____.

_____
Process Server

_____
Type of Process Server (sheriff,
Constable, Private Server, etc.)

_____
Address_____
Telephone Number _____

| U.S. Postal Service™ |
| CERTIFIED MAIL™ RECEIPT |
| *(Domestic Mail Only; No Insurance Coverage Provided)* |
| For delivery information visit our website at www.usps.com® |

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 10.70 |

Postmark
Here

Sent To _Village Manor, Inc._
Street, Apt. No.; or PO Box No. _1905 Woodmere Cp_
City, State, ZIP+4 _Montgomery, AL 30117_

PS Form 3800, June 2002          See Reverse for Instructions

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KeyCorp, Investment, Limited Partner-          :
ship III; Village Manor Limited And            :
Cleveland Apartments, L.P. by and              :
through Wentwood Housing Fund VIII, GP,        :
Inc., its General Partner,                     :
                                               :
     Plaintiffs,      :       Case No. CV-2005- 2795
                                               :
v.                                             :
                                               :
Village Manor, Inc.; Cleveland Develop-        :
ment, Inc.; Southeastern  LIHTC Manage-        :
ment,  Inc.; R. Timothy Singleton; Jeffrey     :
D. Brooks; George Kershaw; And Ron             :
Dearolf, Defendants 1 Through 20 Who           :
Are Entities Or Individuals Whose              :
Wrongful Conduct Caused The Injuries           :
To The Plaintiff, All Of Whose True And        :
Correct Names Are Unknown To The               :
Plaintiffs At This Time But Will Be            :
Substituted By Amendment When                  :
Ascertained,                                   :
     Defendants         :

## SUMMONS

    To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure to effect service:

\_\_\_\_\_   You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

\_\_X\_\_   Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

           Cleveland Development, Inc. 
            c/o R. Timothy Singleton
            1965 Woodmere Loop
          Montgomery, Alabama 36117

---

## NOTICE TO DEFENDANT

    The Complaint which attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

**MICHAEL J. COHAN (COH017)**
**DAVID W. HENDERSON (HEN072)**
**Hill, Hill, Carter, Franco, Cole & Black, P.C.**
**425 South Perry Street**
**Montgomery, Alabama 36104-4235**
**(334) 834-7600**
**(334) 263-5969 - fax**

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

Dated: _11-9-05_

_____
Clerk of the Court

__X__   CERTIFIED MAIL IS HEREBY REQUESTED

_____
Michael J. Cohan, Attorney for Plaintiff

### RETURN OF SERVICE

____ I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

____ I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ___ day of _____.

_____
Process Server

_____
Type of Process Server (sheriff, Dep. Sher
Constable, Private Server, etc.)

_____
Address_____
Telephone Number _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

## OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 6.20 | |

Sent To: Cleveland Development, Inc.
Street, Apt. No.; or PO Box No. 1905 Woodmere loop
City, State, ZIP+4 montgomery, Al 36117

PS Form 3800, June 2002          See Reverse for Instructions

7004 1160 0003 5786 6840

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and
through WENTWOOD HOUSING FUND VIII, GP,
INC., its GENERAL PARTNER,

   Plaintiffs,

v.

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN  LIHTC MANAGE-
MENT,  INC.; R. TIMOTHY SINGLETON; JEFFREY
D. BROOKS; GEORGE KERSHAW; AND RON
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO
ARE ENTITIES OR INDIVIDUALS WHOSE
WRONGFUL CONDUCT CAUSED THE INJURIES
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,
   Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. CV-2005- **2795**

2005 OCT 31  PM 3:18

## SUMMONS

  To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure
to effect service:

_____  You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

__X__  Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the
Alabama Rules of Civil Procedure.

Southeastern LIHTC Management, Inc. 
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

---

## NOTICE TO DEFENDANT

  The Complaint which attached to this Summons is important and you must take immediate action to protect your
rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation
in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

Dated: _11-9-05_

_____
Clerk of the Court

__X__  CERTIFIED MAIL IS HEREBY REQUESTED

_____
Michael J. Cohan, Attorney for Plaintiff

## RETURN OF SERVICE

_____  I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

_____  I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ____ day of _____.

_____
Process Server

_____
Type of Process Server (sheriff, D
Constable, Private Server, etc.)

_____

Address_____
Telephone Number _____

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.26 |

Postmark Here

Sent To _Southeastern UTIC Man-_
Street, Apt. No.; or PO Box No. _A105 Woodmere LP_
City, State, ZIP+4 _Montgomery, AL 36117_

PS Form 3800, June 2002                See Reverse for Instructions

7004 1160 0003 5786 6406

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KeyCorp, Investment, Limited Partner-        :
ship III; Village Manor Limited And          :
Cleveland Apartments, L.P. by and            :
through Wentwood Housing Fund VIII, GP,      :
Inc., its General Partner,                   :
                                             :
    Plaintiffs,                               :        Case No. CV-2005- 2795
                                             :
                                             :
v.                                           :
                                             :
Village Manor, Inc.; Cleveland Develop-      :
ment, Inc.; Southeastern  LIHTC Manage-      :
ment,  Inc.; R. Timothy Singleton; Jeffrey   :
D. Brooks; George Kershaw; and Ron           :
Dearolf, Defendants 1 Through 20 Who         :
Are Entities Or Individuals Whose            :
Wrongful Conduct Caused The Injuries         :
To The Plaintiff, All Of Whose True And      :
Correct Names Are Unknown To The             :
Plaintiffs At This Time But Will Be          :
Substituted By Amendment When                :
Ascertained,                                 :
    Defendants                                :

## SUMMONS

    To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure to effect service:

\_\_\_\_\_   You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

  X   Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

R. Timothy Singleton
8212 Marsh Pointe Court
Montgomery, Alabama 36117-7438

---

## NOTICE TO DEFENDANT

    The Complaint which attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

Dated: _11-9-05_

Clerk of the Court

__X__     CERTIFIED MAIL IS HEREBY REQUESTED

Michael J. Cohan, Attorney for Plaintiff

RETURN OF SERVICE

_____     I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

_____     I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ___ day of _____.

_____
Process Server

_____
Type of Process Server (sheriff, Constable, Private Server, etc.)

Address_____
Telephone Number _____

| U.S. Postal Service™ | | |
| --- | --- | --- |
| CERTIFIED MAIL™ RECEIPT | | |
| (Domestic Mail Only; No Insurance Coverage Provided) | | |
| For delivery information visit our website at www.usps.com® | | |
| OFFICIAL USE | | |
| Postage | $ | |
| Certified Fee | | Postmark Here |
| Return Reciept Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 6·20 | |

7004 1160 0003 5786 6857

Sent To R. Timothy Singleton
Street, Apt. No.; 8212 Marsh Pointe Ct.
or PO Box No.
City, State, ZIP+4 Montgomery, AL 36117-7438

PS Form 3800, June 2002                See Reverse for Instructions

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and
through WENTWOOD HOUSING FUND VIII, GP,
INC., its GENERAL PARTNER,

     Plaintiffs,

v.

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN  LIHTC MANAGE-
MENT,  INC.; R. TIMOTHY SINGLETON; JEFFREY
D. BROOKS; GEORGE KERSHAW; AND RON
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO
ARE ENTITIES OR INDIVIDUALS WHOSE
WRONGFUL CONDUCT CAUSED THE INJURIES
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,
     Defendants

Case No. CV-2005- *2795*

2005 OCT 31  PH 3: 18

## SUMMONS

    To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure to effect service:

\_\_\_\_\_    You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

  X    Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Jeffrey D. Brooks
1089 Hampton Place
Birmingham, Alabama 35242

## NOTICE TO DEFENDANT

    The Complaint which attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

_____
Clerk of the Court

Dated: _11-9-05_____

__X__  CERTIFIED MAIL IS HEREBY REQUESTED

_____
Michael J. Cohan, Attorney for Plaintiff

## RETURN OF SERVICE

____    I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

____    I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ___ day of _____.

_____
Process Server

_____
Type of Process Server (sheriff, Dep. Sheriff, Constable, Private Server, etc.)

_____

Address_____
Telephone Number _____

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.26 |

Postmark Here

Sent to _Jeffrey D. Brooks_
Street, Apt. No.; or PO Box No. _1089 Hampton Pl_
City, State, ZIP+4 _Brim, AL 35242_

PS Form 3800, June 2002          See Reverse for Instructions

7004 1160 0003 5786 6390

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and
through WENTWOOD HOUSING FUND VIII, GP,
INC., its GENERAL PARTNER,

      Plaintiffs,

v.

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN   LIHTC MANAGE-
MENT,  INC.; R. TIMOTHY SINGLETON; JEFFREY
D. BROOKS; GEORGE KERSHAW; AND RON
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO
ARE ENTITIES OR INDIVIDUALS WHOSE
WRONGFUL CONDUCT CAUSED THE INJURIES
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,
        Defendants

Case No. CV-2005- 2795

2005 OCT 31  PM 3: 18

## SUMMONS

To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure to effect service:

_____  You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

\_\_X\_\_  Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

George Kershaw
12231 South Fox Den Drive
Knoxville, Tennessee 37922-3729



---

## NOTICE TO DEFENDANT

The Complaint which attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 – fax

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

Dated: _11-9-05_

Clerk of the Court

__X__   CERTIFIED MAIL IS HEREBY REQUESTED

Michael J. Cohan, Attorney for Plaintiff

## RETURN OF SERVICE

____   I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

____   I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ___ day of _____.

_____
Process Server

_____
Type of Process Server (sheriff, Dep. Sh
Constable, Private Server, etc.)

_____

Address_____
Telephone Number _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.20 |

Postmark
Here

Sent To George Kershaw
Street, Apt. No.; or PO Box No. 12231 S. Fox Den Drive
City, State, ZIP+4 Knoxville, TN 37922-3739

PS Form 3800, June 2002                See Reverse for Instructions

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and
through WENTWOOD HOUSING FUND VIII, GP,
INC., its GENERAL PARTNER,

    Plaintiffs,

v.

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN   LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY
D. BROOKS; GEORGE KERSHAW; AND RON
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO
ARE ENTITIES OR INDIVIDUALS WHOSE
WRONGFUL CONDUCT CAUSED THE INJURIES
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,
    Defendants

Case No. CV-2005- 2795

2005 OCT 31  PM 3: 18

## SUMMONS

    To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure to effect service:

_____     You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

  X     Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Ronald E. Dearolf
8660 Bella Mina Way
Knoxville, Tennessee 37923-6856

---

## NOTICE TO DEFENDANT

    The Complaint which attached to this Summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

_____
Clerk of the Court

Dated: _11-9-05_

__X__  CERTIFIED MAIL IS HEREBY REQUESTED

_____
Michael J. Cohan, Attorney for Plaintiff

### RETURN OF SERVICE

_____ I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

_____ I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ___ day of _____.

_____
Process Server

Type of Process Server (sheriff, Dep. S
Constable, Private Server, etc.)
_____

Address_____
Telephone Number _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Reciept Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.20 |

Postmark
Here

Sent To _Ronald E. Deavolf_
Street, Apt. No.; _8610 Bella Runaway_
or PO Box No.
City, State, ZIP+4 _Woundy TN 37923_

PS Form 3800, June 2002          See Reverse for Instructions

7004 1160 0003 5786 6383



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and
through WENTWOOD HOUSING FUND VIII, GP,
INC., its GENERAL PARTNER,

  Plaintiffs,

v.

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN   LIHTC MANAGE-
MENT,  INC.; R. TIMOTHY SINGLETON; JEFFREY
D. BROOKS; GEORGE KERSHAW; AND RON
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO
ARE ENTITIES OR INDIVIDUALS WHOSE
WRONGFUL CONDUCT CAUSED THE INJURIES
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,
  Defendants

Case No. CV-2005- 2795

2005 NOV -8 PM 3:44
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

### VERIFIED APPLICATION FOR ADMISSION
### TO PRACTICE UNDER RULE VII OF THE RULES GOVERNING
### ADMISSION TO THE ALABAMA STATE BAR

Comes now Robert N. McGehee Jr., applicant herein, and respectfully represents the
following:

1.  Applicant resides at 411 Eastwood Avenue, Fort Worth, Tarrant County, Texas
76107, 817/625 9366, SSN █████████.

2.  Applicant is an attorney and General Counsel for The Wentwood Companies,
with offices at 4200 W. Vickery, Suite 101, Fort Worth, Texas, 76107, 817/377-3311.

3.  Applicant has been retained personally for KeyCorp Investment Limited
Partnership, III, Village Manor Limited and Cleveland Apartments, L.P., by and through
Wentwood Housing Fund VIII, GP, Inc., its General Partner, to provide legal representation in

1

connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4.    Since 1994, applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of Texas, where applicant regularly practices law.

5.    Applicant has been admitted to practice before the following courts:

Supreme Court of Texas, 1994
N. District of Texas, February 15, 2000
S. District of Texas, November 22, 2002
W. District of Michigan, September 13, 2005

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below:

6.    Applicant presently is not subject to any disbarment proceedings.

7.    Applicant presently is not subject to any suspension proceedings.

8.    Applicant never has been subject to any disbarment proceedings.

9.    Applicant never has been subject to any suspension proceedings.

10.    Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked.

11.    Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

12.    Applicant has not filed application(s) to appear as counsel under Rule VII during the past three (3) years.

13.    Local counsel of record associated with application in this matter is David W. Henderson, 425 South Perry St., Montgomery, Alabama 36104-4235, 334/834-7600.

14.    The following list accurately states the name and address of each party in this

matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of

each counsel of record who has appeared for each party:

Attorney for Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC
Management, Inc.:
Spence A. Singleton
The Law Offices of Spence A. Singleton, LLC
P.O. Box 240894
Montgomery, AL 36124-0894
334-396-5600
334/356-0104  Fax

R. Timothy Singleton
8212 Marsh Pointe Court
Montgomery, AL 36117
334/279-1238

George Kershaw
P.O. Box 22849
Knoxville, TN 37933-0849

Ron Dearoff
P.O. Box 22849
Knoxville, TN 37933-0849
865-675/2965

Jeffrey D. Brooks
1089 Hampton Place
Birmingham, AL 35242
205/444-9915

15.    Applicant agrees to comply with the provisions of the Alabama Rules of

Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary

boards of the State of Alabama.

3

16.    Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this ___1___ day of November, 2005.

_Robert n. M. Vehee Jr_
**Applicant**

STATE OF TEXAS

COUNTY OF TARRANT

I, Robert N. McGehee Jr., do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those maters I believe them to be true.

_Robert n. M. Vehee g_
**Applicant**

Subscribed and Sworn to before me this _1st_ day of November, 2005.

NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 12-27-2005

_Gail D Morris_
Notary Public

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this _8TH_ day of _NOVEMBER_, 2005.

_David W. Henderson_
David W. Henderson, Local Counsel of Record

4

## NOTICE OF HEARING

This application for admission is set for hearing before the court or administrative agency in the style hereof on the ___ day of _____, 2005.

_____

Applicant/Affiant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the Alabama State Bar by mail addressed to: Alabama State Bar, Attn: PHV Admissions, P.O. Box 671, Montgomery, Alabama 36101, accompanied by payment of the $100 filing fee to the Alabama State Bar on this the _9TH_ day of _November_, 2005.

_____

Applicant/Affiant

5

# STATE BAR OF TEXAS



**Office of The Chief Disciplinary Counsel**

October 31, 2005

RE:  **Mr. Robert Neal McGehee, Jr.**
    State Bar Number - **00791225**

To Whom it May Concern:

This is to certify that Mr. Robert Neal McGehee, Jr. was licensed to practice law in Texas on November 04, 1994 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

John A. Neal
Chief Disciplinary Counsel

JN/as



**P.O. Box 12487, Capitol Station, Austin, Texas 78711, 512-463-1463 or 1-800-204-2222**



CV-05-2795

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT – CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V ☐ ☐ ☐ ☐  ☐ ☐ ☐ ☐ - ☐ ☐<br>Date of Filing:                    Judge Code:<br>☐ ☐  ☐ ☐  ☐ ☐ ☐ ☐    ☐ ☐ ☐ ☐ ☐<br>Month    Day    Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ MONTGOMERY _____ , ALABAMA
*(Name of County)*

_____ KEYCORP INVESTMENT _____ v. _____ VILLAGE MANOR, INC. _____

| **Plaintiff** | | **Defendant** | |
|---|---|---|---|
| First Plaintiff | ☑ Business   ☐ Individual<br>☐ Government   ☐ Other | First Defendant | ☑ Business   ☐ Individual<br>☐ Government   ☐ Other |

**NATURE OF SUIT:**  Select primary cause of action, by checking box (check only one) the best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA  - Wrongful Death
- ☐ TONG  - Negligence: General
- ☐ TOMV  - Negligence: Motor Vehicle
- ☐ TOWA  - Wantonness
- ☐ TOPL  - Product Liability/AEMLD
- ☐ TOMM  - Malpractice-Medical
- ☐ TOLM  - Malpractice-Legal
- ☐ TOOM  - Malpractice-Other
- ☑ TBFM  - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX  - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE  - Personal Property
- ☐ TORE  - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN  - Abandoned Automobile
- ☐ ACCT  - Account & Nonmortgage
- ☐ APAA  - Administrative Agency Appeal
- ☐ ADPA  - Administrative Procedure Act
- ☐ ANPS  - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX  - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>  Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT  - Civil Rights
- ☐ COND  - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP  - Contempt of Court
- ☐ CONT  - Contract/Ejectment/Writ of Seizure
- ☐ TOCN  - Conversion
- ☐ EQND  - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>  Election Contest/Quiet Title/Sale For Division
- ☐ CVUD  - Eviction Appeal/Unlawful Detainer
- ☐ FORJ  - Foreign Judgment
- ☐ FORF  - Fruits of Crime Forfeiture
- ☐ MSHC  - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB  - Protection From Abuse
- ☐ FELA  - Railroad/Seaman (FELA)
- ☐ RPRO  - Real Property
- ☐ WTEG  - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP  - Workers' Compensation
- ☐ CVXX  - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):*  F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
                                                DISTRICT COURT
                  R ☐ REMANDED        T ☐ TRANSFERRED FROM
                                          OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☐ MONETARY AWARD REQUESTED        ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
TOT/TOT/T    10-31-05 _____    _____
                    Date                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES   ☐ NO   ☐ UNDECIDED



COP

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

George Kershaw
12231 S Fox Den Dr.
Knoxville, TN 37922-
3729

CV-2005-2795  Stc Dc

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                               ☐ Agent
                                ☐ Addressee
B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)
7002 2030 0005 9620 9902

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

MELISSA RITTENOUR
CLERK AND REGISTER
CIRCUIT COURT MONTGOMERY COUNTY
MONTGOMERY COUNTY COURTHOUSE
P. O. BOX 1667
MONTGOMERY, AL 36102-1667

CO. COLE & BLACK, P.C.
ATTORNEYS AT LAW
P. O. BOX 116
AMA, 36101-0116

CERTIFIED MAIL

7002 2030 0005 9620 9902

Hasler
$06.260
10/31/2005
Mailed From 36104
US POSTAGE



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cleveland Dev. Inc
c/o R. Timothy Singleton
1965 Woodmere Lp.
Montgomery, AL 36117

CV: 2005-2795 D2 StC

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7004 1160 0003 5786 6840

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

CLERK AND REGISTER
CIRCUIT COURT, MONTGOMERY COUNTY
MONTGOMERY COUNTY COURTHOUSE
P. O. BOX 1667
MONTGOMERY, AL 36102-1667

7004 1160 0003 5786 6840

O. Cole & Black, P.C.
ATTORNEYS AT LAW
BOX 116
MA. 36101-0116

Cleveland Development, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

UNCLAIMED

FIRST CL

Hasler
$06.260
10/31/2005
Mailed From 36104
US POSTAGE
08HM6501065



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Village Manor Inc.
c/o R Timothy Singleton
1965 Woodmere LP
Montgomery, Al 36117

CV: 2005-2795 D1

2. Article Number
(Transfer from service label)

7004 1160 0003 5786 6864

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                            ☐ Agent
                             ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 17    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

CLERK AND REGISTER
CIRCUIT COURT, MONTGOMERY COUNTY
MONTGOMERY COUNTY COURTHOUSE
P. O. BOX 1667
MONTGOMERY, AL. 36102-1667

7004 1160 0003 5786 6864

LE & BLOCK, P.C.

Village Manor, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

UNCLAIMED

Hasler
$06.260
10/31/2005
Mailed From 36104
US POSTAGE



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Southeastern LHTC
Management, Inc.
1965 Woodmere Lp
Montgomery, AL 36117

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

CV: 2005-2795 D3    STC

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0003 5786 6406

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

CLERK AND REGISTER
CIRCUIT COURT, MONTGOMERY COUNTY
MONTGOMERY COUNTY COURTHOUSE
P. O. BOX 1667
MONTGOMERY, AL 36102-1667

CERTIFIED MAIL

7004 1160 0003 5786 6406

Hasler
$06.260
10/31/2005
Mailed from 36104
US POSTAGE
086H6501065

#CO, COLE & BLACK, P.C.
ATTORNEYS AT LAW
P. O. BOX 116
RAMA, 36101-0116

Southeastern LHTC Management
C/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

UNCLAIMED

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronald Pearce
8060 Bella Mina W
Knoxville, TN 37923

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ronald E Pearce_    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                    11-14-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

S+C
CV 2005-2795  D7

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)

7004 1160 0003 5786 6383

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and ... Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Barbara Singleton_   ☐ Agent   ☐ Addressee <br> B. Received by *(Printed Name)*    C. Date of Delivery |
| 1. Article Addressed to: <br><br> R. Timothy Singleton <br> 8212 Marsh Pointe <br> Montgomery, AL 36117-7438 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> CV 2005-2795   S+C   D4 <br><br> 3. Service Type <br> ☑ Certified Mail   ☑ Express Mail <br> ☐ Registered   ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)*   ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)*    7004 1160 0003 5786 6857 | |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



**CERTIFIED MAIL**

CLERK AND REGISTER
CIRCUIT COURT, MONTGOMERY COUNTY
MONTGOMERY COUNTY COURTHOUSE
P. O. BOX 1667
MONTGOMERY, AL 36102-1667

7004 1160 0003 5786 6390

016H16501065

Hasler
$06.26⁰
10/31/2005
Mailed From 36104
US POSTAGE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KeyCorp, Investment, Limited Partner-      :
ship III; Village Manor Limited And        :
Cleveland Apartments, L.P. by and          :
through Wentwood Housing Fund VIII, GP,    :
Inc., its General Partner,                 :
                                           :
    Plaintiffs,                      :        Case No. CV-2005- 2795
                                           :
                                           :
v.                                         :
                                           :
                                           :
Village Manor, Inc.; Cleveland Develop-    :
ment, Inc.; Southeastern LIHTC Manage-     :
ment, Inc.; R. Timothy Singleton; Jeffrey  :
D. Brooks; George Kershaw; and Ron         :
Dearolf, Defendants 1 Through 20 Who       :
Are Entities Or Individuals Whose          :
Wrongful Conduct Caused The Injuries       :
To The Plaintiff, All Of Whose True And    :
Correct Names Are Unknown To The           :
Plaintiffs At This Time But Will Be        :
Substituted By Amendment When              :
Ascertained,                               :
    Defendants

## **SUMMONS**

      To any sheriff or any person authorized by either Rule 4.1 or 4.2 or 4.4 of the Alabama Rules of Civil Procedure to effect service:

_____    You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendants.

__X__    Service by certified mail of this summons is initiated upon the written request of Plaintiff pursuant to the Alabama Rules of Civil Procedure.

Jeffrey D. Brooks
1089 Hampton Place
Birmingham, Alabama 35242

---

## **NOTICE TO DEFENDANT**

      The Complaint which attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to the lawyer for the Plaintiff(s), whose name and address is:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the clerk of this Court within a reasonable time afterwards.

Clerk of the Court

Dated: 11|9|05

 X  CERTIFIED MAIL IS HEREBY REQUESTED

Michael J. Cohan, Attorney for Plaintiff

## RETURN OF SERVICE

____    I hereby certify that I have received return receipt of certified mail to Defendant via its service agent in this office on this the _____ day of _____, 2005.

____    I hereby certify that I personally delivered a copy of the summons and complaint to _____ in _____ County, Alabama on the ___ day of _____.

_____
Process Server

_____
Type of Process Server (sheriff, Dep. Sheriff, Constable, Private Server, etc.)
_____

Address_____
Telephone Number _____

ELECTRONICALLY FILED
11/29/2007 9:59 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **KEYCORP INVESTMENT, LTD. III,** et al., | ) ) ) |
| **Plaintiffs,** | ) ) |
| **vs.** | )  **CIVIL ACTION NO:  CV-05-2795** |
| **VILLAGE MANOR, INC., et al.** | ) ) ) |
| **Defendants.** | ) |

### STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW the Defendants Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; R. Timothy Singleton; and Singleton & Associates, Inc. (collectively, "Defendants") and the Plaintiffs, KeyCorp, Investment, Limited Partnership III; Village Manor Limited; Cleveland Apartments, L.P.; Wentwood Housing Fund XIII, GP., Inc.; and Wentwood Housing Fund XV, GP, Inc., (collectively, "Plaintiffs"), and hereby give notice that the parties have reached a settlement and therefore Plaintiffs dismiss with prejudice all claims asserted in this matter.  Costs are taxed as paid with each party bearing his/her/its own attorney fees.

Respectfully submitted,

s/ Eugene P. Stutts
Eugene P. Stutts (STU003)
Thomas S. Hiley (HIL047)
Attorneys for Defendants,
Village Manor, Inc.; Cleveland
Development, Inc.; Southeastern LIHTC
Management, Inc.; R. Timothy Singleton;
and Singleton & Associates, Inc.

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
        tsh@spain-gillon.com

s/ David W.  Henderson
David W.  Henderson (HEN072)
Attorney for Plaintiffs

**OF COUNSEL:**

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116
(334) 834-7600

s/ Robert N.  McGehee, Jr.
Robert N.  McGehee, Jr.
Attorney for Plaintiffs

**OF COUNSEL:**

4200 West Vickery, Suite 101
Fort Worth, TX 76107

2

## CERTIFICATE OF SERVICE

I hereby certify that on **November 29, 2007**, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-electronic participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

s/ Eugene P. Stutts
Of Counsel

3

ELECTRONICALLY FILED
11/29/2007 9:59 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO: CV-05-2795 ) |
| VILLAGE MANOR, INC., et al. | ) ) |
| Defendants. | ) |

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW the Defendants Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; R. Timothy Singleton; and Singleton & Associates, Inc. (collectively, "Defendants") and the Plaintiffs, KeyCorp, Investment, Limited Partnership III; Village Manor Limited; Cleveland Apartments, L.P.; Wentwood Housing Fund XIII, GP., Inc.; and Wentwood Housing Fund XV, GP, Inc., (collectively, "Plaintiffs"), and hereby give notice that the parties have reached a settlement and therefore Plaintiffs dismiss with prejudice all claims asserted in this matter. Costs are taxed as paid with each party bearing his/her/its own attorney fees.

Respectfully submitted,

s/ Eugene P. Stutts
Eugene P. Stutts (STU003)
Thomas S. Hiley (HIL047)
Attorneys for Defendants,
Village Manor, Inc.; Cleveland
Development, Inc.; Southeastern LIHTC
Management, Inc.; R. Timothy Singleton;
and Singleton & Associates, Inc.

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
        tsh@spain-gillon.com


s/ David W.  Henderson
David W.  Henderson (HEN072)
Attorney for Plaintiffs


**OF COUNSEL:**

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116
(334) 834-7600


s/ Robert N.  McGehee, Jr.
Robert N.  McGehee, Jr.
Attorney for Plaintiffs


**OF COUNSEL:**

4200 West Vickery, Suite 101
Fort Worth, TX 76107

2

## CERTIFICATE OF SERVICE

I hereby certify that on **November 29, 2007**, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-electronic participants:

Robert N.  McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

s/ Eugene P.  Stutts
Of Counsel

3

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNERSHIP       :
III; VILLAGE MANOR LIMITED AND CLEVELAND       :
APARTMENTS, L. P., BY AND THROUGH              :
WENTWOOD HOUSING FUND XIII, GP., INC. AND      :
WENTWOOD HOUSING FUND XV, GP, INC., ITS        :
GENERAL PARTNERS                               :
                                               :
     Plaintiffs,                              :
                                               :       Case No. CV-2005-2795
   -vs-                                        :
                                               :
VILLAGE MANOR, INC.; CLEVELAND DEVELOP-        :
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-         :
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY      :
D. BROOKS; GEORGE KERSHAW; and RON             :
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO           :
ARE ENTITIES OR INDIVIDUALS WHOSE              :
WRONGFUL CONDUCT CAUSED THE INJURIES TO        :
THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,

     Defendants.

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, KeyCorp Investment Limited Partnership, III, Village Manor, Ltd., by

and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner, and Cleveland

Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc., its General Partner, by

counsel, and amends the style of the complaint as stated above due to a clerical error and allege as

follows:

1

I. PARTIES

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama. Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.    Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.  Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.    Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.    Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.    Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.    Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

8.    Defendant Jeffrey D. Brooks is an individual citizen of Birmingham, Alabama.

9.    Defendant George Kershaw is an individual citizen of Knoxville, Tennessee.

2

10.    Defendant Ron Dearolf is an individual citizen of Knoxville, Tennessee.

11.    This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

12.    Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama. It operates as an Alabama limited partnership.

13.    On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed. Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton, an officer of Village Manor, and Jeffrey D. Brooks also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement. The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

14.    Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee. The complex is operated as a limited partnership.

15.    On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the

3

"Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton and two officers of Cleveland Development, George Kershaw and Ron Dearolf also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement. The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

16.    The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

17.    The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

18.    On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management

4

Services, appointing Southeastern as Management Agent of Village Manor Apartments.

19.    On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

20.    On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal as General Partner pursuant to the Village Manor Agreement. On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General Partner of the Village Manor Partnership in lieu of curing numerous defaults. At the time of the withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

21.    On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments Agreement. On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as General Partner of the Cleveland Partnership in lieu of curing numerous defects. At the time of the withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state of disrepair and financial ruin.

22.    Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing General Partner of the Village Manor Property and the Forrest Grove Property, respectively, Plaintiffs were forced to remove Southeastern as the Management Agent for the Village Manor Property and the Forrest Grove Property because of numerous outstanding and ongoing problems at the properties which resulted from negligence and mismanagement on the part of the General Partners and Management Agent. More specifically, many of the 55 units at Village Manor were uninhabitable and it is estimated that it would cost in excess of $500,000.000, or approximately

5

$10,000.00 per unit, to repair the damages caused by Defendants mismanagement. Additionally, many of the 96 units at Forrest Grove were damaged and it is estimated that it would cost in excess of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants. Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

23.     Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

24.     Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

25.     Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding

6

and delinquent accounts payable in excess of $112,016.15 which led to the termination of key

services at the development, failed to keep the development and the Partnership in compliance with

the Low Income Housing Tax Credit Program, thereby putting the Partnership at risk for recapture

of past tax credits amounting to approximately $139,000.00; and improperly distributed in excess

of $65,407.00 to themselves and its affiliates between 1997 and 2004.

26.    Defendants were negligent and wanton in their management of the partnerships and the

developments, which led to the deterioration of the physical and financial condition of the

partnerships and developments, and the damages more fully described herein.

27.    As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs

have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are

continuing in nature.

### III. CAUSES OF ACTION
#### COUNT ONE: FRAUD (RECKLESS AND INTENTIONAL MISREPRESENTATION)
#### VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

28.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

the preceding paragraphs in this Complaint.

29.    Defendants Village Manor, Southeastern and Singleton knowingly or recklessly made

numerous false and misleading statements of material fact and omitted to state material facts to

Plaintiffs KCILP III and Village Manor, Ltd. regarding the management of the Village Manor

Property and the Village Manor Partnership. Furthermore, Defendants Village Manor, Southeastern,

and Singleton made material representations to the Plaintiffs concerning the state of the Village

Manor Partnership and the Village Manor Property.    When these Defendants made the

representations, they knew they were false, or made the representations recklessly without

7

knowledge or regard for the truth. These Defendants intended the Plaintiffs to continue to act on and trust their representations. Plaintiffs KCILP III and Village Manor, Ltd., in fact, did rely on Defendants' representations regarding the financial state of the Partnership and the Property, which proximately caused the damages more fully described herein.

30.    Defendants' Village Manor, Southeastern, and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of Plaintiffs KCILP III and Village Manor, Ltd. Each of these Plaintiffs has been damaged by their wrongful conduct.

31.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

## COUNT TWO: FRAUD (INNOCENT MISRERESENTATION) VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

32.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

33.    The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs. Therefore, Defendants are guilty of fraud as defined by Alabama law.

34.    As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

35.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to

a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT THREE: FRAUD (WILLFUL AND WANTON MISREPRESENTATION)
### VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

36.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

37.    Each of the Defendants willfully and wantonly made said misrepresentations to Plaintiffs with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations to their injury.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

38.    As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

39.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FOUR: FRAUD (DECEIT)
### VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

40.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

41.    The conduct of each of the Defendants as stated hereinabove constitute deceit in that Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

9

42.   As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth hereinabove.

43.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FIVE: FRAUD (SUPPRESSION)
### VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

44.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

45.   Each of the Defendants concealed and withheld material facts from the Plaintiffs that the Defendants would fail to perform under the contract and agreement entered into between the parties here.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

46.   As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

47.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SIX: FRAUD (RECKLESS AND INTENTIONAL MISREPRESENTATION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

48.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

49.    Defendants Cleveland Development, Southeastern and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Cleveland Apartments, L.P. regarding the management of the Forrest Grove Property and the Cleveland Partnership.    Furthermore, these Defendants made material representations to the Plaintiffs concerning the state of the Partnership and the Forrest Grove Property.    When these Defendants made the representations, they knew they were false or made the representations recklessly, without knowledge of the truth.    Defendants intended Plaintiffs to continue to act on and trust the representations.    Plaintiffs KCILP III and Cleveland Apartments, L.P., in fact, did rely on these representations regarding the financial state of the Cleveland Partnership and the Forrest Grove Property, which proximately caused the damages more fully described herein.

50.    Defendants' Cleveland Development, Southeastern and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of the Plaintiffs.    Each of these Plaintiffs has been damaged by Defendants wrongful conduct.

51.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SEVEN: FRAUD (INNOCENT MISREPRESENTATION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

52.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

11

the preceding paragraphs in this Complaint.

53.    The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs. Therefore, Defendants are guilty of fraud as defined by Alabama law.

54.    As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

55.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT EIGHT: FRAUD (WILLFUL AND WANTON MISREPRESENTATION) CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

56.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

57.    Each of the Defendants willfully and wantonly made said misrepresentations to Plaintiffs with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations to their injury. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

58.    As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

59.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to

be determined at the trial of this action, together with interest at the statutory rate.

COUNT NINE: FRAUD (DECEIT)
CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

60.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

61.    The conduct of each of the Defendants as stated hereinabove constitute deceit in that Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

62.    As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth hereinabove.

63.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT TEN: FRAUD (SUPPRESSION)
CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

64.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

65.    Each of the Defendants concealed and withheld material facts from the Plaintiffs that the Defendants would fail to perform under the contract and agreement entered into between the parties here. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

66.    As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

13

67.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT ELEVEN: BREACH OF FIDUCIARY DUTY
VILLAGE MANOR AND SINGLETON

68.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

69.    A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor and Singleton.  These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor and Singleton to act in Plaintiffs' best interests and to protect their investments. As General Partner of the Village Manor Partnership, Defendants Village Manor and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs. Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

70.    Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner.  By entering into this agreement, Defendants Village Manor and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants Village Manor and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and

14

duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings. Defendants Village Manor and Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or unauthorized practices.

71.    Defendants Village Manor and Singleton, either directly or by aiding and abetting its affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants Village Manor and Singleton was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants disregarded their duties to and the interest of the Plaintiffs.

72.    As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor and Singleton in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

73.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor and Singleton, awarding them compensatory and punitive damages against Defendants Village Manor and Singleton for their breach of fiduciary duties in the amount to be determined at the trial of this action, together with interest at the statutory rate.

15

COUNT TWELVE:  BREACH OF FIDUCIARY DUTY
CLEVELAND DEVELOPMENT AND SINGLETON

74.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

75.    A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development and Singleton to act in Plaintiffs' best interests to protect their investments.  As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P.  Defendants Cleveland Development and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development and Singleton, so as not to cause injury to the Plaintiffs.

76.    Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

77.    By entering into this agreement, Cleveland Development and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.  Defendants Cleveland Development and Singleton were

16

obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

78.    Defendants Cleveland Development and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary duties and related obligations to Plaintiffs. The conduct of Defendants Cleveland Development and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

79.    As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs have been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

80.    By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development and Singleton, awarding them compensatory and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT THIRTEEN: BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN AND SINGLETON

81.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

82.    A relationship of trust and confidence existed between Plaintiffs and Defendants

Southeastern and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property. Defendants Southeastern and Singleton owed the highest obligations and fiduciary duties to Plaintiffs. Defendants were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

83.    By entering into the Management Agreements with the Partnerships, Southeastern and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties and in the use and preservation of the Plaintiffs' assets. Defendants Southeastern and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings. Defendants Southeastern and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

84.    Defendants Southeastern and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants Southeastern and Singleton disregarded their duties to and the interest of the Plaintiffs.

85.    As a proximate result of Defendants Southeastern and Singleton breach of their fiduciary

18

duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court. Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

86. By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT FOURTEEN: CONVERSION
VILLAGE MANOR AND SINGLETON

87. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

88. Defendants Village Manor and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $57,186.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

89. Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

90. As a proximate result of Defendants' wrongful taking and conversion of Partnership

funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

### COUNT FIFTEEN: CONVERSION
### CLEVELAND DEVELOPMENT AND SINGLETON

91.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

92.  As set forth above, Defendant Cleveland Development and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

93.  Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

94.  As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

### COUNT SIXTEEN:  BREACH OF CONTRACT
### VILLAGE MANOR, SINGLETON, BROOKS

95.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

96.  Defendants Village Manor, Singleton and Brooks entered into a partnership agreement

with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership

Agreement for Village Manor, Ltd on approximately March 21, 1997. The Agreement required

Defendants Village Manor and Singleton to conduct and manage the affairs of the Partnership in a

prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the

Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best

efforts and exercise good faith in all activities related to the business of the Partnership.

97.    As Guarantors, Singleton and Brooks agreed and represented that they had and would

maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty

Period, and that they would cover Operating Deficits, and other obligations of the General Partner

during this period.

98.    Defendant Village Manor breached the Partnership Agreement by:

1.    improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

2.    improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

3.    failing to adequately hire and maintain a competent Management Agent;

4.    failing to adequately supervise the Management Agent; and

5.    providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

99.    As a result of Village Manor and Singleton's breaches of contract, Plaintiffs KCILP III

and Village Manor, Ltd. have incurred financial losses and damages more fully described herein.

Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

100. Defendants Singleton and Brooks further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

101. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Singleton and Brooks, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SEVENTEEN: BREACH OF CONTRACT
### CLEVELAND DEVELOPMENT, SINGLETON, KERSHAW & DEAROLF

102. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

103. Defendants Cleveland Development, Singleton, Kershaw & Dearolf entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996. The Agreement required Defendants Cleveland Development, Singleton, Kershaw & Dearolf to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

104. The Agreement required Defendants Cleveland Development, Singleton, Kershaw & Dearolf to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this

22

Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

105. As Individual Guarantors, Singleton, Kershaw & Dearolf agreed and represented that they had and would maintain, sufficient liquidity and net worth to sustain the Partnership during the Operating Guaranty Period, and that they would cover Operating Deficits, and other obligations of the General Partner during this period.

106. Defendant Cleveland Development breached the Partnership Agreement by:

    1.    improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

    2.    improperly managing the Partnership so as to put the Partnership at risk for recapture of tax credits taken in the past amounting to approximately $139,000.00;

    3.    failing to adequately hire and maintain a competent Management Agent;

    4.    failing to adequately supervise the Management Agent; and

    5.    providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

107. Defendants Singleton, Kershaw and Dearolf further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

108. As a result of Cleveland Development, Singleton, Kershaw & Dearolf breaches, Plaintiffs have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs

for these losses.

109. By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are

entitled to a judgment against Defendants, Cleveland Development, Singleton, Kershaw and Dearolf

jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at

the trial of this action, together with interest at the statutory rate.

COUNT EIGHTEEN:  BREACH OF CONTRACT
SOUTHEASTERN AND SINGLETON

110. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

the preceding paragraphs in this Complaint.

111. Southeastern entered into Management Agreements with the Village Manor Partnership

and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove

Property.

112. Southeastern beached these agreements by, including but not limited to,:

1. failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

2. causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

3. failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(60) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

4. failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

24

5.  failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

6.  allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

7.  failing to repair and maintain appliances located in the units on the Village Manor Property; and

8.  failing to address service and maintenance requests made by residents of both Properties.

113.  As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

114.  By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT NINETEEN: NEGLIGENCE AND WANTONNESS
### VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

115.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

116.  Defendants Village Manor, as General Partner of the Village Manor Partnership and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that

25

the Village Manor Partnership and the Village Manor Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

117. Defendants Village Manor and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

118. Defendants Southeastern and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership. Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

119. As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

120. Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

COUNT TWENTY: NEGLIGENCE AND WANTONNESS
CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

121. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

122. Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

123. Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

124. Defendants Southeastern and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

125. As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

126. Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern and Singleton for their negligence and wantonness.

IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)    Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Singleton, Brooks, Kershaw and Dearolf jointly and severally, in an amount to be determined at the trial of this action;

(2)    Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Singleton, Brooks, Kershaw and Dearolf in an amount to be determined at the trial of this action;

(3)    Interest on any award at the appropriate statutory or other rate;

(4)    Any attorneys fees Plaintiffs may be justly entitled to; and

(5)    Such other and further relief as this Court deems just and proper.

DATED THIS the _10_ day of March, 2006.

28

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY**

_____
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_____
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

### CERTIFICATE OF SERVICE

   I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the _10_ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

_____
Of COUNSEL

29



ELECTRONICALLY FILED
12/5/2007 3:46 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT LIMITED PARTNERSH | ) | |
| | | |
| VILLAGE MANOR LIMITED | ) | |
| CLEVELAND APARTMENTS LP | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **Case No.:** CV-2005-002795.00 |
| | ) | |
| VILLAGE MANOR INC | ) | |
| CLEVELAND DEVELOPMENT INC | ) | |
| SOUTHEASTERN LIHTC MANAGEMENT INC | ) | |
| SINGLETON R TIMOTHY | ) | |
| ET. AL. | ) | |
| Defendants | ) | |

## <u>ORDER</u>

STIPULATION OF DISMISSAL WITH PREJUDICE filed by CLEVELAND DEVELOPMENT INC, SINGLETON & ASSOCIATES, INC., SINGLETON R TIMOTHY and SOUTHEASTERN LIHTC MANAGEMEN is hereby GRANTED.

DONE this 5th day of December, 2007

/s CHARLES PRICE

_____

CIRCUIT JUDGE



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) | |
| Defendants. | | |

## MOTION TO SET SCHEDULING CONFERENCE

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") by and through its counsel of record, and moves this Honorable Court to set a scheduling conference.

Respectfully submitted this the _9_ day of June, 2006.

_[signature]_

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for KeyCorp Investment Limited
Partnership, III, Village Manor, Ltd.

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_ROBERT N. MCGEHEE, JR_   _By DWH_

ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the ___9___ day of June, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

_[signature]_

Of COUNSEL



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED )
PARTNERSHIP III; VILLAGE MANOR )
LIMITED AND CLEVELAND APARTMENTS, )
L.P. by and through WENTWOOD )
HOUSING FUND XIII, GP, INC., and )
WENTWOOD HOUSING FUND, XV, GP, )
INC., ITS GENERAL PARTNERS, )

    **Plaintiffs,** )       **Case No. CV-2005-2795**

-*vs*- )

VILLAGE MANOR, INC.; CLEVELAND )
DEVELOPMENT, INC.; SOUTHEASTERN )
LIHTC MANAGEMENT, INC.; R. TIMOTHY )
SINGLETON; JEFFREY D. BROOKS; )
GEORGE KERSHAW; and RON DEAROLF, )
DEFENDANTS 1 THROUGH 20 WHO ARE )
ENTITIES OR INDIVIDUALS WHOSE )
WRONGFUL CONDUCT CAUSED THE )
INJURIES TO THE PLAINTIFF, ALL OF )
WHOSE TRUE AND CORRECT NAMES ARE )
UNKNOWN TO THE PLAINTIFFS AT THIS )
TIME BUT WILL BE SUBSTITUTED BY )
AMENDMENT WHEN ASCERTAINED, )

    **Defendants.**

2006 JUN - 9 PM 4: 49
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

## MOTION TO COMPEL

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor,

Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc.,

its general partner (hereinafter referred to as "plaintiffs") by and through its counsel of

record, and moves this Honorable Court to compel the defendant to respond to its discovery

requests. As grounds for this motion, defendant shows unto this Honorable Court as

follows:

1.    Plaintiffs served discovery requests on the defendant on March 9, 2006. (See plaintiff's Exhibit 1).

2.    The plaintiffs have endeavored to resolve the subject of this motion through oral communications and correspondence with opposing counsel to no avail. (See plaintiff's Exhibit 2).

3.    The defendants have not responded to the plaintiffs' discovery request as of this date. As such, the responses to those discovery requests are overdue pursuant to the *Alabama Rules of Civil Procedure.*

WHEREFORE, THESE PREMISES CONSIDERED, for the reasons stated herein, plaintiffs request that this Honorable Court compel the defendants to respond to its discovery requests.

Respectfully submitted this the ___9___ day of June, 2006.

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for KeyCorp Investment Limited
Partnership, III, Village Manor, Ltd.

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the _9_ day of June, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

_____
Of COUNSEL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G.P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") and pursuant to the *Alabama Rules of Civil Procedure*, propounds the following interrogatories to defendants to be answered separately and severally within the time prescribed by law:

1

EXHIBIT

/

## Definitions and Instructions

Various words and phrases contained in the attached discovery requests are defined below. Whenever a term is in italics (e.g., *italics*) form in a discovery request, the person(s) answering or responding to the request are to construe the term as defined in this section. These definitions are provided for the purpose of clarifying the meaning of various words and phrases contained herein in order that *you* and *your* attorney can understand the objectives of these discovery requests and to locate and furnish the relevant information and *materials*.

(a)    "You" and/or "*your*" shall mean and refer to the Defendant answering these requests for production and its officers, directors, employees, agents, and other representatives.

(b)    "*Identify*" when used with respect to a <u>document</u> means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or a request or motion for production of some document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody or control and the location of such document.

(c)    "*Identify*" when used with respect to an <u>individual</u> means to state the person's full name to include maiden name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number and present and past business affiliations or relationships, if any, with any of the parties to this action.

2

(d)  "*Identify*" when used with respect to a <u>business enterprise</u> means to state that enterprise's legal name, the names under which is does business if other than its legal name, its form (e.g., proprietorship, partnership, corporation, etc.) of doing business, if incorporated, the state of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times *material* to the matter inquired about; if a partnership, the name and address and interest of each partner at all times *material* to the matters inquired about.

(e)  "*Describe*" when used with respect to any <u>oral communication(s)</u> means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication(s) or statement(s); and where each person was when said oral communication(s) or statement(s) were made.

(f)  An interrogatory asking *you* to "*describe in detail*", seeks the disclosure of each and every fact, circumstance, condition, and thing known to *you*, *your* agent, servant, employee or attorney, as of the date the request for production are answered, full identification and description of the sources of such facts, circumstances, conditions and things, including, but not limited to, identification and description of each document relating to or referring to such fact, circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition or thing.

(g)  "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, e-mail, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or

3

any other printed or readable *material*. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual *material* of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described herein below, whether the same be in *your* possession or subject to the control of *you* or any of *your* agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the *Alabama Rules of Civil Procedure*, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to *you* subsequent to the time of the

4

production as noted herein. Plaintiffs further demand that the documents requested herein below be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof.

If *you* object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)  The author of the document;

(b)  The person or persons to whom the document was addressed;

(c)  The date of the document; and

(d)  The subjects discussed in the said document.

**NOTE:** These request for production shall be deemed continuing in nature so as to require supplemental responses upon the receipt of additional information by the Defendant/s or the Defendant's attorney(s) subsequent to *your* original response. Any such supplemental responses are to be served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information, but not later than seven (7) days from the first day of the trial of this case.

## REQUEST FOR PRODUCTION

1.    All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.    All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.    All documents relating to, in any manner whatsoever, Village Manor, Limited.

5

4.    All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.    All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.    All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

9.    All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.    All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.    All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.    Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.    All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.    Please produce your tax returns for the past six years.

15.    All documents relating to your gross receipts from January 1, 2000 to present

6

date.

16.    Copies of any and all financial statements for the last six years.

17.    All documents relating to all aspects of your payroll for the last six years.

18.    Copies of any and all photographs or video tapes regarding this case.

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_ROBERT N. MCGEHEE, JR._ By DWH

ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the _9th_ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

Of COUNSEL

7

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) |
| Plaintiffs, | ) |
| -vs- | ) |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) ) |
| Defendants. | |

Case No. CV-2005-2795

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") and pursuant to the *Alabama Rules of Civil Procedure*, propounds the following interrogatories to defendants to be answered separately and severally within the time prescribed by law:

1

## **Definitions and Instructions**

Various words and phrases contained in the attached discovery requests are defined below. Whenever a term is in italics (e.g., *italics*) form in a discovery request, the person(s) answering or responding to the request are to construe the term as defined in this section. These definitions are provided for the purpose of clarifying the meaning of various words and phrases contained herein in order that *you* and *your* attorney can understand the objectives of these discovery requests and to locate and furnish the relevant information and *materials*.

(a)   "You" and/or "*your*" shall mean and refer to the Defendant answering these interrogatories and its officers, directors, employees, agents, and other representatives.

(b)   "*Document*" means the original or any copy of any written, recorded, transcribed, printed or impressed matter of whatever kind, however produced or reproduced, including but not limited to sound, pictorial recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, electronic or mechanical transmissions, communications of all kinds, reports, operating statements, working papers, handwritings, charts, papers, writings, printings, transcriptions, tapes and records of all kinds.

(c)   "*Identify*" when used with respect to a document means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or a request or motion for production of some document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody or control and the location of such document.

2

(d)  *"Identify"* when used with respect to an <u>individual</u> means to state the person's full name to include maiden name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number and present and past business affiliations or relationships, if any, with any of the parties to this action.

(e)  *"Identify"* when used with respect to a <u>business enterprise</u> means to state that enterprise's legal name, the names under which is does business if other than its legal name, its form (e.g., proprietorship, partnership, corporation, etc.) of doing business, if incorporated, the state of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times *material* to the matter inquired about; if a partnership, the name and address and interest of each partner at all times *material* to the matters inquired about.

(f)  *"Describe"* when used with respect to any <u>oral communication(s)</u> means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication(s) or statement(s); and where each person was when said oral communication(s) or statement(s) were made.

(g)  An interrogatory asking *you* to *"describe in detail"*, seeks the disclosure of each and every fact, circumstance, condition, and thing known to *you*, *your* agent, servant, employee or attorney, as of the date the interrogatories are answered, full identification and description of the sources of such facts, circumstances, conditions and things, including, but not limited to, identification and description of each document relating to or referring to such fact, circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition or thing.

3

**NOTE:** These interrogatories shall be deemed continuing in nature so as to require supplemental responses upon the receipt of additional information by the Defendant/s or the Defendant's attorney(s) subsequent to *your* original response. Any such supplemental responses are to be served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information, but not later than seven (7) days from the first day of the trial of this case.

## INTERROGATORIES

1. *Identify* each individual answering or assisting in answering these interrogatories.

2. *Identify* each and every individual who supplied any of the information contained in your answers and responses and specify any communications upon which you have relied in preparing answers to these interrogatories.

3. *Identify* the nature of the business in which you are engaged, when the business started and your experience in running said business.

4. *Identify* all officers, directors and/or partners of your company. Include in your answer, their title, duties and responsibilities since 1990.

5. *Identify* the date you began conducting business with the plaintiffs and *describe in detail* the business relationship with the plaintiffs.

6. *Describe in* detail your relationship with each defendant.

7. *Identify* any partnership agreement you entered into with plaintiffs.

8. *Describe in detail* your duties and obligations owed to the plaintiffs with regard to any partnership agreements entered into with plaintiffs.

9. *Describe in detail* your duties in the day to day operation and management of the

4

property known as Village Manor Apartments.

10.   *Describe in detail* your duties in the day to day operation and management of the property known as Forest Grove Apartments.

11.   *Describe in detail* who managed the property known as Village Manor Apartments.

12.   *Describe in detail* who managed the property known as Forest Grove Apartments.

13.   *Identify* the guarantors of the second amended and restated limited partnership agreement dated March 21, 1997 for Village Manor Limited and describe in detail their respective duties.

14.   *Identify* the guarantors of the amended and restated limited partnership agreement dated December 10, 1996 for Cleveland Apartments, L. P. and describe in detail their respective duties.

15.   State whether you have any insurance coverage that might provide coverage for the allegations of the plaintiffs' complaint.  If so, state the name and address of the insurance provider, the policy number, the amount of coverage and the dates of coverage.

16.   *Identify* and state the occupation, education and professional background of each expert witness you expect to call at trial.

17.   State the subject matter in which each expert witness you expect to call at trial is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each such opinion.

18.   State the name, address and phone number of all persons known to you who have information which support your position in this lawsuit.

19.   State the name, address and telephone number of all persons known to you to

5

have any information regarding this lawsuit.

20.   Have you been advised that your answers are made under oath, may be used as material testimony in the event of a trial or hearing and must be updated if your foregoing responses change?

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the __9TH__ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

Of COUNSEL

6

 Hill Hill Carter

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

April 12, 2006

Spence A. Singleton, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

**Re:**   ***KeyCorp Investment Limited Partnership III, et al. v. Village Manor,***
***Inc., et al.***
**CV-2005-2795**
**Circuit Court of Montgomery County, Alabama**

Dear Mr. Singleton:

In reviewing my discovery file, I find that your clients' responses are overdue. I
would appreciate it if you would respond to my discovery requests within ten days of the
date of this letter. Should your clients not respond within that time frame, I will have to
take appropriate measures with the court.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
cc    Michael J. Cohan, Esq.
      Robert McGehee, Esq.

EXHIBIT
2

**STATE OF ALABAMA**
Unified Judicial System
_____ Montgomery _ County

Check one(Not for Workers' Comp., PFA, or Small Claims cases):

☐ District Court    ☒ Circuit Court

▶ **File No.**

CV05-2795

*Style of case:*
Keycorp Investment, et al
v. Village Manor, Inc., et al.

# MOTION COVER SHEET

*Name of Filing Party:*

*Name, Address, and Telephone No. of Attorney or Party, If Not Represented:*
David Henderson, P.O. Box 116
Montgomery, AL 36101-0116
*Attorney Bar No.:* HEN 072

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Intervene or Appear as Third Party Plaintiff ($297.00) | ☐ Amend |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Change of Venue/Transfer |
| | ☒ Compel |
| | ☐ Consolidation |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Contempt |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during trial) |
| | ☐ Disburse Funds |
| | ☐ Discovery |
| ☐ Summary Judgment or other Dispositive Motion not pursuant to Rule 12(b) ($50.00) | ☐ Ex Parte Restraining |
| ☐ Other _____, pursuant to Rule_____($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| * Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Plaintiff's Motion to Dismiss or Stipulation of Dismissal |
| | ☐ Preliminary Injunction |
| ☐ Local Court Cost $_____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Show Cause |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Temporary Restraining Order |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☒ Other _Motion to set Scheduling Conference_ pursuant to Rule_____(Subject to filing fee) |

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2006 JUN - 9 PM 4:49

*Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship* ☐

Date: 6/9/06

Signature of Attorney or Party:

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
** Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee



FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 JUN 14  AM 10: 22



## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

Key Corp., et al.,
     Plaintiff (s),

vs.                                    CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
     Defendant (s).

### <u>ORDER</u>

The above-styled matter comes before the Court on Plaintiff's, Key Corp., et al.,

MOTION TO COMPEL and MOTION TO SET SCHEDULING CONFERENCE.  Upon

consideration of the same, the matter is hereby SET for a HEARING on the MOTIONS

on July 11, 2006 at 8:30 a.m. in Courtroom 4C.

Done this the 13 JUN 2006.

_____
CHARLES PRICE, Circuit Judge

cc:    Michael Cohan
     David Henderson
     Robert N. McGehee, Jr.
     Spence A. Singleton
     William K. Abell

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

Key Corp., et al.,
     Plaintiff (s),

vs.                                 CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
     Defendant (s).

### ORDER

This cause having come before the Court for scheduling, the same having been

considered, it is hereby **ORDERED, ADJUDGED, and DECREED** that this action is

SET for **Jury Trial** on 7/09/2007 at 9:00 a.m. in Courtroom 4C.

    **IT IS FURTHER ORDERED** that the following cut-offs dates are hereby

established:

    **Expert Witnesses** are to be exchanged four (4) weeks prior to trial date.
    **Discovery** is to be completed four (4) weeks prior to trial date.
    **Motions, Objections to Exhibits** are to be filed two (2) weeks prior to trial date.
    **Witness Lists** must be exchanged four (4) weeks prior to trial date.
    **Exhibits** must be exchanged five (5) weeks prior to trial date.

    **A Pre-Trial Hearing** is SET for June 19, 2007 at 8:30 a.m.

    Counsel for each party shall jointly prepare a pretrial order in substantial

compliance with the matters set out in Rule 16 ARCP, and submit it to the Court on the

date herein above set for the pretrial conference.

    Done this the 11 JUL 2006.

                           _____
                            CHARLES PRICE, Circuit Judge

cc:     Michael Cohan

David Henderson
Robert N. McGehee, Jr.
Spence A. Singleton
William K. Abell

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

KEY CORP., et al.,          )
                               )
      Plaintiff,          )
                               )     **CIVIL ACTION NO. CV-2005-2795-PR**
v.                          )
                               )
VILLAGE MANOR, et al.,     )
                               )
      Defendant.       )

## MOTION FOR LEAVE TO WITHDRAW

COMES now the undersigned counsel and files this Motion to Withdraw as counsel for Plaintiff in the above styled case and as grounds therefore, shows as follows:

1.    That a situation has developed wherein counsel can no longer effectively represent Plaintiff's interest in this case.

2.    That the firm of Shinbaum, Abell, McLeod & Vann, P.C. can no longer effectively represent Plaintiff's interest in this case.

WHEREFORE, the undersigned counsel respectfully requests this Honorable Court to enter an order allowing the undersigned to withdraw as Plaintiff's attorney in this matter.

_____
WILLIAM K. ABELL (ABE001)
Attorney for Plaintiff

OF COUNSEL:

SHINBAUM, ABELL, McLEOD & VANN, P. C.
P. O. Box 201
Montgomery, AL  36101-0201
Telephone    (334) 269-4400
Facsimile     (334) 263-4096

2006 AUG 21  PM 3: 29
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document to all counsel of record, as listed below, by placing same in the United States Mail, properly addressed and postage prepaid on this the _31 st_ day of August, 2006.

OF COUNSEL

Hon. Michael Cohan
Hon. David Henderson
Hill, Hill, Carter, Franco, Cole & Black
P.O. Box 116
Montgomery, AL 36101-0116

Hon. Spence A. Singleton
Post Office Box 240894
Montgomery, AL 36124

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

KEY CORP., et al.,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀**CIVIL ACTION NO. CV-2005-2795-PR**
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
VILLAGE MANOR, et al.,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Defendant.⠀⠀⠀⠀⠀⠀⠀)

## ORDER

This matter comes before this Court on the Motion to Withdraw filed by William K. Abell

and having considered same, it is

ORDERED, ADJUDGED and DECREED that said motion is due to be and is hereby

GRANTED.

DONE this the _____ day of August, 2006.

_____
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀CIRCUIT JUDGE

cc:⠀⠀Hon. William K. Abell
⠀⠀⠀⠀Shinbaum, Abell, McLeod & Vann, P. C.
⠀⠀⠀⠀P. O. Box 201
⠀⠀⠀⠀Montgomery, AL  36101-0201

⠀⠀⠀⠀Hon. Michael Cohan
⠀⠀⠀⠀Hon. David Henderson
⠀⠀⠀⠀Hill, Hill, Carter, Franco, Cole & Black
⠀⠀⠀⠀P.O. Box 116
⠀⠀⠀⠀Montgomery, AL 36101-0116

⠀⠀⠀⠀Hon. Spence A. Singleton
⠀⠀⠀⠀Post Office Box 240894
⠀⠀⠀⠀Montgomery, AL 36124



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) |
| **Plaintiffs,** | ) |
| *-vs-* | ) |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) |
| **Defendants.** | |

Case No. CV-2005-2795

## SECOND MOTION TO COMPEL

COME NOW the plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") by and through its counsel of record, and moves this Honorable Court to compel the defendants a second time to respond to its discovery requests. As grounds for this second motion, plaintiffs show unto this Honorable Court as follows:

_ROBERT N. MCGEHEE, JR._     By DWA
ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the __24__ day of August, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

_Of Counsel signature_
Of COUNSEL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G.P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") and pursuant to the *Alabama Rules of Civil Procedure*, propounds the following interrogatories to defendants to be answered separately and severally within the time prescribed by law:

1

EXHIBIT
/

## Definitions and Instructions

Various words and phrases contained in the attached discovery requests are defined below. Whenever a term is in italics (e.g., *italics*) form in a discovery request, the person(s) answering or responding to the request are to construe the term as defined in this section. These definitions are provided for the purpose of clarifying the meaning of various words and phrases contained herein in order that *you* and *your* attorney can understand the objectives of these discovery requests and to locate and furnish the relevant information and *materials*.

(a)    "You" and/or "*your*" shall mean and refer to the Defendant answering these requests for production and its officers, directors, employees, agents, and other representatives.

(b)    "*Identify*" when used with respect to a <u>document</u> means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or a request or motion for production of some document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody or control and the location of such document.

(c)    "*Identify*" when used with respect to an <u>individual</u> means to state the person's full name to include maiden name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number and present and past business affiliations or relationships, if any, with any of the parties to this action.

2

(d) *"Identify"* when used with respect to a <u>business enterprise</u> means to state that enterprise's legal name, the names under which is does business if other than its legal name, its form (e.g., proprietorship, partnership, corporation, etc.) of doing business, if incorporated, the state of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times *material* to the matter inquired about; if a partnership, the name and address and interest of each partner at all times *material* to the matters inquired about.

(e) *"Describe"* when used with respect to any <u>oral communication(s)</u> means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication(s) or statement(s); and where each person was when said oral communication(s) or statement(s) were made.

(f) An interrogatory asking *you* to *"describe in detail"*, seeks the disclosure of each and every fact, circumstance, condition, and thing known to *you, your* agent, servant, employee or attorney, as of the date the request for production are answered, full identification and description of the sources of such facts, circumstances, conditions and things, including, but not limited to, identification and description of each document relating to or referring to such fact, circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition or thing.

(g) "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, e-mail, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or

3

any other printed or readable *material.* To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential *witness)* statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual *material* of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described herein below, whether the same be in *your* possession or subject to the control of *you* or any of *your* agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the *Alabama Rules of Civil Procedure,* requiring timely additions or supplementations for the documents and records and things which are discovered or become available to *you* subsequent to the time of the

4

production as noted herein. Plaintiffs further demand that the documents requested herein below be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof.

If *you* object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)    The author of the document;

(b)    The person or persons to whom the document was addressed;

(c)    The date of the document; and

(d)    The subjects discussed in the said document.

**NOTE:** These request for production shall be deemed continuing in nature so as to require supplemental responses upon the receipt of additional information by the Defendant/s or the Defendant's attorney(s) subsequent to *your* original response. Any such supplemental responses are to be served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information, but not later than seven (7) days from the first day of the trial of this case.

## REQUEST FOR PRODUCTION

1.    All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.    All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.    All documents relating to, in any manner whatsoever, Village Manor, Limited.

5

4.   All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.   All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.   All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.   All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.   All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

9.   All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.   All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.   All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.   Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.   All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.   Please produce your tax returns for the past six years.

15.   All documents relating to your gross receipts from January 1, 2000 to present

6

date.

16. Copies of any and all financial statements for the last six years.

17. All documents relating to all aspects of your payroll for the last six years.

18. Copies of any and all photographs or video tapes regarding this case.

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR. *By DWH*
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the ___9th___ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

Of COUNSEL

7

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") and pursuant to the *Alabama Rules of Civil Procedure*, propounds the following interrogatories to defendants to be answered separately and severally within the time prescribed by law:

1

## Definitions and Instructions

Various words and phrases contained in the attached discovery requests are defined below. Whenever a term is in italics (e.g., *italics*) form in a discovery request, the person(s) answering or responding to the request are to construe the term as defined in this section. These definitions are provided for the purpose of clarifying the meaning of various words and phrases contained herein in order that *you* and *your* attorney can understand the objectives of these discovery requests and to locate and furnish the relevant information and *materials*.

(a)    "You" and/or "*your*" shall mean and refer to the Defendant answering these interrogatories and its officers, directors, employees, agents, and other representatives.

(b)    "*Document*" means the original or any copy of any written, recorded, transcribed, printed or impressed matter of whatever kind, however produced or reproduced, including but not limited to sound, pictorial recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, electronic or mechanical transmissions, communications of all kinds, reports, operating statements, working papers, handwritings, charts, papers, writings, printings, transcriptions, tapes and records of all kinds.

(c)    "*Identify*" when used with respect to a document means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or a request or motion for production of some document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody or control and the location of such document.

2

(d) *"Identify"* when used with respect to an <u>individual</u> means to state the person's full name to include maiden name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number and present and past business affiliations or relationships, if any, with any of the parties to this action.

(e) *"Identify"* when used with respect to a <u>business enterprise</u> means to state that enterprise's legal name, the names under which is does business if other than its legal name, its form (e.g., proprietorship, partnership, corporation, etc.) of doing business, if incorporated, the state of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times *material* to the matter inquired about; if a partnership, the name and address and interest of each partner at all times *material* to the matters inquired about.

(f) *"Describe"* when used with respect to any <u>oral communication(s)</u> means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication(s) or statement(s); and where each person was when said oral communication(s) or statement(s) were made.

(g) An interrogatory asking *you* to *"describe in detail"*, seeks the disclosure of each and every fact, circumstance, condition, and thing known to *you, your* agent, servant, employee or attorney, as of the date the interrogatories are answered, full identification and description of the sources of such facts, circumstances, conditions and things, including, but not limited to, identification and description of each document relating to or referring to such fact, circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition or thing.

3

**NOTE:** These interrogatories shall be deemed continuing in nature so as to require supplemental responses upon the receipt of additional information by the Defendant/s or the Defendant's attorney(s) subsequent to *your* original response. Any such supplemental responses are to be served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information, but not later than seven (7) days from the first day of the trial of this case.

### INTERROGATORIES

1. *Identify* each individual answering or assisting in answering these interrogatories.

2. *Identify* each and every individual who supplied any of the information contained in your answers and responses and specify any communications upon which you have relied in preparing answers to these interrogatories.

3. *Identify* the nature of the business in which you are engaged, when the business started and your experience in running said business.

4. *Identify* all officers, directors and/or partners of your company. Include in your answer, their title, duties and responsibilities since 1990.

5. *Identify* the date you began conducting business with the plaintiffs and *describe in detail* the business relationship with the plaintiffs.

6. *Describe in* detail your relationship with each defendant.

7. *Identify* any partnership agreement you entered into with plaintiffs.

8. *Describe in detail* your duties and obligations owed to the plaintiffs with regard to any partnership agreements entered into with plaintiffs.

9. *Describe in detail* your duties in the day to day operation and management of the

4

property known as Village Manor Apartments.

10.  *Describe in detail* your duties in the day to day operation and management of the property known as Forest Grove Apartments.

11.  *Describe in detail* who managed the property known as Village Manor Apartments.

12.  *Describe in detail* who managed the property known as Forest Grove Apartments.

13.  *Identify* the guarantors of the second amended and restated limited partnership agreement dated March 21, 1997 for Village Manor Limited and describe in detail their respective duties.

14.  *Identify* the guarantors of the amended and restated limited partnership agreement dated December 10, 1996 for Cleveland Apartments, L. P. and describe in detail their respective duties.

15.  State whether you have any insurance coverage that might provide coverage for the allegations of the plaintiffs' complaint.  If so, state the name and address of the insurance provider, the policy number, the amount of coverage and the dates of coverage.

16.  *Identify* and state the occupation, education and professional background of each expert witness you expect to call at trial.

17.  State the subject matter in which each expert witness you expect to call at trial is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each such opinion.

18.  State the name, address and phone number of all persons known to you who have information which support your position in this lawsuit.

19.  State the name, address and telephone number of all persons known to you to

5

have any information regarding this lawsuit.

20. Have you been advised that your answers are made under oath, may be used as material testimony in the event of a trial or hearing and must be updated if your foregoing responses change?

_____
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_____  By Dwst
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the _9TH_ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

_____
Of COUNSEL

6

 Hill Hill Carter

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

August 10, 2006

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, Alabama 36124

**Re:** ***KeyCorp Investment Limited Partnership III, et al. v. Village Manor, Inc., et al.***
**CV-2005-2795**
**Circuit Court of Montgomery County, Alabama**

Dear Spence:

Per our telephone conversation, please find enclosed the letter I mailed to you on July 21, 2006 regarding outstanding discovery. I would appreciate it if you could properly respond to our discovery requests as soon as possible.

Additionally, I urge you to attempt to obtain insurance coverage in this matter. We would like to schedule the party depositions in this case for the middle of October. With that being said, we need to move quickly to complete discovery and obtain any insurance coverage available.

Thank you in advance for your attention to these matters. I look forward to hearing from you.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
Enclosure

EXHIBIT
2

 Hill Hill Carter

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

July 21, 2006

Spence A. Singleton, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

**Re:** ***KeyCorp Investment Limited Partnership III, et al. v.***
***Village Manor, Inc., et al.***
**CV-2005-2795**
**Circuit Court of Montgomery County, Alabama**

Dear Spence:

Bobby McGehee informed me that he received documents relating to our discovery requests. However, it appears that your client's responses are grossly inadequate inasmuch as you did not respond in written form to the plaintiffs' interrogatories or request for production for each of the individual defendants. Bobby told me that you produced some documents which consisted of no document with the date preceding December 2003. Additionally, you did not provide any documents of substance as requested such as company books and records, tax returns, audits, insurance policies and dec pages to name a few.

Therefore, please properly respond to the plaintiffs' interrogatories and request for production within 14 days of the date of this letter. Should you not properly respond to the plaintiffs' discovery requests, I will have no other option but to file another motion to compel and request sanctions.

Thank you in advance for your attention to this matter. I will look for each of your client's responses within 14 days of the date of this letter.

Sincerely,

Hill, Hill, Carter, Franco, Cole & Black, P.C.

David W. Henderson

DWH/js
cc    Michael J. Cohan, Esq.
      Robert McGehee, Esq.

 Hill Hill Carter

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

July 11, 2006

Spence A. Singleton, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

**Re:**    *KeyCorp Investment Limited Partnership III, et al. v. Village Manor, Inc., et al.*
**CV-2005-2795**
**Circuit Court of Montgomery County, Alabama**

Dear Spence:

Please allow this letter to memorialize our conversation today at the motion to compel hearing. In that conversation, you told me that the discovery is ready and that you would have all the documents copied and forwarded to Bobby McGehee. Please forward those documents within seven days of the date of this letter. Bobby McGehee's address is 4200 West Vickery, Suite 101, Fort Worth, Texas 76107.

Additionally, you stated that you would re-contact the insurance company to attempt to obtain coverage. Please let us know as soon as possible what, if anything, you find out.

Should you have any questions, please do not hesitate to give me a call. I look forward to hearing from you.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
cc    Robert N. McGehee, Jr., Esq.
      Michael J. Cohan, Esq.

**IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA**

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 AUG 31  AM 10: 10

| | | |
|---|---|---|
| KEY CORP., et al., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIVIL ACTION NO. CV-2005-2795-PR** |
| | ) | |
| VILLAGE MANOR, et al., | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter comes before this Court on the Motion to Withdraw filed by William K. Abell

and having considered same, it is

ORDERED, ADJUDGED and DECREED that said motion is due to be and is hereby

GRANTED.

DONE this the _3rd_ day of August, 2006.

CIRCUIT JUDGE

cc:    Hon. William K. Abell
       Shinbaum, Abell, McLeod & Vann, P. C.
       P. O. Box 201
       Montgomery, AL   36101-0201

       Hon. Michael Cohan
       Hon. David Henderson
       Hill, Hill, Carter, Franco, Cole & Black
       P.O. Box 116
       Montgomery, AL 36101-0116

       Hon. Spence A. Singleton
       Post Office Box 240894
       Montgomery, AL 36124



FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 AUG 31  AM 10: 09

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

Key Corp., et al.,
      Plaintiff (s),

vs.                                      CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
      Defendant (s).

### ORDER

    The above-styled matter comes before the Court on Plaintiff's, Key Corp., et al.,

MOTION TO COMPEL.  Upon consideration of the same, the matter is hereby SET for a

HEARING on the MOTION on October 6, 2006 at 8:30 a.m. in Courtroom 4C.

    Done this the 30 AUG 2006.

                                      _Charles Price_
                          _____
                          CHARLES PRICE, Circuit Judge

cc:      Michael Cohan, David Henderson
            Robert N. McGehee, Jr.
            Spence A. Singleton
            William K. Abell
            William K. Abell

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, )
)
)
)
)

Plaintiffs,    )    Case No. CV-2005-2795

-vs-    )

VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, )
)
)
)
)
)
)

Defendants.

## 30(B)(6) NOTICE OF DEPOSITION DUCES TECUM

To:    Spence A. Singleton, Esq.
       The Law Offices of Spence A. Singleton, LLC
       Post Office Box 240894
       Montgomery, Alabama 36124-0894

Please take notice that **Plaintiffs** will take the testimony by oral deposition of **the corporate representative for Village Manor, Inc.** in accordance with the *Alabama Rules of Civil Procedure* as follows:

**Date and Time:** Said deposition will be taken on **Thursday, November 9, 2006 beginning at 9 a.m.** and will continue until completed, and you are invited to attend and cross-examine.

**Place:** Said deposition will be taken at 425 South Perry Street, Montgomery, Alabama.

**Before Whom Taken:** Said deposition will be taken before a court reporter or any other officer duly authorized to take depositions and swear in witnesses in said county and state.

**Documents to be Produced:** Deponent is required to produce the documents at the deposition, which are attached to this Notice as Exhibit "A".

_____
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_____ By
ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the __26__ day of October, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

_____
Of COUNSEL

2

**EXHIBIT A**

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE FOLLOWING:

**Definitions**

1.    "You" and/or "your" shall mean and refer to Defendant the corporate representative of Village Manor, Inc., its officers, directors, employees, agents, and other representatives.

2.    "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein. Plaintiffs further demand that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the

ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)     The author of the document;

(b)     The person or persons to whom the document was addressed;

(c)     The date of the document; and

(d)     The subjects discussed in the said document.

\* \* \* \*

1.     All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.     All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.     All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.     All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.     All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.     All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.     All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.     All documents which relate, in any manner whatsoever, to any investigation

performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

9.    All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.    All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.    All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.    Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.    All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.    Please produce your tax returns for the past six years.

15.    All documents relating to your gross receipts from January 1, 2000 to present date.

16.    Copies of any and all financial statements for the last six years.

17.    All documents relating to all aspects of your payroll for the last six years.

18.    Copies of any and all photographs or video tapes regarding this case.

3



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KeyCorp Investment, Limited            )
Partnership III; Village Manor         )
Limited and Cleveland Apartments,      )
L.P. by and through Wentwood           )
Housing Fund XIII, GP, Inc., and       )
Wentwood Housing Fund, XV, GP,         )
Inc., its General Partners,            )

        Plaintiffs,                 )      Case No. CV-2005-2795

-vs-                                   )

Village Manor, Inc.; Cleveland         )
Development, Inc.; Southeastern        )
LIHTC Management, Inc.; R. Timothy     )
Singleton; Jeffrey D. Brooks;          )
George Kershaw; and Ron Dearolf,       )
Defendants 1 Through 20 Who Are        )
Entities Or Individuals Whose          )
Wrongful Conduct Caused The            )
Injuries To The Plaintiff, All Of      )
Whose True And Correct Names Are       )
Unknown To The Plaintiffs At This      )
Time But Will Be Substituted By        )
Amendment When Ascertained,            )

        Defendants.

### NOTICE OF TAKING DEPOSITION

To:    **Spence A. Singleton, Esq.**
       **The Law Offices of Spence A. Singleton, LLC**
       **Post Office Box 240894**
       **Montgomery, Alabama 36124-0894**

       PLEASE TAKE NOTICE that pursuant to the *Alabama Rules of Civil Procedure*, the

plaintiffs will take the deposition of the following deponent.  Said deposition shall be taken

by oral examination before an officer authorized to administer oaths and shall continue

from time to time until completed.

       **DEPONENT:**   Timothy Singleton

**DATE:**     Thursday, November 9, 2006

**TIME:**     9 a.m.

**PLACE:**    Law Offices of David W. Henderson, 425 South Perry Street, Montgomery, Alabama

**RESPONSIBLE**
**FOR COURT**
**REPORTER:**  David W. Henderson

**DOCUMENTS TO BE PRODUCED:** Deponent is required to produce the documents at the deposition, which are attached to this notice as Exhibit "A".

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the **26** day of October, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Of COUNSEL

## EXHIBIT A

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE FOLLOWING:

## Definitions

1.    "You" and/or "your" shall mean and refer to Defendant Timothy Singleton, his officers, directors, employees, agents, and other representatives.

2.    "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein.  Plaintiffs further demand that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)     The author of the document;

(b)     The person or persons to whom the document was addressed;

(c)     The date of the document; and

(d)     The subjects discussed in the said document.

\*   \*   \*   \*

1.     All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.     All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.     All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.     All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.     All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.     All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.     All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.     All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

5

9.     All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.     All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.     All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.     Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.     All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.     Please produce your tax returns for the past six years.

15.     All documents relating to your gross receipts from January 1, 2000 to present date.

16.     Copies of any and all financial statements for the last six years.

17.     All documents relating to all aspects of your payroll for the last six years.

18.     Copies of any and all photographs or video tapes regarding this case.

6

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) | |
| **Plaintiffs,** | ) | Case No. CV-2005-2795 |
| *-vs-* | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) | |
| **Defendants.** | | |

## 30(B)(6) NOTICE OF DEPOSITION
## DUCES TECUM

To:  Spence A. Singleton, Esq.
      The Law Offices of Spence A. Singleton, LLC
      Post Office Box 240894
      Montgomery, Alabama 36124-0894

Please take notice that **Plaintiffs** will take the testimony by oral deposition of **the corporate representative of Southeastern LIHTC Management, Inc.** in accordance with the *Alabama Rules of Civil Procedure* as follows:

**Date and Time:**  Said deposition will be taken on **Thursday, November 9, 2006 beginning at 9 a.m.** and will continue until completed, and you are invited to attend and cross-examine.

**Place:** Said deposition will be taken at 425 South Perry Street, Montgomery, Alabama.

**Before Whom Taken:** Said deposition will be taken before a court reporter or any other officer duly authorized to take depositions and swear in witnesses in said county and state.

**Documents to be Produced:** Deponent is required to produce the documents at the deposition, which are attached to this Notice as Exhibit "A".

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the _26_ day of October, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Of COUNSEL

2

## EXHIBIT A

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE FOLLOWING:

## Definitions

1.    "You" and/or "your" shall mean and refer to Defendant the corporate representative of Southeastern LIHTC Management, Inc., its officers, directors, employees, agents, and other representatives.

2.    "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein. Plaintiffs further demand that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the

ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)     The author of the document;

(b)     The person or persons to whom the document was addressed;

(c)     The date of the document; and

(d)     The subjects discussed in the said document.

\* \* \* \*

1.     All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.     All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.     All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.     All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.     All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.     All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.     All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.     All documents which relate, in any manner whatsoever, to any investigation

2

performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

9.    All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.    All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.    All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.    Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.    All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.    Please produce your tax returns for the past six years.

15.    All documents relating to your gross receipts from January 1, 2000 to present date.

16.    Copies of any and all financial statements for the last six years.

17.    All documents relating to all aspects of your payroll for the last six years.

18.    Copies of any and all photographs or video tapes regarding this case.

3

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## 30(B)(6) NOTICE OF DEPOSITION
## DUCES TECUM

To:   **Spence A. Singleton, Esq.**
      **The Law Offices of Spence A. Singleton, LLC**
      **Post Office Box 240894**
      **Montgomery, Alabama 36124-0894**

Please take notice that **Plaintiffs** will take the testimony by oral deposition of **the corporate representative of Cleveland Development, Inc.** in accordance with the *Alabama Rules of Civil Procedure* as follows:

**Date and Time:** Said deposition will be taken on **Thursday, November 9, beginning at 9 a.m.** and will continue until completed, and you are invited to attend and cross-examine.

**Place:** Said deposition will be taken at 425 South Perry Street, Montgomery, Alabama.

**Before Whom Taken:** Said deposition will be taken before a court reporter or any other officer duly authorized to take depositions and swear in witnesses in said county and state.

**Documents to be Produced:** Deponent is required to produce the documents at the deposition, which are attached to this Notice as Exhibit "A".

_____

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_____  By DWH

ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the ___26___ day of October, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

_____

Of COUNSEL

2

## EXHIBIT A

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE FOLLOWING:

## Definitions

1.    "You" and/or "your" shall mean and refer to Defendant the corporate representative of Cleveland Development, Inc., its officers, directors, employees, agents, and other representatives.

2.    "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein.  Plaintiffs further demand that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the

ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)    The author of the document;

(b)    The person or persons to whom the document was addressed;

(c)    The date of the document; and

(d)    The subjects discussed in the said document.

\*    \*    \*    \*

1.    All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.    All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.    All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.    All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.    All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.    All documents which relate, in any manner whatsoever, to any investigation

2

performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

9.    All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.    All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.    All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.    Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.    All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.    Please produce your tax returns for the past six years.

15.    All documents relating to your gross receipts from January 1, 2000 to present date.

16.    Copies of any and all financial statements for the last six years.

17.    All documents relating to all aspects of your payroll for the last six years.

18.    Copies of any and all photographs or video tapes regarding this case.

3

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) ) |
| **Plaintiffs,** | ) |
| -vs- | ) |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) ) |
| **Defendants.** | |

Case No. CV-2005-2795

<u>**30(B)(6) RE-NOTICE OF DEPOSITION DUCES TECUM**</u>

To:   Todd Russell, Esq.
      Nix, Holtsford, Gilliland, Lyons,
       & Higgins, P.C.
      4001 Carmichael Road
      P.O. Box 4128
      Montgomery, AL  36103-4128

Please take notice that **Plaintiffs** will take the testimony by oral deposition of **Timothy Singleton** in accordance with the *Alabama Rules of Civil Procedure* as follows:

**Date and Time:** Said deposition will be taken on **Tuesday, December 5, 2006 beginning at 9 a.m.** and will continue until completed, and you are invited

to attend and cross-examine.

       **Place:** Said deposition will be taken **425 South Perry Street, Montgomery, Alabama.**

       **Before Whom Taken:** Said deposition will be taken before a court reporter or any other officer duly authorized to take depositions and swear in witnesses in said county and state.

       **Documents to be Produced:** Deponent is required to produce the documents at the deposition, which are attached to this Notice as Exhibit "A".

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the __27__ day of November, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

_____
Of COUNSEL

3

## EXHIBIT A

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE
FOLLOWING:

## Definitions

1.    "You" and/or "your" shall mean and refer to Defendant Howard Leasing,
Inc., its officers, directors, employees, agents, and other representatives.

2.    "Chris" shall mean and refer to Plaintiff Christopher Reynolds, his
employees, agents, and other representatives.

3.    "Linda" shall mean and refer to Plaintiff Linda Reynolds, her employees,
agents, and other representatives.

4.    "Danny" shall mean and refer to Plaintiff Danny Reynolds, his employees,
agents, and other representatives.

5.    "Sorensen" shall mean and refer to Defendant Harold Sorensen, his
employees, agents, and other representatives.

6.    "The accident" shall refer to the accident between the bus referred to in the
complaint and the vehicle being driven by Chris.

7.    The "bus" shall mean the bus involved in the accident with Chris.

8.    "Document(s)" shall mean and refer to every original and every
nonidentical copy (including blind copies) of each and every paper, writing, picture,
photograph, slide, movie, film, visual or audio transcription, videotape, sound
recording, micro-film, data stored or recorded on or in punch cards, computer tapes,
disks, reels, or other devices for business machines or other means of storing and/or
transmitting human intelligence, or any other printed or readable material.  To be
included, without limitation, in this definition of "document" are every invoice,
statement, ledger sheet, recommendation, endorsement, order, direction, letter,
telegram, teletype, report, memorandum (including, without limitation, every intra-
office memorandum, file memorandum, work memorandum, and memorandum of
telephone conversation), interview, sketch, graph, chart, note (including, without
limitation, notes used to prepare any letter, memorandum, reports, or other documents
as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger,
check (canceled or otherwise), check stub, voucher receipts, witness (including potential
witness) statement, transcript, interview, sound recording transcription, videotape,
computer printout, book of account, payroll records, minutes, diaries (both office and
personal), log, file card, raw data, notes and/or travel report, data evidence, statement of

expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiff demands that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiff further states that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein. Plaintiff further demands that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)     The author of the document;

(b)     The person or persons to whom the document was addressed;

(c)     The date of the document; and

(d)     The subjects discussed in the said document.

*   *   *   *

1.     All documents relating to, in any manner whatsoever, the bus.
2.     All documents relating to, in any manner whatsoever, the accident.
3.     All documents relating to, in any manner whatsoever, Harold Sorensen.
4.     All documents relating to, in any manner whatsoever, Chris.
5.     All documents relating to, in any manner whatsoever, Danny.
6.     All documents relating to, in any manner whatsoever, Linda.
7.     All documents relating to, in any manner whatsoever, any and all documents provided by you to Sorensen relating to the operation of vehicles.
8.     All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the accident.
9.     All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

2

10.    All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you.

11.    All documents relating to, in any manner whatsoever, any citations issued to Sorensen or any other of your employees arising out of the operation of a vehicle.

12.    All documents relating to, in any manner whatsoever, the supervision of Sorensen by you.

13.    All documents relating to, in any manner whatsoever, the relationship between you and Sorensen.

14.    All documents relating to, in any manner whatsoever, any and all insurance policies which might provide coverage for you for the matters alleged herein.

15.    All documents relating to, in any manner whatsoever, any other accidents involving any vehicles owned or operated by you.

16.    Any documents relating to, in any manner whatsoever, any actions taken by you regarding your association with Sorensen as a result of this accident.

17.    Any statements and/or notes, documents, or other material relating to any comments made by Chris relating to the accident.

18.    All documents relating to the ownership of the property onto which Sorensen was backing the bus at the time of the accident.

19.    All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the accident.

3

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

2006 DEC -4  PM 3:58
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

## <u>RE-NOTICE OF TAKING DEPOSITION</u>

To:    Spence A. Singleton, Esq.
       The Law Offices of Spence A. Singleton, LLC
       Post Office Box 240894
       Montgomery, Alabama 36124-0894

PLEASE TAKE NOTICE that pursuant to the *Alabama Rules of Civil Procedure,* the plaintiffs will take the deposition of the following deponent. Said deposition shall be taken by oral examination before an officer authorized to administer oaths and shall continue from time to time until completed.

**DEPONENT:**   Timothy Singleton

**DATE:**        Tuesday, December 5, 2006

**TIME:**        9 a.m.

**PLACE:**       Law Offices of David W. Henderson, 425 South Perry Street, Montgomery, Alabama

**RESPONSIBLE**
**FOR COURT**
**REPORTER:**    David W. Henderson

**DOCUMENTS TO BE PRODUCED:** Deponent is required to produce the documents at the deposition, which are attached to this notice as Exhibit "A".

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by facsimile on this the 4th day of December, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Of COUNSEL

## EXHIBIT A

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE FOLLOWING:

## Definitions

1.      "You" and/or "your" shall mean and refer to Defendant Timothy Singleton, his officers, directors, employees, agents, and other representatives.

2.      "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein.  Plaintiffs further demand that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)    The author of the document;

(b)    The person or persons to whom the document was addressed;

(c)    The date of the document; and

(d)    The subjects discussed in the said document.

\*   \*   \*   \*

1.    All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.    All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.    All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.    All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.    All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.    All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

5

9.    All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.    All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.    All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.    Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.    All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.    Please produce your tax returns for the past six years.

15.    All documents relating to your gross receipts from January 1, 2000 to present date.

16.    Copies of any and all financial statements for the last six years.

17.    All documents relating to all aspects of your payroll for the last six years.

18.    Copies of any and all photographs or video tapes regarding this case.

6

| STATE OF ALABAMA<br>Unified Judicial System | | Case No. |
|---|---|---|
| 03-MONTGOMERY    ☐ District Court  ☑ Circuit Court | | CV200500279500 |

| KEYCORP INVESTMENT LIMITED ET AL VS<br>VILLAGE MANOR INC ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* C001 - KEYCORP INVESTMENT LIMITED P |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>  DAVID HENDERSON<br>  425 SOUTH PERRY STREET<br>  MONTGOMERY, AL 36104<br>*Attorney Bar No.:*  HEN072 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Compel |
| | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| ☐ Other _____ | ☐ More Definite Statement |
| pursuant to Rule _____ ($50.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| ☐ Local Court Costs $ _____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Motion for Court Ordered Mediation |
| | pursuant to Rule  Alabama Rules    (Subject to Filing Fee)<br>of Civil<br>Procedure |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>2/5/2007 3:42:55 PM | Signature of Attorney or Party:<br>/s DAVID HENDERSON |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
2/5/2007 3:43 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP, INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND VIII, GP, INC., its General Partner,<br><br>        Plaintiffs,<br><br>-vs-<br><br>VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. CV-2005-2795 |

## MOTION FOR COURT ORDERED MEDIATION

COME NOW Plaintiffs and move this Honorable Court to order mandatory mediation in this cause with each party to bear their own costs and expenses.  Further, plaintiffs request this Court to order all parties to be present at the mediation.

Respectfully submitted this the 5th day of February, 2007.

s/s *David W. Henderson*
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

                          s/s *Robert N.  McGehee, Jr.*
                          ROBERT N. MCGEHEE, JR.
                          **Attorney for Plaintiffs**

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 5th day of February, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

                          s/s *David W. Henderson*
                          Of COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: DAVID HENDERSON
dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:43:44 PM

C001 KEYCORP INVESTMENT LIMITED P
MOTION FOR COURT ORDERED MEDIATION
[Attorney: HENDERSON DAVID WAYNE]

Notice Date:     2/5/2007 3:43:44 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:   DEAROLF RONALD E          (PRO SE)
8660 BELLA MINA WAY
KNOXVILLE, TN 37923

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:43:44 PM

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:      2/5/2007 3:43:44 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  KERSHAW GEORGE          (PRO SE)
12231 SOUTH FOX DEN DRIVE
KNOXVILLE, TN 37922

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 2/5/2007 3:43:44 PM

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:      2/5/2007 3:43:44 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SINGLETON SPENCE
P O BOX 240894
MONTGOMERY, AL 36124

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:43:44 PM

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:      2/5/2007 3:43:44 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: ABELL WILLIAM K
wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:43:44 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION FOR COURT ORDERED MEDIATION**
[Attorney: HENDERSON DAVID WAYNE]

Notice Date:    2/5/2007 3:43:44 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:43:44 PM

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:     2/5/2007 3:43:44 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:43:44 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:     2/5/2007 3:43:44 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

| STATE OF ALABAMA<br>Unified Judicial System | Revised 2/14/05 | Case No. |
|---|---|---|
| 03-MONTGOMERY     ☐ District Court  ☑ Circuit Court | | CV200500279500 |

| KEYCORP INVESTMENT LIMITED ET AL VS<br>VILLAGE MANOR INC ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:*  C001 - KEYCORP INVESTMENT LIMITED P |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>DAVID HENDERSON<br>425 SOUTH PERRY STREET<br>MONTGOMERY, AL 36104<br><br>*Attorney Bar No.:*  HEN072 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|

**Motions Requiring Fee**

☐ Default Judgment ($50.00)

☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Judgment on the Pleadings ($50.00)

☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00)

☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00)

☐ Summary Judgment pursuant to Rule 56($50.00)

☐ Other _____

pursuant to Rule _____ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ _____

**Motions Not Requiring Fee**

☐ Add Party
☐ Amend
☐ Change of Venue/Transfer
☑ Compel
☐ Consolidation
☐ Continue
☐ Deposition
☐ Designate a Mediator
☐ Judgment as a Matter of Law (during Trial)
☐ Disburse Funds
☐ Extension of Time
☐ In Limine
☐ Joinder
☐ More Definite Statement
☐ Motion to Dismiss pursuant to Rule 12(b)
☐ New Trial
☐ Objection of Exemptions Claimed
☐ Pendente Lite
☐ Plaintiff's Motion to Dismiss
☐ Preliminary Injunction
☐ Protective Order
☐ Quash
☐ Release from Stay of Execution
☐ Sanctions
☐ Sever
☐ Special Practice in Alabama
☐ Stay
☐ Strike
☐ Supplement to Pending Motion
☐ Vacate or Modify
☐ Withdraw
☐ Other _____

pursuant to Rule _____ (Subject to Filing Fee)

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship  ☐ | Date:<br>2/5/2007 3:45:16 PM | Signature of Attorney or Party:<br>/s DAVID HENDERSON |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
2/5/2007 3:46 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED )
PARTNERSHIP III; VILLAGE MANOR )
LIMITED AND CLEVELAND APARTMENTS, )
L.P. by and through WENTWOOD )
HOUSING FUND XIII, GP, INC., and )
WENTWOOD HOUSING FUND, XV, GP, )
INC., ITS GENERAL PARTNERS, )

    Plaintiffs, )    Case No. CV-2005-2795

-vs- )

VILLAGE MANOR, INC.; CLEVELAND )
DEVELOPMENT, INC.; SOUTHEASTERN )
LIHTC MANAGEMENT, INC.; R. TIMOTHY )
SINGLETON; JEFFREY D. BROOKS; )
GEORGE KERSHAW; and RON DEAROLF, )
DEFENDANTS 1 THROUGH 20 WHO ARE )
ENTITIES OR INDIVIDUALS WHOSE )
WRONGFUL CONDUCT CAUSED THE )
INJURIES TO THE PLAINTIFF, ALL OF )
WHOSE TRUE AND CORRECT NAMES ARE )
UNKNOWN TO THE PLAINTIFFS AT THIS )
TIME BUT WILL BE SUBSTITUTED BY )
AMENDMENT WHEN ASCERTAINED, )

    Defendants.

## THIRD MOTION TO COMPEL

    COME NOW the plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor,

Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc.,

its general partner (hereinafter referred to as "plaintiffs") by and through its counsel of

record, and moves this Honorable Court to compel the defendants a third time to respond

to its discovery requests. As grounds for this third motion, plaintiffs show unto this

1

Honorable Court as follows:

1.    The plaintiffs served discovery requests on the defendants on March 9, 2006. (See plaintiffs' Exhibit A).

2.    The defendants did not respond to the plaintiff's discovery requests and the plaintiffs filed its first motion to compel with this Court. A hearing was set for July 11, 2006 on the plaintiffs' motion to compel. At the hearing, an agreement was made between the plaintiffs and defendants for the defendants to respond to the plaintiffs discovery requests.

3.    Although the defendants agreed to properly respond to the plaintiffs' discovery requests, they have not done so. As such, the responses to those discovery requests are overdue pursuant to the *Alabama Rules of Civil Procedure*.

4.    Plaintiffs filed another motion to compel on August 24, 2006. A hearing was held on October 6, 2006. At the hearing, an agreement was made between the plaintiffs for the defendants to respond to the plaintiffs' discovery requests.

5.    Although the defendants have provided some documents, they have not substantially complied with the plaintiffs' discovery request. Nor have the defendants responded to any of the plaintiffs' discovery requests in writing.

6.    The plaintiffs have endeavored to resolve the subject of this third motion through oral communications and correspondence with opposing counsel to no avail. (See plaintiffs' Exhibit B).

WHEREFORE, THESE PREMISES CONSIDERED, for the reasons stated herein, plaintiffs request that this Honorable Court compel the defendants to respond to its discovery requests.

2

Respectfully submitted this the 5th day of February, 2007.

        s/s *David W. Henderson*
        MICHAEL J. COHAN (COH017)
        DAVID W. HENDERSON (HEN072)
        Attorneys for Plaintiffs

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

        s/s *Robert N. McGehee, Jr.*
        ROBERT N. MCGEHEE, JR.
        Attorney for Plaintiffs

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 5th day of February, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

        s/s *David W. Henderson*
        Of COUNSEL

3

ELECTRONICALLY FILED
2/5/2007 3:46 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, ) ) ) ) ) | |
| Plaintiffs, ) | Case No. CV-2005-2795 |
| -vs- ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, ) ) ) ) ) ) ) ) ) | |
| Defendants. | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") and pursuant to the *Alabama Rules of Civil Procedure*, propounds the following interrogatories to defendants to be answered separately and severally within the time prescribed by law:

1



## Definitions and Instructions

Various words and phrases contained in the attached discovery requests are defined below. Whenever a term is in italics (e.g., *italics*) form in a discovery request, the person(s) answering or responding to the request are to construe the term as defined in this section. These definitions are provided for the purpose of clarifying the meaning of various words and phrases contained herein in order that *you* and *your* attorney can understand the objectives of these discovery requests and to locate and furnish the relevant information and *materials*.

(a) "You" and/or "*your*" shall mean and refer to the Defendant answering these interrogatories and its officers, directors, employees, agents, and other representatives.

(b) "*Document*" means the original or any copy of any written, recorded, transcribed, printed or impressed matter of whatever kind, however produced or reproduced, including but not limited to sound, pictorial recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, electronic or mechanical transmissions, communications of all kinds, reports, operating statements, working papers, handwritings, charts, papers, writings, printings, transcriptions, tapes and records of all kinds.

(c) "*Identify*" when used with respect to a document means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or a request or motion for production of some document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody or control and the location of such document.

2

(d)  *"Identify"* when used with respect to an <u>individual</u> means to state the person's full name to include maiden name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number and present and past business affiliations or relationships, if any, with any of the parties to this action.

(e)  *"Identify"* when used with respect to a <u>business enterprise</u> means to state that enterprise's legal name, the names under which is does business if other than its legal name, its form (e.g., proprietorship, partnership, corporation, etc.) of doing business, if incorporated, the state of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times *material* to the matter inquired about; if a partnership, the name and address and interest of each partner at all times *material* to the matters inquired about.

(f)  *"Describe"* when used with respect to any <u>oral communication(s)</u> means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication(s) or statement(s); and where each person was when said oral communication(s) or statement(s) were made.

(g)  An interrogatory asking *you* to *"describe in detail"*, seeks the disclosure of each and every fact, circumstance, condition, and thing known to *you*, *your* agent, servant, employee or attorney, as of the date the interrogatories are answered, full identification and description of the sources of such facts, circumstances, conditions and things, including, but not limited to, identification and description of each document relating to or referring to such fact, circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition or thing.

3

**NOTE:** These interrogatories shall be deemed continuing in nature so as to require supplemental responses upon the receipt of additional information by the Defendant/s or the Defendant's attorney(s) subsequent to *your* original response. Any such supplemental responses are to be served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information, but not later than seven (7) days from the first day of the trial of this case.

## INTERROGATORIES

1.    *Identify* each individual answering or assisting in answering these interrogatories.

2.    *Identify* each and every individual who supplied any of the information contained in your answers and responses and specify any communications upon which you have relied in preparing answers to these interrogatories.

3.    *Identify* the nature of the business in which you are engaged, when the business started and your experience in running said business.

4.    *Identify* all officers, directors and/or partners of your company. Include in your answer, their title, duties and responsibilities since 1990.

5.    *Identify* the date you began conducting business with the plaintiffs and *describe in detail* the business relationship with the plaintiffs.

6.    *Describe in* detail your relationship with each defendant.

7.    *Identify* any partnership agreement you entered into with plaintiffs.

8.    *Describe in detail* your duties and obligations owed to the plaintiffs with regard to any partnership agreements entered into with plaintiffs.

9.    *Describe in detail* your duties in the day to day operation and management of the

4

property known as Village Manor Apartments.

10.   *Describe in detail* your duties in the day to day operation and management of the property known as Forest Grove Apartments.

11.   *Describe in detail* who managed the property known as Village Manor Apartments.

12.   *Describe in detail* who managed the property known as Forest Grove Apartments.

13.   *Identify* the guarantors of the second amended and restated limited partnership agreement dated March 21, 1997 for Village Manor Limited and describe in detail their respective duties.

14.   *Identify* the guarantors of the amended and restated limited partnership agreement dated December 10, 1996 for Cleveland Apartments, L. P. and describe in detail their respective duties.

15.   State whether you have any insurance coverage that might provide coverage for the allegations of the plaintiffs' complaint. If so, state the name and address of the insurance provider, the policy number, the amount of coverage and the dates of coverage.

16.   *Identify* and state the occupation, education and professional background of each expert witness you expect to call at trial.

17.   State the subject matter in which each expert witness you expect to call at trial is expected to testify and the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds of each such opinion.

18.   State the name, address and phone number of all persons known to you who have information which support your position in this lawsuit.

19.   State the name, address and telephone number of all persons known to you to

have any information regarding this lawsuit.

20.  Have you been advised that your answers are made under oath, may be used as material testimony in the event of a trial or hearing and must be updated if your foregoing responses change?

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the _9th_ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

Of COUNSEL

6

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED )
PARTNERSHIP III; VILLAGE MANOR
LIMITED AND CLEVELAND APARTMENTS, )
L.P. by and through WENTWOOD
HOUSING FUND XIII, GP, INC., and )
WENTWOOD HOUSING FUND, XV, GP,
INC., ITS GENERAL PARTNERS, )

    Plaintiffs,          )      Case No. CV-2005-2795

-vs-              )

VILLAGE MANOR, INC.; CLEVELAND )
DEVELOPMENT, INC.; SOUTHEASTERN
LIHTC MANAGEMENT, INC.; R. TIMOTHY )
SINGLETON; JEFFREY D. BROOKS;
GEORGE KERSHAW; and RON DEAROLF, )
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE )
WRONGFUL CONDUCT CAUSED THE
INJURIES TO THE PLAINTIFF, ALL OF )
WHOSE TRUE AND CORRECT NAMES ARE
UNKNOWN TO THE PLAINTIFFS AT THIS )
TIME BUT WILL BE SUBSTITUTED BY
AMENDMENT WHEN ASCERTAINED, )

    Defendants.      )

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G.P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") and pursuant to the *Alabama Rules of Civil Procedure*, propounds the following interrogatories to defendants to be answered separately and severally within the time prescribed by law:

1

## Definitions and Instructions

Various words and phrases contained in the attached discovery requests are defined below. Whenever a term is in italics (e.g., *italics*) form in a discovery request, the person(s) answering or responding to the request are to construe the term as defined in this section. These definitions are provided for the purpose of clarifying the meaning of various words and phrases contained herein in order that *you* and *your* attorney can understand the objectives of these discovery requests and to locate and furnish the relevant information and *materials*.

(a)  "You" and/or "*your*" shall mean and refer to the Defendant answering these requests for production and its officers, directors, employees, agents, and other representatives.

(b)  "*Identify*" when used with respect to a <u>document</u> means to describe the document in sufficient particularity to withstand valid objections to such description appearing in a subpoena duces tecum or a request or motion for production of some document, including, but not limited to, the type of document (i.e., "letter"), date, authority and address; and to state the name, address and business relationship (if any) to each party to this action, of each and every person who has such document in his or her possession, custody or control and the location of such document.

(c)  "*Identify*" when used with respect to an <u>individual</u> means to state the person's full name to include maiden name, present occupation and business affiliation, present home address and business address, present home telephone number and business telephone number and present and past business affiliations or relationships, if any, with any of the parties to this action.

2

(d)  *"Identify"* when used with respect to a <u>business enterprise</u> means to state that enterprise's legal name, the names under which is does business if other than its legal name, its form (e.g., proprietorship, partnership, corporation, etc.) of doing business, if incorporated, the state of incorporation, the address of its principal office or place of business, and the name and address of each of its officers and directors at all times *material* to the matter inquired about; if a partnership, the name and address and interest of each partner at all times *material* to the matters inquired about.

(e)  *"Describe"* when used with respect to any <u>oral communication(s)</u> means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communication(s) or statement(s); and where each person was when said oral communication(s) or statement(s) were made.

(f)  An interrogatory asking *you* to *"describe in detail"*, seeks the disclosure of each and every fact, circumstance, condition, and thing known to *you, your* agent, servant, employee or attorney, as of the date the request for production are answered, full identification and description of the sources of such facts, circumstances, conditions and things, including, but not limited to, identification and description of each document relating to or referring to such fact, circumstance, condition or thing; and identification of each person having knowledge of such fact, circumstance, condition or thing.

(g)  "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, e-mail, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or

3

any other printed or readable *material.* To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual *material* of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described herein below, whether the same be in *your* possession or subject to the control of *you* or any of *your* agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the *Alabama Rules of Civil Procedure,* requiring timely additions or supplementations for the documents and records and things which are discovered or become available to *you* subsequent to the time of the

4

production as noted herein. Plaintiffs further demand that the documents requested herein below be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the ordinary course of business just prior to the production thereof.

If *you* object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)   The author of the document;

(b)   The person or persons to whom the document was addressed;

(c)   The date of the document; and

(d)   The subjects discussed in the said document.

**NOTE:** These request for production shall be deemed continuing in nature so as to require supplemental responses upon the receipt of additional information by the Defendant/s or the Defendant's attorney(s) subsequent to *your* original response. Any such supplemental responses are to be served upon counsel for the Plaintiffs within thirty (30) days from receipt of such additional information, but not later than seven (7) days from the first day of the trial of this case.

## REQUEST FOR PRODUCTION

1.    All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.    All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.    All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.   All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.   All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.   All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.   All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.   All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

9.   All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.  All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.  All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.  Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.  All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.  Please produce your tax returns for the past six years.

15.  All documents relating to your gross receipts from January 1, 2000 to present

6

date.

16.    Copies of any and all financial statements for the last six years.

17.    All documents relating to all aspects of your payroll for the last six years.

18.    Copies of any and all photographs or video tapes regarding this case.

_____
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_____  By DWH
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the ___9th___ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

_____
Of COUNSEL

7

 **Hill Hill Carter**

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

April 12, 2006

Spence A. Singleton, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

Re:  *KeyCorp Investment Limited Partnership III, et al. v. Village Manor,*
     *Inc., et al.*
     **CV-2005-2795**
     **Circuit Court of Montgomery County, Alabama**

Dear Mr. Singleton:

In reviewing my discovery file, I find that your clients' responses are overdue. I would appreciate it if you would respond to my discovery requests within ten days of the date of this letter. Should your clients not respond within that time frame, I will have to take appropriate measures with the court.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
cc     Michael J. Cohan, Esq.
       Robert McGehee, Esq.


EXHIBIT
B



David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

July 21, 2006

Spence A. Singleton, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

Re: *KeyCorp Investment Limited Partnership III, et al. v.*
*Village Manor, Inc., et al.*
**CV-2005-2795**
**Circuit Court of Montgomery County, Alabama**

Dear Spence:

Bobby McGehee informed me that he received documents relating to our discovery requests. However, it appears that your client's responses are grossly inadequate inasmuch as you did not respond in written form to the plaintiffs' interrogatories or request for production for each of the individual defendants. Bobby told me that you produced some documents which consisted of no document with the date preceding December 2003. Additionally, you did not provide any documents of substance as requested such as company books and records, tax returns, audits, insurance policies and dec pages to name a few.

Therefore, please properly respond to the plaintiffs' interrogatories and request for production within 14 days of the date of this letter. Should you not properly respond to the plaintiffs' discovery requests, I will have no other option but to file another motion to compel and request sanctions.

Thank you in advance for your attention to this matter. I will look for each of your client's responses within 14 days of the date of this letter.

Sincerely,

Hill, Hill, Carter, Franco, Cole & Black, P.C.

David W. Henderson

DWH/js
cc    Michael J. Cohan, Esq.
        Robert McGehee, Esq.



David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

August 10, 2006

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, Alabama 36124

**Re:**   ***KeyCorp Investment Limited Partnership III, et al. v. Village Manor,***
***Inc., et al.***
**CV-2005-2795**
**Circuit Court of Montgomery County, Alabama**

Dear Spence:

Per our telephone conversation, please find enclosed the letter I mailed to you on July 21, 2006 regarding outstanding discovery. I would appreciate it if you could properly respond to our discovery requests as soon as possible.

Additionally, I urge you to attempt to obtain insurance coverage in this matter. We would like to schedule the party depositions in this case for the middle of October. With that being said, we need to move quickly to complete discovery and obtain any insurance coverage available.

Thank you in advance for your attention to these matters. I look forward to hearing from you.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
Enclosure

**Hill Hill Carter**

David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

October 17, 2006

*Via Facsimile & U. S. Mail*

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, Alabama 36124

Re:   *KeyCorp Investment Limited Partnership III, et al. v. Village Manor,
      Inc., et al.*
      CV-2005-2795
      **Circuit Court of Montgomery County, Alabama**

Dear Spence:

I spoke to Bobby McGehee regarding the deposition of Timothy Singleton in the above-referenced case. Bobby told me the best date for him would be November 6 through 10, 2006. We would request that you contact Timothy and see which day is best for him on November 6, 7, 8, 9 or 10. Please let me know by the end of this week which day you would like me to notice Timothy's deposition. I need to know so that Bobby can make flight arrangements to be present at Timothy's deposition. If I do not hear from you by the end of this week, I will go ahead and notice Timothy's deposition for Thursday, November 9, 2006 at 9 a.m. at my office located on 425 South Perry Street.

Additionally, I spoke with Bobby regarding the company books and records that we requested in the plaintiff's discovery requests. We would request that you let us know where the books and records are kept and either allow us to make copies of same or to come and inspect the company records.

May I remind you that you agreed to responded to the plaintiff's interrogatories and request for production in writing for each of the defendants. As of this date, I have not received your responses. I would appreciate it if you would respond to the plaintiff's interrogatories and request for production for all defendants in writing within ten days of the date of this letter.

Thank you in advance for your cooperation in this matter. I look forward to hearing from you.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
cc     Robert McGehee
       Mike Cohan, Esq.

HILL,HILL,CARTER,FRANC  ax:334-263-5969

## ✳✳ Transmit Conf.Report ✳✳

P.1                                                    Oct 17 2006  13:01

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 3560104 | NORMAL | 17,13:01 | 0'28" | 3 | # O K | |

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
POST OFFICE BOX 116
425 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36101-0116

TO:         SPENCE SINGLETON

FAX NO.:    356-0104

FROM:       DAVID HENDERSON

DATE:       OCTOBER 17, 2006

RE:

PAGES (INCLUDING COVER SHEET):

NOTES:

### CONFIDENTIALITY NOTE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  DAVID HENDERSON
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 2/5/2007 3:46:54 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:     2/5/2007 3:46:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  DEAROLF RONALD E        (PRO SE)
8660 BELLA MINA WAY
KNOXVILLE, TN 37923

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:46:54 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:      2/5/2007 3:46:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  KERSHAW GEORGE          (PRO SE)
     12231 SOUTH FOX DEN DRIVE
     KNOXVILLE, TN 37922

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 2/5/2007 3:46:54 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:     2/5/2007 3:46:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SINGLETON SPENCE
P O BOX 240894
MONTGOMERY, AL 36124

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 2/5/2007 3:46:54 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION TO COMPEL**
[Attorney: HENDERSON DAVID WAYNE]

Notice Date:      2/5/2007 3:46:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:46:54 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION TO COMPEL**
[Attorney: HENDERSON DAVID WAYNE]

Notice Date:     2/5/2007 3:46:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:46:54 PM

C001 KEYCORP INVESTMENT LIMITED P
MOTION TO COMPEL

[Attorney: HENDERSON DAVID WAYNE]

Notice Date:      2/5/2007 3:46:54 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 2/5/2007 3:46:54 PM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION TO COMPEL**
[Attorney: HENDERSON DAVID WAYNE]

Notice Date:     2/5/2007 3:46:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

ELECTRONICALLY FILED
2/6/2007 3:26 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED  )
PARTNERSHIP III; VILLAGE MANOR  )
LIMITED AND CLEVELAND APARTMENTS,  )
L.P. BY AND THROUGH WENTWOOD  )
HOUSING FUND XIII, GP, INC., AND  )
WENTWOOD HOUSING FUND, XV, GP,  )
INC., ITS GENERAL PARTNERS,  )

    **Plaintiffs,**  )      **Case No. CV-2005-2795**

*-vs-*  )

VILLAGE MANOR, INC.; CLEVELAND  )
DEVELOPMENT, INC.; SOUTHEASTERN  )
LIHTC MANAGEMENT, INC.; R. TIMOTHY  )
SINGLETON; JEFFREY D. BROOKS;  )
GEORGE KERSHAW; and RON DEAROLF,  )
DEFENDANTS 1 THROUGH 20 WHO ARE  )
ENTITIES OR INDIVIDUALS WHOSE  )
WRONGFUL CONDUCT CAUSED THE  )
INJURIES TO THE PLAINTIFF, ALL OF  )
WHOSE TRUE AND CORRECT NAMES ARE  )
UNKNOWN TO THE PLAINTIFFS AT THIS  )
TIME BUT WILL BE SUBSTITUTED BY  )
AMENDMENT WHEN ASCERTAINED,  )

    **Defendants.**

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of KeyCorp Investment Limited Partnership, III, Village Manor, Ltd.:

( )    Interrogatories
( )    Answers to Interrogatories
( X )  Request for Production - second
( )    Response to Request for Production
( )    Request for Admissions
( )    Response to Request for Admissions
( )    Notice of Intent to Serve Subpoena
( )    Notice of Deposition
( )    Other:

/s/ David W. Henderson
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

/s/Robert N. McGehee, Jr.
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the _____ day of February, 2007.

Spence A. Singleton, Esq.
William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

_____
Of COUNSEL

ELECTRONICALLY FILED
2/6/2007 3:26 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

## PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

COME NOW plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor, Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc., its general partner (hereinafter referred to as "plaintiffs") and pursuant to the *Alabama Rules of Civil Procedure*, propounds the following second request for production to defendants to be answered separately and severally within the time prescribed by law:

1

1.    Please produce rent rolls for the proceeding three (3) months prior to your Effective Termination Date setting forth, with respect to each unit, the following information:

    a.    The name of the current tenant;

    b.    The commencement date of or the occupancy of the tenant under the respective lease;

    c.    The expiration date of the current term of each lease;

    d.    The rent payable under each respective lease, including reference to any balance due;

    e.    The amount of the security deposit;

    f.    Vacant units; and

    g.    Unexpired rent concessions.

2.    Please produce a list of all vendor payables, including vendor addresses, telephone numbers, invoice numbers, amount of invoice, date of invoice and due date.

3.    Please produce copies of all invoices that are on the above-referenced payable list.

4.    Please produce a list of delinquent accounts, including the due date and the number of days delinquent through the Effective Termination Date.

5.    Please produce a list of accounts receivable through the Effective Termination Date.

6.    Please produce current and historical unit data sheets (in Excel format used in the normal course of business).

7.    Please produce a list of all buildings with corresponding building numbers, the

2

number of units in each building, the address of each unit (if the address changes by building), the type of each unit (e.g., one bedroom, two bath).

8.    Please produce site map, building plans and unit diagrams.

9.    Please produce a list of the current market rate for each unit.

10.    Please produce utility bills for the three (3) months prior to the Effective Termination Date.

11.    Please produce complete personnel files for each employee at the property, including the employee's salary, bonus, unit concessions and other employee benefits.

12.    Please produce a real property and improved property tax certificate for the two (2) years prior to the Effective Termination Date or evidence of a property tax exemption, if applicable.

13.    Please produce an inventory of all personal property owned by Owner and/or located on the property.

14.    Please produce all tenant files for tenants currently occupying the Property.

15.    Please produce all documentation with respect to inspections or violations of applicable laws, ordinances and regulations (past and present).

16.    Please produce a certificate of occupancy for each building on the Property.

17.    Please produce all engineering and environmental reports.

18.    Please produce all surveys, plans, specifications and similar documentation.

19.    Please produce all service contracts, non-residential leases, licenses, permits and warranties currently in effect including any tenant services agreements.

20.    Please produce all maintenance records and operating manuals.

21.    Please produce a list and copies of all insurance policies relating to and covering

3

Owner and the property, including insurance agent contact information, insurance carrier's contact information, policy numbers, premium finance account number(s) and installment schedules.

22.    Please produce current bank statements for any and all bank accounts related to and in the name of Owner and property.

23.    Please produce Land Use Restriction Agreement (LURA).

24.    Please produce IRS Forms 8609 (Allocation Certification) for each building on the Property.

25.    Please produce IRS Form 8823 (Report of Non Compliance), if issued.

26.    Please produce IRS Form 8586 (Low Income Housing Credit) for all years Tax Credits have been taken.

27.    Please produce IRS Forms 8611 (Recapture of Low Income Housing Credit), if issued.

28.    Please produce IRS Forms 8693 (Low income Housing Credit Disposition Bond), if issued.

29.    Please produce original tenant files from the first year that the LIHTC were allocated to the Property.

30.    Please produce current and historical utility allowances.

31.    Please produce all correspondence between you and/or the property and the LIHTC Agency, U.S. Department of Housing and Urban Development, the Internal Revenue Services, and related agencies concerning the LIHTC.

32.    Please produce all certificates of compliance and/or non-compliance with the LIHTC Program.

4

33. Please produce the affirmative marketing plan for the LIHTC Program.

34. Please produce all fair housing complaints, including all correspondence related thereto or resolution thereof.

35. Please produce current and historical income and rent limits issued by the LIHTC Agency or HUD.

36. Please produce all annual or periodic certifications submitted to the LIHTC Agency.

37. Please produce current and historical audit reports (internal and external).

38. Please produce all general ledgers.

      _s/s David W. Henderson_____
      MICHAEL J. COHAN (COH017)
      DAVID W. HENDERSON (HEN072)
      Attorneys for Plaintiffs

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

      _s/s Robert N. McGehee, Jr._____
      ROBERT N. MCGEHEE, JR.
      Attorney for Plaintiffs

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the ____day of February, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

        *s/s David W. Henderson*_____
        Of COUNSEL

6



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DAVID HENDERSON
     dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 2/6/2007 3:26:09 PM

Notice Date:     2/6/2007 3:26:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DEAROLF RONALD E          (PRO SE)
     8660 BELLA MINA WAY
     KNOXVILLE, TN 37923

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 2/6/2007 3:26:09 PM

Notice Date:     2/6/2007 3:26:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

To: KERSHAW GEORGE          (PRO SE)
    12231 SOUTH FOX DEN DRIVE
    KNOXVILLE, TN 37922

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 2/6/2007 3:26:09 PM

Notice Date:      2/6/2007 3:26:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SINGLETON SPENCE
P O BOX 240894
MONTGOMERY, AL 36124

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 2/6/2007 3:26:09 PM

Notice Date:     2/6/2007 3:26:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
      wabell@samvpc.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 2/6/2007 3:26:09 PM

Notice Date:      2/6/2007 3:26:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 2/6/2007 3:26:09 PM

Notice Date:     2/6/2007 3:26:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 2/6/2007 3:26:09 PM

Notice Date:       2/6/2007 3:26:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



ELECTRONICALLY FILED
2/26/2007 9:29 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT LIMITED P | ) | |
| VILLAGE MANOR LIMITED | ) | |
| CLEVELAND APARTMENTS LP | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **Case No.:** 03-CV-2005-002795.00 |
| | ) | |
| VILLAGE MANOR INC | ) | |
| CLEVELAND DEVELOPMENT INC | ) | |
| SOUTHEASTERN LIHTC MANAGEMEN | ) | |
| SINGLETON R TIMOTHY | ) | |
| BROOKS JEFFERY D | ) | |
| KERSHAW GEORGE | ) | |
| DEAROLF RONALD E | ) | |
| Defendants | ) | |

## ORDER

MOTION FOR COURT ORDERED MEDIATION filed by KEYCORP INVESTMENT LIMITED P is hereby GRANTED.

JIM GARRETT OF RUSHTON, STAKELY, JOHNSTON & GARRETT IS TO MEDIATE THIS CASE AND SUBMIT A REPORT TO THE COURT WITHIN THIRTY (30) DAYS.  THE PARTIES SHALL BEAR THEIR OWN COSTS AND EXPENSES.

DONE this 26th day of February, 2007

/s CHARLES PRICE
_____

CIRCUIT JUDGE



## AlaFile E-Notice

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: ABELL WILLIAM K
    wabell@samvpc.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 2/26/2007 9:29:56 AM

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     2/26/2007 9:29:56 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
    mcohan@hillhillcarter.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 2/26/2007 9:29:56 AM

### C001 KEYCORP INVESTMENT LIMITED P
### MOTION FOR COURT ORDERED MEDIATION

[Attorney: HENDERSON DAVID WAYNE]

Disposition:    GRANTED
Judge:         CNP

Notice Date:    2/26/2007 9:29:56 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 2/26/2007 9:29:56 AM

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Disposition:      GRANTED
Judge:            CNP

Notice Date:      2/26/2007 9:29:56 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  DEAROLF RONALD E          (PRO SE)
8660 BELLA MINA WAY
KNOXVILLE, TN 37923

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 2/26/2007 9:29:56 AM

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Disposition:      GRANTED
Judge:            CNP

Notice Date:      2/26/2007 9:29:56 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

**03-CV-2005-002795.00**

Judge: CHARLES PRICE

To:  KERSHAW GEORGE          (PRO SE)
12231 SOUTH FOX DEN DRIVE
KNOXVILLE, TN 37922

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 2/26/2007 9:29:56 AM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION FOR COURT ORDERED MEDIATION**

[Attorney: HENDERSON DAVID WAYNE]

Disposition:    GRANTED
Judge:          CNP

Notice Date:    2/26/2007 9:29:56 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SINGLETON SPENCE
P O BOX 240894
MONTGOMERY, AL 36124

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 2/26/2007 9:29:56 AM

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION FOR COURT ORDERED MEDIATION**
[Attorney: HENDERSON DAVID WAYNE]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     2/26/2007 9:29:56 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov



**Melissa Rittenour**

Clerk and Register
Circuit Court Montgomery County
Montgomery County Courthouse
P.O. Box 1667
Montgomery, AL 36102-1667



016H16506193

$00.390

02/26/2007

Mailed From 36104

Hasler

**US POSTAGE**



Filed
Melissa Rittenour
Circuit Clerk

NIXIE      379  SE 1       76  03/02/07

RETURN TO SENDER
UNCLAIMED
UNABLE TO FORWARD

BC: 36102166767    *0539-01130-26-39



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  KERSHAW GEORGE          (PRO SE)
     12231 SOUTH FOX DEN DRIVE
     KNOXVILLE, TN 37922

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 2/26/2007 9:29:56 AM

### C001 KEYCORP INVESTMENT LIMITED P
### MOTION FOR COURT ORDERED MEDIATION
[Attorney: HENDERSON DAVID WAYNE]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 2/26/2007 9:29:56 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950
melissa.rittenour@alacourt.gov

ELECTRONICALLY FILED
2/26/2007 9:29 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT LIMITED P | ) | |
| VILLAGE MANOR LIMITED | ) | |
| CLEVELAND APARTMENTS LP | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **Case No.:**  03-CV-2005-002795.00 |
| | ) | |
| VILLAGE MANOR INC | ) | |
| CLEVELAND DEVELOPMENT INC | ) | |
| SOUTHEASTERN LIHTC MANAGEMEN | ) | |
| SINGLETON R TIMOTHY | ) | |
| BROOKS JEFFERY D | ) | |
| KERSHAW GEORGE | ) | |
| DEAROLF RONALD E | ) | |
| Defendants | ) | |

## ORDER

MOTION FOR COURT ORDERED MEDIATION filed by KEYCORP INVESTMENT LIMITED P is hereby GRANTED.

JIM GARRETT OF RUSHTON, STAKELY, JOHNSTON & GARRETT IS TO MEDIATE THIS CASE AND SUBMIT A REPORT TO THE COURT WITHIN THIRTY (30) DAYS.  THE PARTIES SHALL BEAR THEIR OWN COSTS AND EXPENSES.

DONE this 26th day of February, 2007

/s CHARLES PRICE

CIRCUIT JUDGE

LAW OFFICES

# RUSHTON, STAKELY, JOHNSTON & GARRETT

Charles A. Stakely
J. Theodore Jackson, Jr.
James W. Garrett, Jr.
Robert A. Huffaker
Thomas H. Keene
Richard B. Garrett
Jeffrey W. Blitz
Dennis R. Bailey
Ronald G. Davenport
Fred W. Tyson
Robert C. Brock
F. Chadwick Morriss
T. Kent Garrett
Frank J. Stakely
William S. Haynes
Helen Crump Wells
Paul M. James, Jr.

A PROFESSIONAL ASSOCIATION

184 COMMERCE STREET

MONTGOMERY, ALABAMA  36104

Mailing Address:
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 206-3100
Facsimile: (334) 262-6277

Chris S. Simmons
Robert C. Ward, Jr.
Bowdy J. Brown
Daniel L. Lindsey, Jr.
Patrick M. Shegon
Benjamin C. Wilson
L. Peyton Chapman
William I. Eskridge
Alan T. Hargrove, Jr.
R. Austin Huffaker, Jr.
Richard L. McBride, Jr.
R. Mac Freeman, Jr.
James Dickens, Jr.
R. Brett Garrett
Bethany L. Bolger
T. Grant Sexton

Of Counsel:
Jesse M. Williams, III

March 8, 2007

David Henderson, Esq.
Hill, Hill, Carter
Post Office Box 116
Montgomery, Alabama  36101-0116

Spence Singleton, Esq.
Post Office Box 240894
Montgomery, Alabama  36124

**RE:    *Keycorp Investment, et al v. Village Manor, Inc., et al.***
***CV  05-002795***
**MEDIATION DATE: April 3, 2007**

Dear Counselors:

    This letter is to advise that the mediation of the above referenced case will be held on **April 3, 2007,** beginning at **10:00 a.m**. in the offices of Rushton, Stakely, Johnston & Garrett, 184 Commerce Street, Montgomery, Alabama.    My hourly mediation fee is $250.00, including time spent in scheduling, preparation, and post-mediation correspondence.

    I would ask that I have a position statement and any exhibits from each of you by March 28th.  Please include in this statement all the issues, relevant information, and pertinent facts so that I can be properly prepared to assist in the resolution of this dispute. My policy is that this statement is confidential, unless all parties' counsel requests otherwise.  Your enlightening me as to the facts and issues that you consider important to your client greatly enhances our chance of reaching a settlement.

    I look forward to seeing you on the 2nd of April at 10:00 a.m.

Kindest Regards,

James W. Garrett, Jr.

JG/ds
Cc:    Hon. Charles Price

LAW OFFICES

# RUSHTON, STAKELY, JOHNSTON & GARRETT

Charles A. Stakely
J. Theodore Jackson, Jr.
James W. Garrett, Jr.
Robert A. Huffaker
Thomas H. Keene
Richard B. Garrett
Jeffrey W. Blitz
Dennis R. Bailey
Ronald G. Davenport
Fred W. Tyson
Robert C. Brock
F. Chadwick Morriss
T. Kent Garrett
Frank J. Stakely
William S. Haynes
Helen Crump Wells
Paul M. James, Jr.

A PROFESSIONAL ASSOCIATION

184 COMMERCE STREET

MONTGOMERY, ALABAMA  36104

Mailing Address:
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 206-3100
Facsimile: (334) 262-6277

Chris S. Simmons
Robert C. Ward, Jr.
Bowdy J. Brown
Daniel L. Lindsey, Jr.
Patrick M. Shegon
Benjamin C. Wilson
L. Peyton Chapman
William I. Eskridge
Alan T. Hargrove, Jr.
R. Austin Huffaker, Jr.
Richard L. McBride, Jr.
R. Mac Freeman, Jr.
James Dickens, Jr.
R. Brett Garrett
Bethany L. Bolger
T. Grant Sexton

Of Counsel:
Jesse M. Williams, III

April 4, 2007
**Via Hand Delivery**

Hon. Charles Price
Montgomery County Courthouse
251 S. Lawrence Street
Montgomery, Alabama  36104

> **RE:** *Keycorp Investment, et al v. Village Manor, Inc., et al.*
> *CV  05-002795*

Dear Judge Price:

I mediated this case in an initial session. I think that another session of mediation is necessary and that it would be helpful for all potential contributors to be at the mediation. I am enclosing a proposed order for your signature which would order another session of mediation and would order that those with potential contribution to the settlement be present. I have included enough copies so that the Clerk can distribute to David Henderson and Spence Singleton.

Kindest Regards,

James W. Garrett, Jr.

JG/ds
Cc:    David Henderson, Esq.
       Spence Singleton, Esq.





FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2007 APR 16  AM 11:08

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP, INVESTMENT, LIMITED PARTNERSHIP, III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. BY AND THROUGH WENTWOOD HOUSING FUND XIII, GP., INC.; and WENTWOOD HOUSING FUND SV, GP, INC., its General Partners, | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* |
| **Plaintiffs,** | *<br>* |
| v. | * **Case No.:  CV 2005-2795-P** |
| | * |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; RON DEAROLF; SINGLETON & ASSOCIATES, INC., | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* |
| **Defendants.** | * |

### ORDER

The mediator in this cause, James W. Garrett, Jr., reported to the Court that only one defendant appeared at the mediation of this case.   It is ORDERED that all defendants appear at the next scheduled mediation session in this case and that all insurers with the potential of coverage for defendants appear at the next mediation session in this case.

The parties are ORDERED to schedule a mediation session within forty-five (45) days from the date of this Order.

The court further ORDERS that the attorney for defendants have the responsibility for notifying the defendants and insurers to be present at the time and date set for the next mediation session.

Done and Ordered this the 70 day of April, 2007.

_____
Hon. Charles Price

Cc:    David Henderson, Esq.
       Hill, Hill, Carter
       Post Office Box 116
       Montgomery, Alabama  36101-0116

       Spence Singleton, Esq.
       Post Office Box 240894
       Montgomery, Alabama  36124

       James W. Garrett, Jr.
       Rushton, Stakely, Johnston & Garrett
       Post Office Box 270
       Montgomery, Alabama  36101-0270

ELECTRONICALLY FILED
4/27/2007 11:32 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | ) ) ) ) ) | |
| **Plaintiffs,** | ) | Case No. CV-2005-2795 |
| -vs- | ) | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### <u>NOTICE OF SERVICE OF DISCOVERY DOCUMENTS</u>

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of KeyCorp Investment Limited Partnership, III, Village Manor, Ltd.:

( )    Interrogatories
( )    Answers to Interrogatories
( )    Request for Production - second
( )    Response to Request for Production
( )    Request for Admissions
( )    Response to Request for Admissions
( )    Notice of Intent to Serve Subpoena
( X )  Notices of Deposition (George Kershaw, Ron Dearolf and Jeffrey Brooks)
( )    Other:

/s/ David W. Henderson
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

/s/Robert N. McGehee, Jr.
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 27th day of April, 2007.

Spence A. Singleton, Esq.
William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

    /s/ David W. Henderson
Of COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

To: DAVID HENDERSON
dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 4/27/2007 11:32:13 AM

Notice Date:     4/27/2007 11:32:13 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DEAROLF RONALD E          (PRO SE)
     8660 BELLA MINA WAY
     KNOXVILLE, TN 37923

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 4/27/2007 11:32:13 AM

Notice Date:     4/27/2007 11:32:13 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  KERSHAW GEORGE          (PRO SE)
     12231 SOUTH FOX DEN DRIVE
     KNOXVILLE, TN 37922

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 4/27/2007 11:32:13 AM

Notice Date:      4/27/2007 11:32:13 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 4/27/2007 11:32:13 AM

Notice Date:        4/27/2007 11:32:13 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 4/27/2007 11:32:13 AM

Notice Date:     4/27/2007 11:32:13 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
    dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 4/27/2007 11:32:13 AM

Notice Date:    4/27/2007 11:32:13 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: SINGLETON SPENCE
spencesingleton@bellsouth.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 4/27/2007 11:32:13 AM

Notice Date:     4/27/2007 11:32:13 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
5/9/2007 2:50 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

|  |  |
|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L. P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, | CASE NUMBER: CV2005-2795 |
| PLAINTIFFS, |  |
| vs. |  |
| VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, JEFFREY D. BROOKS; GEORGE KERSHAW; AND RON DEAROLF, et al, |  |
| DEFENDANTS. |  |

### NOTICE OF APPEARANCE

Comes now the attorneys of record for Defendant Jeffrey D. Brooks and file this their

Notice of Appearance this the 10th day of May, 2007.

SUDDERTH & SOMERSET

s/ John W. Sudderth
5385 1st Avenue North
Birmingham, AL 35212
(205) 595-4631

s/John S. Somerset
5385 1st Avenue North

Birmingham, AL 35212
(205) 595-4631

## CERTIFICATE OF SERVICE

I hereby certify that I have notified interested parties by U. S. Postal Mail this the 10th day of May, 2007.

Ronald E. Dearolf, Pro se
8660 Bella Mina Way
Knoxville, TN 37923

George Kershaw, Pro Se
12231 South Fox Den Drive
Knoxville, TN 37922


OF COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

To: JOHN SOMERSET
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:       5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DEAROLF RONALD E        (PRO SE)
     8660 BELLA MINA WAY
     KNOXVILLE, TN 37923

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:     5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: KERSHAW GEORGE          (PRO SE)
12231 SOUTH FOX DEN DRIVE
KNOXVILLE, TN 37922

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:     5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:     5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:     5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

 **AlaFile E-Notice**

03-CV-2005-002795.00

To: HENDERSON DAVID WAYNE
    dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:     5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SINGLETON SPENCE
     spencesingleton@bellsouth.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:      5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
     sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 5/9/2007 2:50:17 PM

Notice Date:      5/9/2007 2:50:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case** | ELECTRONICALLY FILED<br>5/10/2007 4:20 PM<br>CV-2005-002795.00<br>CIRCUIT COURT OF<br>MONTGOMERY COUNTY, ALABAMA<br>MELISSA RITTENOUR, CLERK |
|---|---|---|---|
| 03-MONTGOMERY | ☐ District Court  ☑ Circuit Court | CV200 | |

|  | **CIVIL MOTION COVER SHEET** |
|---|---|
| KEYCORP INVESTMENT LIMITED ET AL VS<br>VILLAGE MANOR INC ET AL | *Name of Filing Party:* D007 - DEAROLF RONALD E |

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br><br>SPENCE SINGLETON<br>PO BOX 240894<br>MONTGOMERY, AL 36109<br><br>*Attorney Bar No.:* SIN017 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
|  | ☐ Change of Venue/Transfer |
|  | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Continue |
|  | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
|  | ☐ Judgment as a Matter of Law (during Trial) |
|  | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
|  | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
|  | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
|  | ☐ Objection of Exemptions Claimed |
|  | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
|  | ☐ Preliminary Injunction |
|  | ☐ Protective Order |
|  | ☐ Quash |
|  | ☐ Release from Stay of Execution |
|  | ☐ Sanctions |
|  | ☐ Sever |
|  | ☐ Special Practice in Alabama |
|  | ☐ Stay |
|  | ☐ Strike |
|  | ☐ Supplement to Pending Motion |
|  | ☑ Vacate or Modify |
|  | ☑ Withdraw |
|  | ☐ Other _____ |
|  | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>5/10/2007 4:17:00 PM | Signature of Attorney or Party:<br>/s SPENCE SINGLETON |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
5/10/2007 4:20 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **KEYCORP INVESTMENT, LIMITED** | * | |
| **PARTNERSHIP III, et al.** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CASE NO.: CV-2005-2795** |
| | * | |
| | * | |
| **VILLAGE MANOR, INC., et al.,** | * | |
| | * | |
| **DEFENDANT.** | * | |

### MOTION TO WITHDRAW AS COUNSEL

COMES NOW, Spence A. Singleton, and requests this Honorable Court to allow him to withdraw as counsel for Defendants Jeffrey D. Brooks, George Kershaw and Ronald E. Dearolf in this matter. In support of this motion counsel states as follows:

1. These defendants have obtained new counsel. The undersigned will continue to represent Defendant R. Timothy Singleton.

2. No parties will be prejudiced if the Court grants this motion.

WHEREFORE, the undersigned, respectfully requests this Honorable Court to allow him to withdraw from representing the specified Defendants in this matter.

Respectfully submitted this the 10th day of May, 2007.

/s/ Spence A. Singleton
Spence A. Singleton (SIN017)
Attorney for Defendant Singleton
Post Office Box 240894
Montgomery, Alabama 36124
Phone  334-396-5600
Fax    334-356-0104
E-mail: spencesingleton@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*/s/ Spence A. Singleton*
**OF COUNSEL**

Hon. David W. Henderson
Hon. J. Michael Cohan
HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
P.O. Box 116
Montgomery, AL  36101-0116

Hon. John W. Sudderth
Hon. John S. Somerset
5385 1st Ave. North Birmingham, AL  35212

I hereby certify that a copy of the foregoing has been served upon the following by placing same in the U. S. Mail, first class postage, prepaid, on this the 10th day of May, 2007.

*/s/ Spence A. Singleton*
**OF COUNSEL**

Hon. Robert N. McGehee, Jr.
4200 W. Vickery, Suite 101
Fort Worth, TX  76107

Hon. James W. Garrett, Jr.
RUSHTON, STAKELY, JOHNSTON, & GARRETT, P.A.
P.O. Box 270
Montgomery, AL  36101-270



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SPENCE SINGLETON
     spencesingleton@bellsouth.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

Notice Date:      5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  DEAROLF RONALD E          (PRO SE)
     8660 BELLA MINA WAY
     KNOXVILLE, TN 37923

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

Notice Date:      5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  KERSHAW GEORGE          (PRO SE)
12231 SOUTH FOX DEN DRIVE
KNOXVILLE, TN 37922

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

Notice Date:     5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



## AlaFile E-Notice

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:   ABELL WILLIAM K
        wabell@samvpc.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D005 BROOKS JEFFERY D**
**D006 KERSHAW GEORGE**
**D007 DEAROLF RONALD E**
**MOTION TO WITHDRAW**
[Attorney: SINGLETON SPENCE]

Notice Date:      5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D005 BROOKS JEFFERY D**
**D006 KERSHAW GEORGE**
**D007 DEAROLF RONALD E**
**MOTION TO WITHDRAW**
[Attorney: SINGLETON SPENCE]

Notice Date:     5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
      dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D005 BROOKS JEFFERY D**
**D006 KERSHAW GEORGE**
**D007 DEAROLF RONALD E**
**MOTION TO WITHDRAW**
[Attorney: SINGLETON SPENCE]

Notice Date:     5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  SINGLETON SPENCE
spencesingleton@bellsouth.net

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D005 BROOKS JEFFERY D**
**D006 KERSHAW GEORGE**
**D007 DEAROLF RONALD E**
**MOTION TO WITHDRAW**
[Attorney: SINGLETON SPENCE]

Notice Date:    5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 5/10/2007 4:20:05 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D005 BROOKS JEFFERY D**
**D006 KERSHAW GEORGE**
**D007 DEAROLF RONALD E**
**MOTION TO WITHDRAW**
[Attorney: SINGLETON SPENCE]

Notice Date:      5/10/2007 4:20:05 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
5/21/2007 4:31 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT LIMITED P | ) |
| VILLAGE MANOR LIMITED | ) |
| CLEVELAND APARTMENTS LP | ) |
|                 Plaintiffs | ) |
| | ) |
| | ) |
|     v. | )      **Case No.:** 03-CV-2005-002795.00 |
| | ) |
| VILLAGE MANOR INC | ) |
| CLEVELAND DEVELOPMENT INC | ) |
| SOUTHEASTERN LIHTC MANAGEMEN | ) |
| SINGLETON R TIMOTHY | ) |
| BROOKS JEFFERY D | ) |
| KERSHAW GEORGE | ) |
| DEAROLF RONALD E | ) |
|            Defendants | ) |

## ORDER

MOTION TO WITHDRAW filed by SPENCE A. SINGLETON, SPENCE A. SINGLETON, SPENCE A. SINGLETON, SPENCE A. SINGLETON, SPENCE A. SINGLETON, SPENCE A. SINGLETON and SPENCE A. SINGLETON is hereby GRANTED.

DONE this 21st day of May, 2007

/s CHARLES PRICE
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:   ABELL WILLIAM K
      wabell@samvpc.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 5/21/2007 4:31:49 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D005 BROOKS JEFFERY D**
**D006 KERSHAW GEORGE**
**D007 DEAROLF RONALD E**
**MOTION TO WITHDRAW**
[Attorney: SINGLETON SPENCE]

Disposition:    GRANTED
Judge:          CNP

Notice Date:    5/21/2007 4:31:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

A court action was entered in the above case on 5/21/2007 4:31:49 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     5/21/2007 4:31:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
       dwhenderson@hillhillcarter.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 5/21/2007 4:31:49 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

Disposition:      GRANTED
Judge:             CNP

Notice Date:     5/21/2007 4:31:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: SINGLETON SPENCE
spencesingleton@bellsouth.net

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 5/21/2007 4:31:49 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

Disposition:    GRANTED
Judge:    CNP

Notice Date:    5/21/2007 4:31:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  SOMERSET JOHN S
     sandsattys@bham.rr.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

A court action was entered in the above case on 5/21/2007 4:31:49 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D005 BROOKS JEFFERY D**
**D006 KERSHAW GEORGE**
**D007 DEAROLF RONALD E**
**MOTION TO WITHDRAW**
[Attorney: SINGLETON SPENCE]

Disposition:    GRANTED
Judge:          CNP

Notice Date:    5/21/2007 4:31:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  DEAROLF RONALD E          (PRO SE)
     8660 BELLA MINA WAY
     KNOXVILLE, TN 37923

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 5/21/2007 4:31:49 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 5/21/2007 4:31:49 PM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: KERSHAW GEORGE          (PRO SE)
12231 SOUTH FOX DEN DRIVE
KNOXVILLE, TN 37922

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 5/21/2007 4:31:49 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D005 BROOKS JEFFERY D**

**D006 KERSHAW GEORGE**

**D007 DEAROLF RONALD E**

**MOTION TO WITHDRAW**

[Attorney: SINGLETON SPENCE]

Disposition:    GRANTED
Judge:          CNP

Notice Date:    5/21/2007 4:31:49 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

Hearing Date:     06/11/2007
Hearing Time:     08:30:00 AM
Location:         4C

Notice Date:      5/21/2007 4:34:29 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

Hearing Date:      06/11/2007
Hearing Time:     08:30:00 AM
Location:              4C

Notice Date:        5/21/2007 4:34:29 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

---

# NOTICE OF CASE SETTING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

Hearing Date:     06/11/2007
Hearing Time:     08:30:00 AM
Location:         4C

Notice Date:      5/21/2007 4:34:29 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: SINGLETON SPENCE
spencesingleton@bellsouth.net

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING ·

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

| | |
|---|---|
| Hearing Date: | 06/11/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | 4C |
| | |
| Notice Date: | 5/21/2007 4:34:29 PM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



## AlaFile E-Notice

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF CASE SETTING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

| | |
|---|---|
| Hearing Date: | 06/11/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | 4C |

| | |
|---|---|
| Notice Date: | 5/21/2007 4:34:29 PM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  DEAROLF RONALD E          (PRO SE)
     8660 BELLA MINA WAY
     KNOXVILLE, TN 37923

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**C001 KEYCORP INVESTMENT LIMITED P**
**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

Hearing Date:     06/11/2007
Hearing Time:     08:30:00 AM
Location:         4C

Notice Date:      5/21/2007 4:34:29 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



## AlaFile E-Notice

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  KERSHAW GEORGE          (PRO SE)
     12231 SOUTH FOX DEN DRIVE
     KNOXVILLE, TN 37922

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

### C001 KEYCORP INVESTMENT LIMITED P
### MOTION TO COMPEL

[Attorney: HENDERSON DAVID WAYNE]

Hearing Date:   06/11/2007
Hearing Time:   08:30:00 AM
Location:       4C

Notice Date:    5/21/2007 4:34:29 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2007 MAY 22  PM 12: 43

KEYCORP INVESTMENT, LIMITED PARTNER-            )
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. BY AND               )
THROUGH WENTWOOD HOUSING FUND XIII,
GP, INC., AND WENTWOOD HOUSING FUND,            )
XV, GP, INC., ITS GENERAL PARTNERS,
                                                )
        Plaintiffs,
                                                )        Case No. CV-2005-2795
-vs-                                            )

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-         )
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY       )
D. BROOKS; GEORGE KERSHAW; AND RON
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO            )
ARE ENTITIES OR INDIVIDUALS WHOSE
WRONGFUL CONDUCT CAUSED THE INJURIES            )
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE                )
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN                   )
ASCERTAINED,
                                                )
        Defendants.                             )

## FOURTH MOTION TO COMPEL, REQUEST FOR ATTORNEYS FEES AND EXPENSES AND REQUEST FOR HEARING

COME NOW the plaintiffs, KeyCorp Investment Limited Partnership III, Village Manor,

Ltd., by and through Wentwood Housing Fund VIII, G. P., Inc., its acting general partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund VIII, G.P., Inc.,

its general partner (hereinafter referred to as "plaintiffs") by and through its counsel of

record, and moves this Honorable Court to compel the depositions of defendants George

Kershaw and Ron Dearolf, to award attorney fees and expenses to plaintiffs and to set a

hearing in this matter.  As grounds for this fourth motion, plaintiffs show unto this

1

Honorable Court as follows:

1.    The plaintiffs served a notice of deposition on Defendant George Kershaw ("Kershaw") and Defendant Ron Dearolf ("Dearolf") on April 27, 2007. (See plaintiffs' **Exhibit A**, notice of deposition).

2.    Kershaw and Dearolf's depositions were scheduled for May 15, 2007 for which **they failed to appear**.    At no time prior to their depositions did either of the defendants or their counsel call or contact the plaintiffs in any way to advise of the defendants unavailability or to reschedule the depositions.

3.    The undersigned counsel made every effort to schedule Kershaw and Dearolf's depositions at a time and place mutually convenient to Kershaw and Dearolf.  On April 18, 2007, the undersigned sent a letter to Spence Singleton, Kershaw and Dearolf's attorney, requesting dates for their depositions.   The undersigned requested to take Kershaw and Dearolf's depositions before the second mediation was scheduled in this case, prior to June 1, 2007 per this Court's order.  The undersigned requested Mr. Singleton to provide deposition dates on or before April 25, 2007. Mr. Singleton did not respond to the undersigned's request for deposition dates.  (See plaintiffs' **Exhibit B**, letter).

4.    On April 27, 2007, the undersigned noticed the depositions of Defendants Kershaw and Dearolf for May 15, 2007 at the law offices of David W. Henderson at 425 South Perry Street, Montgomery, Alabama 36104.

5.    The undersigned made repeated efforts with Spence Singleton to insure the deposition dates with Kershaw and Dearolf were acceptable.  On May 1, 2007, the

2

undersigned sent Singleton an email attempting to confirm the deposition date of May 15, 2007. The undersigned made it clear to Mr. Singleton that the plaintiffs' co-counsel, Robert N. McGehee, Jr., was making non-refundable flight arrangements to fly from Ft. Worth, Texas to Montgomery, Alabama for the depositions. Yet again, the undersigned heard no response from Mr. Singleton. (See plaintiffs' **Exhibit C**, e-mail).

6.    Further, on May 3, 2007, the undersigned spoke with Erica, Spence Singleton's secretary, and asked her whether Kershaw and Dearolf's depositions were still on as scheduled. She replied the depositions were still scheduled.

7.    Through no fault on the part of Spence Singleton, as it is understood he informed the defendants of their depositions, Defendants Kershaw and Dearolf did not appear for their depositions on May 15, 2007. (See plaintiffs' **Exhibit D**, certification of non-appearance).

8.    As a result of Defendants Kershaw and Dearolf's failure to appear for their depositions, plaintiffs' counsel has accumulated various time and expenses for naught. As a result, plaintiffs' counsel Bobby McGehee flew from Ft. Worth, Texas to Montgomery, Alabama, stayed in a hotel and rented a rental car in order to be present for Kershaw and Dearolf's depositions. Plaintiffs' counsel has accumulated attorney's fees and expenses in the amount of **$6,505.93** as a result of Kershaw and Dearolf's failure to appear. (See plaintiffs' **Exhibit E**).

9.    Pursuant to the *Alabama Rules of Civil Procedure,* Rule 30 and 37, plaintiffs request this Honorable Court to assess plaintiffs' attorneys fees and expenses to the Defendants George Kershaw and Ron Dearolf in an amount to fully compensate the

3

plaintiffs' counsel for defendants' failure to appear at their depositions.

10.    As the Court is aware, this is not the first time in this case where these defendants have not cooperated with discovery or court ordered mediation.  This is the fourth motion to compel the plaintiffs have filed in this case due to the defendants failure to comply with discovery.  Additionally, Defendants Kershaw and Dearolf did not show up for the first mediation ordered by this Court and scheduled for April 3, 2007.  (See plaintiffs' **Exhibit F**, Court orders for mediation).

11.    Plaintiffs request this honorable court order the Defendants Kershaw and Dearolf to appear for their depositions at the law offices of David W. Henderson at 425 South Perry Street, Montgomery, Alabama 36104.

12.    Plaintiffs request a hearing in this matter so these issues before the Court may be resolved.

WHEREFORE, for the reasons stated above, plaintiffs request this Honorable Court to Compel the Defendants George Kershaw and Ron Dearolf's depositions, to award attorneys fees and expenses in an amount to properly compensate the plaintiffs' counsel and to set a hearing in this matter.

Respectfully submitted this the 22nd day of May, 2007.

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

4

_Robert N. McGehee, Jr._  By Court

ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 22nd day of May, 2007.

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, Alabama 36124

John W. Sudderth, Esq.
John S. Somerset, Esq.
5385 1st Avenue North
Birmingham, AL 35212

Ronald E. Dearolf, Pro se
8660 Bella Mina Way
Knoxville, TN 37923

George Kershaw, Pro se
12231 South Fox Den Drive
Knoxville, TN 37922

_____
Of COUNSEL

5

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED PARTNER-      )
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and         )
through WENTWOOD HOUSING FUND XIII,
GP, INC., and WENTWOOD HOUSING FUND,      )
XV, GP, INC., ITS GENERAL PARTNERS,

                                       )

      Plaintiffs,

                                       )     Case No. CV-2005-2795

-vs-

                                       )

VILLAGE MANOR, INC.; CLEVELAND           )
DEVELOPMENT, INC.; SOUTHEASTERN
LIHTC MANAGEMENT, INC.; R. TIMOTHY       )
SINGLETON; JEFFREY D. BROOKS; GEORGE
KERSHAW; and RON DEAROLF,                 )
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE             )
WRONGFUL CONDUCT CAUSED THE
INJURIES TO THE PLAINTIFF, ALL OF WHOSE   )
TRUE AND CORRECT NAMES ARE UNKNOWN
TO THE PLAINTIFFS AT THIS TIME BUT WILL   )
BE SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,                              )

                                       )

      Defendants.

## NOTICE OF TAKING DEPOSITION

To:    Spence A. Singleton, Esq.
       The Law Offices of Spence A. Singleton, LLC
       Post Office Box 240894
       Montgomery, Alabama 36124-0894

      PLEASE TAKE NOTICE that pursuant to the *Alabama Rules of Civil Procedure*,

the Plaintiffs will take the deposition of the following deponent. Said deposition shall be

taken by oral examination before an officer authorized to administer oaths and shall

continue from time to time until completed.

      DEPONENT:   George Kershaw



EXHIBIT
A

DATE:           May 15, 2007

TIME:           Immediately following the deposition of George Kershaw

PLACE:          Law Offices of David W. Henderson, 425 South Perry Street, Montgomery, Alabama 36104

DOCUMENTS TO BE PRODUCED: Deponent is required to produce the documents at the deposition, which are attached to this Notice as Exhibit "A".

RESPONSIBLE
FOR COURT
REPORTER:     David W. Henderson


                        s/s David W. Henderson
                        MICHAEL J. COHAN (COH017)
                        DAVID W. HENDERSON (HEN072)
                        Attorneys for Plaintiffs

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

                        s/s Robert N. McGehee, Jr.
                        ROBERT N. MCGEHEE, JR.
                        Attorney for Plaintiffs

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 27th day of April, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894


                        s/s David W. Henderson
                        Of COUNSEL

EXHIBIT **A**

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE FOLLOWING:

### Definitions

1.     "You" and/or "your" shall mean and refer to Defendant George Kershaw, his officers, directors, employees, agents, and other representatives.

2.     "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material.  To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

Plaintiffs demand that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys.  Plaintiffs further state that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein.  Plaintiffs further demand that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the

ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)    The author of the document;

(b)    The person or persons to whom the document was addressed;

(c)    The date of the document; and

(d)    The subjects discussed in the said document.

\*   \*   \*   \*

1.    All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.    All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.    All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.    All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.    All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.    All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

2

9.     All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.     All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.     All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.     Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.     All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.     Please produce your tax returns for the past six years.

15.     All documents relating to your gross receipts from January 1, 2000 to present date.

16.     Copies of any and all financial statements for the last six years.

17.     All documents relating to all aspects of your payroll for the last six years.

18.     Copies of any and all photographs or video tapes regarding this case.

3

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED PARTNER-  )
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and      )
through WENTWOOD HOUSING FUND XIII,
GP, INC., and WENTWOOD HOUSING FUND,   )
XV, GP, INC., ITS GENERAL PARTNERS,
                                       )

       Plaintiffs,                     )

                                                    )     Case No. CV-2005-2795

-vs-                                   )

VILLAGE MANOR, INC.; CLEVELAND         )
DEVELOPMENT, INC.; SOUTHEASTERN
LIHTC MANAGEMENT, INC.; R. TIMOTHY     )
SINGLETON; JEFFREY D. BROOKS; GEORGE
KERSHAW; and RON DEAROLF,              )
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE          )
WRONGFUL CONDUCT CAUSED THE
INJURIES TO THE PLAINTIFF, ALL OF WHOSE )
TRUE AND CORRECT NAMES ARE UNKNOWN     )
TO THE PLAINTIFFS AT THIS TIME BUT WILL
BE SUBSTITUTED BY AMENDMENT WHEN       )
ASCERTAINED,
                                       )

       Defendants.

## NOTICE OF TAKING DEPOSITION

To:    Spence A. Singleton, Esq.
       The Law Offices of Spence A. Singleton, LLC
       Post Office Box 240894
       Montgomery, Alabama 36124-0894

       PLEASE TAKE NOTICE that pursuant to the *Alabama Rules of Civil Procedure,*

the Plaintiffs will take the deposition of the following deponent.  Said deposition shall be

taken by oral examination before an officer authorized to administer oaths and shall

continue from time to time until completed.

       DEPONENT:   Ron Dearolf

DATE:        May 15, 2007

TIME:        Immediately following the deposition of George Kershaw

PLACE:       Law Offices of David W. Henderson, 425 South Perry Street,
             Montgomery, Alabama 36104

DOCUMENTS TO BE PRODUCED: Deponent is required to produce the
documents at the deposition, which are attached to this Notice as Exhibit
"A".

RESPONSIBLE
FOR COURT
REPORTER:    David W. Henderson


                        s/s *David W. Henderson*
                        MICHAEL J. COHAN (COH017)
                        DAVID W. HENDERSON (HEN072)
                        Attorneys for Plaintiffs

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

                        s/s *Robert N. McGehee, Jr.*
                        ROBERT N. MCGEHEE, JR.
                        Attorney for Plaintiffs

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon the parties listed
below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 27th
day of April, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894


                        s/s *David W. Henderson*
                        Of COUNSEL

## EXHIBIT A

AT THE TIME OF YOUR DEPOSITION, YOU ARE COMMANDED TO PRODUCE THE FOLLOWING:

## Definitions

    1.    "You" and/or "your" shall mean and refer to Defendant Ron Dearolf, his officers, directors, employees, agents, and other representatives.

    2.    "Document(s)" shall mean and refer to every original and every nonidentical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, videotape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disks, reels, or other devices for business machines or other means of storing and/or transmitting human intelligence, or any other printed or readable material. To be included, without limitation, in this definition of "document" are every invoice, statement, ledger sheet, recommendation, endorsement, order, direction, letter, telegram, teletype, report, memorandum (including, without limitation, every intra-office memorandum, file memorandum, work memorandum, and memorandum of telephone conversation), interview, sketch, graph, chart, note (including, without limitation, notes used to prepare any letter, memorandum, reports, or other documents as herein defined), contract, agreement, form, work sheet, time sheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness (including potential witness) statement, transcript, interview, sound recording transcription, videotape, computer printout, book of account, payroll records, minutes, diaries (both office and personal), log, file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list, any other tangible item or thing of readable or visual material of whatever nature and each and every file folder or other container in which the above items are stored, filed, or maintained, and any and all information regardless of the form in which it is stored including, but not limited to, that stored in print, electronically, or digitally.

    Plaintiffs demand that you produce the documents described hereinbelow, whether the same be in your possession or subject to the control of you or any of your agents, representatives, employees, servants, accountants, and/or attorneys. Plaintiffs further state that this Request is of a continuing nature as provided by the Alabama Rules of Civil Procedure, requiring timely additions or supplementations for the documents and records and things which are discovered or become available to you subsequent to the time of the production as noted herein. Plaintiffs further demand that the documents requested hereinbelow be produced in the file folder or other container in which they are maintained or stored, and that the order or sequence of the documents, if more than one within a file is requested, be in the same order or sequence within such file as was maintained in the

ordinary course of business just prior to the production thereof.

If you object to the production of any document based upon a claim that the said documents are privileged, for each such document supply the following information:

(a)    The author of the document;

(b)    The person or persons to whom the document was addressed;

(c)    The date of the document; and

(d)    The subjects discussed in the said document.

\*   \*   \*   \*

1.    All documents relating to, in any manner whatsoever, this lawsuit and your responses to plaintiffs' interrogatories.

2.    All documents relating to, in any manner whatsoever, KeyCorp Investment Limited Partnership III.

3.    All documents relating to, in any manner whatsoever, Village Manor, Limited.

4.    All documents relating to, in any manner whatsoever, Cleveland Apartments, Limited Partnership.

5.    All documents relating to, in any manner whatsoever, Wentwood Housing Fund VIII, G.P., Inc.

6.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Village Manor Apartments.

7.    All documents relating to, in any manner whatsoever, your day to day operation and management of the property known as Forest Grove Apartments.

8.    All documents which relate, in any manner whatsoever, to any investigation performed by you or on your behalf regarding the plaintiffs' allegations in this suit.

2

9.      All documents relating to, in any manner whatsoever, any and all expert witnesses who may be called to testify on your behalf.

10.     All documents relating to, in any manner whatsoever, any and all lawsuits brought by or against you within the last seven years relating to the business.

11.     All documents relating to, in any manner whatsoever, any and all insurance policies and declaration pages which might provide coverage for you for the matters alleged herein.

12.     Any statements and/or notes, documents, or other material relating to any comments made to you relating to the plaintiffs' allegations in this suit.

13.     All documents relating to, in any manner whatsoever, any and all actions taken by you as a result of the plaintiffs' allegations in this suit.

14.     Please produce your tax returns for the past six years.

15.     All documents relating to your gross receipts from January 1, 2000 to present date.

16.     Copies of any and all financial statements for the last six years.

17.     All documents relating to all aspects of your payroll for the last six years.

18.     Copies of any and all photographs or video tapes regarding this case.

3



David W. Henderson
Facsimile: 334.263.5969
dwhenderson@hillhillcarter.com

Hill, Hill, Carter,
Franco, Cole & Black, P.C.
*Attorneys at Law*

Post Office Box 116
Montgomery, AL 36101-0116

425 South Perry Street
Montgomery, Alabama 36104

Telephone: 334.834.7600
www.HillHillCarter.com

April 18, 2007

***Via Facsimile & U. S. Mail***

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, Alabama 36124

**Re:**   ***KeyCorp Investment Limited Partnership III, et al. v. Village Manor, Inc., et al.***
**CV-2005-2795**
**Circuit Court of Montgomery County, Alabama**

Dear Spence:

The plaintiffs would like to take the deposition of Ron Dearolf, George Kershaw and Jeff Brooks. We would like to take these depositions before the second mediation that must be conducted before June 1, 2007 per Judge Price's order. Therefore, I would appreciate it if you would provide dates when these individuals' depositions can be taken. Please provide these dates within the next seven days. If I do not hear from you within the next seven days, I will proceed with noticing the depositions. Additionally, it will be no problem if we have to take the depositions in Tennessee and Birmingham.

I look forward to hearing from you.

Sincerely,

**Hill, Hill, Carter, Franco, Cole & Black, P.C.**

David W. Henderson

DWH/js
cc     Robert N. McGehee, Jr., Esq.

**EXHIBIT**
B

```
                    ┌─────────────────────┐
                    │  JOB STATUS REPORT  │
                    └─────────────────────┘

                              TIME  : 04/18/2007 08:49
                              NAME  : HILL HILL CARTER
                              FAX#  : 3342635969
                              TEL#  : 3348347600
                              SER.# : 006070624
```

```
DATE,TIME                 04/18  08:49
FAX NO./NAME              3560104
DURATION                  00:00:23
PAGE(S)                   02
RESULT                    OK
MODE                      STANDARD
                          ECM
```

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
POST OFFICE BOX 116
425 SOUTH PERRY STREET
MONTGOMERY, ALABAMA 36101-0116

**TO:**        SPENCE SINGLETON

**FAX NO.:**   **356-0104**

**FROM:**      DAVID HENDERSON

**DATE:**      APRIL 18, 2007

**RE:**

**PAGES (INCLUDING COVER SHEET):**

**NOTES:**

CONFIDENTIALITY NOTE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS LEGALLY PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA U.S. POSTAL SERVICE. THANK YOU.

## David Henderson

**From:** David Henderson
**Sent:** Tuesday, May 01, 2007 2:01 PM
**To:** 'Spence Singleton'
**Subject:** Keycorp

Spence:

If I do not hear from you by this Thursday at noon, I will assume you are okay with the deposition dates for Dearolf, Brooks and Kershaw. As you know, Bobby is making non-refundable flight arrangements to be here.

David

**David W. Henderson**

***Hill, Hill, Carter, Franco,***
   ***Cole & Black, P.C.***

425 South Perry Street (36104)
Post Office Box 116
Montgomery, AL 36101-0116
Phone: (334) 834-7600
Fax: (334) 263-5969
dwhenderson@hillhillcarter.com

**NOTICE:** This e-mail is from a law firm, Hill, Hill, Carter, Franco, Cole & Black, P.C. ("HHC"), and is intended solely for the use of the individual (s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail and any attachments from your computer, and do not copy or disclose this email or any attachments to anyone else. If you are not an existing client of HHC, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to HHC in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of HHC, you should maintain its contents in confidence in order to preserve the attorney-client, work product and other privileges that may be available to protect confidentiality.

Although this email is believed to be free of any virus or other defects that might affect any computer system in which it is received, it is the responsibility of the recipient to ensure that it is virus free; HHC accepts no responsibility for any loss or damage arising in any way from its use.

**IRS CIRCULAR 230 DISCLOSURE:** Pursuant to U.S. Treasury Regulations, we are now required to advise you that (1) unless explicitly stated above to the contrary, the contents and conclusions (if any) contained in this communication (including any attachments) are preliminary in nature and do not express a formal opinion contemplated by IRS Circular 230; (2) nothing contained in this communication (including any attachments) is intended to be used, or may be relied upon or used, by any taxpayer for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code; and (3) any statement contained in this communication (including any attachments) relating to any federal tax issue may not be used by any person to support the promotion, marketing of, or used to recommend any transaction or matter addressed in this communication.



**American Court Reporting**
**toll-free (877) 320-1050**

IN THE CIRCUIT COURT OF

MONTGOMERY COUNTY, ALABAMA


CIVIL ACTION NUMBER

CV-2005-2795


KEYCORP INVESTMENT, Limited Partnership

III, et al.,

    Plaintiffs,

vs.

VILLAGE MANOR, INC., et al.,

    Defendants.




CERTIFICATE OF NONAPPEARANCE OF

GEORGE KERSHAW


May 15, 2007

10:21 a.m.


COURT REPORTER:

Gwendolyn P. Timbie, CSR



**www.AmericanCourtReporting.com**
**May 15, 2007**



**American Court Reporting**
**toll-free (877) 320-1050**

Page 2

```
 1              A P P E A R A N C E S

 2

 3    FOR THE PLAINTIFFS:

 4         ROBERT N. McGEHEE, JR., Esquire

 5         Robert N. McGehee

 6         Attorney at Law

 7         4200 West Vickery, Suite 101

 8         Fort Worth, Texas   76107

 9

10         DAVID W. HENDERSON, Esquire

11         Hill, Hill, Carter, Franco, Cole &

12              Black, P.C.

13         425 South Perry Street

14         Montgomery, Alabama   36104

15

16    FOR THE DEFENDANTS:

17         SPENCE A. SINGLETON, Esquire

18         Spence A. Singleton

19         2733 Gunter Park Drive West

20         Montgomery, Alabama   36109

21

22

23
```

**www.AmericanCourtReporting.com**
**May 15, 2007**

**American Court Reporting**
**toll-free (877) 320-1050**

1              (WHEREUPON, a document was

2      marked as Plaintiff's Exhibit Number 1 and

3      is attached to the original transcript.)

4              MR. McGEHEE:  My name is Bobby

5      McGehee.  I'm with Wentwood Capital

6      Advisors, general counsel for the

7      plaintiffs in this lawsuit.

8              On April 27, 2007, Plaintiffs,

9      by and through David Henderson, our

10     Montgomery, Alabama counsel, filed -- or

11     sent the notice of deposition, marked

12     hereto as Exhibit 1, to -- for the

13     deposition of George Kershaw, which was

14     scheduled on May 15, 2007 at 10:00 a.m.

15     The notice was sent to Spence Singleton,

16     who is present here today and who, at the

17     time, was representing Mr. Kershaw as a

18     defendant in this lawsuit.  My

19     understanding, although Mr. Singleton can

20     attest to this in a moment, is that he

21     forwarded the deposition notice onto

22     Mr. Kershaw and indicated he needed to be

23     present.

1        At some point in the last

2    week, Mr. Kershaw indicated that he has

3    hired new counsel and is no longer using

4    Mr. Singleton as his counsel.  However,

5    neither I nor David Henderson received any

6    correspondence, oral or written, from

7    Mr. Kershaw or his new counsel seeking a

8    postponement of the deposition or

9    indicating they would not be present.  And

10   based on the notice and on the failure to

11   receive any correspondence, either oral or

12   written, from Mr. Kershaw or his new

13   counsel, I traveled from Fort Worth, Texas

14   for today's deposition.

15        It is now 10:22 a.m.

16   Mr. Henderson spoke with Mr. Kershaw's new

17   counsel's assistant and indicated that he

18   is not planning on attending the

19   depositions today.  And based on the time

20   and the indications from his new counsel's

21   assistant, I can only assume that

22   Mr. Kershaw is not planning on attending

23   either.  We did not agree to postpone the

1   deposition, suspend the notice, or

2   withdraw the notice.

3           Do you want to say anything,

4   Spence?

5           MR. HENDERSON:  Anything you

6   want to put on the record?

7           MR. SINGLETON:  All I can

8   attest to is that notice was sent.  And I

9   did receive a letter indicating that they

10  did have new counsel, and that was

11  confirmed.

12          MR. McGEHEE:  We're done.

13                10:25 a.m.

14

15

16

17

18

19

20

21

22

23

**American Court Reporting**
**toll-free (877) 320-1050**

Page 6

```
 1              C E R T I F I C A T E

 2

 3   STATE OF ALABAMA   )

 4   MONTGOMERY COUNTY )

 5        I hereby certify that the above and

 6   foregoing proceeding was taken down by me

 7   in stenotype, and the questions and

 8   answers thereto were transcribed by means

 9   of computer-aided transcription, and that

10   the foregoing represents a true and

11   correct transcript of the proceeding given

12   by said witness upon said hearing.

13        I further certify that I am neither of

14   counsel nor of kin to the parties to the

15   action, nor am I in anywise interested in

16   the result of said cause.

17

18                  GWENDOLYN P. TIMBIE, CSR

19                  Certificate No:  AL-CSR-569

20

21   My Commission Expires

22   March 4, 2009

23
```

**www.AmericanCourtReporting.com**
**May 15, 2007**

**American Court Reporting**
**toll-free (877) 320-1050**

IN THE CIRCUIT COURT OF

MONTGOMERY COUNTY, ALABAMA


CIVIL ACTION NUMBER

CV-2005-2795


KEYCORP INVESTMENT, Limited Partnership

III, et al.,

    Plaintiffs,

vs.

VILLAGE MANOR, INC., et al.,

    Defendants.



CERTIFICATE OF NONAPPEARANCE OF

RON DEAROLF


May 15, 2007

10:21 a.m.


COURT REPORTER:

Gwendolyn P. Timbie, CSR

**www.AmericanCourtReporting.com**
**May 15, 2007**



**American Court Reporting**
**toll-free (877) 320-1050**

Page 2

1                    A P P E A R A N C E S

2

3    FOR THE PLAINTIFFS:

4            ROBERT N. McGEHEE, JR., Esquire

5            Robert N. McGehee

6            Attorney at Law

7            4200 West Vickery, Suite 101

8            Fort Worth, Texas   76107

9

10           DAVID W. HENDERSON, Esquire

11           Hill, Hill, Carter, Franco, Cole &

12                Black, P.C.

13           425 South Perry Street

14           Montgomery, Alabama   36104

15

16   FOR THE DEFENDANTS:

17           SPENCE A. SINGLETON, Esquire

18           Spence A. Singleton

19           2733 Gunter Park Drive West

20           Montgomery, Alabama   36109

21

22

23

**www.AmericanCourtReporting.com**
**May 15, 2007**

**American Court Reporting**
**toll-free (877) 320-1050**

Page 3

1              (WHEREUPON, a document was

2     marked as Plaintiff's Exhibit Number 1 and

3     is attached to the original transcript.)

4              MR. McGEHEE:  My name is Bobby

5     McGehee.  I'm with Wentwood Capital

6     Advisors, general counsel for the

7     plaintiffs in this lawsuit.

8              On April 27, 2007, Plaintiffs,

9     by and through David Henderson, our

10    Montgomery, Alabama counsel, filed -- or

11    sent the notice of deposition, marked

12    hereto as Exhibit 1, to -- for the

13    deposition of Ron Dearolf, which was

14    scheduled on May 15, 2007 at 10:00 a.m.

15    The notice was sent to Spence Singleton,

16    who is present here today and who, at the

17    time, was representing Mr. Dearolf as a

18    defendant in this lawsuit.  My

19    understanding, although Mr. Singleton can

20    attest to this in a moment, is that he

21    forwarded the deposition notice onto

22    Mr. Dearolf and indicated he needed to be

23    present.

**www.AmericanCourtReporting.com**
**May 15, 2007**

**American Court Reporting**
**toll-free (877) 320-1050**

Page 4

1        At some point in the last

2    week, Mr. Dearolf indicated that he has

3    hired new counsel and is no longer using

4    Mr. Singleton as his counsel.  However,

5    neither I nor David Henderson received any

6    correspondence, oral or written, from

7    Mr. Dearolf or his new counsel seeking a

8    postponement of the deposition or

9    indicating they would not be present.  And

10   based on the notice and on the failure to

11   receive any correspondence, either oral or

12   written, from Mr. Dearolf or his new

13   counsel, I traveled from Fort Worth, Texas

14   for today's deposition.

15        It is now 10:22 a.m.

16   Mr. Henderson spoke with Mr. Dearolf's new

17   counsel's assistant and indicated that he

18   is not planning on attending the

19   depositions today.  And based on the time

20   and the indications from his new counsel's

21   assistant, I can only assume that

22   Mr. Dearolf is not planning on attending

23   either.  We did not agree to postpone the

**www.AmericanCourtReporting.com**
**May 15, 2007**

Page 5

```
 1   deposition, suspend the notice, or

 2   withdraw the notice.

 3            Do you want to say anything,

 4   Spence?

 5            MR. HENDERSON:  Anything you

 6   want to put on the record?

 7            MR. SINGLETON:  All I can

 8   attest to is that notice was sent.  And I

 9   did receive a letter indicating that they

10   did have new counsel, and that was

11   confirmed.

12            MR. McGEHEE:  We're done.

13                 10:25 a.m.

14

15

16

17

18

19

20

21

22

23
```

Page 6

```
1              C E R T I F I C A T E

2

3    STATE OF ALABAMA   )

4    MONTGOMERY COUNTY )

5         I hereby certify that the above and

6    foregoing proceeding was taken down by me

7    in stenotype, and the questions and

8    answers thereto were transcribed by means

9    of computer-aided transcription, and that

10   the foregoing represents a true and

11   correct transcript of the proceeding given

12   by said witness upon said hearing.

13        I further certify that I am neither of

14   counsel nor of kin to the parties to the

15   action, nor am I in anywise interested in

16   the result of said cause.

17

18              GWENDOLYN P. TIMBIE, CSR

19              Certificate No:  AL-CSR-569

20

21   My Commission Expires

22   March 4, 200

23
```

## EXPENSES AND FEES

| | |
|---|---|
| Robert N. McGehee | $5,078.83 |
| David W. Henderson | $1,278.00 |
| Court Reporter | $149.10 |
| **Total** | **$6,505.93** |



THE WENTWOOD COMPANIES
EXPENSE STATEMENT                                    Robert N. McGehee Jr.

| DATE | DESCRIPTION | METHOD OF PAYMENT | AMOUNT | PROPERTY/REFER. CODE |
|---|---|---|---|---|
| 5/15/2007 | Ticket change for AL return | Am Express RNM | $165.00 | village manor/forest grove |
| 5/15/2007 | Parking at DFW | Am Express RNM | $19.00 | village manor/forest grove |
| 5/15/2007 | Ticket upgrade for AL return | Am Express RNM | $60.00 | village manor/forest grove |
| 5/14-15/07 | Rental car for AL | Am Express RNM | $144.91 | village manor/forest grove |
| 5/15/2007 | Landry's - food | Am Express RNM | $16.34 | village manor/forest grove |
| 5/15/2007 | Courtyard Marriott | Am Express RNM | $111.38 | village manor/forest grove |
| 5/14/2007 | Airline to and from AL | Am Express RNM | $312.20 | village manor/forest grove |
|  |  |  |  |  |
|  | 5 hrs. X $250/hr. - prep for depos |  | $1,250.00 |  |
|  | 9 hrs X $250/hr. - Travel to and from AL |  | $2,250.00 |  |
|  | 3 hrs. X $250/hr - Attend depos |  | $750.00 |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  | TOTAL | $5,078.83 |  |

AA eTicket                                                          Page 1 of 3

**Gail Morris**

| | |
|---|---|
| **From:** | Kim Weber [kim@kmwtravel.com] |
| **Sent:** | Tuesday, May 15, 2007 12:06 PM |
| **To:** | Gail Morris |
| **Subject:** | Fw: E-Ticket Confirmation |

Below is the receipt- the extra charge was 165.00
----- Original Message -----
**From:** American Airlines@aa.com
**To:** KIM@KMWTRAVEL.COM
**Sent:** Tuesday, May 15, 2007 12:48 PM
**Subject:** E-Ticket Confirmation

 **AmericanAirlines** AA.com®    eTicket Itinerary And Receipt Confirmation

| Reservations | Award Booking | View My Miles | Fare Sales & Offers |

**Date of Issue: 15MAY07**

Robert N Mcgehee Jr:

Thank you for choosing American Airlines / American Eagle, a member of the **oneworld**™ Alliance. Below are your itinerary and receipt for the ticket(s) purchased. Please print and retain this document for use throughout your trip.

**Record Locator: IVZOEN**

You may check in and obtain your boarding pass for U.S. domestic electronic tickets within 24 hours of your flight time online at AA.com by using www.aa.com/checkin or at a Self-Service Check-In machine at the airport. Check-in options may be found at www.aa.com/options.

You must present a government-issue photo ID and either your boarding pass or a priority verification card at the security screening checkpoint.

 Book a hotel       Book a car       Buy trip insurance


AVIS
Check out
our great rates
RESERVE NOW >

AAdvantage®
Don't
leave
without
your
miles
Enroll Now

Give the
Gift of Travel

AmericanAirlines
Gift Card

AA eTicket                                                                                    Page 3 of 3

**Record Locator: IVZOEN**

### Itinerary

| Carrier | Flight Number | Departing | | | Arriving | | Booking Code |
|---------|--------------|-----------|---|---|----------|---|--------------|
| | | City | Date & Time | City | Time | |
| **AA** American Airlines | 2221 | BIRMINGHAM AL | TUE 15MAY 4:50 PM | DALLAS FT WORTH | 6:50 PM | L |
| | Robert N J Mcgehee | FF#: 4FA6450 GLD | | Economy | Seat 21B | |

### Receipt

| PASSENGER | TICKET NUMBER | FARE-USD | TAX | TICKET TOTAL |
|-----------|--------------|----------|-----|--------------|
| ROBERT N J MCGEHEE | 0012134732889 | 282.79 | 40.51 | 323.30 |
| **ROBERT N J MCGEHEE - Additional Fare Collection 50.00** | | | | |

| ADDITIONAL SERVICES | DATE | CURRENCY | AMOUNT |
|---------------------|------|----------|--------|
| External Reservation Handling Fee | | USD | 15.00 |
| Ticket Change Fee | 15 MAY 07 | USD | 100.00 |

Payment Type: Exchange, American Express XXXXXXXXXX1002

Additional Services are subject to credit card approval at time of ticketing. Additional Services may appear on multiple accompanied documents as a matter of reference.

You have purchased a NON-REFUNDABLE fare. The itinerary must be canceled before the ticketed departure time of the first unused coupon, or the ticket has no value. If the fare allows changes, a fee may be assessed for changes and restrictions may apply.

Electronic tickets are NOT TRANSFERABLE. Tickets with nonrestrictive fares are valid for one year from original date of issue. If you have questions regarding our refund policy, please visit www.aa.com/refunds.

To change your reservation, please call 1-800-433-7300 and refer to your record locator.

Check-in times will vary by departure location. In order to determine the time you need to check-in at the airport, please visit www.aa.com/airportexpectations.

If you are traveling internationally, please ensure that you have the proper documentation. All necessary travel documents for the countries being visited must be presented at airport check-in. Check with the consulate of these countries to determine the documents required. Additional information can be found at International Travel.

A summary of Terms and Conditions of Travel is available by selecting the Conditions of Carriage button below.

  

  

 This e-mail address is non-returnable and does not accommodate replies. If you have a customer service issue, please Contact AA.

NRID: 1962662515541511475237400

5/16/2007

DFW INTERNATIONAL AIRPORK
DFW AIRPORT TX 75261
(972) 574-8538

DATE: 05/15/07 TIME: 20:50:25
CASHIER: 508
KID: 32020515120200090404959002
ACCT: XXXXXXXXX1002 / 0205

TOTAL    $19.90

THANKS FOR CHOOSING DFW AIRPARK
--- APPROVED 547950 ---

**AmericanAirlines** ●

PURCHASER NAME
MCGEHEE/RN

E-Upgrade Purchase
MCGEHEE/ROBERT N JR

AADVANTAGE UPGRADE
PURCHASE
PASSENGER RECEIPT

AADV NUMBER

2      4FA6450

**AmericanAirlines**

NOT VALID FOR
TRANSPORTATION

NON-REFUNDABLE

PASSENGER TICKET
0017035398805

| Credit Card | AX XXXXXXXXXX1002 | | |
|---|---|---|---|
| Fare | 55.82 USD | PNR: IV2OEN | DATE OF ISSUE |
| Tax | 4.18 US | Agent: BHM-SSR | MAY 15, 2007 |
| Tax | | | |
| Tax | | | |
| Total | 60.00 USD | DO1   0759580594    0 | |

SELF-SERVICE CPN 2341138

This is your receipt

NOT VALID FOR TRAVEL



BIRMINGHAM INT'L AP

RR 581867193
ROBERT
MCGEHEE

#01

VEHICLE: 01492/3612645
07MONT     LIC: NC  TXZ1513
FUEL:  8/8 OUT  4/8 IN
CDP: 1634217-FORT WORTH GWINN & ROBY
FF: AA4FA6450
RES: D6414415791/0501B/C
COMPLETED BY: 5065/ALBNW11
RENTED:  BIRMINGHAM INTERNATIONAL
RENTAL:  05/14/07  22:44
RETURN:  05/15/07  13:23

PLAN IN:   0501B
PLAN OUT:  0501B     RATE CLASS: C

MILES IN:   11279   TR-X MILES
MILES OUT:  11083   MILES ALLOWED
MILES DRIVEN: 196   MILES CHARGED

DAYS        1 @ $  80.75 / DAY   $    80.75
SUBTOTAL 1                       $    80.75
DISCOUNT -      R 20%            $    16.15
SUBTOTAL 2                    FF1$   64.60
CONCESSION FEE RECOVERY        1$   13.70
FF SURCHARGE                   T$     .08
LOW              DECLINED
LIS              DECLINED
PAI, PEC         DECLINED
FUEL & SVC $6.99GL/TANK CAP 17.0 $  59.41
TR&S 9.000% ON     78.44         $    7.06
NET DUE                          $  144.91
PAID BY   AMX   XXXXXXXXXXX1002

THIS INCL. TAX REIMBURSEMENT OF 2.25% AND ADMIN
SURCHARGE OF 6.750%

YOUR CREDIT CARD WILL EXPIRE SOON PLEASE
CALL 800-CAR-GOLD TO UPDATE YOUR PROFILE

FF: AA4FA6450
  65   MILES AWARDED ON CHARGES IDENTIFIED
WITH ff

        HOW WAS YOUR EXPERIENCE?
        WE'D LIKE YOUR FEEDBACK.

   1)  Call  1-800-278-1595, or
       Visit  WWW.HERTZSURVEY.COM

   2)  Enter Access Code:   01474

   3)  Take Brief 4 Question Survey


THANK YOU FOR RENTING FROM
HERTZ

---

LANDRY'S  RESTAURANT
SEAFOOD AT ITS FINEST
139 State Farm Parkway
916-0777

Server: CHUCK122              DOB: 05/15/2007
12:59 PM                           05/15/2007
2004/1                              3/30007

AMEX
Card #XXXXXXXXXXXi002              4194317
Magnetic card present: mcgehee rm
Approval: 543654

    Amount:          13.34

    + Tip: _____  3.00

    = Total: _____  16.34

X _____


       THANK YOU FOR
    DINING AT LANDRY'S
  THE GREAT CATCH IS HERE
   JOIN THE E-MAIL CLUB

      Customer Copy



**CY MONTGOMERY PRATTVILLE**
**2620 LEGENDS PARKWAY**
**PRATTVILLE, AL 36066**
**334-290-1270**

GUEST FOLIO

Thank you for selecting Courtyard by Marriott. We trust that your
experience with us has included warm and gracious service, and the
type of accommodations expected.

We look forward to serving you again on future trips. For additional
reservations, call our toll-free reservation number, (800) 321-2211.

CY MONTGOMERY PRATTVILLE Courtyard Staff

| GUEST NAME | R. MCGEHEE | | ROOM | 332 | REGA |
|---|---|---|---|---|---|
| | | | ROOM TYPE | GENR | 45618996 |
| | | | NO. OF GUESTS | 2 | |
| | | | RATE | 99.00 | |
| | | | CLERK | | |

| ARRIVE | 14May07 | TIME | 11:54p | DEPART | 15May07 | TIME | | FOLIO # | 4E-50880 |
|---|---|---|---|---|---|---|---|---|---|

| DATE | REFERENCE NUMBER | DESCRIPTION | CHARGES | CREDITS |
|---|---|---|---|---|
| 14May07 | RB332 | ROOM CHARGE | 99.00 | |
| 14May07 | T2332 | State Occupancy Ta | 3.96 | |
| 14May07 | T3332 | City Tax | 8.42 | |
| 15May07 | AX332 | American Express | | 111.38- |

```
**************************************
*   CARD #: AXXXXXXXXXXXX1002/XXXX    *
*   Amount:    111.38    Auth: 180153 *
*         ** Signature on File   **   *
**************************************
```

**  BALANCE  **                      .00

Marriott Rewards Club Member: XXXXX9781.  Retain this receipt for your records.

### Latest News From Marriott Rewards

It's MegaBonus time!  Time to dream MEGA-big about your next
vacation.  Stay with Marriott between March 1 and May 31, 2007
and receive your MegaBonus!
Register today at MarriottRewards.com or 1-888-MARRIOTT.

Gift Dads, Grads and Newlyweds with a great gift value!
Purchase a Marriott Golf, Spa or Dining GiftCard for $250 or more,
receive a $50 bonus coupon for dining, spa or a free round of golf.
Visit www.Gifts.Marriott.com for more details.

As requested, a final copy of your bill will be emailed to you at:
BMCGEHEE@WENTWOOD.COM

GUEST SIGNATURE_____

COURTYARD RESERVATIONS (800) 321-2211

www.nshospitality.com 8-2784 rev. 8/03

Re: Montgomery AL 5/14-16                                           Page 1 of 7

**Gail Morris**

**From:**   Kim Weber [kim@kmwtravel.com]
**Sent:**   Monday, May 07, 2007 9:45 AM
**To:**     Bobby McGehee
**Cc:**      Gail Morris
**Subject:** Re: Montgomery AL 5/14-16

SALES PERSON: 13    ITINERARY/INVOICE NO. 0002588    DATE: 07 MAY 07
CUSTOMER NBR: 0000002985          IVZOEN     PAGE: 01

     TO: THE WENTWOOD COMPANIES
        4200 W VICKERY BLVD STE 101
        FORT WORTH TX 76107


FOR: MCGEHEE/ROBERT N JR


14 MAY 07  -  MONDAY
  AIR  AMERICAN AIRLINES  FLT:1058  ECONOMY
      LV DALLAS FT WORTH          815P      EQP: MD-80
                    01HR 35MIN
      AR BIRMINGHAM    AL         950P       NON-STOP
                    REF: IVZOEN
      MCGEHEE/ROBERT  SEAT-21D  AA-4FA6450
  CAR BIRMINGHAM   AL     HERTZ RENT A CAR      INTER CAR AUTO A/C
      PICK UP-2150
      RETURN-16MAY/1650
      RATE PLAN 2 DAYS 0 HRS       USD   MI/KM  EX MI/KM
      DAILY RATE          55.00    UNL
      XTRA HOUR-          28.00    UNL
      MANDATORY CHARGES           22.39
      APPROX RENTAL COST          132.39   UNL
      CONFIRMATION NUMBER   D6414415791CNTR     RATE-SUBJECT TO CHANGE
      CALL-205-591-6090
             ID-□XXXXXX9172
      FREQUENT TRAVELER    AA4FA6450
  HOTEL MONTGOMERY                OUT-16MAY
      COURTYARD BY MARRIOTT      2 NIGHTS ID-863369781
      COURTYARD MARRIOTT PRATTVILLE  1 ROOM    REGULAR RATE * 1 KING BED
      2620 LEGENDS PARKWAY        INTERNET, ERGONOMIC CHAIR, IN
      FONE 334-290-1270        RATE-99.00USD PER NIGHT
      FAX  334-290-1269      CANCEL BY 06P DAY OF ARRIVAL
      GUARANTEED LATE ARRIVAL
      CONFIRMATION 85756470
      KING BED NON SMOKING

16 MAY 07  -  WEDNESDAY
  AIR  AMERICAN AIRLINES  FLT:2221  ECONOMY
      LV BIRMINGHAM   AL          450P      EQP: MD-80
                    02HR 00MIN
      AR DALLAS FT WORTH          650P       NON-STOP
                    REF: IVZOEN
      MCGEHEE/ROBERT  SEAT-18F  AA-4FA6450

Re: Montgomery AL 5/14-16                                                    Page 2 of 7

07 MAR 08 - FRIDAY
   OTHER DALLAS FT WORTH
      RETENTION LINE FOR ACCOUNTING

                    CONTINUED ON PAGE 2
SALES PERSON: 13    ITINERARY/INVOICE NO. 0002588    DATE: 07 MAY 07
CUSTOMER NBR: 0000002985          IVZOEN    PAGE: 02

      TO: THE WENTWOOD COMPANIES
         4200 W VICKERY BLVD STE 101
         FORT WORTH TX 76107


FOR: MCGEHEE/ROBERT N JR


MCO        XD1964149559
                    BILLED TO AX371386924031002        38.90*

AIR TICKET  AA7035398785    MCGEHEE ROBERT N JR
ELEC TKT            BILLED TO AX371386924031002       273.30*
                                ---------------
             SUB TOTAL            312.20
             NET CC BILLING       312.20*
                                ---------------
             TOTAL AMOUNT DUE       0.00

THANK YOU FOR CALLING KIM AT CAMPBELL TRAVEL. IF YOU
NEED ASSISTANCE DURING YOUR TRIP, PLEASE CALL TOLL FREE
866-938-8266.
PLEASE REVIEW YOUR ITINERARY. WE ARE NOT RESPONSIBLE
FOR INACCURACIES REPORTED AFTER 24 HRS. IF YOU NEED
TO CANCEL AN AIRLINE FLIGHT, PLEASE DO SO **BEFORE**
YOUR SCHEDULED DEPARTURE, OR YOUR TICKET WILL HAVE NO
FUTURE VALUE.
//////////////////////////////////////////////
DUE TO HEIGHTENED SECURITY PLEASE ALLOW EXTRA TIME
TO PASS THROUGH BAGGAGE AND PASSENGER CHECKPOINTS.
VISIT WWW.TSA.GOV FOR THE LATEST SECURITY UPDATES
TO INCLUDE TIME SAVING TIPS, A CURRENT LIST OF
PROHIBITED AND PERMITTED ITEMS AND OTHER INFORMATION
TO GUIDE YOU SMOOTHLY THROUGH THE SECURITY PROCESS.
PLEASE BE SURE THE PASSENGER NAME ON YOUR TICKET
EXACTLY MATCHES THE NAME ON YOUR GOVT ISSUED PHOTO ID


----- Original Message -----
**From:** Bobby McGehee
**To:** Kim Weber
**Cc:** Gail Morris
**Sent:** Monday, May 07, 2007 10:34 AM
**Subject:** RE: Montgomery AL 5/14-16

Thanks. The Courtyard is okay for both nights.

Robert N. McGehee Jr.
General Counsel


5/7/2007

Date:    5/16/2007                          Pre-bill Worksheet
User:    1920

---

Calculations of Fees and Expenses

|  | Amount | Total |
|---|---|---|
| Fees Arrangement: Standard | | |
| Total of billable time records | $1,584.00 | |
| Total Fees | | $1,584.00 |
| | | |
| Expense Arrangement: Standard | | |
| Total of billable expense records | $0.00 | |
| Total Expenses | | $0.00 |
| | | |
| Total Taxes | | $0.00 |
| | | |
| Total New Charges | | $1,584.00 |
| | | |
| Previous Balance | | $0.00 |

| Date | Type | Description | Amount |
|---|---|---|---|
| 5/16/2007 | Apply Funds to AR | | $-1,584.00 |
| Total Payments and Credits | | | |

| | Amount | Total |
|---|---|---|
| Total Payments and Credits | | $-1,584.00 |
| | | |
| Total New Balance | | $0.00 |
| | | |
| Fund Activity for Regions Bank Trust | | |
| Previous Balance | $2,580.49 | |
| Apply Funds to AR | $-1,584.00 | |
| New Balance | | $996.49 |

Staff Summary

| Staff | Total Hours | Billable | Non-Billable | Rate | Amount |
|---|---|---|---|---|---|
| DWH | 8.80 | 8.80 | 0.00 | $180.00 | $1,584.00 |

Phase Summary

| Phase | Billable Hours | Fees | Expenses | Charges |
|---|---|---|---|---|
| | 8.80 | $1,584.00 | $0.00 | $1,584.00 |

2

Invoice #                                                                                    Page 1 of 1


# AMERICAN
## COURT REPORTING

Federal I.D. Number: **63-1205423**

David  W.  Henderson
Hill, Hill, Carter, Franco, Cole & Black
425 South Perry Street
Montgomery, AL  36104

Invoice Date: **5/16/2007**
Invoice #:     **WT64295**
Total Due:     **$149.10**

**Re:** KeyCorp Investment vs. Village Manor, Inc., et al.
Montgomery
On 5/15/2007 by Wendy Timbie

### Invoicing Information

**Deponents:**
1.   George Kershaw                    6 pages
2.   Ron Dearolf                       6 pages

| Product | Qty | UOM | Extended Price |
|---|---|---|---|
| Per Diem Deposition | 0.5 | day | $60.00 |
| Original Deposition Pages | 12 | page | $75.60 |
| Exhibit Pages | 10 | each | $3.50 |
| Handling | 1 | each | $10.00 |
| | | Total Price: | **$149.10** |
| | | Total Paid: | **$0.00** |
| | | **Total Due:** | **$149.10** |

## "Notice Us"
P.O. Box 12765    Birmingham, Alabama 35202
(205) 320-1050    FAX (205) 320-0023    1-877-320-1050
**AmericanCourtReporting.com**

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2006 APR 16

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED      *
PARTNERSHIP, III; VILLAGE MANOR   *
LIMITED AND CLEVELAND             *
APARTMENTS, L.P. BY AND           *
THROUGH WENTWOOD HOUSING          *
FUND XIII, GP., INC.; and WENTWOOD *
HOUSING FUND SV, GP, INC., its    *
General Partners,                 *
                                  *
    Plaintiffs,                   *
                                  *
v.                                * Case No.:  CV 2005-2795-P
                                  *
VILLAGE MANOR, INC.; CLEVELAND    *
DEVELOPMENT, INC.;                *
SOUTHEASTERN LIHTC MANAGEMENT,    *
R. TIMOTHY SINGLETON; JEFFREY D.  *
BROOKS; GEORGE KERSHAW;           *
RON DEAROLF; SINGLETON &          *
ASSOCIATES, INC.,                 *
                                  *
    Defendants.                        *

## ORDER

The mediator in this cause, James W. Garrett, Jr., reported to the Court that only one defendant appeared at the mediation of this case.  It is ORDERED that all defendants appear at the next scheduled mediation session in this case and that all insurers with the potential of coverage for defendants appear at the next mediation session in this case.

The parties are ORDERED to schedule a mediation session within forty-five (45) days from the date of this Order.



EXHIBIT
F

APR-18-2007 WED 09:19 AM                    FAX NO.                        P. 03

The court further ORDERS that the attorney for defendants have the responsibility for notifying the defendants and insurers to be present at the time and date set for the next mediation session.

Done and Ordered this the _10_ day of April, 2007.

Hon. Charles Price

Cc:    David Henderson, Esq.
       Hill, Hill, Carter
       Post Office Box 116
       Montgomery, Alabama  36101-0116

       Spence Singleton, Esq.
       Post Office Box 240894
       Montgomery, Alabama  36124

       James W. Garrett, Jr.
       Rushton, Stakely, Johnston & Garrett
       Post Office Box 270
       Montgomery, Alabama  36101-0270

ELECTRONICALLY FILED
2/26/2007 9:29 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT LIMITED P | ) |
| VILLAGE MANOR LIMITED | ) |
| CLEVELAND APARTMENTS LP | ) |
|             Plaintiffs | ) |
| | ) |
|         v. | )     **Case No.:**  03-CV-2005-002795.00 |
| | ) |
| VILLAGE MANOR INC | ) |
| CLEVELAND DEVELOPMENT INC | ) |
| SOUTHEASTERN LIHTC MANAGEMEN | ) |
| SINGLETON R TIMOTHY | ) |
| BROOKS JEFFERY D | ) |
| KERSHAW GEORGE | ) |
| DEAROLF RONALD E | ) |
|           Defendants | ) |

## <u>ORDER</u>

MOTION FOR COURT ORDERED MEDIATION filed by KEYCORP INVESTMENT LIMITED P is hereby GRANTED.

JIM GARRETT OF RUSHTON, STAKELY, JOHNSTON & GARRETT IS TO MEDIATE THIS CASE AND SUBMIT A REPORT TO THE COURT WITHIN THIRTY (30) DAYS.  THE PARTIES SHALL BEAR THEIR OWN COSTS AND EXPENSES.

DONE this 26th day of February, 2007

/s CHARLES PRICE
_____

CIRCUIT JUDGE



# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2007 MAY 23  PM 2:40

Key Corp., et al.,
       Plaintiff (s),

vs.                                        CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
       Defendant (s).


### ORDER

The above-styled matter is hereby SET for HEARING on **ALL** PENDING

MOTIONS TO COMPEL on June 11, 2007 at 8:30AM in Courtroom 4C.

Done this the 22 MAY 2007.

_____
CHARLES PRICE, Circuit Judge


cc:     Michael Cohan, David Henderson
        Robert N. McGehee, Jr.
        Spence A. Singleton
        William K. Abell
        John Sudderth
        John S. Somerset
        Ronald E. Dearolf
        George Kershaw

ELECTRONICALLY FILED
5/29/2007 11:56 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

|  |  |  |
|---|---|---|
| KEYCORP INVESTMENT, | ) | |
| LIMITED PARTNERSHIP, et.al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL CASE No.: CV-2005-2795 |
| | ) | |
| VILLAGE MANOR, INC., et.al. | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF APPEARANCE

**COMES NOW**, Attorney Michael Guy Holton, and makes this his Notice of Appearance

in the above styled case as co-counsel for Defendants Village Manor, Inc., Cleveland

Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton, and Singleton

and Associates, Inc..


/s Michael Guy Holton
Michael Guy Holton (HOL106)
co-counsel for Defendants
Fuller, Taylor, & Holton P.C.
5748 Carmichael Parkway, Suite D.
Montgomery, Alabama 36117
(334) 244-0447
(334) 514-6003 (direct)
gholtonattorney@hughes.net

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have served a copy of the foregoing on the below listed counsel and /or parties by filing same via the E-File system for the State of Alabama and by placing a copy of same in the first class, U.S. Mail, postage pre-paid and addressed as follows on this the 29th day of May, 2007.

Robert N. McGehee, Esq.
4200 W. Vickery, Suite 101
Ft. Worth, TX 76107

John W. Sudderth, Esq.
5385 1st Avenue North
Birmingham, Alabama 35212

David Henderson, Esq.
P.O. Box 116
Montgomery, Alabama 36101-0116

Ronald Dearolf (Pro Se)
8660 Bella Mina Way
Knoxville, TN 37923

George Kershaw (Pro Se)
12231 S. Fox Den Drive
Knoxville, TN 37922

/s Michael  Guy Holton
OF COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  MICHAEL HOLTON
     gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:    5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DEAROLF RONALD E          (PRO SE)
     8660 BELLA MINA WAY
     KNOXVILLE, TN 37923

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:      5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: KERSHAW GEORGE          (PRO SE)
    12231 SOUTH FOX DEN DRIVE
    KNOXVILLE, TN 37922

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:      5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  VILLAGE MANOR INC        (PRO SE)
     C/O R TIMOTHY SINGLETON
     1965 WOODMERE LOOP
     MONTGOMERY, AL 36117

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:     5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:     5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
    mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:      5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:      5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 5/29/2007 11:56:17 PM

Notice Date:     5/29/2007 11:56:17 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED   *
PARTNERSHIP, et al.,   *
  *
     Plaintiffs,   *
  *   **CASE NUMBER:**
v.   *   CV-2005-2795
  *
VILLAGE MANOR, INC., et al.,   *
  *
     Defendants.   *

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2007 JUN -1  PM 2:11

## NOTICE OF APPEARANCE

COMES NOW Peck Fox with the law firm of Maynard, Cooper & Gale, P.C., and hereby gives notice of appearance in the above-referenced case on behalf of Defendants George Kershaw and Ron Dearolf.

Respectfully submitted on this the 1st day of June, 2007.

PECK FOX (FOX005)
Attorney for Defendants George Kershaw and
Ron Dearolf

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
RSA Tower, Suite 1650
201 Monroe Street
Montgomery, Alabama 36104
Telephone:    (334) 262-2001
Facsimile:    (334) 262-2043

1

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on the following by placing same in the United States Mail, postage prepaid and properly addressed on the following on this the 1st day of June, 2007.

David Henderson, Esq.
HILL HILL CARTER
Post Office Box 116
Montgomery, Alabama 36101-0116

John W. Sudderth, Esq.
John S. Somerset, Esq.
5395 1st Avenue North
Birmingham, Alabama 35212

Spence Singleton, Esq.
Post Office Box 240894
Montgomery, Alabama 36124

Dudley Taylor, Esq.
TAYLOR LAW FIRM
Post Office Box 31705
Knoxville, Tennessee 37930

James W. Garrett, Jr., Esq.
RUSHTON STAKELY JOHNSTON & GARRETT
Post Office Box 270
Montgomery, Alabama 36101-0270

OF COUNSEL

2



**CHARLES PRICE**
PRESIDING CIRCUIT JUDGE
FIFTEENTH JUDICIAL CIRCUIT
P.O. BOX 1667
MONTGOMERY, ALABAMA 36102-1667



016H16506193

$00.4 10
05/24/2007
Mailed From 36104
US POSTAGE

Hasler



Mr. George Kershaw
12231 South Fox Den Drive
KNoxville, TN 37922

NIXIE    379   DE 1      00 05/27/07
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 36102166757    *2539-08593-24-36

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2007 MAY 23  PM 2:40

**IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA**

Key Corp., et al.,
     Plaintiff (s),

vs.

Village Manor, et. al.,
     Defendant (s).

CASE NO. CV-2005-2795-PR

**<u>ORDER</u>**

The above-styled matter is hereby SET for HEARING on **ALL** PENDING

MOTIONS TO COMPEL on June 11, 2007 at 8:30AM in Courtroom 4C.

Done this the 22 MAY 2007.

_____
CHARLES PRICE, Circuit Judge

cc:    Michael Cohan, David Henderson
       Robert N. McGehee, Jr.
       Spence A. Singleton
       William K. Abell
       John Sudderth
       John S. Somerset
       Ronald E. Dearolf
       George Kershaw     ← returned



**Melissa Rittenour**
Clerk and Register
Circuit Court Montgomery County
Montgomery County Courthouse
P.O. Box 1667
Montgomery, AL 36102-1667



016H16506193

$00.4 10

Hasler

05/23/2007

Mailed From 36104

US POSTAGE

JUN
FILED
Melissa Rittenour
Circuit Clerk

NIXIE       379   DE  1        00  05/27/07
RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC:  36102166757      *2539-01141-23-36

37934$3729
36102@1667



## AlaFile E-Notice

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: KERSHAW GEORGE          (PRO SE)
12231 SOUTH FOX DEN DRIVE
KNOXVILLE, TN 37922

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**C001 KEYCORP INVESTMENT LIMITED P**

**MOTION TO COMPEL**

[Attorney: HENDERSON DAVID WAYNE]

| | |
|---|---|
| Hearing Date: | 06/11/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | 4C |
| | |
| Notice Date: | 5/21/2007 4:34:29 PM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
6/4/2007 4:54 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-      :
SHIP III; VILLAGE MANOR LIMITED AND        :
CLEVELAND APARTMENTS, L. P., BY AND        :
THROUGH WENTWOOD HOUSING FUND XIII,        :
GP., INC. AND WENTWOOD HOUSING FUND        :
XV, GP, INC., ITS GENERAL PARTNERS         :
                                           :
        Plaintiffs,                        :
                                           :        Case No. CV-2005-2795
-vs-                                       :
                                           :
VILLAGE MANOR, INC.; CLEVELAND DEVELOP-    :
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-     :
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY  :
D. BROOKS; GEORGE KERSHAW; and RON         :
DEAROLF; SINGLETON & ASSOCIATES, INC.;     :
DEFENDANTS 1 THROUGH 20 WHO ARE            :
ENTITIES OR INDIVIDUALS WHOSE WRONGFUL     :
CONDUCT CAUSED THE INJURIES TO THE         :
PLAINTIFF, ALL OF WHOSE TRUE AND           :
CORRECT NAMES ARE UNKNOWN TO THE           :
PLAINTIFFS AT THIS TIME BUT WILL BE        :
SUBSTITUTED BY AMENDMENT WHEN              :
ASCERTAINED,                               :
                                           :
        Defendants.

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of KeyCorp Investment Limited Partnership, III, Village Manor, Ltd.:

( ) Interrogatories
( ) Answers to Interrogatories
( ) Request for Production - second
( ) Response to Request for Production
( ) Request for Admissions
( ) Response to Request for Admissions
( ) Notice of Intent to Serve Subpoena
( ) Notices of Deposition
(x ) Other: Plaintiff's Exhibit List

/s/ David W. Henderson
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

/s/ Robert N. McGehee, Jr.
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 4th day of June, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

John W. Sudderth, Esq.
John S. Somerset, Esq.
5385 1st Avenue North
Birmingham, AL 35212

Ronald E. Dearolf, Pro se
8660 Bella Mina Way
Knoxville, TN 37923

George Kershaw, Pro se
12231 South Fox Den Drive
Knoxville, TN 37922

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

/s/ David W. Henderson
Of COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DAVID HENDERSON
     dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/4/2007 4:54:09 PM

Notice Date:       6/4/2007 4:54:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/4/2007 4:54:09 PM

Notice Date:     6/4/2007 4:54:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/4/2007 4:54:09 PM

Notice Date:     6/4/2007 4:54:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JRPECK
     pfox@mcg-mont.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/4/2007 4:54:09 PM

Notice Date:     6/4/2007 4:54:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
        dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 6/4/2007 4:54:09 PM

Notice Date:        6/4/2007 4:54:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/4/2007 4:54:09 PM

Notice Date:     6/4/2007 4:54:09 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

 **AlaFile E-Notice**

03-CV-2005-002795.00

To: SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 6/4/2007 4:54:09 PM

Notice Date:     6/4/2007 4:54:09 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | Case |
|---|---|---|
| 03-MONTGOMERY | ☐ District Court ☑ Circuit Court | CV200 |

ELECTRONICALLY FILED<br>6/6/2007 1:26 PM<br>CV-2005-002795.00<br>CIRCUIT COURT OF<br>MONTGOMERY COUNTY, ALABAMA<br>MELISSA RITTENOUR, CLERK

| KEYCORP INVESTMENT LIMITED ET AL VS<br>VILLAGE MANOR INC ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D005 - BROOKS JEFFERY D |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>JOHN SOMERSET<br>5385 1ST AVENUE NORTH<br>BIRMINGHAM, AL 35212<br>*Attorney Bar No.:* SOM003 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☑ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| ☐ Other _____ | ☐ More Definite Statement |
| pursuant to Rule _____ ($50.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| ☐ Local Court Costs $ _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>6/6/2007 1:26:02 PM | Signature of Attorney or Party:<br>/s JOHN SOMERSET |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
6/6/2007 1:26 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

*IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA*

| | | |
|---|---|---|
| Keycorp Investment, Ltd III, et al, | ) ) | |
| Plaintiffs | ) ) | CIVIL ACTION NUMBER |
| vs. | ) ) | CV- 2005 2795 |
| | ) ) | |
| Villiage Manor, Inc., et al, | ) ) | |
| Defendants | ) | |

## MOTION TO CONTINUE

Comes now Defendant Jeffrey Brooks and moves this Honorable Court to continue this matter from its present trial setting, and would show the Court the following:

1)        That Defendant has recently retained new counsel due to a potential conflict of interest;

2)        That said new counsel has not had enough time to familiarize himself with the case;

3)        That due to other circumstances, the depositions of the Plaintiff's representatives have not been taken and discovery has not been completed;

4)        That this case is not ready for trial;

5)          That Plaintiffs' counsel have consented to this continuance;

WHEREFORE, Defendant moves as aforesaid, this 6th day of June, 2007.


          s/     John S. Somerset (SOM003)
                 Sudderth & Somerset, Attorneys
                 Attorneys for Plaintiff
                 5385 1st Avenue North
                 Birmingham, AL 35212
                 (205)595-4631


          <u>*ORAL ARGUMENT IS NOT REQUESTED*</u>



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  JOHN SOMERSET
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 6/6/2007 1:26:41 PM

**D005 BROOKS JEFFERY D**
**MOTION TO CONTINUE**
[Attorney: SOMERSET JOHN S]

Notice Date:       6/6/2007 1:26:41 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 6/6/2007 1:26:41 PM

**D005 BROOKS JEFFERY D**

**MOTION TO CONTINUE**

[Attorney: SOMERSET JOHN S]

Notice Date:      6/6/2007 1:26:41 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/6/2007 1:26:41 PM

**D005 BROOKS JEFFERY D**
**MOTION TO CONTINUE**
[Attorney: SOMERSET JOHN S]

Notice Date:     6/6/2007 1:26:41 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  FOX ALVIN L JRPECK
    pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/6/2007 1:26:41 PM

**D005 BROOKS JEFFERY D**
**MOTION TO CONTINUE**
[Attorney: SOMERSET JOHN S]

Notice Date:      6/6/2007 1:26:41 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 6/6/2007 1:26:41 PM

D005 BROOKS JEFFERY D

MOTION TO CONTINUE

[Attorney: SOMERSET JOHN S]

Notice Date:        6/6/2007 1:26:41 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
      gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/6/2007 1:26:41 PM

**D005 BROOKS JEFFERY D**
**MOTION TO CONTINUE**

[Attorney: SOMERSET JOHN S]

Notice Date:      6/6/2007 1:26:41 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
     sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/6/2007 1:26:41 PM

**D005 BROOKS JEFFERY D**

**MOTION TO CONTINUE**

[Attorney: SOMERSET JOHN S]

Notice Date:     6/6/2007 1:26:41 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

KEYCORP INVESTMENT, LTD. III,    )
Et al,    )
    )
    Plaintiffs,    )  **CIVIL ACTION NO.:  CV-05-2795**
    )
v.    )
    )
VILLAGE MANOR, INC., et al,    )
    )
    Defendants.    )

<u>**MOTION FOR TRIAL CONTINUANCE**</u>

COME NOW Defendants Ron Dearolf and George Kershaw and hereby move this Court for

an Order to continue the trial of the above-styled matter which is currently set to begin on July 9,

2007.  As grounds for this motion, Dearolf and Kershaw state as follows:

    1.     Dearolf and Kershaw have recently retained new counsel due to a potential conflict of

interest;

    2.     Undersigned counsel was only retained by Dearolf and Kershaw at the beginning of

June 2007. As such, there has been inadequate time to familiarize himself with the case and prepare

for trial;

    3.     Due to other circumstances, the parties have yet to complete discovery necessary for

this case to be in a posture to go to trial as currently scheduled.   As such, this case is not ready for

trial;

    4.     Plaintiffs' counsel does not oppose this motion for a continuance; and

    5.     A continuance is needed to avoid material prejudice to the substantial rights of all the

parties in this action.

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2007 JUN 11 AM 8: 51

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing upon all counsel of record, by placing same in the United States Mail, properly addressed and first class postage prepaid on this the $1\backslash$ day of June, 2007.

David W. Henderson
Hill, Hill, Carter, Franco, Cole & Black, PC
PO Box 116
Montgomery, AL 36101

Robert N. McGehee, Jr.
4200 West Vickery
Suite 101
Fort Worth, TX 76107

John S. Somerset
Sudderth & Somerset
5385 1st Avenue North
Birmingham, AL 35212

Spence Singleton
PO Box 240894
Montgomery, AL 36124

Michael Guy Holton
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

OF COUNSEL

ELECTRONICALLY FILED
6/11/2007 4:25 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP, INVESTMENT, LIMITED PARTNER-SHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L. P., BY AND THROUGH WENTWOOD HOUSING FUND XIII, GP., INC. AND WENTWOOD HOUSING FUND XV, GP, INC., ITS GENERAL PARTNERS | : : : : : : : | |
| Plaintiffs, | : : | Case No. CV-2005-2795 |
| -vs- | : : : | |
| VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF; SINGLETON & ASSOCIATES, INC.; DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, | : : : : : : : : : : : : : : : | |
| Defendants. | | |

## PLAINTIFFS' WITNESS/EXPERT WITNESS LIST

1.  Timothy Singleton.

2.  Caroline Slocomb, Accounting Department of Village Manor, Chattanooga, Tennessee.

3.  Kim Moore, Compliance Department of Village Manor, Chattanooga, Tennessee.

4.  Brenda (last name unknown), Regional Manager of Village Manor, Chattanooga, Tennessee.

5.  Glennis Patton, Regional Manager of Forrest Grove, Murpheesboro, Tennessee.

6.  George Kershaw.

7.    Ron Dearolf.

8.    Jeffrey D. Brooks.

9.    Robert H. Turner, The Wentwood Companies, 515 S. Capital of Texas Hwy., Suite 250, Austin, Texas 78746.

Plaintiffs anticipate Mr. Turner will provide lay and expert testimony and opinions regarding the properties and partnerships at issue.

10.    Jeff Morgan, Wentwood Capital Advisors, LP, 515 S. Capital of Texas Hwy., Suite 250, Austin, Texas 78746.

Plaintiffs anticipate Mr. Morgan will provide lay and expert testimony and opinions regarding the properties and partnerships at issue.

11.    Kelly Smith, former asset manager for The Wentwood Companies, 1501 Blueridge Drive, Cedar Park, Texas 78613.

12.    Rhonda Locke, property manager for Forest Grove, 1250 Yeomans Road, Abilene, Texas 79602.

13.    Andy Locke, maintenance person for Forest Grove, 1250 Yeomans Road, Abilene Texas 79602.

14.    Less Pock, Accurate Evidence Inc., 110 W. Randol Mill Road #220, Arlington, Texas 76011.

15.    Haywood Sport, Alabama Housing Finance Authority, 2000 Interstate Park Drive, Suite 408, P.O. Box 230909, Montgomery, Alabama 36123.

16.    Jeff Little, Alabama Housing Finance Authority, 2000 Interstate Park Drive, Suite 408, P.O. Box 230909, Montgomery, Alabama 36123.

17.    Barbara Wallace, Alabama Housing Finance Authority, 2000 Interstate Park Drive, Suite 408, P.O. Box 230909, Montgomery, Alabama 36123.

18.    Any and all persons whose name appears on the Defendants' Witness List in this case.

19.    Any person necessary to authenticate any documents or records.

20.    Any person necessary for rebuttal.

21.    Any person necessary for impeachment.

22.    These Plaintiffs reserve the right to amend this Witness/Expert Witness List as new information becomes available and will promptly notify the Defendants of same.

Respectfully submitted this the 11th day of June, 2007.


/s/ David W. Henderson_____
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Attorneys for Plaintiffs


OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600


/s/ Robert N. McGehee, Jr._____
ROBERT N. MCGEHEE, JR.
Attorney for Plaintiffs


OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below **via facsimile** and **via U. S. Mail**, postage prepaid, on this the 11th day of June, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

John W. Sudderth, Esq.
John S. Somerset, Esq.
5385 1st Avenue North
Birmingham, AL 35212

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Tower, Suite 1650
201 Monroe Street
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

/s/ David W. Henderson
Of COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DAVID HENDERSON
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/11/2007 4:25:33 PM

Notice Date:     6/11/2007 4:25:33 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/11/2007 4:25:33 PM

Notice Date:     6/11/2007 4:25:33 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 6/11/2007 4:25:33 PM

Notice Date:        6/11/2007 4:25:33 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JRPECK
     pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 6/11/2007 4:25:33 PM

Notice Date:      6/11/2007 4:25:33 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:   HENDERSON DAVID WAYNE
        dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 6/11/2007 4:25:33 PM

Notice Date:      6/11/2007 4:25:33 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 6/11/2007 4:25:33 PM

Notice Date:      6/11/2007 4:25:33 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 6/11/2007 4:25:33 PM

Notice Date:     6/11/2007 4:25:33 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
6/12/2007 6:23 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
## CIVIL DIVISION

| | |
|---|---|
| **KEYCORP INVESTMENT, et.al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| **vs.** ) | **CASE NO.: CV-2005-2795** |
| ) | |
| **VILLAGE MANOR, INC., et.al.,** ) | |
| ) | |
| **Defendants.** ) | |

### NOTICE OF SERVICE OF DISCOVERY

**COME NOW**, Defendants, by and through the undersigned counsel of record, and make this

their Notice of Service of Discovery  in the in the above styled cause of action of the following;

1. Defendants First Consolidated Discovery Requests of Plaintiffs.    .

**RESPECTFULLY SUBMITTED** this the 12th day of June, 2007.

_____
Michael Guy Holton (HOL106)
Co-Counsel for Defendants
5748 Carmichael Parkway, Suite D
Montgomery, Alabama 36117
(334) 244-0447
(334) 514-6003 (Direct)
gholtonattorney@hughes.net

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing on the below listed counsel of record in the above styled cause of action by placing a copy of the same in the U.S. Mail, first class, postage pre-paid and Alabama E-File, on this the 12th day of June, 2007.

| | |
|---|---|
| Michael J. Cohan, Esq.<br>David W. Henderson, Esq.<br>Hill, Hill, Carter, et.al.<br>P.O. Box 116<br>Montgomery, Alabama 36101-0116 | Robert N. McGehee, Jr., Esq.<br>4200 West Vickery, Suite 101<br>Fort Worth, TX 76107 |

Michael Guy Holton, Atty.
Co-counsel for Defendants



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  MICHAEL HOLTON
      gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 6/12/2007 6:23:09 AM

Notice Date:     6/12/2007 6:23:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:   ABELL WILLIAM K
      wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 6/12/2007 6:23:09 AM

Notice Date:      6/12/2007 6:23:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
    mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 6/12/2007 6:23:09 AM

Notice Date:     6/12/2007 6:23:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JRPECK
     pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 6/12/2007 6:23:09 AM

Notice Date:     6/12/2007 6:23:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 6/12/2007 6:23:09 AM

Notice Date:     6/12/2007 6:23:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 6/12/2007 6:23:09 AM

Notice Date:     6/12/2007 6:23:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 6/12/2007 6:23:09 AM

Notice Date:        6/12/2007 6:23:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
6/12/2007 9:39 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **KEYCORP INVESTMENT, LTD. III, et al,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **v.** | * | **CASE NUMBER: CV-05-2795** |
| | * | |
| **VILLAGE MANOR, INC., et al,** | * | |
| | * | |
| **DEFENDANTS.** | * | |

### DEFENDANT'S WITNESS LIST

**COMES NOW**, the Defendants, by and through counsel and lists the following persons who may be called as witnesses to testify in this matter:

1.  Mike Moses
    Credit Suisse/Column Financial
    3201 Enterprise Parkway, Suite 470
    Cleveland, Ohio 44122

2.  Brenda Crisp former employee of Defendant;

3.  Bill Reneau, Montgomery, Alabama;

4.  Kim Moore, Compliance Officer;

5.  Chelle Kenmore, CPA Montgomery, Alabama;

6.  Gary Moss

7.  Any and all witnesses listed by the Plaintiffs;

8.  Any witnesses named in the un-transcribed depositions;

9.  Any witnesses necessary for rebuttal or impeachment purposes;

10. Any witness necessary for rebuttal;

11.    Any person necessary to authenticate any documents or records;

12.    Any witness whose name may be later learned through subsequent discovery.

13.    Any and all representatives as appointed or deemed to be corporate representative on

       behalf of any Plaintiff.

14.    Defendants reserve the right to amend this witness list.


       Respectfully submitted this the 12th day of June, 2007.


                                                    _/s Michael Guy Holton__
                                                    Michael Guy Holton
                                                    Attorney for the Defendants


                            **CERTIFICATE OF SERVICE**

       I hereby certify that I have served a true and correct copy of the foregoing document upon
all counsel of record as listed below by placing the same in the United States mail, properly
addressed and first class postage prepaid on this the 12th  day of June, 2007.

David W. Henderson
Hill, Hill, Carter, Franco, Cole & Black
Post Office Box 116
Montgomery, Alabama 36101-0116

Robert N. McGeehee, Jr.
4200 West Vickery, Suite 101
Forth Worth, Texas 76107

John W. Sudderth
John S. Somerset
5385 1st Avenue North
Birmingham, Alabama 35212

Peck Fox
Maynard, Cooper & Gale, P.C.
RSA Tower, Suite 1650
Montgomery, Alabama 36104

                                                    _Michael Guy Holton_
                                                    OF COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  MICHAEL HOLTON
     gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 2ORDER was FILED on 6/12/2007 9:39:10 PM

Notice Date:     6/12/2007 9:39:10 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 2ORDER was FILED on 6/12/2007 9:39:10 PM

Notice Date:       6/12/2007 9:39:10 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 2ORDER was FILED on 6/12/2007 9:39:10 PM

Notice Date:     6/12/2007 9:39:10 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: FOX ALVIN L JRPECK
    pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 2ORDER was FILED on 6/12/2007 9:39:10 PM

Notice Date:     6/12/2007 9:39:10 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 2ORDER was FILED on 6/12/2007 9:39:10 PM

Notice Date:      6/12/2007 9:39:10 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 2ORDER was FILED on 6/12/2007 9:39:10 PM

Notice Date:     6/12/2007 9:39:10 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 2ORDER was FILED on 6/12/2007 9:39:10 PM

Notice Date:    6/12/2007 9:39:10 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
6/13/2007 4:26 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | )      CIVIL ACTION NO: CV-05-2795 ) |
| VILLAGE MANOR, INC., et al. | ) ) |
| Defendants. | ) |

### NOTICE OF APPEARANCE

Come now the undersigned, Eugene P. Stutts and Thomas S. Hiley, and enter notice of their appearance as additional counsel for Defendant Singleton & Associates, Inc. ("Singleton & Associates"). The undersigned request that they be copied on all pleadings in the case.

Respectfully submitted,

s/ Thomas S. Hiley
Eugene P. Stutts - STU003
Thomas S. Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
      tsh@spain-gillon.com

1

## CERTIFICATE OF SERVICE

I hereby certify that on **June 13, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107


s/ Thomas S. Hiley_____
Of Counsel

2



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  THOMAS HILEY
     tsh@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 6/13/2007 4:26:12 PM

Notice Date:     6/13/2007 4:26:12 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 6/13/2007 4:26:12 PM

Notice Date:      6/13/2007 4:26:12 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 6/13/2007 4:26:12 PM

Notice Date:     6/13/2007 4:26:12 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: FOX ALVIN L JRPECK
pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 6/13/2007 4:26:12 PM

Notice Date:     6/13/2007 4:26:12 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
      dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 6/13/2007 4:26:12 PM

Notice Date:      6/13/2007 4:26:12 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following NOTICE OF APPEARANCE was FILED on 6/13/2007 4:26:12 PM

Notice Date:        6/13/2007 4:26:12 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:   SOMERSET JOHN S
      sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following NOTICE OF APPEARANCE was FILED on 6/13/2007 4:26:12 PM

Notice Date:      6/13/2007 4:26:12 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| STATE OF ALABAMA | Revised 2/14/05 | Case | ELECTRONICALLY FILED |
|---|---|---|---|

**STATE OF ALABAMA**
Unified Judicial System

03-MONTGOMERY ☐ District Court ☑ Circuit Court

Case

CV200...

ELECTRONICALLY FILED
6/13/2007 4:28 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**CIVIL MOTION COVER SHEET**

KEYCORP INVESTMENT LIMITED ET AL VS
VILLAGE MANOR INC ET AL

*Name of Filing Party:* D004 - SINGLETON R TIMOTHY

---

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

THOMAS HILEY
2117 SECOND AVENUE NORTH
BIRMINGHAM, AL 35203

*Attorney Bar No.:* HIL047

☑ Oral Arguments Requested

---

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☑ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| ☐ Local Court Costs $ _____ | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

---

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 6/13/2007 4:28:06 PM | Signature of Attorney or Party: /s THOMAS HILEY |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
6/13/2007 4:28 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) **CIVIL ACTION NO: CV-05-2795** |
| VILLAGE MANOR, INC., et al. | ) ) ) |
| Defendants. | ) |

### MOTION TO CONTINUE

Comes now Defendant Singleton & Associates, Inc. ("Singleton & Associates") and moves this Court for entry of an Order rescheduling the trial of this case, currently set for July 9, 2007. In support thereof, Defendant shows as follows.

1.      After the filing of the original Complaint on or about October 31, 2005, Singleton & Associates contacted its commercial general liability ("CGL") carrier, Liberty Mutual, to request a defense under the Liberty Mutual CGL policy insuring Singleton & Associates. Said request was denied on the grounds that the allegations in the Complaint, involving a business dispute over a real estate investment, did not trigger potential coverage.

2.      On or about March 1, 2007, Plaintiffs filed their Second Amended Complaint. Thereafter, counsel for Singleton & Associates requested that Liberty Mutual reconsider its refusal to provide a defense given that the Second Amended Complaint raised allegations for the first time that triggered potential coverage under the policy. Liberty Mutual agreed to provide a defense under a reservation of rights and retained the undersigned attorneys from the firm of Spain & Gillon to provide such defense.

3.      The undersigned are entering their notice of appearance on June 13, 2007, having

1

been notified of this action and the July 9, 2007 trial setting only in the past week. Similarly, based on the allegations in the original Complaint, Liberty Mutual was not aware of any possible duty to defend its insured until after the filing of the Second Amended Complaint on or about March 1, 2007. Understandably, additional time was necessary for Liberty Mutual to reach the decision to provide a defense.

4.    The undersigned and a representative of Liberty Mutual appeared in good faith at the Court-ordered mediation in this case on June 12, 2007, along with the other Defendants and their counsel. Said mediation concluded without resolving the claims against Singleton & Associates.

5.    Setting aside the undersigned's lack of time to familiarize themselves with the case, the case is clearly not ready for trial. The Defendants' pre-existing written discovery requests have not been fully responded to by Plaintiffs, and as such Defendants have not been in a position to properly and adequately depose Plaintiffs' representatives. Given that this is a highly complex real estate investment case involving difficult and esoteric matters of finance, accounting, and federal tax law, it would not be in the interests of the Court or the parties to proceed to trial before the completion of discovery.

6.    Allowing the July 9 trial date to stand will cause severe prejudice to Singleton & Associates and its CGL carrier, Liberty Mutual, in that they will be unable to properly defend the claims against Singleton & Associates in this highly complex litigation.

7.    Counsel for all other Defendants do not oppose this Motion.

8.    No previous continuances have been entered.

WHEREFORE, PREMISES CONSIDERED, Singleton & Associates requests this Court to enter an Order continuing the trial of this case.

2

Respectfully submitted,

s/ Thomas S. Hiley
Eugene P. Stutts - STU003
Thomas S. Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

## ORAL ARGUMENT REQUESTED

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
         tsh@spain-gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **June 13, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

s/ Thomas S. Hiley
Of Counsel

3



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  THOMAS HILEY
     tsh@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/13/2007 4:28:32 PM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Notice Date:     6/13/2007 4:28:32 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/13/2007 4:28:32 PM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Notice Date:      6/13/2007 4:28:32 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:   COHAN MICHAEL JOSEPH
        mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/13/2007 4:28:32 PM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:        6/13/2007 4:28:32 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  FOX ALVIN L JRPECK
     pfox@mcg-mont.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 6/13/2007 4:28:32 PM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:     6/13/2007 4:28:32 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/13/2007 4:28:32 PM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:      6/13/2007 4:28:32 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HOLTON MICHAEL GUY
gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 6/13/2007 4:28:32 PM

#### D004 SINGLETON R TIMOTHY
#### MOTION TO CONTINUE

[Attorney: HILEY THOMAS S]

Notice Date:     6/13/2007 4:28:32 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 6/13/2007 4:28:32 PM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:        6/13/2007 4:28:32 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| **STATE OF ALABAMA**<br>Unified Judicial System<br><br>03-MONTGOMERY | Revised 2/14/05<br><br>☐ District Court  ☑ Circuit Court | **Case**<br><br>CV200 | ELECTRONICALLY FILED<br>6/15/2007 11:20 AM<br>CV-2005-002795.00<br>CIRCUIT COURT OF<br>MONTGOMERY COUNTY, ALABAMA<br>MELISSA RITTENOUR, CLERK |
|---|---|---|---|

| KEYCORP INVESTMENT LIMITED ET AL VS<br>VILLAGE MANOR INC ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D004 - SINGLETON R TIMOTHY |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>THOMAS HILEY<br>2117 SECOND AVENUE NORTH<br>BIRMINGHAM, AL 35203<br><br>*Attorney Bar No.:* HIL047 | ☐ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☑ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| | ☐ Extension of Time |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| ☐ Other _____ | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| pursuant to Rule ____  ($50.00) | ☐ New Trial |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| ☐ Local Court Costs $ _____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule ____  (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>6/15/2007 11:19:53 AM | Signature of Attorney or Party:<br>/s THOMAS HILEY |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
6/15/2007 11:20 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: CV-05-2795 |
| | ) |
| VILLAGE MANOR, INC., et al. | ) |
| | ) |
| Defendants. | ) |

### SUPPLEMENT TO MOTION TO CONTINUE

Comes now Defendant Singleton & Associates, Inc.  ("Singleton & Associates") and supplements its June 13, 2007 Motion to Continue to inform the Court that Plaintiffs do not oppose the requested continuance of the trial of this case from its current setting of July 9, 2007.


WHEREFORE, PREMISES CONSIDERED, Singleton & Associates requests this Court to enter an Order continuing the trial of this case.


Respectfully submitted,


s/ Thomas S. Hiley
Eugene P. Stutts - STU003
Thomas S. Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

1

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
          tsh@spain-gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **June 15, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N.  McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

s/ Thomas S.  Hiley
Of Counsel

2



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  THOMAS HILEY
     tsh@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:      6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: ABELL WILLIAM K
wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:        6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:      6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: FOX ALVIN L JRPECK
pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

Notice Date:     6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Notice Date:        6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Notice Date:     6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Notice Date:      6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 6/15/2007 11:20:28 AM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Notice Date:      6/15/2007 11:20:28 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

LAW OFFICES

# RUSHTON, STAKELY, JOHNSTON & GARRETT

A PROFESSIONAL ASSOCIATION

184 COMMERCE STREET

MONTGOMERY, ALABAMA  36104

Mailing Address:
Post Office Box 270
Montgomery, Alabama  36101-0270

Telephone: (334) 206-3100
Facsimile: (334) 262-6277

Charles A. Stakely
J. Theodore Jackson, Jr.
James W. Garrett, Jr.
Robert A. Huffaker
Thomas H. Keene
Richard B. Garrett
Jeffrey W. Blitz
Dennis R. Bailey
Ronald G. Davenport
Fred W. Tyson
Robert C. Brock
F. Chadwick Morriss
T. Kent Garrett
Frank J. Stakely
William S. Haynes
Helen Crump Wells
Paul M. James, Jr.

Chris S. Simmons
Robert C. Ward, Jr.
Bowdy J. Brown
Daniel L. Lindsey, Jr.
Patrick M. Shegon
Benjamin C. Wilson
L. Peyton Chapman
William J. Eskridge
Alan T. Hargrove, Jr.
R. Austin Huffaker, Jr.
Richard L. McBride, Jr.
R. Mac Freeman, Jr.
James Dickens, Jr.
R. Brett Garrett
Bethany L. Bolger
T. Grant Sexton

Of Counsel:
Jesse M. Williams, III

June 18, 2007

Hon. Charles Price
Montgomery County Courthouse
251 S. Lawrence Street
Montgomery, Alabama  36104

    **RE:**   ***Keycorp Investment, et al v. Village Manor, Inc., et al.
CV 05-002795***

Dear Judge Price:

      The Court issued an order in this case requiring that the case be mediated.  I was selected as the mediator and I held two (2) sessions of mediation.  The latest session was held on June 12, 2007.  Some but not all of the claims settled in that mediation.  There are still many claims pending, which I think may still have a chance for resolution by mediation.

      I understand that the case is set for trial on July 9th, but I further understand that there may be continuance motions.  I believe that I can still render assistance toward resolution as a mediator and I would certainly endeavor to close the remainder of the claims in mediation.

                    Respectfully submitted,

                    James W. Garrett, Jr.

JG/ds

Cc:    David Henderson, Esq.
        Spence Singleton, Esq.
        Bobby McGehee, Esq.
        John Somerset, Esq.
        Peck Fox, Esq.

ELECTRONICALLY FILED
6/19/2007 10:52 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KEYCORP INVESTMENT LIMITED P | ) | |
| VILLAGE MANOR LIMITED | ) | |
| CLEVELAND APARTMENTS LP | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | **Case No.:**  03-CV-2005-002795.00 |
| | ) | |
| VILLAGE MANOR INC | ) | |
| CLEVELAND DEVELOPMENT INC | ) | |
| SOUTHEASTERN LIHTC MANAGEMEN | ) | |
| SINGLETON R TIMOTHY | ) | |
| BROOKS JEFFERY D | ) | |
| KERSHAW GEORGE | ) | |
| DEAROLF RONALD E | ) | |
| SINGLETON & ASSOCIATES, INC. | ) | |
| Defendants | ) | |

## <u>ORDER</u>

MOTION TO CONTINUE filed by BROOKS JEFFERY D is hereby GRANTED.

DONE this 19th day of June, 2007

/s CHARLES PRICE

CIRCUIT JUDGE



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: ABELL WILLIAM K
wabell@samvpc.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

#### D005 BROOKS JEFFERY D
#### MOTION TO CONTINUE
[Attorney: SOMERSET JOHN S]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     6/19/2007 10:52:47 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

**03-CV-2005-002795.00**

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

### D005 BROOKS JEFFERY D
### MOTION TO CONTINUE

[Attorney: SOMERSET JOHN S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 6/19/2007 10:52:47 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  FOX ALVIN L JRPECK
     pfox@mcg-mont.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

### D005 BROOKS JEFFERY D
### MOTION TO CONTINUE

[Attorney: SOMERSET JOHN S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 6/19/2007 10:52:47 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

**D005 BROOKS JEFFERY D**

**MOTION TO CONTINUE**

[Attorney: SOMERSET JOHN S]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     6/19/2007 10:52:47 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

### D005 BROOKS JEFFERY D
### MOTION TO CONTINUE

[Attorney: SOMERSET JOHN S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 6/19/2007 10:52:47 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HOLTON MICHAEL GUY
gholtonattorney@hughes.net

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

### D005 BROOKS JEFFERY D
### MOTION TO CONTINUE

[Attorney: SOMERSET JOHN S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 6/19/2007 10:52:47 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

### D005 BROOKS JEFFERY D
### MOTION TO CONTINUE

[Attorney: SOMERSET JOHN S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 6/19/2007 10:52:47 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: STUTTS EUGENE P
eps@spain-gillon.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:52:47 AM

**D005 BROOKS JEFFERY D**

**MOTION TO CONTINUE**

[Attorney: SOMERSET JOHN S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 6/19/2007 10:52:47 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
6/19/2007 10:55 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| KEYCORP INVESTMENT LIMITED P | ) |
| VILLAGE MANOR LIMITED | ) |
| CLEVELAND APARTMENTS LP | ) |
|                Plaintiffs | ) |
| | ) |
|        v. | )    **Case No.:**  03-CV-2005-002795.00 |
| | ) |
| VILLAGE MANOR INC | ) |
| CLEVELAND DEVELOPMENT INC | ) |
| SOUTHEASTERN LIHTC MANAGEMEN | ) |
| SINGLETON R TIMOTHY | ) |
| BROOKS JEFFERY D | ) |
| KERSHAW GEORGE | ) |
| DEAROLF RONALD E | ) |
| SINGLETON & ASSOCIATES, INC. | ) |
|             Defendants | ) |

## <u>ORDER</u>

MOTION TO CONTINUE filed by SINGLETON R TIMOTHY is hereby GRANTED.

DONE this 19th day of June, 2007

/s CHARLES PRICE
_____

CIRCUIT JUDGE



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:55:49 AM

### D004 SINGLETON R TIMOTHY
### MOTION TO CONTINUE
[Attorney: HILEY THOMAS S]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     6/19/2007 10:55:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:55:49 AM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |
| Notice Date: | 6/19/2007 10:55:49 AM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  FOX ALVIN L JRPECK
     pfox@mcg-mont.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:55:49 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Disposition:    GRANTED
Judge:          CNP

Notice Date:    6/19/2007 10:55:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

**03-CV-2005-002795.00**

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:55:49 AM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Disposition:   GRANTED
Judge:         CNP

Notice Date:   6/19/2007 10:55:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: HILEY THOMAS S
   tsh@spain-gillon.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:55:49 AM

**D004 SINGLETON R TIMOTHY**
**MOTION TO CONTINUE**
[Attorney: HILEY THOMAS S]

| | |
|---|---|
| Disposition: | GRANTED |
| Judge: | CNP |

Notice Date:    6/19/2007 10:55:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:   HOLTON MICHAEL GUY
       gholtonattorney@hughes.net

---

# NOTICE OF COURT ACTION

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 6/19/2007 10:55:49 AM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     6/19/2007 10:55:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:55:49 AM

**D004 SINGLETON R TIMOTHY**

**MOTION TO CONTINUE**

[Attorney: HILEY THOMAS S]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     6/19/2007 10:55:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  STUTTS EUGENE P
eps@spain-gillon.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 6/19/2007 10:55:49 AM

### D004 SINGLETON R TIMOTHY
### MOTION TO CONTINUE
[Attorney: HILEY THOMAS S]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     6/19/2007 10:55:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

2007 JUN 20  AM 9: 08

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

Key Corp., et al.,
      Plaintiff (s),

vs.                                                      CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
      Defendant (s).

## ORDER

This cause having come before the Court for scheduling, the same having been

considered, it is hereby **ORDERED, ADJUDGED, and DECREED** that this action is

SET for **Jury Trial** on 1/28/2008 at 9:00 a.m. in Courtroom 4C.

**IT IS FURTHER ORDERED** that the following cut-offs dates are hereby

established:

> **Expert Witnesses** are to be exchanged four (4) weeks prior to trial date.
> **Discovery** is to be completed four (4) weeks prior to trial date.
> **Motions, Objections to Exhibits** are to be filed two (2) weeks prior to trial date.
> **Witness Lists** must be exchanged four (4) weeks prior to trial date.
> **Exhibits** must be exchanged five (5) weeks prior to trial date.

> **A Pre-Trial Hearing** is SET for 12/10/2007 at 8:30 a.m.

Counsel for each party shall jointly prepare a pretrial order in substantial

compliance with the matters set out in Rule 16 ARCP, and submit it to the Court on the

date herein above set for the pretrial conference.

Done this the 19 JUN 2007.

_____
CHARLES PRICE, Circuit Judge

cc:    Michael Cohan, David Henderson
       William K. Abell
       Thomas Hiley; Eugene Stutts

Peck Fox
John S. Somerset
Michael G. Holton



ELECTRONICALLY FILED
7/17/2007 4:51 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND XIII, GP, INC., and WENTWOOD HOUSING FUND, XV, GP, INC., ITS GENERAL PARTNERS, )<br><br>Plaintiffs, )<br><br>-vs- )<br><br>VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, SINGLETON AND ASOSCIATES, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED, )<br><br>Defendants. ) | Case No. CV-2005-2795 |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of KeyCorp Investment Limited Partnership, III, Village Manor, Ltd.:

- Unsigned Plaintiffs' Responses to Defendants' First Set of Consolidated Discovery Requests

/s/ David W. Henderson
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

/s/Robert N. McGehee, Jr.
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 17th day of July, 2007.

John W. Sudderth, Esq.
John S. Somerset, Esq.
5385 1st Avenue North
Birmingham, AL 35212

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL   35203

    /s/ David W. Henderson
Of COUNSEL



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  DAVID HENDERSON
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:      7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
    wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:       7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:     7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JR PECK
     pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:     7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:    7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:     7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:     7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
     sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:      7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  STUTTS EUGENE P
     eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following discovery was FILED on 7/17/2007 4:51:31 PM

Notice Date:    7/17/2007 4:51:31 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF CASE SETTING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]

| | |
|---|---|
| Hearing Date: | 08/23/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | |

Notice Date:  8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF CASE SETTING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Hearing Date:     08/23/2007
Hearing Time:     08:30:00 AM
Location:

Notice Date:      8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  FOX ALVIN L JR PECK
pfox@mcg-mont.com

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]

Hearing Date:     08/23/2007
Hearing Time:     08:30:00 AM
Location:

Notice Date:      8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Hearing Date:    08/23/2007
Hearing Time:    08:30:00 AM
Location:

Notice Date:    8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HILEY THOMAS S
      tsh@spain-gillon.com

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

| | |
|---|---|
| Hearing Date: | 08/23/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | |

Notice Date:    8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
gholtonattorney@hughes.net

---

# NOTICE OF CASE SETTING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]

Hearing Date:     08/23/2007
Hearing Time:     08:30:00 AM
Location:

Notice Date:      8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Hearing Date:     08/23/2007
Hearing Time:     08:30:00 AM
Location:

Notice Date:      8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



## AlaFile E-Notice

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: STUTTS EUGENE P
eps@spain-gillon.com

---

# NOTICE OF CASE SETTING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]

Hearing Date:     08/23/2007
Hearing Time:     08:30:00 AM
Location:

Notice Date:      8/1/2007 10:41:45 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

**STATE OF ALABAMA**
Unified Judicial System

Revised 2/14/05

03-MONTGOMERY

☐ District Court    ☑ Circuit Court

**Case**

CV200

ELECTRONICALLY FILED
7/18/2007 4:20 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

KEYCORP INVESTMENT LIMITED ET AL VS
VILLAGE MANOR INC ET AL

**CIVIL MOTION COVER SHEET**

*Name of Filing Party:* D008 - SINGLETON & ASSOCIATES, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

EUGENE STUTTS
2117 2ND AVE N
BIRMINGHAM, AL 35203

*Attorney Bar No.:* STU003

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| ☐ Other _____ | ☑ More Definite Statement |
| pursuant to Rule _____ ($50.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| ☐ Local Court Costs $ _____ | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 7/18/2007 4:19:37 PM | Signature of Attorney or Party: /s EUGENE STUTTS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
7/18/2007 4:20 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **KEYCORP INVESTMENT, LTD. III,** et al., | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO: CV-05-2795** |
| | ) | |
| **VILLAGE MANOR, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MOTION FOR MORE DEFINITE STATEMENT**</u>

Comes now Defendant Singleton & Associates, Inc. ("Singleton & Associates"), and, pursuant to Rule 12(e), Ala. R. Civ. P., moves this Court for an order directing the Plaintiffs to file a more definite statement as to the fraud claims in the Second Amended Complaint. In support thereof, Singleton & Associates shows as follows.

1.     As currently stated, the Complaint does not meet the pleading requirements of Rule 9(b), Ala. R. Civ. P., with regard to the fraud claims alleged. The Complaint's "Count One: Fraud (Reckless and Intentional Misrepresentation)" alleges that Defendant Singleton & Associates, among other Defendants, made fraudulent misrepresentations to Plaintiffs. The count reads, in pertinent part, as follows:

> Defendants Village Manor, Southeastern, Associates and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Village Manor, Ltd. regarding the management of the Village Manor Property and the Village Manor Partnership. Furthermore, Defendants Village Manor, Southeastern, Associates and Singleton made material representations to the Plaintiffs concerning the state of the Village Manor Partnership and the Village Manor Property. When these Defendants made the representations, they knew they were false, or made the representations recklessly without knowledge or regard for the truth. These Defendants intended the Plaintiffs to continue to act on and trust their representations. Plaintiffs KCILP III and Village Manor, Ltd., in fact, did rely on Defendants' representations

1

regarding the financial state of the Partnership and the Property, which proximately caused the damages more fully described herein.

(Complaint at ¶ 31). There is no detail in the foregoing excerpt or elsewhere in the Complaint as to the content of the misrepresentations, when and where they were made, to whom, and even specifically by whom. Under Rule 9(b), averments of fraud must be plead with particularity. The pleading "must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." See Rule 9 Committee Comments. As plead, Count One does not put Singleton & Associates on sufficient notice as to the nature of the claim. See Caron v. Teagle, 345 So.2d 1331 (Ala. 1977)(purpose of Rule 9(b) is to give fair notice to the opposing party).

2.    Counts Two through Ten allege other various forms of fraud against Singleton & Associates. Specifically, they are titled as follows: "Count Two: Fraud (Innocent Misrepresentation)"; "Count Three: Fraud (Willful and Wanton Misrepresentation)"; "Count Four: Fraud (Deceit)"; "Count Five: Fraud (Suppression)"; "Count Six: Fraud (Reckless and Intentional Misrepresentation)"; "Count Seven: Fraud (Innocent Misrepresentation)"; "Count Eight: Fraud (Willful and Wanton Misrepresentation)"; "Count Nine: Fraud (Deceit)"; and Count Ten: Fraud (Suppression)". These counts merely incorporate the factual allegations in the preceding paragraphs and do not add any detail beyond that quoted above regarding the time, place, or contents of the alleged misrepresentations or suppressions. This is not sufficient to meet the specificity requirements of Rule 9(b). See Lyde v. United Ins. Co. of Am., 628 So.2d 665 (Ala. Civ. App. 1993)(Pleader must use more than generalized or conclusory statements when setting out the allegations of fraud; he must state the place, the time, the contents of the false misrepresentations,

2

the fact misrepresented, and an identification of what has been obtained).

WHEREFORE, PREMISES CONSIDERED, Singleton & Associates requests this Court to enter an Order directing Plaintiffs to file a more definite statement as to counts One through Ten of the Second Amended Complaint.

Respectfully submitted,

s/ Eugene P. Stutts
Eugene P. Stutts - STU003
Thomas S. Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**
SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
        tsh@spain-gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **July 18, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

s/ Eugene P. Stutts
Of Counsel

3



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  EUGENE STUTTS
     eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]


Notice Date:     7/18/2007 4:20:26 PM


**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Notice Date:     7/18/2007 4:20:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]

Notice Date:      7/18/2007 4:20:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:   FOX ALVIN L JR PECK
      pfox@mcg-mont.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]

Notice Date:      7/18/2007 4:20:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
    dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Notice Date:     7/18/2007 4:20:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: HILEY THOMAS S
tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION FOR MORE DEFINITE STATEMENT**
[Attorney: STUTTS EUGENE P]

Notice Date:     7/18/2007 4:20:26 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Notice Date:       7/18/2007 4:20:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: SOMERSET JOHN S
sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Notice Date:    7/18/2007 4:20:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: STUTTS EUGENE P
eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 7/18/2007 4:20:26 PM

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION FOR MORE DEFINITE STATEMENT**

[Attorney: STUTTS EUGENE P]

Notice Date:     7/18/2007 4:20:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
8/7/2007 10:33 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) **CIVIL ACTION NO: CV-05-2795** |
| VILLAGE MANOR, INC., et al. | ) ) |
| Defendants. | ) |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days, the Defendant, Singleton &

Associates, will apply to the Clerk of this Court for issuance of the attached subpoena directed to the

undersigned, to produce the documents or things at the time and place specified on the subpoena.

TO:    **Internal Revenue Service
P.O. Box 332
Attention:  LIHC Unit, DP  607 South
Philadelphia Campus
Bensalem, PA  19020**

Respectfully submitted,

s/ Thomas S.  Hiley
Eugene P.  Stutts - STU003
Thomas S.  Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
          tsh@spain-gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 7, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

/s/ Thomas S. Hiley
Of Counsel

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) **CIVIL ACTION NO: CV-05-2795** ) |
| VILLAGE MANOR, INC., et al. | ) ) |
| **Defendants.** | ) |

**REQUEST FOR PRODUCTION OF DOCUMENTS**
**FROM A NON-PARTY UNDER RULE 45**

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45 OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Internal Revenue Service**
**P.O. Box 332**
**Attention:  LIHC Unit, DP  607 South**
**Philadelphia Campus**
**Bensalem, PA  19020**

This the _____ day of _____, 2007.

_____
CLERK

**TO:    CUSTODIAN OF RECORDS**

You are hereby commanded to do each of the following acts at the instance of the defendant within fifteen (15) days after service of this subpoena:

That you produce and permit defendant to inspect and to copy each of the following documents:

DOCUMENTS REQUESTED

Each and every IRS Form 8823 issued on the following properties since the initial allocation:

Village Manor Aparments
Birmingham, AL

Forest Grove Apartments
Cleveland, TN

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**YOU HAVE THE OPTION TO DELIVER OR MAIL LEGIBLE COPIES OF DOCUMENTS OR THINGS TO THE PARTY CAUSING THE ISSUANCE OF THIS SUBPOENA,** but you may condition such activity on your part upon payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

The defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Respectfully submitted,

s/ Thomas S. Hiley
Eugene P. Stutts - STU003
Thomas S. Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Direct line: (205) 328-4100

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this Subpoena to the within named on this the _____ day of _____, 2007.


_____
Sheriff or Other Authorized Person



**AlaFile E-Notice**

03-CV-2005-002795.00

To: EUGENE STUTTS
eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:       8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:      8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:     8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JR PECK
     pfox@mcg-mont.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:     8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
      dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:      8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HILEY THOMAS S
      tsh@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:     8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:     8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
     sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:       8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: STUTTS EUGENE P
eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 10:33:49 AM

Notice Date:     8/7/2007 10:33:49 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
8/7/2007 2:37 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )    CIVIL ACTION NO:  CV-05-2795 |
| VILLAGE MANOR, INC., et al. | ) ) ) |
| Defendants. | ) ) |

### NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days, the Defendant, Singleton & Associates, will apply to the Clerk of this Court for issuance of the attached subpoena directed to the undersigned, to produce the documents or things at the time and place specified on the subpoena.

TO:    **Alabama Housing Finance Authority
2000 Interstate Park Drive, Ste 408
Montgomery, AL  36109**

Respectfully submitted,

s/ Thomas S.  Hiley
Eugene P.  Stutts - STU003
Thomas S.  Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
           tsh@spain-gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 7, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N.  McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

/s/ Thomas S.  Hiley
Of Counsel

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO: CV-05-2795 |
| | ) |
| VILLAGE MANOR, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**REQUEST FOR PRODUCTION OF DOCUMENTS**
**FROM A NON-PARTY UNDER RULE 45**

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45 OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Alabama Housing Finance Authority**
**2000 Interstate Park Drive, Ste 408**
**Montgomery, AL 36109**

This the _____ day of _____, 2007.

                                        _____
                                        CLERK

**TO:    CUSTODIAN OF RECORDS**

    You are hereby commanded to do each of the following acts at the instance of the defendant within fifteen (15) days after service of this subpoena:

    That you produce and permit defendant to inspect and to copy each of the following documents:

    DOCUMENTS REQUESTED

    Each and every IRS Form 8823 issued on the following properties since the initial allocation:

    Village Manor Aparments
    Birmingham, AL

    Forest Grove Apartments
    Cleveland, TN

    Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

    You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

    **YOU HAVE THE OPTION TO DELIVER OR MAIL LEGIBLE COPIES OF DOCUMENTS OR THINGS TO THE PARTY CAUSING THE ISSUANCE OF THIS**

**SUBPOENA**, but you may condition such activity on your part upon payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

The defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Respectfully submitted,

s/ Thomas S. Hiley
Eugene P. Stutts - STU003
Thomas S. Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Direct line: (205) 328-4100

## RETURN ON SERVICE

I certify that I personally delivered a copy of this Subpoena to the within named on this the

_____ day of _____, 2007.

_____
Sheriff or Other Authorized Person



**AlaFile E-Notice**

03-CV-2005-002795.00

To: EUGENE STUTTS
eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:        8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
    wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:     8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:     8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JR PECK
pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:     8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
      dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:      8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:    8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
        gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:        8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:     8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  STUTTS EUGENE P
     eps@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:40:27 PM

Notice Date:      8/7/2007 2:40:27 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

ELECTRONICALLY FILED
8/7/2007 2:40 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**IN THE CIRCUIT COURT FOR MONTGOMERY COUN**[TY]

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  CIVIL ACTION NO:  CV-05-2795 |
| VILLAGE MANOR, INC., et al. | ) ) ) |
| Defendants. | ) ) |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Please take notice that upon the expiration of fifteen (15) days, the Defendant, Singleton & Associates, will apply to the Clerk of this Court for issuance of the attached subpoena directed to the undersigned, to produce the documents or things at the time and place specified on the subpoena.

TO:    **Tennessee Housing Development Agency
404 James Robertson Parkway, Ste 1114
Nashville, TN  37243-0900**

Respectfully submitted,

s/ Thomas S.  Hiley
Eugene P.  Stutts - STU003
Thomas S.  Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
       tsh@spain-gillon.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 7, 2007,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

/s/ Thomas S. Hiley
Of Counsel

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III,<br>et al., | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )    CIVIL ACTION NO: CV-05-2795 |
| | ) |
| VILLAGE MANOR, INC., et al. | ) |
| | ) |
| **Defendants.** | ) |

<u>REQUEST FOR PRODUCTION OF DOCUMENTS</u>
<u>FROM A NON-PARTY UNDER RULE 45</u>

TO ANY SHERIFF OR ANY OTHER PERSON AUTHORIZED BY RULE 45 OF THE ALABAMA RULES OF CIVIL PROCEDURE TO EFFECT SERVICE IN THE STATE OF ALABAMA:

You are hereby commanded to serve this notice upon:

**Tennessee Housing Development Agency**
**404 James Robertson Pkwy, Ste 1114**
**Nashville, TN  37243-0900**

This the _____ day of _____, 2007.

_____
CLERK

**TO:    CUSTODIAN OF RECORDS**

You are hereby commanded to do each of the following acts at the instance of the defendant within fifteen (15) days after service of this subpoena:

That you produce and permit defendant to inspect and to copy each of the following documents:

<u>DOCUMENTS REQUESTED</u>

Each and every IRS Form 8823 issued on the following properties since the initial allocation:

Village Manor Aparments
Birmingham, AL

Forest Grove Apartments
Cleveland, TN

Such production and inspection is to take place at the place where the documents or things are regularly kept or at some other reasonable place designated by you.

You are further advised that other parties to the action in which this subpoena has been issued have the right to be present at the time of such production or inspection.

**<u>YOU HAVE THE OPTION TO DELIVER OR MAIL LEGIBLE COPIES OF</u>**
**<u>DOCUMENTS OR THINGS TO THE PARTY CAUSING THE ISSUANCE OF THIS</u>**

**SUBPOENA**, but you may condition such activity on your part upon payment in advance by the party causing the issuance of this subpoena of the reasonable costs of the making of such copies.

The defendant agrees to pay all reasonable expenses incurred by you at the aforementioned time and place.

You have the right to object at any time prior to the date set forth in this subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of this subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

Respectfully submitted,

s/ Thomas S. Hiley
Eugene P. Stutts - STU003
Thomas S. Hiley - HIL047
Attorneys for Defendant
Singleton & Associates, Inc.

**OF COUNSEL:**
SPAIN & GILLON, L.L.C.
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Direct line: (205) 328-4100

## RETURN ON SERVICE

I certify that I personally delivered a copy of this Subpoena to the within named on this the

_____ day of _____, 2007.

_____
Sheriff or Other Authorized Person



**AlaFile E-Notice**

03-CV-2005-002795.00

To: EUGENE STUTTS
eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:     8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:     8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:        8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JR PECK
pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:      8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:      8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:      8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: HOLTON MICHAEL GUY
    gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:     8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
     sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:      8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  STUTTS EUGENE P
     eps@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following 22 was FILED on 8/7/2007 2:37:52 PM

Notice Date:     8/7/2007 2:37:52 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| **STATE OF ALABAMA**<br>Unified Judicial System | Revised 2/14/05 | **Case** | **ELECTRONICALLY FILED**<br>10/9/2007 2:54 PM<br>CV-2005-002795.00 |
|---|---|---|---|
| 03-MONTGOMERY | ☐ District Court ☑ Circuit Court | CV200 | CIRCUIT COURT OF<br>MONTGOMERY COUNTY, ALABAMA<br>MELISSA RITTENOUR, CLERK |

| KEYCORP INVESTMENT LIMITED ET AL VS<br>VILLAGE MANOR INC ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D008 - SINGLETON & ASSOCIATES, INC. |
|---|---|

| *Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*<br>THOMAS HILEY<br>2117 SECOND AVENUE NORTH<br>BIRMINGHAM, AL 35203<br>*Attorney Bar No.:* HIL047 | ☑ Oral Arguments Requested |
|---|---|

## TYPE OF MOTION

| **Motions Requiring Fee** | **Motions Not Requiring Fee** |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☑ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Exstension of Time |
| | ☐ In Limine |
| ☐ Other _____ | ☐ Joinder |
| pursuant to Rule _____ ($50.00) | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| ☐ Local Court Costs $ _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

| Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship ☐ | Date:<br>10/9/2007 2:49:55 PM | Signature of Attomey or Party:<br>/s THOMAS HILEY |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
10/9/2007 2:54 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT FOR MONTGOMERY COU[

| | | |
|---|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO: CV-05-2795 |
| VILLAGE MANOR, INC., et al. | ) ) ) | SET FOR ORAL ARGUMENT OCT. 30, 2007 - 8:30 A.M. |
| Defendants. | ) | |

## MOTION TO COMPEL SUPPLEMENTAL RESPONSES TO DEFENDANTS' FIRST SET OF CONSOLIDATED DISCOVERY REQUESTS

COME NOW the Defendants Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; R. Timothy Singleton; and Singleton & Associates, Inc. (collectively, "Defendants"), and, pursuant to Rule 37(a)(2), Ala. R. Civ. P., move this Court to compel the Plaintiffs to supplement their responses to Defendants' First Set of Consolidated Discovery Requests. In support thereof, Defendants state as follows.

1.      This case, originally filed Oct. 31, 2005, involves a complicated set of allegations against Defendants regarding their management of two low-income housing tax credit (LIHTC) apartment complexes in Alabama and Tennessee. The most recent version of the Complaint, filed September 24, 2007, includes twelve claims for fraud, breach of fiduciary duty, conversion, breach of contract, and negligence/wantonness. Plaintiffs allege, among other things, that the properties were not maintained so as to qualify for federal tax credits, that the Defendants fraudulently suppressed the true financial status of the properties, and that Defendants made unauthorized distributions to themselves in violation of controlling partnership agreements. These allegations involve highly complex issues of accounting, finance, and federal tax credit law. It is essential that

1

Defendants be provided with appropriate responses to their reasonable discovery requests in order to properly defend the case.

2.    On or about June 12, 2007, Defendants served their First Set of Consolidated Discovery Requests to Plaintiffs.

3.    On or about August 6, 2007, Plaintiffs served their response to same.

4.    On September 4, 2007, Defendants' counsel sent a letter to Plaintiffs' counsel requesting supplementation of certain of the discovery requests by September 18, 2007 in order to avoid the need for a motion to compel. (See letter attached hereto as Ex. A).

5.    Defendants' counsel and Plaintiffs' counsel conferred by telephone shortly thereafter. It was agreed that the date to supplement the discovery requests would be extended from September 18, 2007 to October 2, 2007.

6.    Plaintiffs failed to respond to the supplementation request by the extended deadline and to date have made no further communication regarding the supplementation request.

7.    Defendants respectfully request that the Court order supplementation of the below discovery responses.

## RELEVANT DISCOVERY REQUESTS AND RESPONSES

3.    Please list each and every real property which is currently managed by the Plaintiffs or their affiliates and/or subsidiaries, individually or jointly.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Westlake Housing, LP currently manages Forest Grove

2

Apartments. Village Manor Apartments were sold in 2006.

<u>Reason Why Response Is Improper:</u>  There are simply no credible grounds to assert that providing the list of properties requested is "burdensome". Moreover, Defendants clearly have the right to request it through discovery. <u>See Ex parte DCH Regional Medical Center</u>, 683 So.2d 409 (Ala. 1996)(under Rule 26, Ala. R. Civ. P., a party is entitled to a broad right of discovery unless the information sought is shown to be irrelevant or privileged).  This case concerns alleged fraudulent misrepresentations and suppression of financial information by Defendants as to real estate properties in which Plaintiffs held an interest.  Reasonable reliance on an alleged fraudulent statement is a required element in a valid fraud claim. <u>See Torres v. State Farm Fire & Cas. Co.</u>, 438 So.2d 757, 759 (Ala. 1983).  Thus, if nothing else, Defendants have the right to explore Plaintiffs' acumen in the field of low income housing tax credit (LIHTC) property management in order to develop the defense that Plaintiffs did not in fact reasonably rely on the alleged misrepresentations.


4.    Please list each and every real property, which in the last ten years, is or has been owned and/or managed by Plaintiffs of any subsidiary or affiliate thereof, individually or jointly, including in your response the name, address, and telephone number of each respective owner.

<u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Reason Why Response Is Improper:</u>  This response is improper for the same reasons cited as to the response to Request no. 3 above.

3

5.    Please produce legible copies of all profit and loss statements for the last ten years to present for the properties listed in Interrogatory 4 herein.

<u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, copies of profit and loss statements for Cleveland Apartments, LP for 2005 and 2006 will be produced. The original profit and loss statements for Cleveland Apartments, LP and Village Manor, Ltd. prior to 2005 are in the possession of, and were previously produced to Plaintiffs by Defendants.

<u>Reason Why Response Is Improper:</u> First, it is not a proper objection to an appropriate discovery request that the information sought is in the possession of the questioning party. <u>See</u> <u>Dorsey Trailers,</u> 397 So.2d at 106-107 ("A claim that much of the information sought by a defendant is in defendant's possession, if true, has no bearing on an otherwise appropriate discovery request."). Defendants must be certain that they have full and accurate copies of these materials. Second, Defendants are entitled to this information in order to evaluate, by expert if necessary, the damages alleged in the Complaint. The request encompasses "the last ten years" because the allegations of the Complaint concern the same period, beginning with the execution of the relevant Village Manor and Forest Grove partnership agreements on March 21, 1997 and December 10, 1996, respectively. (<u>See</u> Third Amended Complaint at ¶ 11, 13).

6.    Please state the name and address of each property owned, operated and/or managed in the last ten years by any of the Plaintiffs and/or their subsidiaries or affiliates or general partners

4

in the above-styled cause of action, which have been condemned, declared in default, "boarded up", closed, and/or considered in non-compliance by any allocating agency of any state or federal government.

Response:   Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Reason Why Response Is Improper:   This response is improper for the same reasons cited as to the response to Request no. 3 above.  The first two counts of the Third Amended Complaint allege that Plaintiffs relied to their detriment on fraudulent misrepresentations and/or suppressions by Defendants. This request goes, at minimum, to the reliance element of said fraud claims.  Put differently, Defendants are entitled to seek information that may lead to evidence that Plaintiffs did not in fact reasonably rely on the alleged misstatements and/or suppressions.

7.   Please state which properties, if any, included in the response to Interrogatory 4 herein were properties wherein LIHTC (low income housing tax credits) were allowed pursuant to the Internal Revenue Code.

Response:   Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Reason Why Response Is Improper:   It is disingenuous to dismiss this request with a canned objection that the mere identification of which properties on a list are LIHTC properties is "burdensome" or "overly broad". This response does not satisfy the requirement that "[o]bjections

5

to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". <u>Dorsey Trailers</u>, 397 So.2d at 104.  At minimum, this request goes to the reasonable reliance element of the two fraud counts in the Third Amended Complaint, counts that allege misrepresentations and suppressions as to financial reporting of the status of LIHTC properties. Defendants are entitled to explore the Plaintiffs' experience in receiving such reporting on Plaintiff's other properties to evaluate whether Plaintiffs were in fact deceived as alleged with respect to the Village Manor and Forest Grove properties.

8.    Please state, with specificity, all damage(s) to the properties made the basis of this suit and alleged by Plaintiffs to have been so caused by Defendants, including in your answer the respective real property where each such damage was incurred.

<u>Response:</u>    See Plaintiff's complaint.

<u>Reason Why Response Is Improper:</u>    This response is the equivalent of a failure to answer. <u>See</u> Rule 37(a)(3), Ala. R. Civ. P. Further, "[u]nder Rule 33, a party must give full and complete answers to interrogatories served on him by another party . . . it is undisputed that a party has a duty to provide all information available to him." <u>Dorsey Trailers</u>, 397 So.2d at 104.

9.    Please state the case number, style, and jurisdiction of any lawsuits whereby the instant Plaintiffs and/or any of their subsidiaries or affiliates, have been a party to,  in the last ten years excluding the instant cause of action.

<u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which

6

is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Reason Why Response Is Improper:</u>    Plaintiffs should not be permitted to shield themselves behind a canned, generalized objection for such a basic request. Defendants are entitled to explore the subject of recent litigation to which Plaintiffs or their subsidiaries or affiliates have been a party for information that may be admissible in the present case. "The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed." <u>Ex parte Employers Nat. Ins. Co.</u>, 539 So.2d 233, 234 (Ala. 1989)(citation omitted).

10.    Please state with specificity the effort(s), if any, made by Plaintiffs in the above-styled cause of action to mitigate their damages as alleged in the instant cause of action.

<u>Response:</u>    See Plaintiff's Complaint.

<u>Reason Why Response Is Improper:</u>   This response is the equivalent of a failure to answer. <u>See</u> Rule 37(a)(3), Ala. R. Civ. P. Further, "[u]nder Rule 33, a party must give full and complete answers to interrogatories served on him by another party . . . it is undisputed that a party has a duty to provide all information available to him." <u>Dorsey Trailers</u>, 397 So.2d at 104.

15.    Please state the names, addresses, and telephone numbers of any and all general partners who, in the last ten years, have been fired, replaced, [or] sent notices of default including in your response the respective properties which are or were managed by those general partners.

<u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objections, Cleveland Development, Inc. was removed as General Partner of Cleveland Apartments, LP and Village Manor, Inc. was removed as General Partner or Village Manor, Ltd.

<u>Reason Why Response Is Improper:</u> Defendants are entitled to explore this area to determine, among other things, the identity of potential witnesses who may testify regarding the allegations of the Complaint. Rule 26, Ala. R. Civ. P., "allows a party to discover the identity and location of persons having knowledge of any discoverable matter." <u>Dorsey Trailers</u>, 397 So.2d at 106. Thus, interrogatories seeking contact information for such persons have been held proper. <u>See</u> <u>id.</u>

16.    Please produce legible copies of any and all internal memos, emails, and/or correspondence, by and between any named party to this cause of action, which has any relation to the properties made the basis of this suit and/or the allegations and averments of Plaintiffs' Complaint or Amended Complaint in the above-styled cause of action. In the event that a claim of "privilege" is asserted in response to this Request for Production please state specifically the privilege so asserted.

<u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Reason Why Response Is Improper:</u>    The allegations of the Complaint cover the entire length of the subject partnerships' existence. Thus, the scope of this request is borne of necessity. The request is framed so as to specifically request documents pertaining to the properties that are the

8

basis of this suit. Finally, Plaintiffs' response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". <u>Dorsey Trailers</u>, 397 So.2d at 104.

21.    Please provide an itemized list of all damages alleged by Plaintiffs to have been incurred as averred in the Complaint and Amended Complaint in the above styled cause of action.

<u>Response:</u>    See Plaintiffs' Amended Complaint. Plaintiffs' damages will be further amended and itemized as discovery progresses.

<u>Reason Why Response Is Improper:</u>    This response is the equivalent of a failure to answer. <u>See</u> Rule 37(a)(3), Ala. R. Civ. P. Further, "[u]nder Rule 33, a party must give full and complete answers to interrogatories served on him by another party . . . it is undisputed that a party has a duty to provide all information available to him." <u>Dorsey Trailers</u>, 397 So.2d at 104.

23.    Please produce legible copies of all tax returns and Internal Revenue Service forms filed by all Plaintiffs and their subsidiaries and affiliates from January 1996 to present.

<u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Reason Why Response Is Improper:</u>    Defendants are entitled to explore this area for the purposes of assessing Plaintiffs' alleged damages and the request is reasonably limited as to time in that it covers the same period at issue in the Complaint. Moreover, this response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed

9

explanation of why the interrogatories are improper". <u>Dorsey Trailers</u>, 397 So.2d at 104.

24.    Please produce legible copies of any and all receipts, checks, or other drafts, which were used to purchase materials to "board up" and/or repair the properties made the basis of this suit as so alleged in Plaintiffs' Complaint.

<u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, copies of reports which were not previously produced by Defendants to Plaintiffs will be produced.

<u>Reason Why Response Is Improper:</u> Defendants are entitled to explore this area for the purposes of assessing Plaintiffs' alleged damages.  Moreover, this response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper".  <u>Dorsey Trailers</u>, 397 So.2d at 104.

25.    Please produce legible copies of any and all Articles of Organization and/or Articles of Incorporation of each and every Plaintiff, their subsidiaries and affiliates in the above styled cause of action.

<u>Response:</u>    Copies of responsive documents which were not previously produced by Defendants to Plaintiffs will be produced.

<u>Reason Why Response Is Improper:</u>    It is not a proper objection to an appropriate discovery request that the information sought is in the possession of the questioning party.  <u>See Dorsey</u>

10

Trailers, 397 So.2d at 106-107 ("A claim that much of the information sought by a defendant is in defendant's possession, if true, has no bearing on an otherwise appropriate discovery request."). Defendants must be certain that they have full and accurate copies of these materials. In any event, it is not expected that this will be a voluminous amount of documents.

31.    Please produce legible copies of any agreement, notes, memorandum, emails, and/or correspondence with, by and between any Plaintiff or any subsidiary or affiliate of any Plaintiff and Plaintiff Wentwood.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Reason Why Response Is Improper:  This case presents a complex set of facts, involving several parties and stretching over several years.  The allegations raised in the Complaint are inherently document-intensive, and Defendants have the right to seek discovery of all documents which may contain admissible information in order to prepare their defense.  Plaintiffs cannot be permitted to simply avoid this through canned, generalized objections. This response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". Dorsey Trailers, 397 So.2d at 104.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court enter an Order compelling Plaintiffs to supplement their responses to Defendants' First Set of Consolidated Discovery Requests as requested herein within a time certain.

Respectfully submitted,


s/ Eugene P. Stutts
Eugene P. Stutts (STU003)
Thomas S. Hiley (HIL047)
Attorneys for Defendants,
Village Manor, Inc.; Cleveland
Development, Inc.; Southeastern LIHTC
Management, Inc.; R. Timothy Singleton;
and Singleton & Associates, Inc.

**OF COUNSEL:**
SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: eps@spain-gillon.com
        tsh@spain-gillon.com

### ORAL ARGUMENT REQUESTED
### SET FOR HEARING OCT. 30, 2007 AT 8:30 A.M.

### CERTIFICATE OF SERVICE

I hereby certify that on **October 9, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-CM/ECF participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

s/ Eugene P. Stutts
Of Counsel

12

# EXHIBIT A

## SPAIN & GILLON, LLC

THE ZINSZER BUILDING
2117 SECOND AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-3753
(205) 328-4100 Phone
(205) 324-8866 Facsimile

EUGENE P. STUTTS
ATTORNEY AT LAW

WRITER'S DIRECT DIAL: (205) 581-6263
eps@spain-gillon.com

September 4, 2007

<u>Via Facsimile (334-263-5969) and U.S. Mail:</u>

David W. Henderson
Hill, Hill, Carter, Franco, Cole & Black, P.C.
P.O. Box 116
Montgomery, AL 36101-0116

<u>Via U.S. Mail:</u>

Robert N. McGehee, Jr.
4200 West Vickery, Suite 101
Forth Worth, TX 76107

      Re:    <u>KeyCorp v. Village Manor, et al.</u>
           **Civil Action No.:    CV 05-2795**
           Our File No.: 0491-1549

Gentlemen:

      We are in receipt of Plaintiffs' Response to Defendants' First Set of Consolidated Discovery Requests. Several of the responses, as cited below, are not in compliance with the Alabama Rules of Civil Procedure in that they are nonresponsive, evasive, incomplete, and inadequate to allow Defendants to properly prepare their defense.

      It must be observed that, pursuant to Rule 33(b), Ala. R. Civ. P., "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b)". The Alabama Supreme Court elaborated on the principles governing written discovery in <u>Ex parte Dorsey Trailers, Inc.,</u> 397 So.2d 98, 104 (Ala. 1981), as follows:

      A defendant is entitled to the factual basis of the plaintiff's claim and all facts going to prove or disprove defendant's defense.

      ...

      Under Rule 33, a party must give full and complete answers to interrogatories served on him by another party. While a party may not have a duty to search out new information, it is undisputed that a party has a duty to provide all information available to him.

      ...

      The various methods of discovery were intended to be cumulative and

complementary rather than alternative or exclusive.

Given these longstanding principles, we request that you supplement the responses cited below within fourteen (14) days of the date of this letter or we will have no choice but to file a motion to compel under Rule 37(a), Ala. R. Civ. P.

* * *

3.    Please list each and every real property which is currently managed by the Plaintiffs or their affiliates and/or subsidiaries, individually or jointly.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Westlake Housing, LP currently manages Forest Grove Apartments. Village Manor Apartments were sold in 2006.

Reason Why Response Is Improper:    There are simply no credible grounds to assert that providing the list of properties requested is "burdensome". Moreover, Defendants clearly have the right to request it through discovery. See Ex parte DCH Regional Medical Center, 683 So.2d 409 (Ala. 1996)(under Rule 26, Ala. R. Civ. P., a party is entitled to a broad right of discovery unless the information sought is shown to be irrelevant or privileged). This case concerns alleged fraudulent misrepresentations and suppression of financial information by Defendants as to real estate properties in which Plaintiffs held an interest. Reasonable reliance on an alleged fraudulent statement is a required element in a valid fraud claim. See Torres v. State Farm Fire & Cas. Co., 438 So.2d 757, 759 (Ala. 1983). Thus, if nothing else, Defendants have the right to explore Plaintiffs' acumen in the field of low income housing tax credit (LIHTC) property management in order to develop the defense that Plaintiffs did not in fact reasonably rely on the alleged misrepresentations.

4.    Please list each and every real property, which in the last ten years, is or has been owned and/or managed by Plaintiffs of any subsidiary or affiliate thereof, individually or jointly, including in your response the name, address, and telephone number of each respective owner.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Reason Why Response Is Improper:    This response is improper for the same reasons cited as to the response to Request no. 3 above.

5.    Please produce legible copies of all profit and loss statements for the last ten years to present for the properties listed in Interrogatory 4 herein.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, copies of profit and loss statements for Cleveland Apartments, LP

2

for 2005 and 2006 will be produced. The original profit and loss statements for Cleveland Apartments, LP and Village Manor, Ltd. prior to 2005 are in the possession of, and were previously produced to Plaintiffs by Defendants.

Reason Why Response Is Improper: First, it is not a proper objection to an appropriate discovery request that the information sought is in the possession of the questioning party. See Dorsey Trailers, 397 So.2d at 106-107 ("A claim that much of the information sought by a defendant is in defendant's possession, if true, has no bearing on an otherwise appropriate discovery request."). Defendants must be certain that they have full and accurate copies of these materials. Second, Defendants are entitled to this information in order to evaluate, by expert if necessary, the damages alleged in the Complaint. The request encompasses "the last ten years" because the allegations of the Complaint concern the same period, beginning with the execution of the relevant Village Manor and Forest Grove partnership agreements on March 21, 1997 and December 10, 1996, respectively. (See Second Amended Complaint at ¶ 14, 16).

6.     Please state the name and address of each property owned, operated and/or managed in the last ten years by any of the Plaintiffs and/or their subsidiaries or affiliates or general partners in the above-styled cause of action, which have been condemned, declared in default, "boarded up", closed, and/or considered in non-compliance by any allocating agency of any state or federal government.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Reason Why Response Is Improper: This response is improper for the same reasons cited as to the response to Request no. 3 above. The first ten counts of the Second Amended Complaint allege that Plaintiffs relied to their detriment on fraudulent misrepresentations and/or suppressions by Defendants. This request goes, at minimum, to the reliance element of said fraud claims. Put differently, Defendants are entitled to seek information that may lead to evidence that Plaintiffs did not in fact reasonably rely on the alleged misstatements and/or suppressions.

7.     Please state which properties, if any, included in the response to Interrogatory 4 herein were properties wherein LIHTC (low income housing tax credits) were allowed pursuant to the Internal Revenue Code.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Reason Why Response Is Improper: It is disingenuous to dismiss this request with a canned objection that the mere identification of which properties on a list are LIHTC properties is "burdensome" or "overly broad". This response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". Dorsey Trailers, 397 So.2d at 104. At minimum, this request goes to the reasonable reliance element of the ten fraud counts in the Second Amended Complaint, counts that allege misrepresentations and suppressions as to financial reporting of the status of LIHTC properties.

3

Defendants are entitled to explore the Plaintiffs' experience in receiving such reporting on Plaintiff's other properties to evaluate whether Plaintiffs were in fact deceived as alleged with respect to the Village Manor and Forest Grove properties.

8.    Please state, with specificity, all damage(s) to the properties made the basis of this suit and alleged by Plaintiffs to have been so caused by Defendants, including in your answer the respective real property where each such damage was incurred.

Response:    See Plaintiff's complaint.

Reason Why Response Is Improper:    This response is the equivalent of a failure to answer. See Rule 37(a)(3), Ala. R. Civ. P. Further, "[u]nder Rule 33, a party must give full and complete answers to interrogatories served on him by another party . . . it is undisputed that a party has a duty to provide all information available to him." Dorsey Trailers, 397 So.2d at 104.

9.    Please state the case number, style, and jurisdiction of any lawsuits whereby the instant Plaintiffs and/or any of their subsidiaries or affiliates, have been a party to, in the last ten years excluding the instant cause of action.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Reason Why Response Is Improper:    Plaintiffs should not be permitted to shield themselves behind a canned, generalized objection for such a basic request. Defendants are entitled to explore the subject of recent litigation to which Plaintiffs or their subsidiaries or affiliates have been a party for information that may be admissible in the present case. "The Alabama Rules of Civil Procedure permit very broad discovery and the rules must be broadly and liberally construed." Ex parte Employers Nat. Ins. Co., 539 So.2d 233, 234 (Ala. 1989)(citation omitted).

10.    Please state with specificity the effort(s), if any, made by Plaintiffs in the above-styled cause of action to mitigate their damages as alleged in the instant cause of action.

Response:    See Plaintiff's Complaint.

Reason Why Response Is Improper:    This response is the equivalent of a failure to answer. See Rule 37(a)(3), Ala. R. Civ. P. Further, "[u]nder Rule 33, a party must give full and complete answers to interrogatories served on him by another party . . . it is undisputed that a party has a duty to provide all information available to him." Dorsey Trailers, 397 So.2d at 104.

15.    Please state the names, addresses, and telephone numbers of any and all general partners who, in the last ten years, have been fired, replaced, [or] sent notices of default including in your response the respective properties which are or were managed by those general partners.

Response:    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

4

Without waiving said objections, Cleveland Development, Inc. was removed as General Partner of Cleveland Apartments, LP and Village Manor, Inc. was removed as General Partner or Village Manor, Ltd.

    <u>Reason Why Response Is Improper:</u> Defendants are entitled to explore this area to determine, among other things, the identity of potential witnesses who may testify regarding the allegations of the Complaint. Rule 26, Ala. R. Civ. P., "allows a party to discover the identity and location of persons having knowledge of any discoverable matter." <u>Dorsey Trailers</u>, 397 So.2d at 106. Thus, interrogatories seeking contact information for such persons have been held proper. <u>See id.</u>

    16.    Please produce legible copies of any and all internal memos, emails, and/or correspondence, by and between any named party to this cause of action, which has any relation to the properties made the basis of this suit and/or the allegations and averments of Plaintiffs' Complaint or Amended Complaint in the above-styled cause of action. In the event that a claim of "privilege" is asserted in response to this Request for Production please state specifically the privilege so asserted.

    <u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

    <u>Reason Why Response Is Improper:</u>    The allegations of the Complaint cover the entire length of the subject partnerships' existence. Thus, the scope of this request is borne of necessity. The request is framed so as to specifically request documents pertaining to the properties that are the basis of this suit. Finally, Plaintiffs' response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". <u>Dorsey Trailers</u>, 397 So.2d at 104.

    21.    Please provide an itemized list of all damages alleged by Plaintiffs to have been incurred as averred in the Complaint and Amended Complaint in the above styled cause of action.

    <u>Response:</u>    See Plaintiffs' Amended Complaint. Plaintiffs' damages will be further amended and itemized as discovery progresses.

    <u>Reason Why Response Is Improper:</u>    This response is the equivalent of a failure to answer. <u>See</u> Rule 37(a)(3), Ala. R. Civ. P. Further, "[u]nder Rule 33, a party must give full and complete answers to interrogatories served on him by another party . . . it is undisputed that a party has a duty to provide all information available to him." <u>Dorsey Trailers</u>, 397 So.2d at 104.

    23.    Please produce legible copies of all tax returns and Internal Revenue Service forms filed by all Plaintiffs and their subsidiaries and affiliates from January 1996 to present.

    <u>Response:</u>    Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Reason Why Response Is Improper:</u> Defendants are entitled to explore this area for the purposes of assessing Plaintiffs' alleged damages and the request is reasonably limited as to time in that it covers the same period at issue in the Complaint. Moreover, this response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". <u>Dorsey Trailers</u>, 397 So.2d at 104.

24.     Please produce legible copies of any and all receipts, checks, or other drafts, which were used to purchase materials to "board up" and/or repair the properties made the basis of this suit as so alleged in Plaintiffs' Complaint.

<u>Response:</u>     Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, copies of reports which were not previously produced by Defendants to Plaintiffs will be produced.

<u>Reason Why Response Is Improper:</u> Defendants are entitled to explore this area for the purposes of assessing Plaintiffs' alleged damages. Moreover, this response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". <u>Dorsey Trailers</u>, 397 So.2d at 104.

25.     Please produce legible copies of any and all Articles of Organization and/or Articles of Incorporation of each and every Plaintiff, their subsidiaries and affiliates in the above styled cause of action.

<u>Response:</u>     Copies of responsive documents which were not previously produced by Defendants to Plaintiffs will be produced.

<u>Reason Why Response Is Improper:</u>     It is not a proper objection to an appropriate discovery request that the information sought is in the possession of the questioning party.  <u>See Dorsey Trailers</u>, 397 So.2d at 106-107 ("A claim that much of the information sought by a defendant is in defendant's possession, if true, has no bearing on an otherwise appropriate discovery request."). Defendants must be certain that they have full and accurate copies of these materials. In any event, we would not expect this to be a voluminous amount of documents.

31.     Please produce legible copies of any agreement, notes, memorandum, emails, and/or correspondence with, by and between any Plaintiff or any subsidiary or affiliate of any Plaintiff and Plaintiff Wentwood.

<u>Response:</u>     Plaintiffs object to this interrogatory as it is unduly burdensome, overly broad, not properly limited as to time, scope or geography, vague, ambiguous and seeks information which is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

<u>Reason Why Response Is Improper:</u> This case presents a complex set of facts, involving several parties and stretching over several years. The allegations raised in the Complaint are inherently document-intensive, and Defendants have the right to seek discovery of all documents which may contain admissible information in order to prepare their defense. Plaintiffs cannot be

6

permitted to simply avoid this through canned, generalized objections. This response does not satisfy the requirement that "[o]bjections to interrogatories must be specific and supported by a detailed explanation of why the interrogatories are improper". <u>Dorsey Trailers</u>, 397 So.2d at 104.

* * *

The information sought in Defendants' discovery requests is essential to enable us to properly evaluate and defend Plaintiffs' claims. Your cooperation is much appreciated and we hope a motion to compel is not necessary. Nevertheless, if we do not receive adequate discovery responses to the above-enumerated items within fourteen (14) days from the date of this letter, we will have no choice but to file a motion to compel pursuant to Rule 37(a), Ala. R. Civ. P.

Sincerely,

Spain & Gillon, L.L.C.

EUGENE P. STUTTS

7



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  THOMAS HILEY
tsh@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 10/9/2007 2:54:54 PM

D001 VILLAGE MANOR INC
D002 CLEVELAND DEVELOPMENT INC
D003 SOUTHEASTERN LIHTC MANAGEMEN
D004 SINGLETON R TIMOTHY
D008 SINGLETON & ASSOCIATES, INC.
MOTION TO COMPEL
[Attorney: HILEY THOMAS S]

Notice Date:      10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 10/9/2007 2:54:54 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

Notice Date:        10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 10/9/2007 2:54:54 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

Notice Date:      10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  FOX ALVIN L JR PECK
pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 10/9/2007 2:54:54 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

Notice Date:     10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
    dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 10/9/2007 2:54:54 PM

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

Notice Date:     10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 10/9/2007 2:54:54 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

Notice Date:     10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 10/9/2007 2:54:54 PM

D001 VILLAGE MANOR INC
D002 CLEVELAND DEVELOPMENT INC
D003 SOUTHEASTERN LIHTC MANAGEMEN
D004 SINGLETON R TIMOTHY
D008 SINGLETON & ASSOCIATES, INC.
MOTION TO COMPEL

[Attorney: HILEY THOMAS S]

Notice Date:      10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
    sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 10/9/2007 2:54:54 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

Notice Date:     10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: STUTTS EUGENE P
eps@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 10/9/2007 2:54:54 PM

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

Notice Date:    10/9/2007 2:54:54 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950





**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: CLERK MONTGOMERY
clerk.montgomery@alacourt.gov

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

Hearing Date:      10/30/2007
Hearing Time:      08:30:00 AM
Location:          4C

Notice Date:       10/10/2007 3:15:18 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  ABELL WILLIAM K
    wabell@samvpc.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

Hearing Date:    10/30/2007
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     10/10/2007 3:15:18 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
    mcohan@hillhillcarter.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

Hearing Date:    10/30/2007
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     10/10/2007 3:15:18 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  FOX ALVIN L JR PECK
     pfox@mcg-mont.com

# NOTICE OF CASE SETTING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

Hearing Date:    10/30/2007
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     10/10/2007 3:15:18 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**
[Attorney: HILEY THOMAS S]

| | |
|---|---|
| Hearing Date: | 10/30/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | 4C |
| Notice Date: | 10/10/2007 3:15:18 PM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HILEY THOMAS S
tsh@spain-gillon.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

Hearing Date:     10/30/2007
Hearing Time:     08:30:00 AM
Location:         4C

Notice Date:      10/10/2007 3:15:18 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HOLTON MICHAEL GUY
    gholtonattorney@hughes.net

# NOTICE OF CASE SETTING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

| | |
|---|---|
| Hearing Date: | 10/30/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | 4C |

Notice Date:   10/10/2007 3:15:18 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF CASE SETTING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**

**D002 CLEVELAND DEVELOPMENT INC**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**D004 SINGLETON R TIMOTHY**

**D008 SINGLETON & ASSOCIATES, INC.**

**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

| | |
|---|---|
| Hearing Date: | 10/30/2007 |
| Hearing Time: | 08:30:00 AM |
| Location: | 4C |
| | |
| Notice Date: | 10/10/2007 3:15:18 PM |

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  STUTTS EUGENE P
     eps@spain-gillon.com

# NOTICE OF CASE SETTING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was SET FOR HEARING

**D001 VILLAGE MANOR INC**
**D002 CLEVELAND DEVELOPMENT INC**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**D004 SINGLETON R TIMOTHY**
**D008 SINGLETON & ASSOCIATES, INC.**
**MOTION TO COMPEL**

[Attorney: HILEY THOMAS S]

Hearing Date:    10/30/2007
Hearing Time:    08:30:00 AM
Location:        4C

Notice Date:     10/10/2007 3:15:18 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front)   Rev. 6/07 | **ORDER TO APPEAR<br>(SUBPOENA)** | Case<br>CV- |
|---|---|---|

ELECTRONICALLY FILED
10/16/2007 2:52 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE ___CIRCUIT_____ COURT OF ___MONTGOMERY_____, **ALABAMA**
(Circuit, District, or Municipal)                  (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of _____
☑ _____KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL_____

**(For Juvenile cases only):**
☐ In the Matter of _____, a child

ALABAMA HOUSING FINANCE AUTHORITY

C/O S. DOUGLAS WILLIAMS,
1901 6TH AVE N, 2400 AMSOUTH/HARBERT PLAZA
BIRMINGHAM, AL 35203

**A. Issued at the request of :**
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

**B. Special Instructions you are ordered to :**
1. ☑ Appear at trial/hearing
2. ☑ Produce records or documents see attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other _____

You may contact:  ___EUGENE STUTTS 2117 2ND AVE N BIRMINGHAM, AL 35203 (205) 328-4100___

**YOU ARE ORDERED TO APPEAR** to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE ___10/27/2007 12:00:00 AM_____

ROOM _____

ADDRESS _2117 2nd Ave N_____
_____Zinszer Bldg_____
____Birmingham, AL 35203_____

DATE ISSUED __10/16/2007_____

/s MELISSA RITTENOUR
**Signature of Court Clerk**          **Deputy Clerk Initials**

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

Produce following documents:  Each and every IRS Form 8823 issued on the following properties since the initial allocation:

Village Manor Aparments
Birmingham, AL

Forest Grove Apartments
Cleveland, TN

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON You are ordered to serve this order on the above named person and make return to this court.**

**RETURN ON SERVICE**

**I Certify that I personally Delivered a copy of this order to**

on _____
_____
_____
_____

**Signature and Title of Server**

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed _____

**Sheriff**                              **Deputy Sheriff**

| Form C-13 (back)    Rev.1/96 | ORDER TO APPEAR (SUBPOENA) |
| --- | --- |

**NOTICE**

With respect to a subpoena which seeks only a production of documents or tangible things or an inspection of premises, as provided in Ala. R.Civ.P 45(a)(3)(C), the production documents or tangible things or the inspection of premises pursuant to this subpoena shall take place where the documents or tangible things are regularly kept or at some other reasonable place designated by the recipient of this subpoena. As recipient of this subpoena, you have the option to deliver or mail legible copies of the documents or things to the party causing issuance of this subpoena, and the preparation of copies may be conditioned on the payment in advance of the reasonable cost of making such copies. Other parties involved in this lawsuit have the right to be present at the time of the production or inspection. The recipient of this subpoena has the right to object to the production or inspection at any time prior to the date of production or inspection set forth in this subpoena. See Ala. R.Civ.P. 45(c)(2)(B), which is set out below.

---

**Rule 4 5, Ala. R.Civ.P., Paragraphs (c) & (d)**

(c) Protection of person subject to subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court from which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty on appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, document or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying at any time before the time specified for compliance may serve upon the party or attorney designed in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. "Serve" as used herein means mailing to the party or attorney. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expenses resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a resident of this state who is not a party or an officer of a party to travel to a place more than one hundred (100) miles form the place where that person resides, is employed or regularly transacts business in person, or requires a nonresident of this state who is not a party or an officer of a party to travel to a place within this state more than one hundred (100) miles from the place of service or, where separate from the place of service, more than one hundred (100) miles from the place where that person is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in responding to subpoena.

(1) A Person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



**AlaFile E-Notice**

03-CV-2005-002795.00

To: EUGENE STUTTS
eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:     10/16/2007 2:52:26 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ALABAMA HOUSING FINANCE AUTHORITY
     C/O S. DOUGLAS WILLIAMS,
     1901 6TH AVE N, 2400 AMSOUTH/HARBERT PLAZA
     BIRMINGHAM, AL 35203

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:      10/16/2007 2:52:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:      10/16/2007 2:52:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:     10/16/2007 2:52:26 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JR PECK
     pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:     10/16/2007 2:52:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:      10/16/2007 2:52:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:     10/16/2007 2:52:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:      10/16/2007 2:52:26 PM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
    sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:     10/16/2007 2:52:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  STUTTS EUGENE P
     eps@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following subpoena was FILED on 10/16/2007 2:52:26 PM

Notice Date:     10/16/2007 2:52:26 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  EUGENE STUTTS
     eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:      10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
      wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:      10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:     10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: FOX ALVIN L JR PECK
pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:     10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:     10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HILEY THOMAS S
      tsh@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:     10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:      10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  SOMERSET JOHN S
     sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:     10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  STUTTS EUGENE P
     eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 10/24/2007 3:21:42 PM

Notice Date:     10/24/2007 3:21:42 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



ELECTRONICALLY FILED
10/30/2007 11:27 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

Key Corp., et al.,
      Plaintiff (s),

vs.                                  CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
      Defendant (s).

### <u>ORDER</u>

The above-styled matter is hereby SET for a STATUS on November 26, 2007 at

8:30 a.m. in Courtroom 4C.

Done this the 30 OCT 2007.

                        s/ Charles Price

                      _____

                      CHARLES PRICE, Circuit Judge

cc:      Michael Cohan, David Henderson
           Michael G. Holton
           Peck Fox
           William Abell
           John Sudderth;  John Somerset



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
      wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:      10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:      10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  FOX ALVIN L JR PECK
     pfox@mcg-mont.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:      10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
      dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:      10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HILEY THOMAS S
       tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:     10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HOLTON MICHAEL GUY
gholtonattorney@hughes.net

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:      10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:   SOMERSET JOHN S
       sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:      10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  STUTTS EUGENE P
     eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 10/30/2007 11:27:43 AM

Notice Date:     10/30/2007 11:27:43 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

**STATE OF ALABAMA**
Unified Judicial System                    Revised 2/14/05

03-MONTGOMERY        ☐ District Court  ☑ Circuit Court

Case

CV200

ELECTRONICALLY FILED
11/29/2007 9:59 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**CIVIL MOTION COVER SHEET**

KEYCORP INVESTMENT LIMITED ET AL VS
VILLAGE MANOR INC ET AL

Name of Filing Party: D008 - SINGLETON & ASSOCIATES, INC.

Name, Address, and Telephone No. of Attorney or Party. If Not Represented.

EUGENE STUTTS
2117 2ND AVE N
BIRMINGHAM, AL 35203

Attorney Bar No.: STU003

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| | ☐ Continue |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| ☐ Renewed Dispositive Motion(Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Judgment as a Matter of Law (during Trial) |
| | ☐ Disburse Funds |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| ☐ Other _____ | ☐ More Definite Statement |
| pursuant to Rule _____ ($50.00) | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| ☐ Local Court Costs $ _____ | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Stipulation of Dismissal With Prejudice |
| | pursuant to Rule n/a      (Subject to Filing Fee) |

| Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship ☐ | Date: 11/29/2007 9:58:37 AM | Signature of Attorney or Party: /s EUGENE STUTTS |
|---|---|---|

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  MICHAEL HOLTON
     gholtonattorney@bellsouth.net

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:      1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:     1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:        1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  FOX ALVIN L JR PECK
     pfox@mcg-mont.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:     1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: EUGENE STUTTS
eps@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

D002 CLEVELAND DEVELOPMENT INC
D008 SINGLETON & ASSOCIATES, INC.
D004 SINGLETON R TIMOTHY
D003 SOUTHEASTERN LIHTC MANAGEMEN
STIPULATION OF DISMISSAL WITH PREJUDICE
[Attorney: STUTTS EUGENE P]

Notice Date:    11/29/2007 9:59:36 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

D002 CLEVELAND DEVELOPMENT INC
D008 SINGLETON & ASSOCIATES, INC.
D004 SINGLETON R TIMOTHY
D003 SOUTHEASTERN LIHTC MANAGEMEN
STIPULATION OF DISMISSAL WITH PREJUDICE
[Attorney: STUTTS EUGENE P]

Notice Date:     11/29/2007 9:59:36 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 11/29/2007 9:59:36 AM

**D002 CLEVELAND DEVELOPMENT INC**
**D008 SINGLETON & ASSOCIATES, INC.**
**D004 SINGLETON R TIMOTHY**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**STIPULATION OF DISMISSAL WITH PREJUDICE**
[Attorney: STUTTS EUGENE P]

Notice Date:    11/29/2007 9:59:36 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  FOX ALVIN L JR PECK
pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

D002 CLEVELAND DEVELOPMENT INC
D008 SINGLETON & ASSOCIATES, INC.
D004 SINGLETON R TIMOTHY
D003 SOUTHEASTERN LIHTC MANAGEMEN
STIPULATION OF DISMISSAL WITH PREJUDICE
[Attorney: STUTTS EUGENE P]

Notice Date:    11/29/2007 9:59:36 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Notice Date:    11/29/2007 9:59:36 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

**D002 CLEVELAND DEVELOPMENT INC**
**D008 SINGLETON & ASSOCIATES, INC.**
**D004 SINGLETON R TIMOTHY**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**STIPULATION OF DISMISSAL WITH PREJUDICE**
[Attorney: STUTTS EUGENE P]

Notice Date:    11/29/2007 9:59:36 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
gholtonattorney@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

D002 CLEVELAND DEVELOPMENT INC
D008 SINGLETON & ASSOCIATES, INC.
D004 SINGLETON R TIMOTHY
D003 SOUTHEASTERN LIHTC MANAGEMEN
STIPULATION OF DISMISSAL WITH PREJUDICE
[Attorney: STUTTS EUGENE P]

Notice Date:     11/29/2007 9:59:36 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

**D002 CLEVELAND DEVELOPMENT INC**
**D008 SINGLETON & ASSOCIATES, INC.**
**D004 SINGLETON R TIMOTHY**
**D003 SOUTHEASTERN LIHTC MANAGEMEN**
**STIPULATION OF DISMISSAL WITH PREJUDICE**
[Attorney: STUTTS EUGENE P]

Notice Date:     11/29/2007 9:59:36 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: STUTTS EUGENE P
eps@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 11/29/2007 9:59:36 AM

D002 CLEVELAND DEVELOPMENT INC
D008 SINGLETON & ASSOCIATES, INC.
D004 SINGLETON R TIMOTHY
D003 SOUTHEASTERN LIHTC MANAGEMEN
STIPULATION OF DISMISSAL WITH PREJUDICE

[Attorney: STUTTS EUGENE P]

Notice Date:    11/29/2007 9:59:36 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950





ELECTRONICALLY FILED
12/3/2007 11:33 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

Key Corp., et al.,
      Plaintiff (s),

vs.                                      CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
      Defendant (s).

### ORDER

The Pre-Trial Hearing in the above-styled matter is hereby **RESET** to December

13, 2007 at 8:30AM in Courtroom 4C.

Done this the 3 DEC 2007.

                                s/ Charles Price
                            _____
                              CHARLES PRICE, Circuit Judge

cc:      All counsel of record



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
     wabell@samvpc.com

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:     12/3/2007 11:33:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF ELECTRONIC FILING

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:      12/3/2007 11:33:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  FOX ALVIN L JR PECK
     pfox@mcg-mont.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:      12/3/2007 11:33:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:      12/3/2007 11:33:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HILEY THOMAS S
     tsh@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:      12/3/2007 11:33:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
gholtonattorney@bellsouth.net

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:     12/3/2007 11:33:09 AM

MELISSA RITTENOUR
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  SOMERSET JOHN S
sandsattys@bham.rr.com

# NOTICE OF ELECTRONIC FILING

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:      12/3/2007 11:33:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: STUTTS EUGENE P
eps@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was FILED on 12/3/2007 11:33:09 AM

Notice Date:     12/3/2007 11:33:09 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

**03-CV-2005-002795.00**

Judge: CHARLES PRICE

To:  ABELL WILLIAM K
      wabell@samvpc.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



## AlaFile E-Notice

**03-CV-2005-002795.00**

Judge: CHARLES PRICE

To:   FOX ALVIN L JR PECK
      pfox@mcg-mont.com

---

# NOTICE OF COURT ACTION

---

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:      GRANTED
Judge:            CNP

Notice Date:      12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:    GRANTED
Judge:          CNP

Notice Date:    12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

**03-CV-2005-002795.00**
Judge: CHARLES PRICE

To:  HOLTON MICHAEL GUY
gholtonattorney@bellsouth.net

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:    GRANTED
Judge:          CNP

Notice Date:    12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: SOMERSET JOHN S
sandsattys@bham.rr.com

# NOTICE OF COURT ACTION

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: STUTTS EUGENE P
    eps@spain-gillon.com

---

# NOTICE OF COURT ACTION

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

A court action was entered in the above case on 12/5/2007 3:46:36 PM

**D002 CLEVELAND DEVELOPMENT INC**

**D008 SINGLETON & ASSOCIATES, INC.**

**D004 SINGLETON R TIMOTHY**

**D003 SOUTHEASTERN LIHTC MANAGEMEN**

**STIPULATION OF DISMISSAL WITH PREJUDICE**

[Attorney: STUTTS EUGENE P]

Disposition:     GRANTED
Judge:           CNP

Notice Date:     12/5/2007 3:46:36 PM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>03-CV-2005-002795.00 |
|---|---|---|

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL

NOTICE TO    MARSH USA, INC., 601 MERIT 7 #6, NORWALK CT. 06856

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL. 36117

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KEYCORP INVESTMENT LIMITED P
    pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /s MELISSA RITTENOUR | *ma* |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s MICHAEL HOLTON |
|---|---|
| | Plaintiffs/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com®

**O F F I C I A L   U S E**

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7007 0220 0000 9056 3557

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

-002795.00
AL VS VILLAGE MANOR INC ET AL

T004 - MARSH USA, INC.
**Defendant**

## SERVICE RETURN COPY

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>03-CV-2005-002795.00 |
|---|---|---|

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL

SCOTTSDALE INSURANCE COMPANY, 8877 N.GAINEY DR., SCOTTSDALE AZ, 85258

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL, 36117

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   KEYCORP INVESTMENT LIMITED P
   pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /s MELISSA RITTENOUR | *ma* |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s MICHAEL HOLTON |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7002 0220 0000 9056 3540

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006        See Reverse for Instructions

...5-002795.00
...ET AL VS VILLAGE MANOR INC ET AL
...  T003 - SCOTTSDALE INSURANCE COMPANY
**Defendant**

**SERVICE RETURN COPY**

| State of Alabama Unified Judicial System Form C-34   Rev 6/88 | SUMMONS - CIVIL - | Case Number: 03-CV-2005-002795.00 |
|---|---|---|

## IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL

ARCH SPECIALTY INSURANCE, 1125 SANCTUARY PRKY, STE 100, ALPHARETTA GA. 30004

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL. 36117

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KEYCORP INVESTMENT LIMITED P
    pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /s MELISSA RITTENOUR | ma |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s MICHAEL HOLTON |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ County, Alabama on _____

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006        See Reverse for Instructions

7007 0220 0000 9056 3533

-002795.00
AL VS VILLAGE MANOR INC ET AL
T002 - ARCH SPECIALTY INSURANCE
**Defendant**

## SERVICE RETURN COPY

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>- CIVIL - | **Case Number:**<br>03-CV-2005-002795.00 |
|---|---|---|

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL

CHUBB INSURANCE COMPANIES. TWO LIVE OAK CENTERSTE900 3445 PEACHTREE ROAD,NE, ATLANTA GA, 30326

**NOTICE TO**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL, 36117

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KEYCORP INVESTMENT LIMITED P
pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /s MELISSA RITTENOUR | *MA* |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s MICHAEL HOLTON |
|---|---|
| | Plaintiff's/Attorney's Signature |

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| Postage | $ |
|---|---|
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street, Apt. No.;
or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006         See Reverse for Instructions

7007 0220 0000 9056 3526

)05-002795.00

) ET AL VS VILLAGE MANOR INC ET AL

v.  T001 - CHUBB INSURANCE COMPANIES

**Defendant**

## SERVICE RETURN COPY



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:        1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HILEY THOMAS S
     tsh@spain-gillon.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:      1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  HOLTON MICHAEL GUY
     gholtonattorney@bellsouth.net

---

# NOTICE OF ELECTRONIC FILING

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:      1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To: SOMERSET JOHN S
sandsattys@bham.rr.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:      1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

To:  STUTTS EUGENE P
    eps@spain-gillon.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following answer was FILED on 1/28/2008 10:17:27 AM

Notice Date:    1/28/2008 10:17:27 AM

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br><br>03-CV-2005-002795.00 |
|---|---|---|

**IN THE CIVIL COURT OF MONTGOMERY, ALABAMA**
**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**

CHUBB INSURANCE COMPANIES, TWO LIVE OAK CENTERSTE900 3445 PEACHTREE ROAD,NE, ATLANTA GA, 30326

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL, 36117 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KEYCORP INVESTMENT LIMITED P
pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /s MELISSA RITTENOUR | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s MICHAEL HOLTON
                                        Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____           _____
Date                              Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>03-CV-2005-002795.00 |
|---|---|---|

**IN THE CIVIL COURT OF MONTGOMERY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**

**NOTICE TO**    ARCH SPECIALTY INSURANCE, 1125 SANCTUARY PRKY. STE 100, ALPHARETTA GA, 30004

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL, 36117

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KEYCORP INVESTMENT LIMITED P
   pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /s MELISSA RITTENOUR | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s MICHAEL HOLTON |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
|---|---|
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS**<br>**- CIVIL -** | **Case Number:**<br>03-CV-2005-002795.00 |
|---|---|---|

**IN THE CIVIL COURT OF MONTGOMERY, ALABAMA**

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**

SCOTTSDALE INSURANCE COMPANY, 8877 N.GAINEY DR., SCOTTSDALE AZ, 85258

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL, 36117

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KEYCORP INVESTMENT LIMITED P
    pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /s MELISSA RITTENOUR | |
|---|---|---|
| Date | Clerk/Register | By |

| ☑ Certified mail is hereby requested | /s MICHAEL HOLTON |
|---|---|
| | Plaintiff's/Attorney's Signature |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

| _____ | _____ |
|---|---|
| Date | Server's Signature |

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>03-CV-2005-002795.00 |
|---|---|---|

### IN THE CIVIL COURT OF MONTGOMERY, ALABAMA
### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL

MARSH USA, INC., 601 MERIT 7 #6, NORWALK CT, 06856

**NOTICE TO** _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY MICHAEL HOLTON

WHOSE ADDRESS IS 5748 Carmichael Parkway, Suite D, Montgomery AL, 36117 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    KEYCORP INVESTMENT LIMITED P
   pursuant to the Alabama Rules of the Civil Procedure

| 1/28/2008 10:17:27 AM | /S MELISSA RITTENOUR | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested      /s MICHAEL HOLTON
                                           Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____        _____
Date                   Server's Signature

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CHUBB INSURANCE COMPANIES
TWO LIVE OAK CENTERSTE900
3445 PEACHTREE ROAD, NE
ATLANTA, GA 30326

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Deloris Shannon*   ☐ Agent   ☑ Addressee

B. Received by ( *Printed Name* )  *Deloris Shannon*   C. Date of Delivery  1/31/08

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

CV-08-2795 S&C

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☑ Registered   ☑ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*   7007 0220 0000 9056 3526

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ARCH SPECIALTY INSURANCE
1125 SANCTUARY PRKY.
STE 100
ALPHARETTA, GA 30004

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

x _Linda Whit_    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

LINDA WHITLEY

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

CV-05-2795 SAC

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7007 0220 0000 9056 3533

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MARSH USA, INC.
601 MERIT 7 #6
NORWALK, CT 06856

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

CV-08-2795

3. Service Type
   ☐ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)

7007 0220 0000 9056 3557

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

T003

SCOTTSDALE INSURANCE COMPANY
8877 N.GAINEY DR.
SCOTTSDALE, AZ 85258

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                   7/5/08

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:        ☐ No

FEB
CV 2 795

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7007 0220 0000 9056 3540

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:   COHAN MICHAEL JOSEPH
      mcohan@hillhillcarter.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was served on 1/31/2008

**T001 CHUBB INSURANCE COMPANIES**

**CERTIFIED MAIL**

SIGNED BY DELORIS SHANNON

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00
Judge: CHARLES PRICE

To: HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was served on 1/31/2008

**T001 CHUBB INSURANCE COMPANIES**
**CERTIFIED MAIL**
SIGNED BY DELORIS SHANNON

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
     mcohan@hillhillcarter.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was served on 2/4/2008

**T002 ARCH SPECIALTY INSURANCE**

**CERTIFIED MAIL**

SIGNED BY LINDA WHITLEY

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To: HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was served on 2/4/2008

**T002 ARCH SPECIALTY INSURANCE**
**CERTIFIED MAIL**
SIGNED BY LINDA WHITLEY

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was served on 2/5/2008

**T003 SCOTTSDALE INSURANCE COMPANY**

**CERTIFIED MAIL**

SIGNED BY CHRIS

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
     dwhenderson@hillhillcarter.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was served on 2/5/2008

**T003 SCOTTSDALE INSURANCE COMPANY**

**CERTIFIED MAIL**

SIGNED BY CHRIS

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
mcohan@hillhillcarter.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was served on 2/8/2008

**T004 MARSH USA, INC.**

**CERTIFIED MAIL**

SIGNED BY ???

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
dwhenderson@hillhillcarter.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
### 03-CV-2005-002795.00

The following matter was served on 2/8/2008

**T004 MARSH USA, INC.**

**CERTIFIED MAIL**

SIGNED BY ???

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  COHAN MICHAEL JOSEPH
      mcohan@hillhillcarter.com

# NOTICE OF SERVICE

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

**KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL**
**03-CV-2005-002795.00**

The following matter was served on 2/5/2008

**T003 SCOTTSDALE INSURANCE COMPANY**

**CERTIFIED MAIL**

SIGNED BY CHRIS

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2005-002795.00

Judge: CHARLES PRICE

To:  HENDERSON DAVID WAYNE
       dwhenderson@hillhillcarter.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT LIMITED ET AL VS VILLAGE MANOR INC ET AL
03-CV-2005-002795.00

The following matter was served on 2/5/2008

**T003 SCOTTSDALE INSURANCE COMPANY**

**CERTIFIED MAIL**

SIGNED BY CHRIS

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-     :
SHIP III; VILLAGE MANOR LIMITED AND       :
CLEVELAND APARTMENTS, L. P., BY AND        :
THROUGH WENTWOOD HOUSING FUND XIII,        :
GP., INC. AND WENTWOOD HOUSING FUND        :
XV, GP, INC., ITS GENERAL PARTNERS         :
                                           :
     Plaintiffs,                          :
                                           :          Case No. CV-2005-2795
-vs-                                       :
                                           :
VILLAGE MANOR, INC.; CLEVELAND DEVELOP-    :
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-     :
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY  :
D. BROOKS; GEORGE KERSHAW; and RON         :
DEAROLF; SINGLETON & ASSOCIATES, INC.;     :
DEFENDANTS 1 THROUGH 20 WHO ARE            :
ENTITIES OR INDIVIDUALS WHOSE WRONGFUL     :
CONDUCT CAUSED THE INJURIES TO THE         :
PLAINTIFF, ALL OF WHOSE TRUE AND           :
CORRECT NAMES ARE UNKNOWN TO THE           :
PLAINTIFFS AT THIS TIME BUT WILL BE        :
SUBSTITUTED BY AMENDMENT WHEN              :
ASCERTAINED,                               :

     Defendants.

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, KeyCorp Investment Limited Partnership, III, Village Manor,

Ltd., by and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc.,

its General Partner, by counsel, and for the second time amends the complaint to add

Singleton & Associates, Inc. as a party defendant and allege as follows:

1

I. Parties

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama. Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.    Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.    Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.    Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.    Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.    Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.    Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

8.    Defendant Jeffrey D. Brooks is an individual citizen of Birmingham, Alabama.

2

9.   Defendant George Kershaw is an individual citizen of Knoxville, Tennessee.

10.   Defendant Ron Dearolf is an individual citizen of Knoxville, Tennessee.

11.   Defendant Singleton & Associates, Inc. is, upon information and belief, an Alabama corporation with its principle place of business in Montgomery County, Alabama.

12.   This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

13.   Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama.  It operates as an Alabama limited partnership.

14.   On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed. Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton, an officer of Village Manor, and Jeffrey D. Brooks also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement. The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

3

15. Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee. The complex is operated as a limited partnership.

16. On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the "Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton and two officers of Cleveland Development, George Kershaw and Ron Dearolf also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement. The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

17. The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

18. The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and

4

Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

19.    On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Village Manor Apartments.

20.    On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

21.    On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal as General Partner pursuant to the Village Manor Agreement. On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General Partner of the Village Manor Partnership in lieu of curing numerous defaults. At the time of the withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

22.    On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments Agreement. On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as General Partner of the Cleveland Partnership in lieu of curing numerous defects. At the time of the withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state of disrepair and financial ruin.

5

23.  Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing General Partner of the Village Manor Property and the Forrest Grove Property, respectively, Plaintiffs were forced to remove Southeastern as the Management Agent for the Village Manor Property and the Forrest Grove Property because of numerous outstanding and ongoing problems at the properties which resulted from negligence and mismanagement on the part of the General Partners and Management Agent.  More specifically, many of the 55 units at Village Manor were uninhabitable and it is estimated that it would cost in excess of $500,000.000, or approximately $10,000.00 per unit, to repair the damages caused by Defendants mismanagement.  Additionally, many of the 96 units at Forrest Grove were damaged and it is estimated that it would cost in excess of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants.  Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

24.  Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

6

25. Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

26. Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding and delinquent accounts payable in excess of $112,016.15 which led to the termination of key services at the development, failed to keep the development and the Partnership in compliance with the Low Income Housing Tax Credit Program, thereby putting the Partnership at risk for recapture of past tax credits amounting to approximately $139,000.00; and improperly distributed in excess of $65,407.00 to themselves and its affiliates between 1997 and 2004.

27. Singleton & Associates, Inc. ("Associates") is a closely held corporation by Timothy Singleton that is in the business of commercial real estate. Associates was involved in the day to day operation and management of Village Manor, Inc., Cleveland Development, Inc. and Southeastern LIHTC Management, Inc.

28. Defendants were negligent and wanton in their management of the partnerships and the developments, which led to the deterioration of the physical and financial condition of the partnerships and developments, and the damages more fully described herein.

7

29.   As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are continuing in nature.

### III.  CAUSES OF ACTION
#### COUNT ONE: FRAUD (RECKLESS AND INTENTIONAL MISREPRESENTATION)
#### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

30.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

31.   Defendants Village Manor, Southeastern, Associates and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Village Manor, Ltd. regarding the management of the Village Manor Property and the Village Manor Partnership. Furthermore, Defendants Village Manor, Southeastern, Associates and Singleton made material representations to the Plaintiffs concerning the state of the Village Manor Partnership and the Village Manor Property.   When these Defendants made the representations, they knew they were false, or made the representations recklessly without knowledge or regard for the truth.  These Defendants intended the Plaintiffs to continue to act on and trust their representations.  Plaintiffs KCILP III and Village Manor, Ltd., in fact, did rely on Defendants' representations regarding the financial state of the Partnership and the Property, which proximately caused the damages more fully described herein.

32.   Defendants' Village Manor, Southeastern, Associates and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of  Plaintiffs KCILP III and Village Manor, Ltd.  Each of these Plaintiffs has been damaged by their wrongful conduct.

8

33. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT TWO: FRAUD (INNOCENT MISREPRESENTATION) VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

34. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

35. The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs. Therefore, Defendants are guilty of fraud as defined by Alabama law.

36. As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

37. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT THREE: FRAUD (WILLFUL AND WANTON MISREPRESENTATION) VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

38. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

39. Each of the Defendants willfully and wantonly made said misrepresentations to

Plaintiffs with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations to their injury. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

40. As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

41. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT FOUR: FRAUD (DECEIT)
VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

42. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

43. The conduct of each of the Defendants as stated hereinabove constitute deceit in that Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

44. As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth hereinabove.

45. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages

in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT FIVE: FRAUD (SUPPRESSION)
VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

46.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

47.  Each of the Defendants concealed and withheld material facts from the Plaintiffs that the Defendants would fail to perform under the contract and agreement entered into between the parties here.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

48.  As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

49.  By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT SIX: FRAUD (RECKLESS AND INTENTIONAL MISREPRESENTATION)
CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

50.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

51.  Defendants Cleveland Development, Southeastern, Associates and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Cleveland Apartments, L.P.

11

regarding the management of the Forrest Grove Property and the Cleveland Partnership. Furthermore, these Defendants made material representations to the Plaintiffs concerning the state of the Partnership and the Forrest Grove Property. When these Defendants made the representations, they knew they were false or made the representations recklessly, without knowledge of the truth. Defendants intended Plaintiffs to continue to act on and trust the representations. Plaintiffs KCILP III and Cleveland Apartments, L.P., in fact, did rely on these representations regarding the financial state of the Cleveland Partnership and the Forrest Grove Property, which proximately caused the damages more fully described herein.

52. Defendants Cleveland Development, Southeastern, Associates and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of the Plaintiffs. Each of these Plaintiffs has been damaged by Defendants wrongful conduct.

53. By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SEVEN: FRAUD (INNOCENT MISREPRESENTATION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

54. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

55.    The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs.  Therefore, Defendants are guilty of fraud as defined by Alabama law.

56.    As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

57.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT EIGHT:  FRAUD (WILLFUL AND WANTON MISREPRESENTATION) CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

58.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

59.    Each of the Defendants willfully and wantonly made said misrepresentations to Plaintiffs with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations to their injury.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

60.    As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

61.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and

punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT NINE: FRAUD (DECEIT)
CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

62.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

63.   The conduct of each of the Defendants as stated hereinabove constitute deceit in that Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

64.   As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth hereinabove.

65.   By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT TEN: FRAUD (SUPPRESSION)
CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

66.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

67.   Each of the Defendants concealed and withheld material facts from the Plaintiffs that the Defendants would fail to perform under the contract and agreement entered into between the parties here.  Therefore, each of the Defendants are guilty of fraud as defined

14

by Alabama law.

68.  As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

69.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT ELEVEN:  BREACH OF FIDUCIARY DUTY
### VILLAGE MANOR, ASSOCIATES AND SINGLETON

70.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

71.  A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor, Associates and Singleton.  These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor, Associates and Singleton to act in Plaintiffs' best interests and to protect their investments. As General Partner of the Village Manor Partnership, Defendants Village Manor, Associates and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs.  Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

72.  Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner.  By entering into this agreement, Defendants

15

Village Manor, Associates and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets. Defendants Village Manor, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings. Defendants Village Manor, Associates and Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or unauthorized practices.

73.    Defendants Village Manor, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants Village Manor, Associates and Singleton was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants disregarded their duties to and the interest of the Plaintiffs.

74.    As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor, Associates and Singleton in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

16

75. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Associates and Singleton, awarding them compensatory and punitive damages against Defendants Village Manor, Associates and Singleton for their breach of fiduciary duties in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT TWELVE:  BREACH OF FIDUCIARY DUTY
### CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

76. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

77. A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development, Associates and Singleton to act in Plaintiffs' best interests to protect their investments. As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. Defendants Cleveland Development, Associates and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development, Associates and Singleton, so as not to cause injury to the Plaintiffs.

78. Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

79. By entering into this agreement, Cleveland Development, Associates and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to

17

exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets. Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings. Defendants Cleveland Development, Associates and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

80. Defendants Cleveland Development, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary duties and related obligations to Plaintiffs. The conduct of Defendants Cleveland Development, Associates and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

81. As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs have been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

82. By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development, Associates and Singleton, awarding them compensatory

18

and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT THIRTEEN: BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN, ASSOCIATES AND SINGLETON

83. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

84. A relationship of trust and confidence existed between Plaintiffs and Defendants Southeastern, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern, Associates and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property. Defendants Southeastern, Associates and Singleton owed the highest obligations and fiduciary duties to Plaintiffs. Defendants were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

85. By entering into the Management Agreements with the Partnerships, Southeastern, Associates and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties and in the use and preservation of the Plaintiffs' assets. Defendants Southeastern, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings. Defendants Southeastern, Associates and Singleton were obligated to ensure that

it did not engage in any fraudulent, unsafe, or unauthorized practices.

86.  Defendants Southeastern, Associates and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants Southeastern, Associates and Singleton disregarded their duties to and the interest of the Plaintiffs.

87.  As a proximate result of Defendants Southeastern, Associates and Singleton breach of their fiduciary duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court. Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

88.  By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FOURTEEN: CONVERSION
### VILLAGE MANOR, ASSOCIATES AND SINGLETON

89.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

90.  Defendants Village Manor, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an

amount in excess of $57,186.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

91.   Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

92.   As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

COUNT FIFTEEN: CONVERSION
CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

93.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

94.   As set forth above, Defendant Cleveland Development, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

95.   Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an

illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

96. As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

### COUNT SIXTEEN: BREACH OF CONTRACT
### VILLAGE MANOR, ASSOCIATES, SINGLETON, BROOKS

97. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

98. Defendants Village Manor, Associates, Singleton and Brooks entered into a partnership agreement with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership Agreement for Village Manor, Ltd on approximately March 21, 1997. The Agreement required Defendants Village Manor, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

99. As Guarantors, Singleton and Brooks agreed and represented that they had and would maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty Period, and that they would cover Operating Deficits, and other obligations of the General Partner during this period.

100. Defendant Village Manor breached the Partnership Agreement by:

1. improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

2.   improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

3.   failing to adequately hire and maintain a competent Management Agent;

4.   failing to adequately supervise the Management Agent; and

5.   providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

101. As a result of Village Manor, Associates and Singleton's breaches of contract, Plaintiffs KCILP III and Village Manor, Ltd. have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

102. Defendants Singleton and Brooks further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

103. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Associates, Singleton and Brooks, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

23

COUNT SEVENTEEN:  BREACH OF CONTRACT
CLEVELAND DEVELOPMENT, ASSOCIATES, SINGLETON, KERSHAW & DEAROLF

104. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

105. Defendants Cleveland Development, Associates, Singleton, Kershaw & Dearolf entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996.   The Agreement required Defendants Cleveland Development, Associates, Singleton, Kershaw & Dearolf to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

106. The Agreement required Defendants Cleveland Development, Associates, Singleton, Kershaw & Dearolf to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

107. As Individual Guarantors, Singleton, Kershaw & Dearolf agreed and represented that they had and would maintain, sufficient liquidity and net worth to sustain the Partnership during the Operating Guaranty Period, and that they would cover Operating Deficits, and other obligations of the General Partner during this period.

108. Defendant Cleveland Development breached the Partnership Agreement by:

    1.    improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

    2.    improperly managing the Partnership so as to put the Part-

nership at risk for recapture of tax credits taken in the past amounting to approximately $139,000.00;

3. failing to adequately hire and maintain a competent Management Agent;

4. failing to adequately supervise the Management Agent; and

5. providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

109. Defendants Singleton, Kershaw and Dearolf further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

110. As a result of Cleveland Development, Associates, Singleton, Kershaw & Dearolf breaches, Plaintiffs have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

111. By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants, Cleveland Development, Associates, Singleton, Kershaw and Dearolf jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT EIGHTEEN: BREACH OF CONTRACT
### SOUTHEASTERN, ASSOCIATES AND SINGLETON

112. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

113. Southeastern entered into Management Agreements with the Village Manor Partnership and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove Property.

114. Southeastern beached these agreements by, including but not limited to,:

1. failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

2. causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

3. failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(6O) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

4. failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

5. failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

6. allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

7. failing to repair and maintain appliances located in the units on the Village Manor Property; and

8. failing to address service and maintenance requests made by residents of both Properties.

115. As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

116. By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT NINETEEN: NEGLIGENCE AND WANTONNESS
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

117. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

118. Defendants Village Manor, as General Partner of the Village Manor Partnership and Associates and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that the Village Manor Partnership and the Village Manor Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

119. Defendants Village Manor, Associates and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

120. Defendants Southeastern, Associates and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership.

27

Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

121.  As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

122.  Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern, Associates and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

### COUNT TWENTY: NEGLIGENCE AND WANTONNESS
### CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

123.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

124. Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Associates and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner,

28

maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

125. Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

126. Defendants Southeastern, Associates and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern, Associates and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

127. As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

128. Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern, Associates and Singleton for their negligence and wantonness.

### IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)   Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Associates, Singleton, Brooks, Kershaw and Dearolf

29

jointly and severally, in an amount to be determined at the trial of this action;

(2)  Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Associates, Singleton, Brooks, Kershaw and Dearolf in an amount to be determined at the trial of this action;

(3)  Interest on any award at the appropriate statutory or other rate;

(4)  Any attorneys fees Plaintiffs may be justly entitled to; and

(5)  Such other and further relief as this Court deems just and proper.

DATED THIS the 1st day of March, 2007.

### PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.   By DWH
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

30

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 1st day of March, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Of COUNSEL

31



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-     :
SHIP III; VILLAGE MANOR LIMITED AND        :
CLEVELAND APARTMENTS, L. P., BY AND        :
THROUGH WENTWOOD HOUSING FUND XIII,        :
GP., INC. AND WENTWOOD HOUSING FUND        :
XV, GP, INC., ITS GENERAL PARTNERS          :
                                           :
    Plaintiffs,                       :
                                           :   Case No. CV-2005-2795
-VS-                                       :
                                           :
VILLAGE MANOR, INC.; CLEVELAND DEVELOP-    :
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-     :
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY  :
D. BROOKS; GEORGE KERSHAW; and RON         :
DEAROLF; SINGLETON & ASSOCIATES, INC.;     :
ET AL.,                                    :
                                           :
    Defendants.                       :

*FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2007 SEP -4 PM 3: 55*

## PRO TANTO STIPULATION FOR DISMISSAL

COME NOW the Plaintiffs in the above-styled cause, and notify this Court that Plaintiffs have reached a settlement with Defendant Jeffrey D. Brooks, and as such, move this Court that Plaintiffs' case against Defendant Jeffrey D. Brooks be dismissed with prejudice, with each party to bear their own costs and any and all claims Plaintiffs have against any other defendant will remain.

WHEREFORE, THESE PREMISES PRAYED, the Plaintiffs move this court to enter an order dismissing same with prejudice.

DAVID W. HENDERSON (HEN072)
Attorney for Plaintiffs

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
  COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

**GRANTED**

DATE ___9/10/07___

JUDGE CHARLES PRICE

*FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2007 SEP 12 AM 10: 55*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 4th day of September, 2007.

John W. Sudderth, Esq.
John S. Somerset, Esq.
5385 1st Avenue North
Birmingham, AL 35212

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL   35203

_____
Of COUNSEL



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L. P., BY AND
THROUGH WENTWOOD HOUSING FUND XIII,
GP., INC. AND WENTWOOD HOUSING FUND
XV, GP, INC., ITS GENERAL PARTNERS

    Plaintiffs,

-vs-

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY
D. BROOKS; GEORGE KERSHAW; and RON
DEAROLF; SINGLETON & ASSOCIATES, INC.;
ET AL.,

    Defendants.

Case No. CV-2005-2795

FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY
2007 SEP -4 PM 3:55

## PRO TANTO STIPULATION FOR DISMISSAL

COME NOW the Plaintiffs in the above-styled cause, and notify this Court that Plaintiffs have reached a settlement with Defendant Jeffrey D. Brooks, and as such, move this Court that Plaintiffs' case against Defendant Jeffrey D. Brooks be dismissed with prejudice, with each party to bear their own costs and any and all claims Plaintiffs have against any other defendant will remain.

WHEREFORE, THESE PREMISES PRAYED, the Plaintiffs move this court to enter an order dismissing same with prejudice.

_____
DAVID W. HENDERSON (HEN072)
Attorney for Plaintiffs

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
  COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 4th day of September, 2007.

John W. Sudderth, Esq.
John S. Somerset, Esq.
5385 1st Avenue North
Birmingham, AL 35212

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL   35203

_____
Of COUNSEL



# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED    *
PARTNERSHIP, et al.,    *
   *
      Plaintiffs,    *
   *    **CASE NUMBER:**
v.    *    CV-2005-2795
   *
VILLAGE MANOR, INC., et al.,    *
   *
      Defendants.    *

## PRO TANTO STIPULATION OF DISMISSAL

COME NOW the Plaintiffs in the above-styled cause, and notify this Court that

Plaintiffs have reached a settlement with Defendants George Kershaw and Ron Dearolf, and as

such, move this Court that Plaintiffs' case against Defendants George Kershaw and Ron Dearolf

be dismissed with prejudice, with each party to bear their own costs and any and all claims

Plaintiffs have against any other defendant will remain.

WHEREFORE, THESE PREMISES PRAYED, the Plaintiffs move this Court to

enter an order dismissing same with prejudice.

_DAVID W. HENDERSON (HEN072)_
Attorney for Plaintiffs

OF COUNSEL
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

CIRCUIT COURT OF
MONTGOMERY COUNTY
FILED
2005 SEP 25 PM 3: 31

1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 25th day of September, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL   35203

_____
OF COUNSEL

2



# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED   *
PARTNERSHIP, et al.,       *
               *
   **Plaintiffs,**        *
               *  <u>**CASE NUMBER:**</u>
**v.**             *  CV-2005-2795
               *
**VILLAGE MANOR, INC., et al.,**   *
               *
   **Defendants.**       *

## PRO TANTO STIPULATION OF DISMISSAL

   COME NOW the Plaintiffs in the above-styled cause, and notify this Court that Plaintiffs have reached a settlement with Defendants George Kershaw and Ron Dearolf, and as such, move this Court that Plaintiffs' case against Defendants George Kershaw and Ron Dearolf be dismissed with prejudice, with each party to bear their own costs and any and all claims Plaintiffs have against any other defendant will remain.

   WHEREFORE, THESE PREMISES PRAYED, the Plaintiffs move this Court to enter an order dismissing same with prejudice.

            _____
            DAVID W. HENDERSON (HEN072)
            Attorney for Plaintiffs

OF COUNSEL
HILL, HILL, CARTER, FRANCO,
COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116

2007 SEP 25  PM 3: 31  FILED  CIRCUIT COURT OF  MONTGOMERY COUNTY

## GRANTED

DATE ___18/02/07___

_____
**JUDGE CHARLES PRICE**

1

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 25th day of September, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL 35203

_____
OF COUNSEL

2

ELECTRONICALLY FILED
1/28/2008 10:17 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

| | |
|---|---|
| VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGELTON & ASSOCIATES, INC., ) ) ) ) ) ) | |
| **Third Party Plaintiffs,** ) | |
| vs. ) | |
| ) | **CASE NO.: CV-2005-2795** |
| ARCH SPECIALTY INSURANCE COMPANY, ) SCOTTSDALE INSURANCE COMPANY, ) CHUBB INSURANCE COMPANY, ) MARSH USA,Inc.. ) ) | **JURY DEMAND** |
| **Third Party Defendants.** ) | |

### THIRD PARTY COMPLAINT

### STATEMENT OF THE PARTIES

1. Third party Plaintiff R. Timothy Singleton , hereinafter referred to as Plaintiff Singleton, is over the age of nineteen years, a resident of the Montgomery County, Alabama and at all times material hereto was an officer, owner, member, shareholder or stakeholder in the above referenced Plaintiff entities, Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC, and Singleton & Associates, Inc.

2. Third party Plaintiff Village Manor, Inc., hereinafter referred to as Plaintiff Village Manor, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

3. Third party Plaintiff Cleveland Development, Inc., hereinafter referred to as Plaintiff Cleveland, is a Tennessee corporation and at all times material hereto

was a beneficiary of the insurance policies made the basis of this lawsuit.

4. Third party Plaintiff Southeastern LIHTC Management, Inc., hereinafter eferred to as Plaintiff Southeastern, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

5. Third party Plaintiff Singleton & Associates, Inc., hereinafter referred to as Plaintiff Singleton & Associates, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

6. Third party Defendant Scottsdale Insurance Company, hereinafter referred to as Defendant Scottsdale, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

7. Third party Defendant Arch Specialty Insurance Company, hereinafter referred to as Defendant Arch, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

8. Third party Defendant Chubb Insurance Company, hereinafter referred to as Defendant Chubb, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

9. Third party Defendant Marsh USA, Inc., is a foreign corporation and an insurance broker believed to be duly  licensed in the State of Alabama to sell /broker insurance and hereinafter referred to as Defendant Marsh.

## STATEMENT OF URISDICTION

10. This Honorable Court has jurisdiction of the maters complained of herein pursuant to all acts, omissions, and or occurrences occurred in Montgomery

County, Alabama.

11. This Honorable Court has jurisdiction over the matters complained of herein pursuant to § 6-5-1, et.seq., Code of Alabama, 1975.

## STATEMENT OF FACTS

12. On 10-31-05 KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

13. Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb and were covered insured's under those policies at all times material hereto.

14. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

15. Third party Plaintiffs notified Third party Defendants of the pending lawsuit pursuit to the notice requirements of the respective insurance policies.

16. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh represented to Plaintiffs that said insurance coverages included errors and omissions coverage.

17. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

18. Plaintiffs received replies or notice from each Defendant that each Defendant hereto declined to defend and or indemnify Plaintiffs.

19. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a

First Amended Complaint as against all of the Plaintiffs herein.

20. Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Limited Partnership III et.al. .

21. Again, Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

22. On or about 03-01-07 KeyCorp Limited Investment Partnership III et.al. filed a Second Amended Complaint as against all of the Plaintiffs herein.

23. Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Limited Partnership III et.al..

24. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

25. At all times material hereto Plaintiffs paid all premiums and reasonably relied on the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

26. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to suffer damages of loss of insurance premiums and fees paid to Defendants for insurance coverage and costs associated with having to defend against the underlying claims brought by KeyCorp Limited Partnership III et.al.

## COUNT I
## BAD FAITH

27. Plaintiffs reiterate and incorporate all preceding paragraphs as if fully set out herein.

28. Plaintiffs entered into insurance contracts for insurance coverages with Defendants Arch, Scottsdale and Chubb.

29. At all times material hereto Defendants owed Plaintiffs a duty to defend and or indemnify against lawsuits which plead claims that invoked occurrences which were covered pursuant to the terms of said insurance coverage by the policies made the basis of this lawsuit.

30. On 10-31-05 KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

31. Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb.

32. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

33. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto timely noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

34. Plaintiffs received notice from each Defendant whereby each Defendant hereto declined to defend and or indemnify Plaintiffs.

35. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a First Amended Complaint as against all of the Plaintiffs herein.

36. On or about via letter Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Investment Limited Partnership III et.al. .

37. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

38. On or about 03-01-07 KeyCorp Investment Limited Partnership III et.al. filed a

Second Amended Complaint as against all of the Plaintiffs herein.

39. Plaintiffs once again timely noticed Defendants of the Amended Complaint filing

by KeyCorp Investment Limited Partnership III et.al..

40. Once again Defendants denied coverage and declined to defend and or indemnify

Plaintiffs in the underlying matter.

41. At all times material hereto Plaintiffs paid all premiums and reasonably relied on

the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

42. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably

relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to

suffer damages of loss of insurance premiums and fees paid to Defendants for

insurance coverage and costs associated with having to defend against the

underlying claims brought by KeyCorp Limited Partnership III et.al.

43. Plaintiffs were caused to incur attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Arch, Scottsdale,

and Chubb in an amount which exceeds the minimum jurisdictional amount of this

Honorable Court and further deemed reasonable by a jury plus costs associated with

the instant litigation and reasonable attorneys fees.

### FRAUDULENT MISREPRESENTATION

44. Plaintiffs hereby reiterate and incorporate all preceding paragraphs as if fully set

out herein.

45. Plaintiffs hereto purchased all of the policies, except from Defendant Scottsdale,

through Defendant Marsh.

46. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh

represented to Plaintiffs that said insurance coverages included errors and omissions coverage.

47. Plaintiffs were denied coverage for defense and indemnity pursuant to the terms of their insurance contracts with Defendants Arch and Chubb in the underlying lawsuit.

48. Plaintiffs reasonably relied on the expertise and knowledge of the industry by Defendant Marsh when Defendant Marsh repeatedly represented that Plaintiffs were covered by said insurance policies made the basis of this lawsuit.

**WHEREFORE** Plaintiffs demand judgment as against Defendant Marsh in an amount which exceeds the minimum jurisdictional amount of this Honorable Court and further deemed reasonable by a jury plus costs of litigation and reasonable attorneys fees.

## DEMAND FOR JURY TRIAL

49. Plaintiffs demand trial by jury on all claims herein.

**RESPECTFULLY SUBMITTED** this the 28th day of January, 2008.


/s Michael Guy Holton
Michael Guy Holton (HOL106)
Co-Counsel for Plaintiffs
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Ste D
Montgomery, Alabama 36117
(334) 244-0447
gholtonattorney@bellsouth.net

/s Spence A. Singleton
Spence A. Singleton (SIN017)
Co-Counsel for Plaintiffs
P.O. Box 240894
Montgomery, Alabama 36124
(334) 396-5600
spencesingleton@bellsouth.net

ELECTRONICALLY FILED
9/24/2007 2:46 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L. P., BY AND
THROUGH WENTWOOD HOUSING FUND XIII,
GP., INC. AND WENTWOOD HOUSING FUND
XV, GP, INC., ITS GENERAL PARTNERS

     Plaintiffs,

-vs-

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON;
SINGLETON & ASSOCIATES, INC.;
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE WRONGFUL
CONDUCT CAUSED THE INJURIES TO THE
PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,

    Defendants.

Case No. CV-2005-2795

### THIRD AMENDED COMPLAINT

COME NOW Plaintiffs, KeyCorp Investment  Limited Partnership, III, Village Manor,

Ltd., by and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc.,

its General Partner, by counsel, and for the third time amends the complaint and allege as

follows:

1

### I. PARTIES

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama. Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.    Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.  Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.    Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.    Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.    Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.    Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

2

8.    Defendant Singleton & Associates, Inc. is, upon information and belief, an Alabama corporation with its principle place of business in Montgomery County, Alabama.

9.    This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

10.    Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama.  It operates as an Alabama limited partnership.

11.    On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed.  Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner.  Singleton, an officer of Village Manor, and  also signed the agreement as individual Guarantor.  Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement.  The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

12.    Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee.  The complex is operated as a limited partnership.

3

13. On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the "Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton also signed the agreement as individual Guarantor. Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement. The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

14. The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

15. The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

4

16.  On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Village Manor Apartments.

17.  On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

18.  On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal as General Partner pursuant to the Village Manor Agreement.  On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General Partner of the Village Manor Partnership in lieu of curing numerous defaults.  At the time of the withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

19.  On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments Agreement.  On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as General Partner of the Cleveland Partnership in lieu of curing numerous defects.  At the time of the withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state of disrepair and financial ruin.

20.  Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing General Partner of the Village Manor Property and the Forrest Grove Property, respectively, Plaintiffs were forced to remove Southeastern as the Management Agent for

5

the Village Manor Property and the Forrest Grove Property because of numerous outstanding and ongoing problems at the properties which resulted from negligence and mismanagement on the part of the General Partners and Management Agent.  More specifically, the Village Manor property was deemed by the Alabama Housing and Finance Authority to be uninhabitable, and it was estimated that it would cost in excess of $500,000.000, or approximately $10,000.00 per unit, to repair the damages caused by Defendants mismanagement.  The property was sold in 2006 for significantly less than the outstanding debt on the property, and for a fraction of the fair market value of the property had it been managed properly.  Additionally, many of the 96 units at Forrest Grove were damaged.  It was estimated that it would cost in excess of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants.  Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

21.  Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

6

22.   Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

23.   Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding and delinquent accounts payable in excess of $112,016.15 which led to the termination of key services at the development and improperly distributed in excess of $65,407.00 to themselves and their affiliates between 1997 and 2004.

24.   Singleton & Associates, Inc. ("Associates") is a closely held corporation by Timothy Singleton that is in the business of commercial real estate.   Associates was involved in the day to day operation and management of Village Manor, Inc., Cleveland Development, Inc. and Southeastern LIHTC Management, Inc.

25.   Defendants were negligent and wanton in their management of the partnerships and the developments, which led to the deterioration of the physical and financial condition of the partnerships and developments, and the damages more fully described herein.

26.   As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are continuing in nature.

7

### III.  CAUSES OF ACTION
### COUNT ONE:  FRAUD (SUPPRESSION)
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

27.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

28.  Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Village Manor partnership and property.  More specifically, Defendants concealed and withheld information regarding the deteriorating condition of the property, the delinquent accounts payable, the non-qualifying tenants at the property, and the improper distributions to Defendants.  Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

29.  As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

30.  By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT TWO:  FRAUD (SUPPRESSION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

31.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

32.  Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Cleveland partnership and the Forest Grove property.  More specifically,

8

Defendants concealed and withheld information about the deteriorating condition of the property, the delinquent accounts payable, and the improper distribution to Defendants. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

33.  As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

34.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT THREE:  BREACH OF FIDUCIARY DUTY
### VILLAGE MANOR, ASSOCIATES AND SINGLETON

35.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

36.  A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor, Associates and Singleton.  These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor, Associates and Singleton to act in Plaintiffs' best interests and to protect their investments.  As General Partner of the Village Manor Partnership, Defendants Village Manor, Associates and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs.  Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

9

37.  Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner.  By entering into this agreement, Defendants Village Manor, Associates and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants Village Manor, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.  Defendants Village Manor, Associates and Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or unauthorized practices.

38.  Defendants Village Manor, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd.  By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs.  The conduct of Defendants Village Manor, Associates and Singleton was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements.  Defendants disregarded their duties to and the interest of the Plaintiffs.

39.  As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.  Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor, Associates and Singleton in that the Plaintiffs have suffered

10

losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

40.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Associates and Singleton, awarding them compensatory and punitive damages against Defendants Village Manor, Associates and Singleton for their breach of fiduciary duties in the amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT FOUR:  BREACH OF FIDUCIARY DUTY
CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

41.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

42.   A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development, Associates and Singleton to act in Plaintiffs' best interests to protect their investments.  As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. Defendants Cleveland Development, Associates and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development, Associates and Singleton, so as not to cause injury to the Plaintiffs.

11

43.  Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

44.  By entering into this agreement, Cleveland Development, Associates and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.   Defendants Cleveland Development, Associates and Singleton were  obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

45.  Defendants Cleveland Development, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P.  By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary duties and related obligations to Plaintiffs.  The conduct of Defendants Cleveland Development, Associates and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

46.  As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.  Each of these Plaintiffs have been damaged by the wrongful

12

conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

47. By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FIVE: BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN, ASSOCIATES AND SINGLETON

48. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

49. A relationship of trust and confidence existed between Plaintiffs and Defendants Southeastern, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern, Associates and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property. Defendants Southeastern, Associates and Singleton owed the highest obligations and fiduciary duties to Plaintiffs. Defendants were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

50. By entering into the Management Agreements with the Partnerships, Southeastern, Associates and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties

13

and in the use and preservation of the Plaintiffs' assets. Defendants Southeastern, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings. Defendants Southeastern, Associates and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

51.   Defendants Southeastern, Associates and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants Southeastern, Associates and Singleton disregarded their duties to and the interest of the Plaintiffs.

52.   As a proximate result of Defendants Southeastern, Associates and Singleton breach of their fiduciary duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court. Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

53.   By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

14

### COUNT SIX:  CONVERSION
### VILLAGE MANOR, ASSOCIATES AND SINGLETON

54.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

55.  Defendants Village Manor, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $57,186.00.  Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

56.  Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

57.  As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

### COUNT SEVEN:  CONVERSION
### CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

58.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

59.  As set forth above, Defendant Cleveland Development, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00.  Article 4 of the Partnership Agreement

15

describes in detail when and how distributions to the General Partner and related entities can be made. The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

60. Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

61. As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

<u>COUNT EIGHT: BREACH OF CONTRACT</u>
<u>VILLAGE MANOR, ASSOCIATES AND SINGLETON</u>

62. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

63. Defendants Village Manor, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership Agreement for Village Manor, Ltd on approximately March 21, 1997. The Agreement required Defendants Village Manor, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

16

64.  As Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

65.  Defendant Village Manor breached the Partnership Agreement by:

1.  improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

2.  improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

3.  failing to adequately hire and maintain a competent Management Agent;

4.  failing to adequately supervise the Management Agent; and

5.  providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

66.  As a result of Village Manor, Associates and Singleton's breaches of contract, Plaintiffs KCILP III and Village Manor, Ltd. have incurred financial losses and damages more fully described herein.  Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

67.  Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

17

68.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT NINE:  BREACH OF CONTRACT
### CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

69.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

70.   Defendants Cleveland Development, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996.  The Agreement required Defendants Cleveland Development, Associates and Singleton to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

71.   The Agreement required Defendants Cleveland Development, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

72.   As an Individual Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the Partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

18

73. Defendant Cleveland Development breached the Partnership Agreement by:

    1. improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

    2. failing to adequately hire and maintain a competent Management Agent;

    3. failing to adequately supervise the Management Agent; and

    4. providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

74. Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

75. As a result of Cleveland Development, Associates and Singleton's breaches, Plaintiffs have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

76. By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants, Cleveland Development, Associates and Singleton jointly and severally, awarding the Plaintiffs compensatory damages an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT TEN: BREACH OF CONTRACT
SOUTHEASTERN, ASSOCIATES AND SINGLETON

77.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

78.  Southeastern entered into Management Agreements with the Village Manor Partnership and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove Property.

79.  Southeastern beached these agreements by, including but not limited to,:

1.  failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

2.  causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

3.  failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(60) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

4.  failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

5.  failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

6.  allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

7.  failing to repair and maintain appliances located in the units on the Village Manor Property; and

8.  failing to address service and maintenance requests made by residents of both Properties.

20

80.   As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages.  Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

81.   By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT ELEVEN: NEGLIGENCE AND WANTONNESS
VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

82.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

83.   Defendants Village Manor, as General Partner of the Village Manor Partnership and Associates and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose.  From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that the Village Manor Partnership and the Village Manor Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

84.   Defendants Village Manor, Associates and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

21

85. Defendants Southeastern, Associates and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership. Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

86. As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

87. Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern, Associates and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

### COUNT TWELVE: NEGLIGENCE AND WANTONNESS
### CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

88. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

89. Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Associates and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997

22

through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

90.    Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

91.    Defendants Southeastern, Associates and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern, Associates and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

92.    As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

93.    Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern, Associates and Singleton for their negligence and wantonness.

IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)    Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Associates and Singleton jointly and severally, in an amount to be determined at the trial of this action;

(2)    Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Associates and Singleton in an amount to be determined at the trial of this action;

(3)    Interest on any award at the appropriate statutory or other rate;

(4)    Any attorneys fees Plaintiffs may be justly entitled to; and

(5)    Such other and further relief as this Court deems just and proper.

DATED THIS the 24th day of September, 2007.

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY**


_/s/ David W. Henderson_____
DAVID W. HENDERSON (HEN072)

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

_/s/ Robert N. McGehee, Jr._____
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

24

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 24th day of September, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL   35203

                    /s/ David W. Henderson
                    Of COUNSEL



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED )
PARTNERSHIP III; VILLAGE MANOR )
LIMITED AND CLEVELAND APARTMENTS, )
L.P. by and through WENTWOOD )
HOUSING FUND VIII, GP, INC., its )
General Partner, )

    Plaintiffs, )

    -vs- )

VILLAGE MANOR, INC.; CLEVELAND )
DEVELOPMENT, INC.; SOUTHEASTERN )
LIHTC MANAGEMENT, INC.; R. TIMOTHY )
SINGLETON; JEFFREY D. BROOKS; )
GEORGE KERSHAW; and RON DEAROLF, )
DEFENDANTS 1 THROUGH 20 WHO ARE )
ENTITIES OR INDIVIDUALS WHOSE )
WRONGFUL CONDUCT CAUSED THE )
INJURIES TO THE PLAINTIFF, ALL OF )
WHOSE TRUE AND CORRECT NAMES ARE )
UNKNOWN TO THE PLAINTIFFS AT THIS )
TIME BUT WILL BE SUBSTITUTED BY )
AMENDMENT WHEN ASCERTAINED, )

    Defendants. )

Case No. CV-2005-2795

**2006 JAN -5  PM 3: 11**
**FILED**
**CIRCUIT COURT OF**
**MONTGOMERY COUNTY**

## MOTION TO ALLOW PRO HAC VICE ADMISSION OF
## ROBERT N. MCGEHEE, JR.

COMES NOW Robert N. McGehee, Jr., applicant herein, and requests this Honorable

Court to allow him to be admitted pro hac vice and respectfully represents the following:

1.    Applicant has filed with the Alabama State Bar a verified application for

admission to practice under Rule VII of the rules governing admission to the Alabama State

Bar. (See attached, Exhibit A).

2.    Applicant understands a hearing is set in this Honorable Court for February 1,

2006 regarding applicant's motion and an order from this Court will follow.

Respectfully submitted this the 5th day of January, 2006.

_ROBERT N. McGEHEE, JR._ By DWH
ROBERT N. McGEHEE, JR.

_MICHAEL J. COHAN_
MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 5th day of January, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
P.O. Box 240894
Montgomery, Alabama 36124-0894

_Of Counsel_
Of COUNSEL

RECEIVED

NOV 10 2005

ALABAMA STATE BAR

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L.P. by and
through WENTWOOD HOUSING FUND VIII, GP,
INC., its GENERAL PARTNER,

       Plaintiffs,

v.

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON; JEFFREY
D. BROOKS; GEORGE KERSHAW; AND RON
DEAROLF, DEFENDANTS 1 THROUGH 20 WHO
ARE ENTITIES OR INDIVIDUALS WHOSE
WRONGFUL CONDUCT CAUSED THE INJURIES
TO THE PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,
       Defendants

Case No. CV-2005- **2795**

RECEIVED _11-10-05_    PROCESSED _____

HEARING _?2-1-06_    RETURNED _11-10-05_

STAFF _CSM_    SEE FILE _____

**FOR ASB USE ONLY**

## VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE RULES GOVERNING
## ADMISSION TO THE ALABAMA STATE BAR

Comes now Robert N. McGehee Jr., applicant herein, and respectfully represents the

following:

1.    Applicant resides at 411 Eastwood Avenue, Fort Worth, Tarrant County, Texas

76107, 817/625 9366, SSN 4▇▇▇▇▇

2.    Applicant is an attorney and General Counsel for The Wentwood Companies,

with offices at 4200 W. Vickery, Suite 101, Fort Worth, Texas, 76107, 817/377-3311.

3.    Applicant has been retained personally for KeyCorp Investment Limited

Partnership, III, Village Manor Limited and Cleveland Apartments, L.P., by and through

Wentwood Housing Fund VIII, GP, Inc., its General Partner, to provide legal representation in



EXHIBIT

"*A*"

1

connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4.    Since 1994, applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of Texas, where applicant regularly practices law.

5.    Applicant has been admitted to practice before the following courts:

Supreme Court of Texas, 1994
N. District of Texas, February 15, 2000
S. District of Texas, November 22, 2002
W. District of Michigan, September 13, 2005

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below:

6.    Applicant presently is not subject to any disbarment proceedings.

7.    Applicant presently is not subject to any suspension proceedings.

8.    Applicant never has been subject to any disbarment proceedings.

9.    Applicant never has been subject to any suspension proceedings.

10.    Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked.

11.    Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

12.    Applicant has not filed application(s) to appear as counsel under Rule VII during the past three (3) years.

13.    Local counsel of record associated with application in this matter is David W. Henderson, 425 South Perry St., Montgomery, Alabama 36104-4235, 334/834-7600.

2

14.    The following list accurately states the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

Attorney for Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc.:
Spence A. Singleton
The Law Offices of Spence A. Singleton, LLC
P.O. Box 240894
Montgomery, AL 36124-0894
334-396-5600
334/356-0104  Fax

R. Timothy Singleton _ Attorney of Record
8212 Marsh Pointe Court    Spence A. Singleton
Montgomery, AL 36117    See Address Above
334/279-1238

George Kershaw    - Attorney of Record
P.O. Box 22849    Spence A. Singleton
Knoxville, TN 37933-0849    See Address Above

Ron Dearoff    - Attorney of Record
P.O. Box 22849    Spence A. Singleton
Knoxville, TN 37933-0849    See Address Above
865-675/2965

Jeffrey D. Brooks  -  Attorney of Record
1089 Hampton Place    Spence A. Singleton
Birmingham, AL 35242    See Address Above
205/444-9915

15.    Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

3

16.    Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this ___1___ day of November, 2005.

_____
Applicant

STATE OF TEXAS

COUNTY OF TARRANT

I, Robert N. McGehee Jr., do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those maters I believe them to be true.

_____
Applicant

Subscribed and Sworn to before me this 1st day of November, 2005.

NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 12-27-2005

_____
Notary Public

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this ___8TH___ day of ___NOVEMBER___, 2005.

_____
David W. Henderson, Local Counsel of Record

4

## NOTICE OF HEARING

This application for admission is set for hearing before the court or administrative agency in the style hereof on the _1_ day of _FEBRUARY_ , 2006

_[signature]_
Applicant/Affiant

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this application upon the Alabama State Bar by mail addressed to: Alabama State Bar, Attn: PHV Admissions, P.O. Box 671, Montgomery, Alabama 36101, accompanied by payment of the $100 filing fee to the Alabama State Bar on this the _8TH_ day of _NOVEMBER_ , 2005.

_[signature]_
Applicant/Affiant

5

# STATE BAR OF TEXAS



**Office of The Chief Disciplinary Counsel**

October 31, 2005

RE:     **Mr. Robert Neal McGehee, Jr.**
         State Bar Number - **00791225**

To Whom it May Concern:

This is to certify that Mr. Robert Neal McGehee, Jr. was licensed to practice law in Texas on November 04, 1994 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

John A. Neal
Chief Disciplinary Counsel

JN/as



**P.O. Box 12487, Capitol Station, Austin, Texas 78711, 512-463-1463 or 1-800-204-2222**





## ALABAMA STATE BAR

415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6310
www.alabar.org

### STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance
with Rule VII, Rules Governing Admission to the Alabama State Bar *(Pro HacVice)*:

**PETITIONER:**    Mr. Robert N. McGehee Jr.
The Wentwood Companies
4200 W. Vickery, Ste. 101
Fort Worth, TX    76107-0000

**CURRENT APPLICATION:**

|  |  |
|---|---|
| Date Application Received: | January 11, 2006 |
| Case No.: | CV05-2795 |
| Style: | KeyCorp Investment Limited Partnership III, et al v. Village Manor, Inc., et al |
| Court/Agency: | Circuit Court of Montgomery County |
| Date of Hearing: | February 01, 2006 |

**LOCAL COUNSEL:**  Mr. David Wayne Henderson
Hill, Hill, Carter, Franco, Cole & Black
PO Box 116
Montgomery, AL    36101-0116

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER
ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING 365 DAYS AS LISTED:

No record of Previous Applications

PHV Admissions
January 11, 2006

### LAWYERS RENDER SERVICE

. he Wentwood Companies

**Dates reported: January 12,2003 - January 11,2006**

| Applicant | Date App Received | Case | Court | G/D/P/M |
|-----------|-------------------|------|-------|---------|
| McGehee, Robert N., Jr. | | | | |
| | 01/11/2006 | CV05-2795 | Circuit Court of Montgomery County | P |



**IN THE CIRCUIT COURT OF**
**MONTGOMERY COUNTY, ALABAMA**

Key Corp., et al.,
        Plaintiff (s),

vs.                                                    CASE NO.CV-2005-2795-PR

Village Manor, et. al.,
        Defendant (s).

### ORDER

   The above-styled matter comes before the Court on the Motion of Applicant's,

Robert N. McGehee, Jr., to be admitted to practice *pro hac vice*.  Having considered the

applications, and in the absence of an objection from any other party, it is ORDERED,

ADJUDGED and DECREED that the application of Robert N. McGehee, Jr. to practice

pursuant to Rule 7 of the Rules Governing Admission to the Alabama State Bar is due to

be and is hereby GRANTED.

   Done this the 30 JAN 2006.

                                        _____
                                        CHARLES PRICE, Circuit Judge

cc:     David W. Henderson

2006 JAN 31  PM 2: 37
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP INVESTMENT, LIMITED )
PARTNERSHIP III; VILLAGE MANOR
LIMITED AND CLEVELAND APARTMENTS, )
L.P. BY AND THROUGH WENTWOOD
HOUSING FUND XIII, GP, INC., AND )
WENTWOOD HOUSING FUND, XV, GP,
INC., ITS GENERAL PARTNERS, )

      Plaintiffs, )    **Case No. CV-2005-2795**

-vs- )

VILLAGE MANOR, INC.; CLEVELAND )
DEVELOPMENT, INC.; SOUTHEASTERN
LIHTC MANAGEMENT, INC.; R. TIMOTHY )
SINGLETON; JEFFREY D. BROOKS;
GEORGE KERSHAW; and RON DEAROLF, )
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE )
WRONGFUL CONDUCT CAUSED THE
INJURIES TO THE PLAINTIFF, ALL OF )
WHOSE TRUE AND CORRECT NAMES ARE
UNKNOWN TO THE PLAINTIFFS AT THIS )
TIME BUT WILL BE SUBSTITUTED BY
AMENDMENT WHEN ASCERTAINED, )

      Defendants.

## <u>NOTICE OF SERVICE OF DISCOVERY DOCUMENTS</u>

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of KeyCorp Investment Limited Partnership, III, Village Manor, Ltd.:

    ( X ) Interrogatories
    (   ) Answers to Interrogatories
    ( X ) Request for Production
    (   ) Response to Request for Production
    (   ) Request for Admissions
    (   ) Response to Request for Admissions
    (   ) Notice of Intent to Serve Subpoena
    (   ) Notice of Deposition
    (   ) Other:

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)

OF COUNSEL:

Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:

4200 West Vickery, Suite 101
Fort Worth, Texas 76107

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the ___9TH___ day of March, 2006.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

William K. Abell, Esq.
Shinbaum, Abell, McLeod & Vann
Post Office Box 201
Montgomery, Alabama 36101

Of COUNSEL

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTEMENT,      *
LIMITED PARTNERSHIP III, et al.  *
                               *
     PLAINTIFFS,         *
                               *
v.                             *    CIVIL ACTION NO.: CV-2005-2795
                               *
VILLAGE MANOR, INC., et al.     *
                               *
     DEFENDANTS.      *

## ANSWER

Defendants, George Kershaw and Ron Dearolf answer the Complaint in the above-referenced action as follows:

1.    Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and therefore, deny same.

2.    Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and therefore, deny same.

3.    Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and therefore, deny same.

4.    Defendants admit that Village Manor, Inc., is an Alabama Corporation with its principal place of business in Montgomery, Alabama.

5.    Defendants admit that Cleveland Development, Inc., is a Tennessee Corporation with its principal place of business in Montgomery, Alabama.

6.    Defendants admit that Southeastern LIHTC Management, Inc., is an Alabama Corporation with its principal place of business in Montgomery, Alabama.

1

7.  Defendants admit that R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

8.  Defendants admit that Jeffery D. Brooks is an individual citizen of Birmingham, Alabama.

9.  George Kershaw is an individual citizen of Knoxville, Tennessee.

10. Ron Dearolf is an individual citizen of Knoxville, Tennessee.

11. Defendants deny the allegations in paragraph 11 of the Plaintiffs' Complaint and demands strict proof thereof.

12. Defendants deny the allegations in paragraph 12 of the Plaintiffs' Complaint and demands strict proof thereof.

13. Defendants deny the allegations in paragraph 13 of the Plaintiffs' Complaint and demands strict proof thereof.

14. Defendants deny the allegations in paragraph 14 of the Plaintiffs' Complaint and demands strict proof thereof.

15. Defendants deny the allegations in paragraph 15 of the Plaintiffs' Complaint and demands strict proof thereof.

16. Defendants deny the allegations in paragraph 16 of the Plaintiffs' Complaint and demands strict proof thereof.

17. Defendants deny the allegations in paragraph 17 of the Plaintiffs' Complaint and demands strict proof thereof.

18. Defendants deny the allegations in paragraph 18 of the Plaintiffs' Complaint and demands strict proof thereof.

19. Defendants deny the allegations in paragraph 19 of the Plaintiffs' Complaint and demands strict proof thereof.

20. Defendants deny the allegations in paragraph 20 of the Plaintiffs' Complaint and demands strict proof thereof.

21. Defendants deny the allegations in paragraph 21 of the Plaintiffs' Complaint and demands strict proof thereof.

22. Defendants deny the allegations in paragraph 22 of the Plaintiffs' Complaint and

2

demands strict proof thereof.

23.     Defendants deny the allegations in paragraph 23 of the Plaintiffs' Complaint and demands strict proof thereof.

24.     Defendants deny the allegations in paragraph 24 of the Plaintiffs' Complaint and demands strict proof thereof.

25.     Defendants deny the allegations in paragraph 25 of the Plaintiffs' Complaint and demands strict proof thereof.

26.     Defendants deny the allegations in paragraph 26 of the Plaintiffs' Complaint and demands strict proof thereof.

27.     Defendants deny the allegations in paragraph 27 of the Plaintiffs' Complaint and demands strict proof thereof.

28.     Defendants adopt the previous responses to the preceding paragraphs.

29.     Defendants deny the allegations in paragraph 29 of the Plaintiffs' Complaint and demands strict proof thereof.

30.     Defendants deny the allegations in paragraph 30 of the Plaintiffs' Complaint and demands strict proof thereof.

31.     Defendants deny the allegations in paragraph 31 of the Plaintiffs' Complaint and demands strict proof thereof.

32.     Defendants adopt the previous responses to the preceding paragraphs.

33.     Defendants deny the allegations in paragraph 33 of the Plaintiffs' Complaint and demands strict proof thereof.

34.     Defendants deny the allegations in paragraph 34 of the Plaintiffs' Complaint and demands strict proof thereof.

35.     Defendants deny the allegations in paragraph 35 of the Plaintiffs' Complaint and demands strict proof thereof.

36.     Defendants adopt the previous responses to the preceding paragraphs.

37.     Defendants deny the allegations in paragraph 37 of the Plaintiffs' Complaint and demands strict proof thereof.

38.     Defendants deny the allegations in paragraph 38 of the Plaintiffs' Complaint and

demands strict proof thereof.

39. Defendants deny the allegations in paragraph 39 of the Plaintiffs' Complaint and demands strict proof thereof.

40. Defendants adopt the previous responses to the preceding paragraphs.

41. Defendants deny the allegations in paragraph 41 of the Plaintiffs' Complaint and demands strict proof thereof.

42. Defendants deny the allegations in paragraph 42 of the Plaintiffs' Complaint and demands strict proof thereof.

43. Defendants deny the allegations in paragraph 43 of the Plaintiffs' Complaint and demands strict proof thereof.

44. Defendants adopt the previous responses to the preceding paragraphs.

45. Defendants deny the allegations in paragraph 45 of the Plaintiffs' Complaint and demands strict proof thereof.

46. Defendants deny the allegations in paragraph 46 of the Plaintiffs' Complaint and demands strict proof thereof.

47. Defendants deny the allegations in paragraph 47 of the Plaintiffs' Complaint and demands strict proof thereof.

48. Defendants adopt the previous responses to the preceding paragraphs.

49. Defendants deny the allegations in paragraph 49 of the Plaintiffs' Complaint and demands strict proof thereof.

50. Defendants deny the allegations in paragraph 50 of the Plaintiffs' Complaint and demands strict proof thereof.

51. Defendants deny the allegations in paragraph 51 of the Plaintiffs' Complaint and demands strict proof thereof.

52. Defendants adopt the previous responses to the preceding paragraphs.

53. Defendants deny the allegations in paragraph 53 of the Plaintiffs' Complaint and demands strict proof thereof.

54. Defendants deny the allegations in paragraph 54 of the Plaintiffs' Complaint and demands strict proof thereof.

55.    Defendants deny the allegations in paragraph 55 of the Plaintiffs' Complaint and demands strict proof thereof.

56.    Defendants adopt the previous responses to the preceding paragraphs.

57.    Defendants deny the allegations in paragraph 57 of the Plaintiffs' Complaint and demands strict proof thereof.

58.    Defendants deny the allegations in paragraph 58 of the Plaintiffs' Complaint and demands strict proof thereof.

59.    Defendants deny the allegations in paragraph 59 of the Plaintiffs' Complaint and demands strict proof thereof.

60.    Defendants adopt the previous responses to the preceding paragraphs.

61.    Defendants deny the allegations in paragraph 61 of the Plaintiffs' Complaint and demands strict proof thereof.

62.    Defendants deny the allegations in paragraph 62 of the Plaintiffs' Complaint and demands strict proof thereof.

63.    Defendants deny the allegations in paragraph 63 of the Plaintiffs' Complaint and demands strict proof thereof.

64.    Defendants adopt the previous responses to the preceding paragraphs.

65.    Defendants deny the allegations in paragraph 65 of the Plaintiffs' Complaint and demands strict proof thereof.

66.    Defendants deny the allegations in paragraph 66 of the Plaintiffs' Complaint and demands strict proof thereof.

67.    Defendants deny the allegations in paragraph 67 of the Plaintiffs' Complaint and demands strict proof thereof.

68.    Defendants adopt the previous responses to the preceding paragraphs.

69.    Defendants deny the allegations in paragraph 69 of the Plaintiffs' Complaint and demands strict proof thereof.

70.    Defendants deny the allegations in paragraph 70 of the Plaintiffs' Complaint and demands strict proof thereof.

71.    Defendants deny the allegations in paragraph 71 of the Plaintiffs' Complaint and

demands strict proof thereof.

72.　Defendants deny the allegations in paragraph 72 of the Plaintiffs' Complaint and demands strict proof thereof.

73.　Defendants deny the allegations in paragraph 73 of the Plaintiffs' Complaint and demands strict proof thereof.

74.　Defendants adopt the previous responses to the preceding paragraphs.

75.　Defendants deny the allegations in paragraph 75 of the Plaintiffs' Complaint and demands strict proof thereof.

76.　Defendants deny the allegations in paragraph 76 of the Plaintiffs' Complaint and demands strict proof thereof.

77.　Defendants deny the allegations in paragraph 77 of the Plaintiffs' Complaint and demands strict proof thereof.

78.　Defendants deny the allegations in paragraph 78 of the Plaintiffs' Complaint and demands strict proof thereof.

79.　Defendants deny the allegations in paragraph 79 of the Plaintiffs' Complaint and demands strict proof thereof.

80.　Defendants deny the allegations in paragraph 80 of the Plaintiffs' Complaint and demands strict proof thereof.

81.　Defendants adopt the previous responses to the preceding paragraphs.

82.　Defendants deny the allegations in paragraph 82 of the Plaintiffs' Complaint and demands strict proof thereof.

83.　Defendants deny the allegations in paragraph 83 of the Plaintiffs' Complaint and demands strict proof thereof.

84.　Defendants deny the allegations in paragraph 84 of the Plaintiffs' Complaint and demands strict proof thereof.

85.　Defendants deny the allegations in paragraph 85 of the Plaintiffs' Complaint and demands strict proof thereof.

86.　Defendants deny the allegations in paragraph 86 of the Plaintiffs' Complaint and demands strict proof thereof.

87.   Defendants adopt the previous responses to the preceding paragraphs.

88.   Defendants deny the allegations in paragraph 88 of the Plaintiffs' Complaint and demands strict proof thereof.

89.   Defendants deny the allegations in paragraph 89 of the Plaintiffs' Complaint and demands strict proof thereof.

90.   Defendants deny the allegations in paragraph 90 of the Plaintiffs' Complaint and demands strict proof thereof.

91.   Defendants adopt the previous responses to the preceding paragraphs.

92.   Defendants deny the allegations in paragraph 92 of the Plaintiffs' Complaint and demands strict proof thereof.

93.   Defendants deny the allegations in paragraph 93 of the Plaintiffs' Complaint and demands strict proof thereof.

94.   Defendants deny the allegations in paragraph 94 of the Plaintiffs' Complaint and demands strict proof thereof.

95.   Defendants adopt the previous responses to the preceding paragraphs.

96.   Defendants deny the allegations in paragraph 96 of the Plaintiffs' Complaint and demands strict proof thereof.

97.   Defendants deny the allegations in paragraph 97 of the Plaintiffs' Complaint and demands strict proof thereof.

98.   Defendants deny the allegations in paragraph 98 of the Plaintiffs' Complaint and demands strict proof thereof.

99.   Defendants deny the allegations in paragraph 99 of the Plaintiffs' Complaint and demands strict proof thereof.

100.   Defendants deny the allegations in paragraph 100 of the Plaintiffs' Complaint and demands strict proof thereof.

101.   Defendants deny the allegations in paragraph 101 of the Plaintiffs' Complaint and demands strict proof thereof.

102.   Defendants adopt the previous responses to the preceding paragraphs.

103.   Defendants deny the allegations in paragraph 103 of the Plaintiffs' Complaint and

demands strict proof thereof.

104.  Defendants deny the allegations in paragraph 104 of the Plaintiffs' Complaint and demands strict proof thereof.

105.  Defendants deny the allegations in paragraph 105 of the Plaintiffs' Complaint and demands strict proof thereof.

106.  Defendants deny the allegations in paragraph 106 of the Plaintiffs' Complaint and demands strict proof thereof.

107.  Defendants deny the allegations in paragraph 107 of the Plaintiffs' Complaint and demands strict proof thereof.

108.  Defendants deny the allegations in paragraph 108 of the Plaintiffs' Complaint and demands strict proof thereof.

109.  Defendants deny the allegations in paragraph 109 of the Plaintiffs' Complaint and demands strict proof thereof.

110.  Defendants adopt the previous responses to the preceding paragraphs.

111.  Defendants deny the allegations in paragraph 111 of the Plaintiffs' Complaint and demands strict proof thereof.

112.  Defendants deny the allegations in paragraph 112 of the Plaintiffs' Complaint and demands strict proof thereof.

113.  Defendants deny the allegations in paragraph 113 of the Plaintiffs' Complaint and demands strict proof thereof.

114.  Defendants deny the allegations in paragraph 114 of the Plaintiffs' Complaint and demands strict proof thereof.

115.  Defendants adopt the previous responses to the preceding paragraphs.

116.  Defendants deny the allegations in paragraph 116 of the Plaintiffs' Complaint and demands strict proof thereof.

117.  Defendants deny the allegations in paragraph 117 of the Plaintiffs' Complaint and demands strict proof thereof.

118.  Defendants deny the allegations in paragraph 118 of the Plaintiffs' Complaint and demands strict proof thereof.

119. Defendants deny the allegations in paragraph 119 of the Plaintiffs' Complaint and demands strict proof thereof.

120. Defendants deny the allegations in paragraph 120 of the Plaintiffs' Complaint and demands strict proof thereof.

121. Defendants adopt the previous responses to the preceding paragraphs.

122. Defendants deny the allegations in paragraph 122 of the Plaintiffs' Complaint and demands strict proof thereof.

123. Defendants deny the allegations in paragraph 123 of the Plaintiffs' Complaint and demands strict proof thereof.

124. Defendants deny the allegations in paragraph 124 of the Plaintiffs' Complaint and demands strict proof thereof.

125. Defendants deny the allegations in paragraph 125 of the Plaintiffs' Complaint and demands strict proof thereof.

126. Defendants deny the allegations in paragraph 126 of the Plaintiffs' Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Plaintiffs' Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted and, therefore, should be dismissed, with prejudice.

## SECOND DEFENSE

Plaintiffs are barred from recovery by their own contributory negligence.

## THIRD DEFENSE

The Defendants plead the general issues.

## FOURTH DEFENSE

Defendants are not guilty.

## FIFTH DEFENSE

Plaintiffs' claims are barred by estoppel, laches and waiver.

## SIXTH DEFENSE

Plaintiffs neither reasonably or justifiably relied on any representations made to them, if any, by these Defendants.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger.

## NINTH DEFENSE

Plaintiffs' claims are barred by the parole evidence rule.

## TENTH DEFENSE

Plaintiffs have failed to plead their fraud claims in the complaint with the particularity required by the Code of Alabama 1973 section 6-5-101 and Rule 9(b) of Alabama Rules of Civil Procedure.

## ELEVENTH DEFENSE

Plaintiffs are limited to a recovery of their actual economic damages, if any.

## TWELFTH DEFENSE

These Defendants suppressed no material fact from Plaintiffs.

## THIRTEENTH DEFENSE

The Plaintiffs have failed to mitigate their damages to the extent that they have allegedly suffered damages.

## FOURTEENTH DEFENSE

These Defendants deny any liability for the acts of other entities under a theory of *respondent*

*superior*, vicarious liability or otherwise.

## FIFTEENTH DEFENSE

These Defendants owed no duty of disclosure to the Plaintiffs.

## SIXTEENTH DEFENSE

These Defendants are shielded from liability on all of Plaintiffs' claims by a conditional privilege and/or a qualified and/or good faith immunity.

## SEVENTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, whole or in part, because of the failure to do equity.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

## TWENTIETH DEFENSE

These Defendants aver that they did not participate in, authorize, ratify or benefit from any alleged misrepresentation or wrongful acts that are asserted in the Complaint.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for recovery of punitive damages are barred by Code of Alabama 1973 section 6-11-20 et seq.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims for recovery of punitive damages are barred by Code of Alabama 1973 section 6-11-27 et seq.

## TWENTY-THIRD DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability

of punitive damage awards which arose in the decision of *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

### TWENTY-FOURTH DEFENSE

Any award of punitive damages in this case is subject to scrutiny under the facts set fourth in *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

### TWENTY-FIFTH DEFENSE

Any jury making an award of punitive damages in this case must consider the facts set fourth in *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

### TWENTY-SIXTH DEFENSE

Any award of punitive damages in this case would be unconstitutional under *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

### TWENTY-SEVENTH DEFENSE

Any verdict based upon Plaintiffs' claim for punitive damages or for compensatory damages for pain and suffering, mental anguish or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Constitution of the State of Alabama as the standards for assessing the propriety and amount of such damages violate the constitutional prohibition against vague and overbroad laws.

### TWENTY-EIGHTH DEFENSE

As shown by the United States Supreme Court's remand of the Supreme Court of Alabama's decisions in *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996), and *Life Insurance Company of Georgia v. Johnson,* 701 So. 2d. 524 (Ala. 1997). By these cases the Court has found the system Alabama uses for awarding and reviewing punitive damages is fatally flawed. Therefore, any award of punitive damages in this case would be in contravention of the constitutional safeguards provided to this defendant under the United States Constitution and the Constitution of the State of Alabama, jointly and separately.

### TWENTY-NINTH DEFENSE

An award of punitive damages in the circumstances of this case would clearly be violative of defendant's due process rights as embraced by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process clause of Article 1, Section six and/or 13 of the Constitution of the State of Alabama, jointly and separately, as such award would constitute a

deprivation of property without due process of law for the following reasons as separately stated herein.

1. There are inadequate standards or guidance to instruct a jury with regard to assessing the amount and appropriateness of a punitive damage award.

2. Post-verdict review of a punitive damage award is similarity subject to insufficient standards or criterion under present Alabama law to accord this defendant due process of law.

3. There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of this defendant's conduct and/or the compensatory damages awarded.

4. The procedures utilized by Alabama Courts and/or the jury instructions provided to Alabama jurors, jointly, separately, are vague and ambiguous.

5. No rational relationship exists between the extent of punitive damages and legitimate interest to be advanced by the State of Alabama.

6. An award of punitive damages in this case would be penal in nature and thus, would violate the defendant's constitutional rights under the United States Constitution and/or the Constitution of the State of Alabama unless the defendant is granted the procedural safeguards afforded criminal defendants, including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

7. Present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive damages awarded against defendant.

8. Present Alabama procedures permit the imposition of joint and several judgements against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

9. The award of punitive damages on the basis of vicarious liability for the conduct of others violates defendant's constitutional rights.

## THIRTIETH DEFENSE

The imposition of punitive damages in this case would be in denial of defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama. Specifically, defendants are treated differently than criminal defendants which are charged with similar to identical culpability. Alternatively, the adequate and objective standards for guiding in the assessment of punitive charges fails to insure the equality of treatment between and among similarly situated civil defendants.

## THIRTY-FIRST DEFENSE

These Defendant's actions and statements were justified and truthful.

13

### THIRTY-SECOND DEFENSE

These Defendant's statements were statements of opinion.

### THIRTY-THIRD DEFENSE

This court lacks *in personam* jurisdiction over Defendants.

### THIRTY-FOURTH DEFENSE

These Defendants plead that any amount was voluntarily undertaken, that the Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiffs, that the terms of any agreement were fully disclosed to the Plaintiff, that the Plaintiffs knowingly entered into any agreement, having either understood any agreement or having failed to avail themselves of the opportunity to understand the agreements.

### THIRTY-FIFTH DEFENSE

Venue is not proper as for these Defendants.

### THIRTY-SIXTH DEFENSE

Any contract claim fails for lack of, or failure of, consideration.

### THIRTY-SEVENTH DEFENSE

These Defendants deny any and all allegations not expressly admitted to or otherwise addressed in this answer.

### THIRTY-EIGHTH DEFENSE

The Plaintiffs' common law claims may be preempted and/or governed by federal law.

### THIRTY-NINTH DEFENSE

These Defendants reserve the right to assert additional and further affirmative defenses as they are discovered in this matter.

### FORTIETH DEFENSE

Plaintiffs failed to perform all conditions precedent under any contract.

14

**FORTY-FIRST DEFENSE**

Plaintiffs' contract claims fail because of the Statute of Frauds.

**FORTY-SECOND DEFENSE**

Plaintiff has not suffered any damages as any claim for damages is purely speculative as the plaintiff's claims for damages has not ripened.


Respectfully submitted this the 19th day of December, 2005.


Spence A. Singleton SIN017
William K. Abell ABE001

OF COUNSEL:

SHINBAUM, ABELL, McLEOD & VANN, P. C.
P. O. Box 201
Montgomery, AL  36101-0201
Telephone     (334) 269-4440
Facsimile     (334) 263-4096

**CERTIFICATE OF SERVICE**


I hereby certify I have served a copy of the foregoing to the following counsel of record by placing same in the United States Mail, first class postage pre-paid and properly addressed on this the 19th day of December, 2005.

Michael J. Cohan
David W. Henderson
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104


OF COUNSEL

15



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTEMENT,                  *
LIMITED PARTNERSHIP III, et al.        *
                                       *
    PLAINTIFFS,                        *
                                       *
v.                                     *    CIVIL ACTION NO.: CV-2005-2795
                                       *
VILLAGE MANOR, INC., et al.            *
                                       *
    DEFENDANTS.                        *

2005 DEC 16  PM 3: 27

## ANSWER

Defendants, Village Manor, Inc., Cleveland Development, Inc., Southeastern LITTC Management, Inc., R. Timothy Singleton, Jeffery D. Brooks answer the Complaint in the above-referenced action as follows:

1.    Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and therefore, deny same.

2.    Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and therefore, deny same.

3.    Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and therefore, deny same.

4.    Defendants admit that Village Manor, Inc., is an Alabama Corporation with its principal place of business in Montgomery, Alabama.

5.    Defendants admit that Cleveland Development, Inc., is a Tennessee Corporation with its principal place of business in Montgomery, Alabama.

1

6.   Defendants admit that Southeastern LIHTC Management, Inc., is an Alabama Corporation with its principal place of business in Montgomery, Alabama.

7.   Defendants admit that R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

8.   Defendants admit that Jeffery D. Brooks is an individual citizen of Birmingham, Alabama.

9.   Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint and therefore, deny same.

10.  Defendants are without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint and therefore, deny same.

11.  Defendants deny the allegations in paragraph 11 of the Plaintiffs' Complaint and demands strict proof thereof.

12.  Defendants deny the allegations in paragraph 12 of the Plaintiffs' Complaint and demands strict proof thereof.

13.  Defendants deny the allegations in paragraph 13 of the Plaintiffs' Complaint and demands strict proof thereof.

14.  Defendants deny the allegations in paragraph 14 of the Plaintiffs' Complaint and demands strict proof thereof.

15.  Defendants deny the allegations in paragraph 15 of the Plaintiffs' Complaint and demands strict proof thereof.

16.  Defendants deny the allegations in paragraph 16 of the Plaintiffs' Complaint and demands strict proof thereof.

17.  Defendants deny the allegations in paragraph 17 of the Plaintiffs' Complaint and demands strict proof thereof.

18.  Defendants deny the allegations in paragraph 18 of the Plaintiffs' Complaint and demands strict proof thereof.

2

19.   Defendants deny the allegations in paragraph 19 of the Plaintiffs' Complaint and demands strict proof thereof.

20.   Defendants deny the allegations in paragraph 20 of the Plaintiffs' Complaint and demands strict proof thereof.

21.   Defendants deny the allegations in paragraph 21 of the Plaintiffs' Complaint and demands strict proof thereof.

22.   Defendants deny the allegations in paragraph 22 of the Plaintiffs' Complaint and demands strict proof thereof.

23.   Defendants deny the allegations in paragraph 23 of the Plaintiffs' Complaint and demands strict proof thereof.

24.   Defendants deny the allegations in paragraph 24 of the Plaintiffs' Complaint and demands strict proof thereof.

25.   Defendants deny the allegations in paragraph 25 of the Plaintiffs' Complaint and demands strict proof thereof.

26.   Defendants deny the allegations in paragraph 26 of the Plaintiffs' Complaint and demands strict proof thereof.

27.   Defendants deny the allegations in paragraph 27 of the Plaintiffs' Complaint and demands strict proof thereof.

28.   Defendants adopt the previous responses to the preceding paragraphs.

29.   Defendants deny the allegations in paragraph 29 of the Plaintiffs' Complaint and demands strict proof thereof.

30.   Defendants deny the allegations in paragraph 30 of the Plaintiffs' Complaint and demands strict proof thereof.

31.   Defendants deny the allegations in paragraph 31 of the Plaintiffs' Complaint and demands strict proof thereof.

32.   Defendants adopt the previous responses to the preceding paragraphs.

33.   Defendants deny the allegations in paragraph 33 of the Plaintiffs' Complaint and demands strict proof thereof.

34.  Defendants deny the allegations in paragraph 34 of the Plaintiffs' Complaint and demands strict proof thereof.

35.  Defendants deny the allegations in paragraph 35 of the Plaintiffs' Complaint and demands strict proof thereof.

36.  Defendants adopt the previous responses to the preceding paragraphs.

37.  Defendants deny the allegations in paragraph 37 of the Plaintiffs' Complaint and demands strict proof thereof.

38.  Defendants deny the allegations in paragraph 38 of the Plaintiffs' Complaint and demands strict proof thereof.

39.  Defendants deny the allegations in paragraph 39 of the Plaintiffs' Complaint and demands strict proof thereof.

40.  Defendants adopt the previous responses to the preceding paragraphs.

41.  Defendants deny the allegations in paragraph 41 of the Plaintiffs' Complaint and demands strict proof thereof.

42.  Defendants deny the allegations in paragraph 42 of the Plaintiffs' Complaint and demands strict proof thereof.

43.  Defendants deny the allegations in paragraph 43 of the Plaintiffs' Complaint and demands strict proof thereof.

44.  Defendants adopt the previous responses to the preceding paragraphs.

45.  Defendants deny the allegations in paragraph 45 of the Plaintiffs' Complaint and demands strict proof thereof.

46.  Defendants deny the allegations in paragraph 46 of the Plaintiffs' Complaint and demands strict proof thereof.

47.  Defendants deny the allegations in paragraph 47 of the Plaintiffs' Complaint and demands strict proof thereof.

48.  Defendants adopt the previous responses to the preceding paragraphs.

49.  Defendants deny the allegations in paragraph 49 of the Plaintiffs' Complaint and demands strict proof thereof.

50.   Defendants deny the allegations in paragraph 50 of the Plaintiffs' Complaint and demands strict proof thereof.

51.   Defendants deny the allegations in paragraph 51 of the Plaintiffs' Complaint and demands strict proof thereof.

52.   Defendants adopt the previous responses to the preceding paragraphs.

53.   Defendants deny the allegations in paragraph 53 of the Plaintiffs' Complaint and demands strict proof thereof.

54.   Defendants deny the allegations in paragraph 54 of the Plaintiffs' Complaint and demands strict proof thereof.

55.   Defendants deny the allegations in paragraph 55 of the Plaintiffs' Complaint and demands strict proof thereof.

56.   Defendants adopt the previous responses to the preceding paragraphs.

57.   Defendants deny the allegations in paragraph 57 of the Plaintiffs' Complaint and demands strict proof thereof.

58.   Defendants deny the allegations in paragraph 58 of the Plaintiffs' Complaint and demands strict proof thereof.

59.   Defendants deny the allegations in paragraph 59 of the Plaintiffs' Complaint and demands strict proof thereof.

60.   Defendants adopt the previous responses to the preceding paragraphs.

61.   Defendants deny the allegations in paragraph 61 of the Plaintiffs' Complaint and demands strict proof thereof.

62.   Defendants deny the allegations in paragraph 62 of the Plaintiffs' Complaint and demands strict proof thereof.

63.   Defendants deny the allegations in paragraph 63 of the Plaintiffs' Complaint and demands strict proof thereof.

64.   Defendants adopt the previous responses to the preceding paragraphs.

65.   Defendants deny the allegations in paragraph 65 of the Plaintiffs' Complaint and demands strict proof thereof.

66.    Defendants deny the allegations in paragraph 66 of the Plaintiffs' Complaint and demands strict proof thereof.

67.    Defendants deny the allegations in paragraph 67 of the Plaintiffs' Complaint and demands strict proof thereof.

68.    Defendants adopt the previous responses to the preceding paragraphs.

69.    Defendants deny the allegations in paragraph 69 of the Plaintiffs' Complaint and demands strict proof thereof.

70.    Defendants deny the allegations in paragraph 70 of the Plaintiffs' Complaint and demands strict proof thereof.

71.    Defendants deny the allegations in paragraph 71 of the Plaintiffs' Complaint and demands strict proof thereof.

72.    Defendants deny the allegations in paragraph 72 of the Plaintiffs' Complaint and demands strict proof thereof.

73.    Defendants deny the allegations in paragraph 73 of the Plaintiffs' Complaint and demands strict proof thereof.

74.    Defendants adopt the previous responses to the preceding paragraphs.

75.    Defendants deny the allegations in paragraph 75 of the Plaintiffs' Complaint and demands strict proof thereof.

76.    Defendants deny the allegations in paragraph 76 of the Plaintiffs' Complaint and demands strict proof thereof.

77.    Defendants deny the allegations in paragraph 77 of the Plaintiffs' Complaint and demands strict proof thereof.

78.    Defendants deny the allegations in paragraph 78 of the Plaintiffs' Complaint and demands strict proof thereof.

79.    Defendants deny the allegations in paragraph 79 of the Plaintiffs' Complaint and demands strict proof thereof.

80.    Defendants deny the allegations in paragraph 80 of the Plaintiffs' Complaint and demands strict proof thereof.

81.  Defendants adopt the previous responses to the preceding paragraphs.

82.  Defendants deny the allegations in paragraph 82 of the Plaintiffs' Complaint and demands strict proof thereof.

83.  Defendants deny the allegations in paragraph 83 of the Plaintiffs' Complaint and demands strict proof thereof.

84.  Defendants deny the allegations in paragraph 84 of the Plaintiffs' Complaint and demands strict proof thereof.

85.  Defendants deny the allegations in paragraph 85 of the Plaintiffs' Complaint and demands strict proof thereof.

86.  Defendants deny the allegations in paragraph 86 of the Plaintiffs' Complaint and demands strict proof thereof.

87.  Defendants adopt the previous responses to the preceding paragraphs.

88.  Defendants deny the allegations in paragraph 88 of the Plaintiffs' Complaint and demands strict proof thereof.

89.  Defendants deny the allegations in paragraph 89 of the Plaintiffs' Complaint and demands strict proof thereof.

90.  Defendants deny the allegations in paragraph 90 of the Plaintiffs' Complaint and demands strict proof thereof.

91.  Defendants adopt the previous responses to the preceding paragraphs.

92.  Defendants deny the allegations in paragraph 92 of the Plaintiffs' Complaint and demands strict proof thereof.

93.  Defendants deny the allegations in paragraph 93 of the Plaintiffs' Complaint and demands strict proof thereof.

94.  Defendants deny the allegations in paragraph 94 of the Plaintiffs' Complaint and demands strict proof thereof.

95.  Defendants adopt the previous responses to the preceding paragraphs.

96.  Defendants deny the allegations in paragraph 96 of the Plaintiffs' Complaint and demands strict proof thereof.

97.    Defendants deny the allegations in paragraph 97 of the Plaintiffs' Complaint and demands strict proof thereof.

98.    Defendants deny the allegations in paragraph 98 of the Plaintiffs' Complaint and demands strict proof thereof.

99.    Defendants deny the allegations in paragraph 99 of the Plaintiffs' Complaint and demands strict proof thereof.

100.   Defendants deny the allegations in paragraph 100 of the Plaintiffs' Complaint and demands strict proof thereof.

101.   Defendants deny the allegations in paragraph 101 of the Plaintiffs' Complaint and demands strict proof thereof.

102.   Defendants adopt the previous responses to the preceding paragraphs.

103.   Defendants deny the allegations in paragraph 103 of the Plaintiffs' Complaint and demands strict proof thereof.

104.   Defendants deny the allegations in paragraph 104 of the Plaintiffs' Complaint and demands strict proof thereof.

105.   Defendants deny the allegations in paragraph 105 of the Plaintiffs' Complaint and demands strict proof thereof.

106.   Defendants deny the allegations in paragraph 106 of the Plaintiffs' Complaint and demands strict proof thereof.

107.   Defendants deny the allegations in paragraph 107 of the Plaintiffs' Complaint and demands strict proof thereof.

108.   Defendants deny the allegations in paragraph 108 of the Plaintiffs' Complaint and demands strict proof thereof.

109.   Defendants deny the allegations in paragraph 109 of the Plaintiffs' Complaint and demands strict proof thereof.

110.   Defendants adopt the previous responses to the preceding paragraphs.

111.   Defendants deny the allegations in paragraph 111 of the Plaintiffs' Complaint and demands strict proof thereof.

112.  Defendants deny the allegations in paragraph 112 of the Plaintiffs' Complaint and demands strict proof thereof.

113.  Defendants deny the allegations in paragraph 113 of the Plaintiffs' Complaint and demands strict proof thereof.

114.  Defendants deny the allegations in paragraph 114 of the Plaintiffs' Complaint and demands strict proof thereof.

115.  Defendants adopt the previous responses to the preceding paragraphs.

116.  Defendants deny the allegations in paragraph 116 of the Plaintiffs' Complaint and demands strict proof thereof.

117.  Defendants deny the allegations in paragraph 117 of the Plaintiffs' Complaint and demands strict proof thereof.

118.  Defendants deny the allegations in paragraph 118 of the Plaintiffs' Complaint and demands strict proof thereof.

119.  Defendants deny the allegations in paragraph 119 of the Plaintiffs' Complaint and demands strict proof thereof.

120.  Defendants deny the allegations in paragraph 120 of the Plaintiffs' Complaint and demands strict proof thereof.

121.  Defendants adopt the previous responses to the preceding paragraphs.

122.  Defendants deny the allegations in paragraph 122 of the Plaintiffs' Complaint and demands strict proof thereof.

123.  Defendants deny the allegations in paragraph 123 of the Plaintiffs' Complaint and demands strict proof thereof.

124.  Defendants deny the allegations in paragraph 124 of the Plaintiffs' Complaint and demands strict proof thereof.

125.  Defendants deny the allegations in paragraph 125 of the Plaintiffs' Complaint and demands strict proof thereof.

126.  Defendants deny the allegations in paragraph 126 of the Plaintiffs' Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiffs' Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted and, therefore, should be dismissed, with prejudice.

### SECOND DEFENSE

Plaintiffs are barred from recovery by their own contributory negligence.

### THIRD DEFENSE

The Defendants plead the general issues.

### FOURTH DEFENSE

Defendants are not guilty.

### FIFTH DEFENSE

Plaintiffs' claims are barred by estoppel, laches and waiver.

### SIXTH DEFENSE

Plaintiffs neither reasonably or justifiably relied on any representations made to them, if any, by these Defendants.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger.

### NINTH DEFENSE

Plaintiffs' claims are barred by the parole evidence rule.

## TENTH DEFENSE

Plaintiffs have failed to plead their fraud claims in the complaint with the particularity required by the Code of Alabama 1973 section 6-5-101 and Rule 9(b) of Alabama Rules of Civil Procedure.

## ELEVENTH DEFENSE

Plaintiffs are limited to a recovery of their actual economic damages, if any.

## TWELFTH DEFENSE

These Defendants suppressed no material fact from Plaintiffs.

## THIRTEENTH DEFENSE

The Plaintiffs have failed to mitigate their damages to the extent that they have allegedly suffered damages.

## FOURTEENTH DEFENSE

These Defendants deny any liability for the acts of other entities under a theory of *respondent superior,* vicarious liability or otherwise.

## FIFTEENTH DEFENSE

These Defendants owed no duty of disclosure to the Plaintiffs.

## SIXTEENTH DEFENSE

These Defendants are shielded from liability on all of Plaintiffs' claims by a conditional privilege and/or a qualified and/or good faith immunity.

## SEVENTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, whole or in part, because of the failure to do equity.

11

### NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

### TWENTIETH DEFENSE

These Defendants aver that they did not participate in, authorize, ratify or benefit from any alleged misrepresentation or wrongful acts that are asserted in the Complaint.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims for recovery of punitive damages are barred by Code of Alabama 1973 section 6-11-20 et seq.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims for recovery of punitive damages are barred by Code of Alabama 1973 section 6-11-27 et seq.

### TWENTY-THIRD DEFENSE

With respect to Plaintiffs' demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards which arose in the decision of *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

### TWENTY-FOURTH DEFENSE

Any award of punitive damages in this case is subject to scrutiny under the facts set fourth in *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

### TWENTY-FIFTH DEFENSE

Any jury making an award of punitive damages in this case must consider the facts set fourth in *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

### TWENTY-SIXTH DEFENSE

Any award of punitive damages in this case would be unconstitutional under *BMW of North America, Inc. v. Gore,* 517 U.S. 559; 116 S. Ct. 1589 (1996).

12

### TWENTY-SEVENTH DEFENSE

Any verdict based upon Plaintiffs' claim for punitive damages or for compensatory damages for pain and suffering, mental anguish or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Constitution of the State of Alabama as the standards for assessing the propriety and amount of such damages violate the constitutional prohibition against vague and overbroad laws.

### TWENTY-EIGHTH DEFENSE

As shown by the United States Supreme Court's remand of the Supreme Court of Alabama's decisions in *BMW of North America, Inc. v. Gore*, 517 U.S. 559; 116 S. Ct. 1589 (1996), and *Life Insurance Company of Georgia v. Johnson*, 701 So. 2d. 524 (Ala. 1997). By these cases the Court has found the system Alabama uses for awarding and reviewing punitive damages is fatally flawed. Therefore, any award of punitive damages in this case would be in contravention of the constitutional safeguards provided to this defendant under the United States Constitution and the Constitution of the State of Alabama, jointly and separately.

### TWENTY-NINTH DEFENSE

An award of punitive damages in the circumstances of this case would clearly be violative of defendant's due process rights as embraced by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process clause of Article 1, Section six and/or 13 of the Constitution of the State of Alabama, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein.

1.  There are inadequate standards or guidance to instruct a jury with regard to assessing the amount and appropriateness of a punitive damage award.
2.  Post-verdict review of a punitive damage award is similarity subject to insufficient standards or criterion under present Alabama law to accord this defendant due process of law.
3.  There is no rational relationship between the punitive damage awards in Alabama and the wrongfulness of this defendant's conduct and/or the compensatory damages awarded.
4.  The procedures utilized by Alabama Courts and/or the jury instructions provided to Alabama jurors, jointly, separately, are vague and ambiguous.
5.  No rational relationship exists between the extent of punitive damages and legitimate interest to be advanced by the State of Alabama.
6.  An award of punitive damages in this case would be penal in nature and thus, would violate the defendant's constitutional rights under the United States Constitution and/or the Constitution of the State of Alabama unless

13

the defendant is granted the procedural safeguards afforded criminal defendants, including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

7.  Present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive damages awarded against defendant.

8.  Present Alabama procedures permit the imposition of joint and several judgements against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

9.  The award of punitive damages on the basis of vicarious liability for the conduct of others violates defendant's constitutional rights.

## THIRTIETH DEFENSE

The imposition of punitive damages in this case would be in denial of defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution and Article I, Sections 1, 6, and 22 of the Constitution of the State of Alabama. Specifically, defendants are treated differently than criminal defendants which are charged with similar to identical culpability. Alternatively, the adequate and objective standards for guiding in the assessment of punitive charges fails to insure the equality of treatment between and among similarly situated civil defendants.

## THIRTY-FIRST DEFENSE

These Defendant's actions and statements were justified and truthful.

## THIRTY-SECOND DEFENSE

These Defendant's statements were statements of opinion.

## THIRTY-THIRD DEFENSE

This court lacks *in personam* jurisdiction over Defendants.

## THIRTY-FOURTH DEFENSE

These Defendants plead that any amount was voluntarily undertaken, that the Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by the Plaintiffs, that the terms of any agreement were fully disclosed to the Plaintiff, that the Plaintiffs knowingly entered into any agreement, having either understood any agreement or having failed to avail themselves of the opportunity to understand the agreements.

## THIRTY-FIFTH DEFENSE

14

Venue is not proper as for these Defendants.

## THIRTY-SIXTH DEFENSE

Any contract claim fails for lack of, or failure of, consideration.

## THIRTY-SEVENTH DEFENSE

These Defendants deny any and all allegations not expressly admitted to or otherwise addressed in this answer.

## THIRTY-EIGHTH DEFENSE

The Plaintiffs' common law claims may be preempted and/or governed by federal law.

## THIRTY-NINTH DEFENSE

These Defendants reserve the right to assert additional and further affirmative defenses as they are discovered in this matter.

## FORTIETH DEFENSE

Plaintiffs failed to perform all conditions precedent under any contract.

## FORTY-FIRST DEFENSE

Plaintiffs' contract claims fail because of the Statute of Frauds.

## FORTY-SECOND DEFENSE

Plaintiff has not suffered any damages as any claim for damages is purely speculative as the plaintiff's claims for damages has not ripened.

Respectfully submitted this the 12th day of December, 2005.

Spence A. Singleton SIN017
William K. Abell ABE001

15

OF COUNSEL:

SHINBAUM, ABELL, McLEOD & VANN, P. C.
P. O. Box 201
Montgomery, AL   36101-0201
Telephone      (334) 269-4440
Facsimile      (334) 263-4096

## CERTIFICATE OF SERVICE

I hereby certify I have served a copy of the foregoing to the following counsel of record by placing same in the United States Mail, first class postage pre-paid and properly addressed on this the 12th day of December, 2005.

Michael J. Cohan
David W. Henderson
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Village Manor, Inc.,                )
Cleveland Development, Inc.,   )
Southeastern LIHTC Management,)
Inc., R. Timothy Singleton,     )
and Singleton & Associates,     )
Inc.,                                     )
                                            )
        Plaintiffs,                    )
                                            ) CIVIL ACTION NO.:
vs.                                       )
                                            )
Arch Specialty Insurance       )
Company, Scottsdale Insurance )
Company, Chubb Insurance      )
Company, and March USA, Inc., )
                                            )
        Defendants.                 )

## JOINDER IN AND CONSENT TO REMOVAL

Comes now Federal Insurance Company, incorrectly identified previously as "Chubb Insurance Company," by and through its undersigned counsel, and joins in and consents to the removal of the above-styled case from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. Defendant's Joinder in and Consent to Removal is without waiver of any defenses, including, but not limited to, lack of standing, lack of ripeness, lack of personal jurisdiction, and improper venue.

Respectfully submitted this 29th day of February, 2008.



        s/Walter J. Price
Walter J. Price, III
Attorney for said Defendant
d/b/a Lane Company
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223
Phone: (205) 251-1193
Fax: (205) 251-1256
Email: WJP@hfsllp.com
ASB-0127-c66w


## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of  February , 2008, I electronically filed the foregoing with the Clerk of the Court using E-File system which will send notification of such filing to the following attorneys and mailing the document via U. S. Mail to the attorneys who are non-participants to the E-File system:

Michael Guy Holten, Esquire
FULLER, TAYLOR & HOLTEN, P.C.
5748 Carmichael Parkway
Suite D
Montgomery, AL 36117

Spence A. Singleton, Esquire
Post Office Box 240894
Montgomery, AL 36124

John D. Bond, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
100 North Tryon Street
Suite 2690
Charlotte, NC 28202

Robert E. Poundstone, IV, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104

Matthew W. Robinette, Esquire
Thomas A. Kendrick, Esquire
NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, AL 35203

Edgar M. Elliott, IV, Esquire
Michael A. Vercher, Esquire
CHRISTIAN & SMALL, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203


          s/Walter J. Price
          OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGLETON & ASSOCIATES, INC., | * * * * * * | |
| | * | CIVIL ACTION NO.: |
| Plaintiffs, | * * | _____ |
| v. | * * | |
| ARCH SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MARSH USA, INC., | * * * * * * | |
| Defendants. | * | |

## JOINDER IN AND CONSENT TO REMOVAL

COMES NOW Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned counsel, and joins in and consents to the removal of the above-styled case from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.  Scottsdale's joinder in and consent to removal is without waiver of any defenses, including, but not limited to, lack of personal jurisdiction, insufficient process, insufficient service of process,

EXHIBIT
J
ALL-STATE LEGAL®

improper venue, failure to state a claim upon which relief can be granted, the subject Third-Party Complaint is improper and due to be dismissed by this court, and failure to join a party under F.R.C.P. 19.

As set forth in Scottsdale's affidavit in support of the Notice of Removal, Scottsdale's state of incorporation is Ohio and its principal place of business is located in Scottsdale, Arizona.

Attached hereto is Scottsdale Insurance Company policy number BCS0009542 naming as the insured Singleton & Associates, Inc. with a policy period of January 1, 2005 to January 1, 2006.

Signed this the 3rd day of <u>March</u>, 2008.


_____
Edgar M. Elliott, IV (ASB-1083-E61E)
Michael A. Vercher (ASB-4976-H32M)
Attorneys for Defendant Scottsdale
Insurance Company

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203
Telephone:      (205) 795-6588
Facsimile:  (205) 328-7234
<u>emelliott@csattorneys.com</u>
<u>mavercher@csattorneys.com</u>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the above and foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the  day of 3<u>rd</u> day of <u>March</u>, 2008:

Michael Guy Holton
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway
Suite D
Montgomery, AL 36117

Spence A. Singleton
P.O. Box 240894
Montgomery, AL 36124

Walter J. Price, III
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484

Robert E. Poundstone, IV
BRADLEY, ARANT, ROSE & WHITE, LLP
Alabama Center for Commerce
401 Adams Avenue
Suite 780
Montgomery, AL 36104

Thomas A. Kendrick
Matthew W. Robinett
NORMAN, WOOD, KENDRICK & TURNER
Financial Center
Suite 1600
505 20th Street North
Birmingham, AL 35203


_____
OF COUNSEL

| Renewal of Number<br>:   NEW | Policy Number<br>BCS0009542 |
|---|---|

**SCOTTSDALE INSURANCE COMPANY®**

Home Office:
One Nationwide Plaza - Columbus, Ohio 43215
Administrative Office:
8877 North Gainey Center Drive, Scottsdale, Arizona 85258
1-800-423-7675 (outside Arizona)
A STOCK COMPANY

**COMMON POLICY DECLARATIONS**

**Item 1.  Named Insured and Mailing Address**
SINGLETON & ASSOCIATES, INC.;
SEE SCHEDULE OF NAMED INSUREDS
2302 WYNOAKS DR
PRATTVILLE AL 36067

**Agent Name and Address**
HEATH INSURANCE BROKERS INC
2859 PACES FRY RD STE 1500
ATLANTA GA 30339-6211

Agent No. 10714          Program No.: NONE

| **Item 2.  Policy Period** | From: | 01-01-05 | To: | 01-01-06 | Term: 1 · Year |
|---|---|---|---|---|---|

12:01 A.M., Standard Time at your mailing address

**BROKERAGE CASUALTY**

Business Description:       APARTMENT OWNER

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy. This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | Premium |
|---|---|
| Commercial General Liability Coverage Part | $ 63,000.00 |
| Commercial Property Coverage Part | $ NOT COVERED |
| Commercial Crime Coverage Part | $ NOT COVERED |
| Commercial Inland Marine Coverage Part | $ NOT COVERED |
| Commercial Auto (Business Auto or Truckers) Coverage Part | $ NOT COVERED |
| Commercial Garage Coverage Part | $ NOT COVERED |
| Professional Liability Coverage Part | $ NOT COVERED |
|  | $ |
|  | $ |
| Total Policy Premium | $ 63,000.00 |
|  | $ |
|  | $ |

Form(s) and Endorsement(s) made a part of this policy at time of issue:

See Schedule of Forms and Endorsements

THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S), TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART(S), COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY.

OPS-D-1 (12-00)

**COMPANY ISSUED POLICY**

EXHIBIT
Attachment to
Scottsdale's Joinder
in and Consent to
Removal

# SCOTTSDALE INSURANCE COMPANY®

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

Policy No. BCS0009542

Effective Date: 01-01-05
12:01 A.M., Standard Time

Named Insured SINGLETON & ASSOCIATES, INC.;

Agent No. 10714

**Item 1. Limits of Insurance**

| Coverage | Limit of Liability | |
|---|---|---|
| Aggregate Limits of Liability | $ 2,000,000 | Products/Completed Operations Aggregate |
| | $ 2,000,000 | General Aggregate (other than Products/Completed Operations) |
| Coverage A - Bodily Injury and Property Damage Liability | $ 1,000,000 | any one occurrence subject to the Products/Completed Operations and General Aggregate Limits of Liability |
| Damage To Premises Rented To You | $ 50,000 | any one premises subject to the Coverage A occurrence and the General Aggregate Limits of Liability |
| Coverage B - Personal and Advertising Injury Liability | $ 1,000,000 | any one person or organization subject to the General Aggregate Limits of Liability |
| Coverage C - Medical Payments | $ NOT COVERED | any one person subject to the Coverage A occurrence and the General Aggregate Limits of Liability |

**Item 2. Form of Business and Location of Premises**

Form of Business: APARTMENT OWNER

☐ Individual   ☐ Partnership   ☐ Joint Venture   ☐ Trust   ☐ Limited Liability Company

☒ Organization including a corporation (other than Partnership, Joint Venture or Limited Liability Company)

Location of All Premises You Own, Rent or Occupy:

   See Schedule of Locations

**Item 3. Forms and Endorsements**

Form(s) and Endorsement(s) made a part of this policy at time of issue:

   See Schedule of Forms and Endorsements

**Item 4. Premiums**

| | |
|---|---|
| Coverage Part Premium: | $ 63,000.00 |
| Other Premium: | $ |
| Total Premium: | $ 63,000.00 |

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.

CL3-SD-1t (08/91)                    Home Office Copy

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004143
Cashier ID: brobinso
Transaction Date: 03/04/2008
Payer Name: BRADLEY ARANT ROSE WHITE
------------------------------------
CIVIL FILING FEE
  For: BRADLEY ARANT ROSE WHITE
  Case/Party: D-ALM-2-08-CV-000149-001
  Amount:       $350.00
------------------------------------
CHECK
  Check/Money Order Num: 004788
  Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

VILLAGE MANOR, NOTICE OF REMOVAL