IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGLETON & ASSOCIATES, INC., | * * * * * * * | CIVIL ACTION NO.: |
| Plaintiffs, | * * * | 2:08-CV-00149-MHT-SRW |
| v. | * * | |
| ARCH SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MARSH USA, INC., | * * * * * * | |
| Defendants. | * | |

## SCOTTSDALE INSURANCE COMPANY'S ANSWER TO THIRD PARTY COMPLAINT

Scottsdale Insurance Company ("Scottsdale" or "Defendant") by and through its attorneys of record, as and for its Answer to the Third Party Complaint ("Complaint") states as follows:

## FIRST DEFENSE

The Third Party Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Third Party Complaint, and each count contained therein, is barred by the applicable statute of limitations and/or repose.

## THIRD DEFENSE

The Third Party Complaint was improperly filed and it is null and void.

## FOURTH DEFENSE

As and for its answer to the individually numbered paragraphs of the Complaint, Scottsdale states:

1. Upon information and belief, the allegations contained in Paragraph 1 of the Complaint are admitted.

2. Admitted that Third Party Plaintiff Village Manor, Inc. is, upon information and belief, an Alabama corporation. The remainder of the allegations contained in Paragraph 2 of the Complaint are denied.

3. Admitted that Third Party Plaintiff Cleveland Development, Inc., is, upon information and belief, a Tennessee corporation. The remainder of the allegations contained in Paragraph 3 of the Complaint are denied.

4. Admitted that Third Party Plaintiff Southeastern LIHTC Management, Inc., is, upon information and belief, an Alabama corporation. The remainder of the allegations contained in Paragraph 4 of the Complaint

are denied.

    5.    Denied.

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

    9.    Admitted.

    10.    Denied.

    11.    Denied.

    12.    Admitted.

    13.    Denied.

    14.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint; said allegations are therefore denied.

    15.    Denied.

    16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint; said allegations are therefore denied.

    17.    Denied.

    18.    Denied.

19. Admitted.

20. Denied.

21. Denied.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT ONE
## ALLEGED BAD FAITH

27. Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 26 of the Complaint as if set out fully herein.

28. Denied.

29. Denied.

30. Admitted.

31. Denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint; said allegations are therefore denied.

33. Denied.

34. Denied.

35. Admitted.

36. Denied.

37. Denied.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

The wherefore clause and claim for relief following Paragraph 43 of the Complaint is denied.

## ALLEGED FRAUDULENT MISREPRESENTATION

44. Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint; said allegations are therefore denied.

46. Defendant is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint; said allegations are therefore denied.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint; said allegations are therefore denied.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint; said allegations are therefore denied.

The allegations contained in the wherefore clause following Paragraph 48 of the Complaint are not directed at this Defendant and require no response by this Defendant. To the extent a response is required by this Defendant, said allegations are hereby denied.

## **FIFTH DEFENSE**

Defendant denies each and every allegation of the Complaint not specifically admitted to be true.

## **SIXTH DEFENSE**

Under the terms of any potentially applicable insurance contract entered into between one or more of the Third Party Plaintiffs and Scottsdale, Scottsdale was not obligated to defend or indemnify the Plaintiffs for the

claims made in the underlying litigation.

## SEVENTH DEFENSE

One or more of the Third Party Plaintiffs' claims fail because the same are not "insureds" under the terms of the subject policy(ies).

## EIGHTH DEFENSE

Defendant pleads an accord and satisfaction of the Third Party Plaintiffs' claims.

## NINTH DEFENSE

The Third Party Plaintiffs' injuries and damages, none of which are admitted, but instead are expressly denied, were not the result of any acts or omissions of this Defendant.

## TENTH DEFENSE

The Third Party Plaintiffs' claims of bad faith fail, as a matter of law, because Defendant denied the Third Party Plaintiffs' claims under the terms of the potentially applicable policy(ies) after a good faith investigation of same.

## ELEVENTH DEFENSE

The Third Party Plaintiffs previously released this Defendant from any and all liability arising out of the facts alleged in the Complaint.

