IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton, and Singleton & Associates, Inc., <br><br>      Plaintiffs, <br><br>vs. <br><br>Arch Specialty Insurance Company, Scottsdale Insurance Company, Chubb Insurance Company, and March USA, Inc., <br><br>      Defendants. | CIVIL ACTION NO.: <br> 2:08-CV-00149-MHT |

ANSWER

Comes now Federal Insurance Company, incorrectly identified previously as "Chubb Insurance Company," and for answer to the "Third-Party Complaint" of Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton, and Singleton & Associates, Inc., states as follows[1]:

STATEMENT OF THE PARTIES

1.  Defendant is without sufficient information to admit or deny the matters set forth in this paragraph.

---

[1] Although the pleading making claims against Defendants is titled a "Third-Party Complaint," Defendant avers that the action in which such pleading was filed has previously been terminated and, as such, Defendant refers to the filing parties in this matter as "Plaintiffs" and the responding parties "Defendants".

2. Defendant is without sufficient information to admit or deny the matters set forth in this paragraph other than to state that Village Manor, Inc. is not the named insured on certain policies issued by Federal which it believes are at issue.

3. Defendant is without sufficient information to admit or deny the matters set forth in this paragraph other than to state that Cleveland Development, Inc. is not the named insured on certain policies issued by Federal which it believes are at issue.

4. Defendant is without sufficient information to admit or deny the matters set forth in this paragraph other than to state that Southeastern LIHTC Management, Inc. is not the named insured on certain policies issued by Federal which it believes are at issue.

5. Defendant is without sufficient information to admit or deny the matters set forth in this paragraph other than to state that Singleton & Associates is not the named insured on certain policies issued by Federal which it believes are at issue.

6. Admitted.

7. Admitted.

8. As indicated above, Defendant was incorrectly identified by Plaintiffs. The correct entity is "Federal Insurance Company". Federal is licensed by the State of Alabama.

9. Admitted.

## STATEMENT OF JURISDICTION

10. Defendant has removed this matter to the United States District Court for the Middle District of Alabama, Northern Division. This Court has proper jurisdiction over this action.

11. Defendant has removed this matter to the United States District Court for the Middle District of Alabama, Northern Division. This Court has proper jurisdiction over this action.

## STATEMENT OF FACTS

12. Admitted.

13. Denied.

14. Denied.

15. Admitted as to original Complaint.

16. Defendant is without sufficient information to admit or deny the matters set forth in this paragraph.

17. Admitted as to original Complain.

18. Defendant admits that it declined to provide coverage. Defendant is without sufficient information to admit or deny the claims relating to other insurers.

19. Admitted.

20. Denied.

21. Denied.

22. Admitted.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT I

## BAD FAITH

27. Defendant re-states all defenses set forth above.

28. Denied as to this Defendant. Federal is without sufficient knowledge to admit or deny the assertions regarding other insurers.

29. Denied.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Defendant admits that it disclaimed coverage after Plaintiff provided notice of the original Summons and Complaint.

35. Admitted.

36. Denied

37. Denied.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendant admits that Plaintiff is claiming as damages attorneys' fees and costs of litigation.

## FRAUDULENT MISREPRESENTATION

44. Defendant re-states all defenses set forth above.

45. The matters addressed in this paragraph are not directed to this Defendant and, therefore, no answer is required.

46. The matters addressed in this paragraph are not directed to this Defendant and, therefore, no answer is required.

47. The matters addressed in this paragraph are not directed to this Defendant and, therefore, no answer is required.

48. The matters addressed in this paragraph are not directed to this Defendant and, therefore, no answer is required.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted against this Defendant.

2. Defendant pleads lack of standing.

3. Defendant avers that the claims of the Plaintiffs are not ripe.

4. Defendant pleads lack of causal relation.

5. Defendant pleads lack of capacity to sue.

6. Defendant avers that Plaintiffs have an obligation to mitigate their claimed damages.

7. Defendant pleads waiver and estoppel.

    8.   Defendant pleads lack of notice.

    9.   Defendant pleads lack of subject matter jurisdiction.

    10.  Defendant pleads the terms and conditions of any policies it issued.


                                                        s/Walter J. Price, III  
                                                        Walter J. Price, III  
                                                        Attorney for said Defendant  
                                                        HUIE, FERNAMBUCQ & STEWART, LLP  
                                                        Three Protective Center  
                                                        Suite 200  
                                                        2801 Highway 280 South  
                                                        Birmingham, Alabama 35223  
                                                        Phone: (205)251-1193  
                                                        Fax: (205)251-1256  
                                                        Email: WJP@hfsllp.com  
                                                        ASB-0127-c66w


## CERTIFICATE OF SERVICE

    I hereby certify that on the 10th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using E-File system which will send notification of such filing to the following attorneys and mailing the document via U. S. Mail to the attorneys who are non-participants to the E-File system:

Michael Guy Holten, Esquire  
FULLER, TAYLOR & HOLTEN, P.C.  
5748 Carmichael Parkway  
Suite D  
Montgomery, AL 36117

Spence A. Singleton, Esquire  
Post Office Box 240894  
Montgomery, AL 36124

John D. Bond, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
100 North Tryon Street
Suite 2690
Charlotte, NC 28202

Robert E. Poundstone, IV, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104

Matthew W. Robinette, Esquire
Thomas A. Kendrick, Esquire
NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, AL 35203

Edgar M. Elliott, IV, Esquire
Michael A. Vercher, Esquire
CHRISTIAN & SMALL, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203

                                              s/Walter J. Price, III
                                              OF COUNSEL