IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGLETON & ASSOCIATES, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>ARCH SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MARSH USA, Inc.,<br><br>Defendants. | Civil Action No. 2:08-cv-149-MHT |

## DEFENDANT MARSH USA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Marsh USA, Inc. ("Marsh") and, through undersigned counsel, and answers Plaintiffs' Complaint[1] as follows:

## FOR A FIRST DEFENSE

Defendant responds to the numbered paragraphs of Plaintiffs' Complaint as follows:

---

[1] The pleading initiating this action against Marsh is entitled "Third Party Complaint," and identifies the above-named "plaintiffs" as "third party plaintiffs" and the above-named defendants as "third party defendants." The pleading, however, was filed in an action with an assigned case number of CV-2005-2795, which action was terminated on November 11, 2007, with the filing of a Stipulation of Dismissal with Prejudice. Accordingly, the pleading is misnamed a third party complaint, it incorrectly identified the parties as "third parties", and it is filed in an action that was previously terminated by law. In an effort to enhance judicial economy and to avoid the waste of judicial time and resources, which would be created by a dismissal of the Complaint on these grounds and would result in an inevitable re-filing and removal, for the purposes of the Joint Notice of Removal and Marsh's Answer, Marsh treats the pleading as a new action.

1. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of Plaintiffs' Complaint and the same are therefore denied.

2. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of Plaintiffs' Complaint, and the same are therefore denied.

3. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of Plaintiffs' Complaint, and the same are therefore denied.

4. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiffs' Complaint, and the same are therefore denied.

5. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of Plaintiffs' Complaint, and the same are therefore denied.

6. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of Plaintiffs' Complaint, and the same are therefore denied.

7. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of Plaintiffs' Complaint, and the same are therefore denied.

8. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of Plaintiffs' Complaint, and the same are therefore denied.

9. Responding to the allegations of paragraph 9 of Plaintiffs' Complaint, Marsh states that it is a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York, and that it is authorized to conduct business in the State of Alabama. The remaining allegations of paragraph 9 are denied.

## STATEMENT OF JURISDICTION

10. The allegations of paragraph 10 of Plaintiffs' Complaint constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh denies the allegations.

11. The allegations of paragraph 11 of Plaintiffs' Complaint constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh denies the allegations.

## STATEMENT OF THE FACTS

12. Responding to the allegations of paragraph 12 of Plaintiffs' Complaint, Marsh admits upon information and belief that KeyCorp Investment Limited Partnership III, and other parties, filed suit against Village Manor, Inc. Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton, and Singleton & Associates, Inc., in civil action no. CV-2005-2795, which action was terminated on November 11, 2007. The remaining allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 are directed at parties other than Marsh and as such a response is not required. To the extent a response is required, the allegations are denied, except that Marsh admits that the policies are in writing and speak for themselves as to their terms and conditions.

14. Responding to the allegations of paragraph 14 of Plaintiffs' Complaint, Marsh states that it placed several insurance policies on behalf of Singleton & Associates and admits that it did not place a policy on behalf of Singleton & Associates with Scottsdale Insurance Company. The remaining allegations of paragraph 14 are denied.

15. The allegations of paragraph 15 constitute a legal conclusion and as such a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of Plaintiffs' Complaint, and the same are therefore denied.

16. Responding the allegations of paragraph 16 of Plaintiffs' Complaint, Marsh states that it placed several insurance policies on behalf of Singleton & Associates and admits that the policies are in writing and speak for themselves as to their terms and conditions. The remaining allegations of paragraph 16 are denied.

17. The allegations of paragraph 17 of Plaintiffs' Complaint constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of Plaintiffs' Complaint, and the same are therefore denied.

18. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of Plaintiffs' Complaint, and the same are therefore denied.

19. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of Plaintiffs' Complaint, and the same are therefore denied.

20. The allegations of paragraph 20 of Plaintiffs' Complaint constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of Plaintiffs' Complaint, and the same are therefore denied.

21. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of Plaintiffs' Complaint, and the same are therefore denied.

22. The allegations of paragraph 22 are admitted upon information and belief.

23. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of Plaintiffs' Complaint, and the same are therefore denied.

24. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of Plaintiffs' Complaint, and the same are therefore denied.

