**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **VILLAGE MANOR, INC.,** | * | |
| **CLEVELAND DEVELOPMENT,** | * | |
| **INC., SOUTHEASTERN LIHTC** | * | |
| **MANAGEMENT, INC., R. TIMOTHY** | * | |
| **SINGLETON, SINGLETON &** | * | |
| **ASSOCIATES, INC.,** | * | |
| | * | |
| **Plaintiffs,** | * | **Civil Action No. 2:08-cv-149-MHT** |
| | * | |
| **vs.** | * | |
| | * | |
| **ARCH SPECIALTY INSURANCE** | * | |
| **COMPANY, SCOTTSDALE** | * | |
| **INSURANCE COMPANY, CHUBB** | * | |
| **INSURANCE COMPANY, MARSH** | * | |
| **USA, Inc.,** | * | |
| | * | |
| **Defendants.** | * | |

**DEFENDANT MARSH USA, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO**
**DISMISS COUNT II OF PLAINTIFFS' COMPLAINT**

Defendant Marsh USA, Inc. ("Marsh") respectfully submits this Brief in Support

of its Motion to Dismiss Count II[1] of Plaintiffs' Complaint for failure to state a claim

against Marsh upon which relief can be granted.

**INTRODUCTION**

On October 31, 2005, KeyCorp Investment Limited Partnership III ("KeyCorp"),

among others, filed a Complaint in the Circuit Court of Montgomery County, Alabama,

bearing Case Number CV-2005-2795 (hereafter, the "Original Action"), asserting various

claims against Village Manor Inc. ("Village Manor"), Cleveland Development, Inc.

---

[1] Only Count II of Plaintiffs' Complaint purports to assert a claim against Marsh. Count I asserts claims
only against the other defendants, not against Marsh. Accordingly, Count I is not addressed in this Motion
to Dismiss and supporting brief.

("Cleveland Development"), Southeastern LIHTC Management Inc. ("Southeastern"), R. Timothy Singleton ("Singleton"), George Kershaw ("Kershaw"), Ron Dearolf ("Dearolf"), Jeffrey Brooks ("Brooks") and Singleton & Associates, Inc. ("Singleton & Associates"). The crux of the Original Action was that the defendants therein breached certain partnership and management agreements related to the operation and maintenance of the Village Manor and Forrest Brooks low-income housing tax credit developments.

On November 11, 2007, the Original Action was terminated by the filing of a stipulation of dismissal with prejudice signed by all parties thereto. Thereafter, on January 28, 2008, all of the defendants in the Original Action except Kershaw, Dearolf and Brooks filed a pleading in the Original Action entitled "Third Party Complaint." This is the pleading currently before this Court. In this pleading, these defendants have cast themselves as "third-party plaintiffs" and purport to assert claims against Marsh and certain other defendants, even though Marsh and its co-defendants were never parties to the Original Action at any time prior to its dismissal with prejudice. Although this pleading purports to style itself as a "third-party complaint," it is not. It is a new action, filed more than two months after the Original Action was dismissed with prejudice. Hereafter, for the sake of clarity, Marsh will refer to the pleading currently before this Court as the "New Complaint."

On January 28, 2008, Plaintiffs[2] initiated this action by filing the New Complaint against Marsh and the other defendants.[3] Count I of the New Complaint purports to allege a cause of action for bad faith against Arch Specialty Insurance Company

---

[2] Plaintiffs in the New Complaint are Village Manor, Cleveland Development, Southeastern, Singleton, and Singleton & Associates. All of these parties were defendants in the Original Action.
[3] The New Complaint incorporates by reference the factual allegations pleaded in paragraphs 13-26 of the Complaint filed in the Original Action. *See* New Complaint, ¶ 12.

("Arch"), Scottsdale Insurance Company ("Scottsdale"), and Federal Insurance Company, misnamed as "Chubb Insurance Company" ("Federal"). (New Compl., ¶¶ 28-43). The New Complaint alleges that Arch, Scottsdale and Federal failed to defend and indemnify the Plaintiffs against claims that were brought against them in the Original Action. (New Compl. ¶¶ 14-26).

