IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGLETON & ASSOCIATES, INC., | * * * * * * * | |
| Plaintiffs, | * * | Civil Action No. 2:08-cv-149-MHT |
| vs. | * * | |
| ARCH SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MARSH USA, Inc., | * * * * * * | |
| Defendants. | * | |

## DEFENDANT MARSH USA, INC.'S BRIEF IN SUPPORT OF REMOVAL JURISDICTION

Defendant Marsh USA, Inc. ("Marsh"), pursuant to this Court's Order dated March 28, 2008, respectfully submits this Brief in Support of the Court's Removal Jurisdiction.

## INTRODUCTION

This brief addresses the issue of whether this Court has removal jurisdiction over claims for bad faith refusal to indemnify and defend and fraudulent misrepresentation brought by plaintiffs Village Manor Inc. ("Village Manor"), Cleveland Development, Inc. ("Cleveland Development"), Southeastern LIHTC Management Inc. ("Southeastern"), R. Timothy Singleton ("Singleton"), and Singleton & Associates, Inc. ("Singleton & Associates"), against defendants Arch Specialty Insurance Company ("Arch"), Scottsdale

Insurance Company ("Scottsdale"), and Federal Insurance Company ("Federal"), misnamed as "Chubb Insurance Company," and Marsh.  This is not an instance where the Court must engage in "unabashed guesswork" or "looking to the stars" to determine whether removal jurisdiction exists.  In this case, although plaintiffs' two-count pleading is silent as to the specific amount of monetary damages plaintiffs seek, the preponderance of the evidence before this Court in the form of the pleading and Joint Notice of Removal (the "Removal Notice") demonstrates that the amount in controversy is well in excess of the amount required for removal jurisdiction pursuant to 28 U.S.C. § 1332.[1]

## PROCEDURAL HISTORY

On January 28, 2008, Plaintiffs initiated this action by filing the New Complaint against Marsh and the other defendants in the Circuit Court of Montgomery County, Alabama.  Count I of the New Complaint purports to allege a cause of action for bad faith against Arch, Scottsdale, and Federal.  (*See* New Complaint, ¶¶ 28-43, attached as Exhibit C to Removal Notice).  Plaintiffs allege that Arch, Scottsdale and Federal failed to defend and indemnify the Plaintiffs against claims that were brought against them in an action filed in the Circuit Court of Montgomery County, Alabama, bearing Case Number CV-2005-2795 (hereafter, the "Original Action").  (New Compl. ¶¶ 14-26).[2]  Count II of the New Complaint purports to allege a claim for fraudulent misrepresentation against Marsh.  (*Id.*, ¶¶ 45-48).  Plaintiffs allege that they purchased insurance policies from Arch and Federal through Marsh, and that Marsh misrepresented the insurance coverages in those policies.  (*Id.*, ¶¶ 45-46).

---

[1] For the sake of clarity, Marsh will refer to the pleading currently before this Court as the "New Complaint."

[2] In the Original Action, KeyCorp Investment Limited Partnership III ("KeyCorp"), among others, asserted various claims against Village Manor, Cleveland Development, Southeastern, Singleton, George Kershaw ("Kershaw"), Ron Dearolf ("Dearolf"), Jeffrey Brooks ("Brooks"), and Singleton & Associates.

On March 3, 2008, within thirty days of the first service of the New Complaint upon any party and within one year of the commencement of this action by the plaintiffs against these defendants, Marsh filed the Removal Notice removing the action from the Circuit Court of Montgomery County to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (*See* Removal Notice, ¶¶ 27, 28).  On March 28, 2008, this Court issued an Order (Doc. No. 46) directing that the parties file briefs as to whether the Court has removal jurisdiction over the action.  (*See* Order, 2).

**ARGUMENT AND CITATION OF AUTHORITY**

I.  **PLAINTIFFS' NEW COMPLAINT INITIATED THE BEGINNING OF A NEW ACTION, AND THEREFORE, THIS COURT HAS REMOVAL JURISDICTION OVER THE ACTION.**

This matter was commenced on January 28, 2008, despite the fact that it was filed in a Montgomery County Circuit Court case numbered CV-2005-2795 which was terminated more than two months prior to the filing of the New Complaint.

On October 31, 2005, KeyCorp, among others, filed the Original Action asserting various claims against Village Manor, Cleveland Development, Southeastern, Singleton, Kershaw, Dearolf, Brooks and Singleton & Associates.  The crux of the Original Action was that the defendants therein breached certain partnership and management agreements related to the operation and maintenance of the Village Manor and Forrest Brooks low-income housing tax credit developments.

