IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VILLAGE MANOR, INC.,** | * |
| **CLEVELAND DEVELOPMENT,** | * |
| **INC., SOUTHEASTERN LIHTC** | * |
| **MANAGEMENT, INC., R. TIMOTHY** | * |
| **SINGLETON, SINGLETON &** | * |
| **ASSOCIATES, INC.,** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| v. | *   CASE NO.: 2:08-cv-149-MHT |
| | * |
| **ARCH SPECIALTY INSURANCE** | * |
| **COMPANY, SCOTTSDALE** | * |
| **INSURANCE COMPANY, CHUBB** | * |
| **INSURANCE COMPANY, MARSH** | * |
| **USA, Inc.,** | * |
| | * |
| **Defendants.** | * |

**BRIEF IN SUPPORT OF REMOVAL JURISDICTION BY
ARCH SPECIALITY INSURANCE COMPANY**

COMES NOW the defendant Arch Specialty Insurance Company ("Arch") and submits the following brief in support of removal jurisdiction:

**Introduction**

This action, alleging bad faith denial of insurance benefits against Arch, Scottsdale and Federal Insurance Company, and fraudulent misrepresentation against Marsh, could have originally been filed in this court under 28 USC §1332. Complete diversity of citizenship exists between the plaintiffs and the defendants

and the amount in controversy exceeds the sum of value of $75,000, exclusive of interest and costs.  28 USC §1441.  Plaintiff's Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc. R. Timothy Singleton and Singleton & Associates, Inc. filed suit on January 28, 2008, in the Circuit Court of Montgomery County, Alabama as a new action.  Although the complaint was titled as a "Third Party Complaint", all claims previously asserted in the case bearing civil action number CV-2005-2795 in the Circuit of Montgomery County had been disposed and the action terminated by stipulation of dismissal with prejudice on November 29, 2007.  The Notice of Removal was therefore filed within one year of the commencement of this action.  The Notice of Removal was filed within 30 days of service of the complaint.  Since all pre-requisites for removal jurisdiction exist, jurisdiction is proper in this Court.

## **Complete Diversity of Parties**

The plaintiffs bringing this action are either citizens of Alabama or the State of Tennessee.  The removing defendants are all citizens of states other than Alabama or Tennessee.  Arch is incorporated in of the State of Nebraska with its principal place of business there.  (See Lanzkowsky Affidavit, paragraph 4, attached to Notice of Removal) Scottsdale is incorporated in the State of Ohio with is principal place of business in the State of Arizona. (See affidavit of Louis Getz, III, paragraph 4, attached to the Notice of Removal).  Federal Insurance Company

is incorporated in the State of Indiana with its principal place of business in the State of New Jersey.  (See affidavit of Joy Ralston, paragraph 4, attached to the Notice of Removal)  Marsh is incorporated in the State of Delaware with its principal place of business in the State of New York.  (See Levy affidavit, paragraph 2, attached to the Notice of Removal)  Thus, there is complete diversity between the parties, and the plaintiffs could have filed this complaint in this Court.

## Amount in Controversy

The removing defendants have met their burden of proving to a legal certainty that the amount in controversy exceeds $75,000, exclusive of interest and cost.  Prior to suit, the plaintiffs made a settlement demand on Arch in the amount of $125,000.  (See Lanzkowsky Affidavit, paragraph 5, attached to Notice of Removal)  In the case of *Burns vs. Windsor Insurance Company*, 31 F.3rd 1092 (11th Cir. Ct. of App. 1994), the Eleventh Circuit Court of Appeals found it significant that the plaintiff had offered to settle for less than the jurisdictional amount.  In vacating the district court's jurisdiction and remanding the case, the Eleventh Circuit noted, "While this settlement offer, by itself, may not be determinative, it counts for something."  31 F.3rd at 1097.  In the instant case, the complaint does not include a specific *ad damnum*.  However, the pre-suit demand "counts for something," and it demonstrates that the controversy exceeds the sum of $75,000, exclusive of interest and cost.

The complaint also alleges that the plaintiffs suffered damages in the form of "loss of insurance premiums and fees" paid to the removing defendants. As demonstrated by the affidavit of Cliona Levy, attached to the Notice of Removal, the premiums paid far exceeded the amount of $75,000. In fact, the premiums alone totaled $461,627.84. (See Levy affidavit) The plaintiffs have not moved to remand the case based on the failure of the amount in controversy to exceed the sum or value of $75,000. The value of the claim set forth in the plaintiffs' complaint exceeds the sum of $75,000, and the complaint could have originally been brought in this Court. Thus, this pre-requisite for removal jurisdiction has been met.