## TWELFTH DEFENSE

The Third Party Plaintiffs have waived or are estopped from asserting some or all of the claims alleged in the Complaint.

## THIRTEENTH DEFENSE

Defendant asserts each and every term, condition, limitation and/or exclusion of any and all applicable policy(ies) of insurance as if fully set forth herein.

## FOURTEENTH DEFENSE

Defendant adopts and incorporates by reference the policy terms, definitions, conditions, limitations and exclusions set forth in a letter dated November 29, 2005 from Scottsdale to Singleton & Associates, Inc.

## FIFTEENTH DEFENSE

The claims alleged in the underlying litigation do not constitute either an occurrence as defined by the subject policy(ies) or an offense of personal and/or advertising injury. As there was no occurrence or offense of personal and/or advertising injury, the insuring agreements of the subject policy(ies) are not triggered and there cannot be coverage under any applicable insurance policy for those allegations. Since the Third Party Plaintiffs cannot meet their burden to prove breach of contract, their bad faith claim fails as a

matter of law.

## SIXTEENTH DEFENSE

The Designated Professional Exclusions Endorsement of the subject policy(ies) excludes from coverage the professional services of an insured. Some or all of the allegations of the underlying litigation arise from the professional services of an insured. Since the Third Party Plaintiffs cannot meet their burden to prove breach of contract, their bad faith claim fails as a matter of law.

## SEVENTEENTH DEFENSE

There is no coverage for any item of damage or claim that did not occur during the applicable policy period(s).

## EIGHTEENTH DEFENSE

The Third Party Plaintiffs' bad faith claim fails because there was no breach of contract by this Defendant.

## NINETEENTH DEFENSE

The allegations in the underlying litigation failed to trigger the insuring agreements of the applicable policy(ies).

## TWENTIETH DEFENSE

The Third Party Plaintiffs' recovery, if any, must be reduced by any

amounts owed or tendered for the loss by any other insurer, individual, or entity and Scottsdale is entitled to a set-off or credit for any and all such amounts.

### TWENTY-FIRST DEFENSE

Venue is improper or more convenient in another forum.

### TWENTY-SECOND DEFENSE

Defendant claims insufficient process and insufficient service of process.

### TWENTY THIRD DEFENSE

The Third Party Plaintiffs failed to join a party required to be joined under F.R.C.P. 19.

### TWENTY-FOURTH DEFENSE

The Third Party Plaintiffs have waived the right to some or all of the relief requested.

### TWENTY-FIFTH DEFENSE

Some or all of the Third Party Plaintiffs' claims are barred by judicial estoppel.

### TWENTY-SIXTH DEFENSE

The Third Party Plaintiffs' claims are barred by the doctrines of unclean

hands and *in pari delicto*.

## TWENTY-SEVENTH DEFENSE

Some or all of the Third Party Plaintiffs lack the capacity and/or standing to assert the claims made in the Complaint.

## TWENTY-EIGHTH DEFENSE

Scottsdale gives notice that it intends to rely on such other defenses as may become available by law or revealed during discovery and hereby reserves its right to amend its Answer to assert such defenses.

## TWENTY-NINTH DEFENSE

The Complaint does not describe the facts surrounding the claim with sufficient particularity to enable Scottsdale to determine all defenses that may ultimately apply to the Third Party Plaintiffs' claims. Scottsdale therefore reserves the right to assert additional defenses which may later be discovered as applicable.

## THIRTIETH DEFENSE

Scottsdale incorporates by reference the affirmative defenses asserted by the other defendants in this case to the extent the same are applicable to Scottsdale.

/s/ Michael A. Vercher
Edgar M. Elliott, IV (ASB-1083-E61E)
Michael A. Vercher (ASB-4976-H32M)
Attorneys for Defendant
Scottsdale Insurance Company

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
emelliott@csattorneys.com
mavercher@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on **March 4, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

/s/ Michael A. Vercher
OF COUNSEL