25. Responding the allegations of paragraph 25, Marsh states that it placed certain insurance policies on behalf of Singleton & Associates and received certain

commissions and premiums. Marsh is without knowledge or information sufficient to form a belief as to plaintiffs' reliance and therefore denies the allegations of paragraph 25.

26. The allegations of paragraph 26 are denied.

## COUNT I
## BAD FAITH

27. Marsh realleges and incorporates herein by reference its responses to paragraphs 1 through 26 of Plaintiffs' Complaint.

28. The allegations of paragraph 28 constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of Plaintiffs' Complaint, and the same are therefore denied.

29. The allegations of paragraph 29 constitute a legal conclusion to which a response is not required. To the extent a response is required, the allegations are denied.

30. Responding to the allegations of paragraph 30 of Plaintiffs' Complaint, Marsh admits upon information and belief that KeyCorp Investment Limited Partnership III, and other parties, filed suit against Village Manor, Inc. Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton, and Singleton & Associates, Inc., in civil action no. CV-2005-2795, which action was terminated on November 11, 2007. The remaining allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 are directed against parties other than Marsh, and, as such, a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 31 of Plaintiffs' Complaint, and the same are therefore denied.

32. Responding to the allegations of paragraph 32, Marsh states that it placed certain insurance policies on behalf of Singleton & Associates and admits that it did not place a policy on behalf of Singleton & Associates with Scottsdale Insurance Company. The remaining allegations of paragraph 32 are denied.

33. The allegations of paragraph 33 constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of Plaintiffs' Complaint, and the same are therefore denied.

34. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of Plaintiffs' Complaint, and the same are therefore denied.

35. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of Plaintiffs' Complaint, and the same are therefore denied.

36. The allegations of paragraph 36 constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of Plaintiffs' Complaint, and the same are therefore denied.

37. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of Plaintiffs' Complaint, and the same are therefore denied.

38. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of Plaintiffs' Complaint, and the same are therefore denied.

39. The allegations of paragraph 39 constitute a legal conclusion to which a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of Plaintiffs' Complaint, and the same are therefore denied.

40. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of Plaintiffs' Complaint, and the same are therefore denied.

41. Responding the allegations of paragraph 41, Marsh states that it placed certain insurance policies on behalf of Singleton & Associates and received certain commissions and premiums. Marsh is without knowledge or information sufficient to form a belief as to plaintiffs' reliance and therefore denies the allegations of paragraph 41.

42. The allegations of paragraph 42 are denied.

43. Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of Plaintiffs' Complaint, and the same are therefore denied.

## COUNT II
## FRAUDULENT MISREPRESENTATION

44. Marsh realleges and incorporates herein by reference its responses to paragraphs 1 through 43 of plaintiff's complaint.

45. Responding the allegations of paragraph 45, Marsh states that it placed certain insurance policies on behalf of Singleton & Associates, except that it admits that it did not place a policy on behalf of Singleton & Associates with Scottsdale Insurance Company. The remaining allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 are denied, except that it is admitted that Marsh placed certain insurance policies on behalf of Singleton & Associates.

47. The allegations of paragraph 47 constitute legal conclusions to which a response is not required. To the extent a response is required, Marsh is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of Plaintiffs' Complaint, and the same are therefore denied.

48. The allegations of paragraph 48 are denied.

## DEMAND FOR JURY TRIAL

49. A response to the allegations of paragraph 49 is not required.

## FOR A SECOND DEFENSE

Plaintiffs' Complaint fails to state a claim against Marsh upon which relief can be granted, and therefore it should be dismissed.[2]

## FOR A THIRD DEFENSE

To the extent not specifically admitted herein, Marsh denies all material allegations contained in Plaintiffs' Complaint against Marsh.

## FOR A FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, pursuant to the equitable doctrines of laches, waiver, or estoppel.

---

[2] Marsh filed a Motion to Dismiss as to Count II of the Plaintiffs' Complaint for failure to state a claim upon which relief can be granted concurrently with this Answer. Plaintiffs do not purport to bring a claim against Marsh in Count I of the Complaint.