The only claim that the New Complaint even purports to allege against Marsh is set forth in Count II, which asserts a claim for fraudulent misrepresentation. (New Compl., ¶¶ 45-48). Plaintiffs allege that they purchased insurance policies from Arch, Scottsdale, and Federal through Marsh, and that Marsh misrepresented the insurance coverages in those policies. (*Id.*, ¶¶ 45-46).

The New Complaint completely fails to identify the nature of the alleged misrepresentation by Marsh, whether the alleged misrepresentation was oral or written, or the date of the alleged misrepresentation. The New Complaint also fails to identify the Marsh representative who made the alleged misrepresentation.[4]

## ARGUMENT AND CITATION OF AUTHORITY

A motion to dismiss for failure to state a claim may be granted when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

---

[4] The New Complaint also fails to identify the policy or policies which gave rise to the bad faith claim, and fails to plead facts establishing the nature and the date of the "occurrence" which allegedly triggered coverage under the policy(ies).

"Factual allegations must be enough to raise a right to relief above the speculative level . . .." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). A plaintiff must provide more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action . . .." *Id.* "Stated differently, the factual allegations in a complaint must 'possess enough heft' plausibly to suggest that the plaintiff is entitled to relief . . .. Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitlement to relief."'" *Weissman v. National Assoc. of Sec. Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1966).

## I.    Plaintiffs' New Complaint Fails To State A Claim For Relief Against Marsh.

### A.    Plaintiffs' Claim for Fraudulent Misrepresentation Should Be Dismissed (Count II).

Plaintiffs' New Complaint fails to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud must describe "(1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff . . .." *Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (affirming dismissal of plaintiff's fraud claim).

None of these required facts are alleged in Plaintiffs' New Complaint. Plaintiffs' New Complaint asserts that Marsh misrepresented the insurance coverage being placed for Plaintiffs' benefit, but it does not allege any facts to support that assertion. Plaintiffs'

New Complaint fails to allege **what** misstatements were made, **who** made them, **when** the misstatements were made, **how** the misstatements were made, and **in what way** the misstatements were relied upon by Plaintiffs. Plaintiffs' barebones allegations are patently insufficient to state a claim for fraud. Accordingly, this Court should dismiss Plaintiffs' fraudulent misrepresentation claim for failure to plead the claim with particularity as required under Rule 9(b) of the Federal Rules of Civil Procedure.

**B.    Plaintiffs' Fraudulent Misrepresentation Claim is Barred by the Applicable Statute of Limitations and, Accordingly, this Court Should Deny Plaintiffs Leave to Amend as it would be Futile.**

When a plaintiff fails to plead a fraud claim with the particularity required under the Federal Rules of Civil Procedure, courts frequently dismiss the claim without prejudice and grant the plaintiff leave to amend the complaint to more properly plead the claim. In this case, however, the Court should dismiss Plaintiffs' fraudulent misrepresentation claim against Marsh <u>with prejudice</u>, because it is barred by the applicable statute of limitations, and therefore granting Plaintiffs leave to amend would be futile.

Leave to amend a pleading may properly be denied under Rule 15(a) of the Federal Rules of Civil Procedure "when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). When a court denies a plaintiff leave to amend a complaint due to futility, "the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). In other words, an amendment to a complaint is futile "if it cannot withstand a motion to dismiss."

*O'Ferrell v. United States*, 174 F.R.D. 108, 109 (M.D. Ala. 1997) (citing *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993)).

Here, Plaintiffs' claim against Marsh for fraudulent misrepresentation is barred by the applicable statute of limitations, and therefore any amendment would be futile. In Alabama, claims of fraudulent misrepresentation are subject to a two-year statute of limitations. ALA. CODE § 6-2-38(l); *Liberty Nat'l Life Ins. Co. v. Ingram*, 887 So.2d 222 (Ala. 2004); *Foremost Ins. Co. v. Parham*, 693 So.2d 409, 417 (Ala. 1997); *Parsons Steel, Inc. v. Beasley*, 522 So.2d 253 (Ala. 1988). Alabama courts apply an objective standard to determine when a party should have discovered fraud for purposes of the statute of limitations and require that a plaintiff exercise "ordinary care" to avail himself of the available documents. *Lott v. Tarver*, 741 So.2d 394 (Ala. 1999).