On October 2, 2007, defendants Brooks, Kershaw, and Dearolf were dismissed from CV-2005-2795 with prejudice.[3]  On November 29, 2007, the remaining parties to CV-2005-2795 filed a stipulation of dismissal with prejudice signed by counsel for all

---

[3] Defendants attached copies of all documents filed in the Original Action to the Removal Notice for the Court's reference.

parties.  (*See* Stipulation of Dismissal with Prejudice attached as Exhibit G to the Removal Notice).  Thereafter, on January 28, 2008, all of the defendants in the Original Action except Kershaw, Dearolf and Brooks filed a pleading in the Original Action entitled "Third Party Complaint."  This is the pleading currently before this Court.  In this pleading, these defendants have cast themselves as "third-party plaintiffs" and purport to assert claims against Marsh and certain other defendants, even though Marsh and its co-defendants were never parties to the Original Action at any time prior to its dismissal with prejudice.  Although this pleading purports to style itself as a "third-party complaint," it is not.  It is a <u>new</u> <u>action</u> between completely diverse parties and, as such, this Court has removal jurisdiction over the action.

II.     **THIS COURT HAS REMOVAL JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332**

   A.     **The Requirements for Jurisdiction Under 28 U.S.C. § 1332 are Satisfied Because There is Complete Diversity of Parties and the Amount in Controversy Exceeds $75,000.00.**

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between "citizens of different States" where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."  *Id.*; *see Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir.), *reh'g denied*, 211 F.3d 596 (11th Cir. 2000) (stating that in order to qualify for diversity jurisdiction, the complaint must establish "complete diversity of the parties' citizenship and an amount in controversy exceeding $75,000").  Section 1332 requires complete diversity, meaning that no plaintiff may be a citizen of the same state as any defendant.  *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n. 31 (11th Cir. 2007).

**B.    Complete Diversity of Parties Exists in this Action.**

As evidenced by the Complaint and the Removal Notice, complete diversity of parties exists in this action:

- Plaintiffs Village Manor, Southeastern, and Singleton & Associates were at the institution of this civil action, and at all times intervening, Alabama Corporations with their principal places of business in Montgomery, Alabama.  (*See* New Compl., ¶¶ 2, 4-5).

- Cleveland Development was at the institution of this civil action, and at all times intervening, a Tennessee Corporation with its principal place of business in Cleveland, Tennessee.  (*See Id.*, ¶ 3).

- Plaintiff Singleton was at the institution of this civil action, and at all times intervening, a citizen and resident of Alabama.  (*See Id.*, ¶ 1).

- Defendant Arch is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.  (*See* Affidavit of Marc Lanzkowsky ("Lanzkowsky Affid."), ¶ 4 attached as Exhibit B to the Removal Notice).

- Defendant Scottsdale is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Arizona.  (*See* Affidavit of Louis Getz, III, ¶ 4, attached as Exhibit E to the Removal Notice).

- Defendant Federal is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Indiana with

      its principal place of business in the State of New Jersey. (*See* Affidavit of Joy Ralston, ¶ 4, attached as Exhibit F to the Removal Notice).

- Defendant Marsh is, and was at the time of the institution of this civil action, a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York. (*See* Affidvait of Cliona Levy ("Levy Affid."), ¶ 2 attached as Exhibit D to the Removal Notice).

Accordingly, none of the defendants are, or were, at the institution of this civil action, or at any time intervening, corporations of or had their principal place of business in Tennessee or Alabama. Therefore, there is complete diversity of the parties for purposes of 28 U.S.C. § 1332.

    **C.**    **The Amount in Controversy Exceeds the Amount Required by 28 U.S.C. § 1332.**

        1.    *The Court May Review the Removal Notice and Accompanying Exhibits in Determining whether the Court has Removal Jurisdiction.*

The 11th Circuit holds that where damages are unspecified in the complaint, the removing party bears the burden of establishing the jurisdictional amount by a "preponderance of the evidence." *Friedmen v. N.Y. Life Ins. Co.*, 410 F.3d 1350, 1352-53 (11th Cir. 2005). Specifically, the removing defendant must establish the amount in controversy by "[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *See Lowery*, 483 F.3d at 1213-14 (citing Black's Law Dictionary, 1220 (8th ed. 2004)). The *Lowery* Court stated that if "the jurisdictional amount is either stated clearly

6

on the face of the documents before the court, or <u>readily deducible</u> from them, then the court has jurisdiction." *Id.* at 1211 (emphasis added). In other words, "jurisdiction is either evident from the removing documents or remand is appropriate." *Id.*

In conducting its analysis, the Court "has before it only the limited universe of evidence available . . . i.e., the notice of removal <u>and accompanying documents</u>." *Lowery*, 483 F.3d at 1214 (emphasis added). Additionally, where, as here, the Court is considering the propriety of subject matter jurisdiction, the Court "may look to any relevant information the parties may present, . . .." *Id.* at 1215.