**Removal by this Defendant is Proper**

The document titled "Third Party Complaint" which was filed on January 28, 2008, is not a third party complaint; it is an original complaint which was misnamed and should have been filed under a new civil action number. The case pending in the Circuit Court of Montgomery County, Alabama assigned CV-2005-2795, was terminated when the parties filed a stipulation of dismissal with prejudice on November 29, 2007. The filing of a stipulation of dismissal with prejudice in CV-2005-2795 "carrie[d] down with it all previous proceedings, both of plaintiff and defendant, and all pleadings…" Ex parte Sealy, 904 So.2d 1230,

1236 (Ala. 2004), and "render[ed] the proceedings a nullity and [left] the parties as if the action had never been brought." Id.

Since the stipulation of dismissal with prejudice filed on November 29, 2007, carried down all pleadings and left the parties as if the action had never been brought, there is no basis for the complaint filed on January 28, 2008 to be named a "third party complaint" or for this defendant to be named a "third party defendant." Regardless, of the title of the parties, a "third party defendant can remove a cause if the "third party complaint" is sufficiently "separate and independent" from the original complaint. See Price v. Alfa Mutual Insurance Company, 877 F. Supp. 597 (M.D. Ala. 1995). In this case, CV-2005-2795 was terminated, the pleadings were "carried down", and the parties were left as if the action had never been brought. The complaint filed January 28, 2008, is wholly separate and independent from CV-2005-2795 since CV-2005-2795 did not exist on January 28, 2008.

## Timeliness of Removal

This action was filed on January 28, 2008. Federal Insurance Company was the first served defendant, being served on January 31, 2008. The removing parties filed Notice of the Removal within 30 days of service of the complaint on the first served defendant, Federal Insurance Company, in accordance with the provisions of 28 USC § 1446(b). When the plaintiffs filed their complaint against the

removing defendants, the plaintiffs initiated a new action, although the Circuit Court Clerk accepted it under an old civil action number. This new action has been pending for less than one year, having been filed on January 28, 2008. Therefore, this Court is not deprived of jurisdiction by the one year limit pursuant to 28 USC § 1446(b).

Accordingly, the removing parties have met all pre-requisites for removal under 28 USC§ 1441, as well as the procedures for removal under 28 USC § 1446. Arch requests that this Honorable Court take jurisdiction over this cause.

    Respectfully submitted,

    s/Thomas A. Kendrick
    THOMAS A. KENDRICK
    ASB-5669-E25T

    s/Matthew W. Robinett
    MATTHEW W. ROBINETT
    ASB-3523-I72M

    NORMAN, WOOD, KENDRICK
      & TURNER
    Financial Center - Suite 1600
    505 Twentieth Street North
    Birmingham, AL  35203
    Telephone: (205) 328-6643
    Fax:  (205) 251-5479
    E-mail: mrobinett@NWKT.com

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGLETON & ASSOCIATES, INC.,** | * * * * * * * | |
| Plaintiffs, | * * | **Case No.:** |
| vs. | * * * | **2:08-CV-00149-MHT** |
| **ARCH SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MARSH USA, Inc.,** | * * * * * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL  36117
goholtonattorney@bellsouth.net

Spence A. Singleton, Esq.
Post Office Box 240894
Montgomery, AL  36124

spencesinglteton@bellsouth.net

Walter J. Price, III, Esq.
Huie, Fernambucq & Stewart, LLP
Three Protective Center, Suite 200
2801 Highway 280 South
Birmingham, AL  35223-2484

- 8 -

| | |
|---|---|
| Edgar M. Elliot, Esq.<br>Michael A. Vercher, Esq.<br>Christian & Small, LLP<br>505 North 20th Street, Suite 1800<br>Birmingham, AL  35023<br>emelliott@csattorney.com<br>mavercher@csattorney.com<br>wjp@hfsllp.com | Robert E. Poundstone, IV, Esq.<br>Bradley Arant Rose & White, LLP<br>The Center for Commerce<br>401 Adams Avenue, Suite 780<br>Montgomery, AL  36104<br>bpoundstone@bradleyarnat.com |

s/Matthew W. Robinett
MATTHEW W. ROBINETT
ASB-3523-I72M
NORMAN, WOOD, KENDRICK
    & TURNER
Financial Center - Suite 1600
505 Twentieth Street North
Birmingham, AL  35203
Telephone: (205) 328-6643
Fax:  (205) 251-5479
E-mail:  mrobinett@NWKT.com