9

### FOR A FIFTH DEFENSE

Plaintiffs' claims are barred because Plaintiff failed, neglected, and refused to mitigate the damages alleged and therefore are barred from recovery. Marsh is informed and believes and thereon alleges that if Plaintiffs had undertaken to mitigate these alleged damages, Plaintiffs would have suffered no damages whatsoever.

### FOR A SIXTH DEFENSE

Certain of Plaintiffs' claims may be barred by the applicable statute of limitations.

### FOR A SEVENTH DEFENSE

Plaintiffs fail to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b), and as such, the claim should be dismissed with prejudice.

### FOR AN EIGHTH DEFENSE

Plaintiffs were fully capable of reading and understanding the insurance policies at issue and if they made a deliberate decision to ignore the written contract terms, they cannot now be heard to claim fraud.

### FOR A NINTH DEFENSE

Plaintiffs' claims fail on grounds that a person who signs a contract is on notice of the terms therein and is bound thereby even if he or she fails to read the document.

### FOR A TENTH DEFENSE

Marsh is not liable to the Plaintiffs.

### FOR AN ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger.

### FOR A TWELFTH DEFENSE

Plaintiffs' injuries and damages, if any, are the proximate result of the acts or

omissions of others, for whom Marsh owes no legal responsibility.

## FOR A THIRTEENTH DEFENSE

Marsh presently has insufficient knowledge or information upon which to form a belief as to whether it may have affirmative defenses in this matter and, therefore, Marsh reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

WHEREFORE, Defendant Marsh prays that:

1. The Complaint be dismissed with prejudice and the Plaintiffs have and recover nothing of Defendant Marsh;

2. The costs of this action be taxed against the Plaintiffs;

3. Defendant Marsh recover all fees and costs incurred in defense of this action;

4. Defendant Marsh be granted such other and further relief as the Court may deem just and proper; and

5. Defendant Marsh demands trial by jury on all claims so triable.

This the 10th day of March, 2008.

Respectfully submitted,

**BRADLEY ARANT ROSE & WHITE LLP**

/s/ Bobby Poundstone
ROBERT E. POUNDSTONE, IV (POU006)
ASB-5864-N53R
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
Fax: 334.956.7701
E-mail: bpoundstone@bradleyarant.com

JOHN D. BOND, III
ASB-3910-B61J
100 N. Tryon St., Suite 2690
Charlotte, NC 28202
(704) 338-6000 – Telephone
(704) 332-8852 – Facsimile
E-mail: jbond@bradleyarant.com

*Attorneys for Marsh USA, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Michael Guy Holton, Esq.
      Fuller, Taylor & Holton, P.C.
      5748 Carmichael Parkway, Suite D
      Montgomery, AL 36117
      goholtonattorney@bellsouth.net

      Spence A. Singleton, Esq.
      Post Office Box 240894
      Montgomery, AL 36124
      spencesingleton@bellsouth.net
      jslgrl2@charter.net

      Walter J. Price, III, Esq.
      Huie, Fernambucq & Stewart, LLP
      Three Protective Center
      Suite 200
      2801 Highway 280 South
      Birmingham, AL 35223-2484
      wjp@hfsllp.com
      tcb@hfsllp.com

      Edgar M. Elliot, Esq.
      Michael A. Vercher
      Christian & Small, LLP
      505 North 20th Street, Suite 1800
      Birmingham, AL 35203
      emelliott@csattorneys.com
      mavercher@csattorneys.com
      jle@csattorneys.com
      lfr@csatttorneys.com
      jmb@csatttorneys.com

Matthew W. Robinett
Thomas A. Kendrick
ASB-3523-172M
Norman, Wood, Kendrick, & Turner
Financial Center – Suite 1600
505 Twentieth Street North
Birmingham, AL 35203
mrobinett@nwkt.com
tkendrick@nwkt.com

David W. Henderson
dwhenderson@hillhillcarter.com

Michael J. Cohan
mcohan@hillhillcarter.com
lsadler@hillhillcarter.com


**BRADLEY ARANT ROSE & WHITE LLP**

/s/ Bobby Poundstone
ROBERT E. POUNDSTONE, IV (POU006)
ASB-5864-N53R
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
Fax: 334.956.7701
E-mail: bpoundstone@bradleyarant.com