Alabama courts hold as a matter of law that fraud is deemed to be discovered when the claimant receives the document or documents that places him on notice of such facts as would have alerted a reasonable person to the existence of the alleged fraud. *See Foremost Ins. Co.*, 693 So.2d at 422 (holding that the statute of limitations began to run, at the latest, when plaintiff "received [his] . . . document"); *Ingram*, 882 So. 2d at 228 (holding that the statute of limitations began to run when plaintiff received his policy documents); *Auto-Owners Ins. Co. v. Abston*, 822 So.2d 1187, 1194 (Ala. 2001) (stating the limitations period begins to run when the plaintiff was privy to facts which would "provoke inquiry in the mind of a [person] of reasonable prudence and which, if followed up, would have led to the discovery of the fraud").

The heart of Plaintiffs' grievance in the New Complaint is that Plaintiffs were left uninsured against the occurrences complained of in the Original Action, either by the

insurer defendants' bad faith refusal to defend and indemnify Plaintiffs (Count I) or by Marsh's alleged misrepresentations as to the coverage it had placed for Plaintiffs (Count II). Although it is unclear from the New Complaint which policy(ies) gave rise to Plaintiffs' claims asserted in the New Complaint, the Complaint in the Original Action alleges that the Agreement for Management Services related to Village Manor was signed on December 1, 2000, and the Agreement for Management Services related to Cleveland Development, Inc., was signed on November 29, 2001. (Compl. ¶¶ 18-19, incorporated by reference in New Compl., ¶ 12). The Complaint in the Original Action was filed on October 31, 2005. (*Id.*). Accordingly, the insurance policy or policies which may have provided coverage for the claims raised in the Original Action necessarily would have been delivered to Plaintiffs prior to October 31, 2005.

The inescapable conclusion derived from the facts alleged in the New Complaint is that Plaintiffs received the insurance policy(ies) placed by Marsh on their behalf not later than October 31, 2005. As such, Plaintiffs' claim for fraudulent misrepresentation allegedly made by Marsh necessarily arose not later than October 31, 2005. Therefore, the statute of limitations began to run, at the latest, on October 31, 2005. *See Foremost*, 693 So.2d at 422. Accordingly, when Plaintiffs filed the New Complaint on January 28, 2008, their claim against Marsh for fraudulent misrepresentation was already barred by the applicable Alabama two-year statute of limitations. Pursuant to clear Alabama precedent, Plaintiffs' fraud claim asserted against Marsh is barred by the statute of limitations, and therefore dismissal with prejudice is appropriate.

This the 10th day of March, 2008.

Respectfully submitted,

**BRADLEY ARANT ROSE & WHITE LLP**

_/s/  Bobby Poundstone_
ROBERT E. POUNDSTONE, IV (POU006)
ASB-5864-N53R
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
Fax: 334.956.7701
E-mail: bpoundstone@bradleyarant.com

JOHN D. BOND, III
ASB-3910-B61J
100 N. Tryon St., Suite 2690
Charlotte, NC  28202
(704) 338-6000 – Telephone
(704) 332-8852 – Facsimile
E-mail: jbond@bradleyarant.com

*Attorneys for Marsh USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117
goholtonattorney@bellsouth.net

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, AL 36124
spencesingleton@bellsouth.net
jslgrl2@charter.net

Walter J. Price, III, Esq.
Huie, Fernambucq & Stewart, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484
wjp@hfsllp.com
tcb@hfsllp.com

Edgar M. Elliot, Esq.
Michael A. Vercher
Christian & Small, LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
emelliott@csattorneys.com
mavercher@csattorneys.com
jle@csattorneys.com
lfr@csatttorneys.com
jmb@csatttorneys.com

Matthew W. Robinett
Thomas A. Kendrick
ASB-3523-172M
Norman, Wood, Kendrick, & Turner
Financial Center – Suite 1600
505 Twentieth Street North
Birmingham, AL 35203
mrobinett@nwkt.com
tkendrick@nwkt.com

David W. Henderson
dwhenderson@hillhillcarter.com

Michael J. Cohan
mcohan@hillhillcarter.com
lsadler@hillhillcarter.com


**BRADLEY ARANT ROSE & WHITE LLP**

    /s/  Bobby Poundstone
ROBERT E. POUNDSTONE, IV (POU006)
ASB-5864-N53R
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
Fax: 334.956.7701
E-mail: bpoundstone@bradleyarant.com