In this case, it is appropriate for the Court to consider the Complaint, the Removal Notice, and the affidavits and exhibits accompanying the Removal Notice in assessing whether the Court has removal jurisdiction over this action. *See Lowery*, 483 F.3d at 1213 n. 62; *Fairchild v. State Farm Mut. Auto Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995) (holding that the settlement letter from plaintiff is "valuable evidence to indicate the amount in controversy at the time of removal."); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.) (noting that letter from plaintiff's counsel stating that the amount in controversy exceeded the required amount supports finding that it is "apparent" that removal was proper), *cert. denied*, 513 U.S. 930 (1994); *Hardy v. Jim Walter Homes, Inc.*, No. 06-0687-WS-B, 2007 WL 1889896, at *3 n. 6 (S.D. Ala. June 28, 2007) (noting that it is appropriate to use affidavits to clarify the amount in controversy).

> **2.** *The Complaint and Removal Notice Establish that Plaintiffs Seek Damages in Excess of the Required Amount for Jurisdiction Pursuant to 28 U.S.C. § 1332.*

The amount in controversy in this action is "readily deducible" based on the plaintiffs' description of the injury in the New Complaint. *See Sanderson v. Daimler*

7

*Chrysler Motor Corp.*, No. 07-0559-WS-B, 2007 WL 2988222, at *1 (S.D. Ala. October 9, 2007) (holding that a description of an injury itself can demonstrate that the amount in controversy "more than likely exceeds the . . . jurisdictional amount."). In this case, the New Complaint alleges that Singleton on behalf of himself and the other plaintiffs purchased insurance policies from defendants Arch, Scottsdale and Federal, and that plaintiffs purchased all of the policies but for the Scottsdale policy from Marsh. (*Id.*, ¶¶ 13-14). Regarding damages, plaintiffs allege to have suffered damage in the form of "loss of insurance premiums and fees" paid to the defendants, and "costs associated with having to defend against the underlying claims brought by KeyCorp Limited Partnership III et al." (*Id.*, ¶ 26).[4]

Although plaintiffs fail to identify which policy or policies the plaintiffs' seek recovery under, the complaint in the Original Action provides sufficient information to determine the relevant time period. The Agreement for Management Services related to Village Manor was signed on December 1, 2000, and the Agreement for Management Services related to Cleveland Development, Inc., was signed November 29, 2001. (*See* Third Amended Complaint, ¶¶ 18-19, attached as Exhibit H to the Removal Notice). Additionally, the Complaint in the Original Action was filed on October 31, 2005. (*See* New Compl., ¶ 12). Accordingly, from the facts as alleged by plaintiffs, the relevant time period is from December 1, 2000 until October 31, 2005.

During this period, Singleton & Associates paid commissions to Marsh as broker of record for policies placed by Marsh on behalf of Singleton & Associates, and paid

---

[4] The Original Action appears to have been litigated over a period of approximately two years, from the filing of the Complaint on October 31, 2005, to the entry of the Stipulation of Dismissal with Prejudice, entered November 29, 2007. (*See* New Compl., ¶ 12; Stipulation of Dismissal with Prejudice, attached as Exhibit G to the Removal Notice).

premiums to certain insurance carriers for those policies. (*See* Levy Affid., ¶¶ 4, 5). The total amount of insurance premiums paid to insurance carriers on the policies placed on behalf of Singleton & Associates by Marsh during the period of time allegedly relevant to this lawsuit and commissions paid to Marsh for those policies is $461,627.84.[5] (*See Id.*, ¶¶ 6-9). In light of the measure of damages applicable to a claim for fraudulent misrepresentation coupled with the allegations in the New Complaint, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.[6] *See Lowery*, 483 F.3d at 1214; *Sanderson*, 2007 WL 2988222, at *1; New Compl., ¶¶ 26, 44, 48.

> D. **Aggregation of Plaintiffs' Alleged Damages is Appropriate in Determining the Amount at Issue**.

As plead, plaintiffs acknowledge that their claims were jointly suffered. (*See* New Compl., ¶¶ 25-26, 42-43). Moreover, plaintiffs seek to enforce a "single title or right in which they have a common and undivided interest," e.g., their right to defense or indemnification under the insurance policies. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995) (stating that the definition of "common and undivided" is amorphous but that Courts generally agree Courts generally agree that the plaintiffs' claims of right must be "'integrated,' meaning that their respective rights to damages arise from the same

---

[5] It should be noted that the policy limits for the policies potentially at issue are $2,000,000.00 General Aggregate and $1,000,000.00 per Occurrence.

[6] Plaintiffs' description of their damages generally complies with the allowable measure of damages for such claims under Alabama law. *See Green v. Standard Fire Ins. Co. of Alabama*, 477 So.2d 333 (Ala. 1985) (holding that attorneys' fees incurred as a result of insurer's refusal to defend are appropriate damages); *Fidelity & Casualty Co. v. J. D. Pittman Tractor Co.*, 244 Ala. 354, 13 So.2d 669 (1943) (holding that the "general measure of recovery for fraud includes all damages within the contemplation of the parties or which are the necessary or natural and proximate consequences of the wrong."); RESTATEMENT (SECOND) OF TORTS, § 549 (1977) (measure of damages for a claim for fraudulent misrepresentation is "(1)(a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and (b) pecuniary loss suffered otherwise as a consequence of the recipient's reliance upon the misrepresentation.").

legal source."); *see also Texas & Pac. Ry. v. Gentry*, 163 U.S. 353, 362-63, (1896) (holding aggregation proper where plaintiffs "all claimed under one and the same title"). As such, aggregation of plaintiffs' alleged damages is proper in order to determine the amount at issue for removal jurisdiction. *See Allen*, 63 F.3d at 1330; *Williams v. State Farm Mut. Auto. Ins. Co.*, 931 F.Supp. 469, 472 (S.D. Tex. 1995).

It is apparent that plaintiffs value their claim in excess of the required amount. Plaintiffs made a settlement demand to defendant Arch in the amount of $125,000. (*See* Lanzkowsky Affid., ¶ 5). The settlement demand establishes that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *See Fairchild*, 907 F.Supp. at 971.

  **E.** **In the Alternative, If the Court Finds that Either Claim Fails to Meet the Required Amount for Removal Jurisdiction, The Court May Exercise Its Supplemental Jurisdiction Over the Remaining Claim.**

If the Court finds that the amount in controversy as to either Count I or Count II fails to meet the threshold required for diversity jurisdiction, the Court may exercise its supplemental jurisdiction over the remaining count. *See* 28 U.S.C. § 1367 ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over <u>all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy</u> under Article III of the United States Constitution.") (emphasis added). In this case, the claims for bad faith and fraudulent misrepresentation arise from the same set of facts and involve the same issue, namely, whether the allegations of the Original Action triggered coverage under the insurance policies purchased by plaintiffs. Clearly, the claims are so related

that they "form the same case or controversy" justifying the exercise of supplemental jurisdiction.

## CONCLUSION

Applying the preponderance of the evidence standard, the New Complaint and Removal Notice establish that the greater weight of the evidence before the Court supports a finding that this Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

This the 4th day of April, 2008.

>Respectfully submitted,
>
>**BRADLEY ARANT ROSE & WHITE LLP**
>
>  /s/  Bobby Poundstone
>ROBERT E. POUNDSTONE, IV (POU006)
>ASB-5864-N53R
>Alabama Center for Commerce Building
>401 Adams Avenue, Suite 780
>Montgomery, AL 36104
>Phone: 334.956.7700
>Fax: 334.956.7701
>E-mail: bpoundstone@bradleyarant.com
>
>JOHN D. BOND, III
>ASB-3910-B61J
>100 N. Tryon St., Suite 2690
>Charlotte, NC  28202
>(704) 338-6000 – Telephone
>(704) 332-8852 – Facsimile
>E-mail: jbond@bradleyarant.com
>
>*Attorneys for Marsh USA, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Michael Guy Holton, Esq.
      Fuller, Taylor & Holton, P.C.
      5748 Carmichael Parkway, Suite D
      Montgomery, AL  36117
      goholtonattorney@bellsouth.net

      Spence A. Singleton, Esq.
      Post Office Box 240894
      Montgomery, AL  36124
      spencesingleton@bellsouth.net
      jslgrl2@charter.net

      Walter J. Price, III, Esq.
      Huie, Fernambucq & Stewart, LLP
      Three Protective Center
      Suite 200
      2801 Highway 280 South
      Birmingham, AL  35223-2484
      wjp@hfsllp.com
      tcb@hfsllp.com

      Edgar M. Elliot, Esq.
      Michael A. Vercher
      Christian & Small, LLP
      505 North 20th Street, Suite 1800
      Birmingham, AL  35203
      emelliott@csattorneys.com
      mavercher@csattorneys.com
      jle@csattorneys.com
      lfr@csatttorneys.com
      jmb@csatttorneys.com

Matthew W. Robinett
Thomas A. Kendrick
ASB-3523-172M
Norman, Wood, Kendrick, & Turner
Financial Center – Suite 1600
505 Twentieth Street North
Birmingham, AL 35203
mrobinett@nwkt.com
tkendrick@nwkt.com


BRADLEY ARANT ROSE & WHITE LLP

   /s/  Bobby Poundstone
ROBERT E. POUNDSTONE, IV (POU006)
ASB-5864-N53R
Alabama Center for Commerce Building
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
Fax: 334.956.7701
E-mail: bpoundstone@bradleyarant.com