**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

Village Manor, Inc., )
Cleveland Development, Inc., )
Southeastern LIHTC Management,)
Inc., R. Timothy Singleton, )
and Singleton & Associates, )
Inc., )
                     )
     Plaintiffs, )
                     )      CIVIL ACTION NO.:
vs. )      2:08-CV-00149-MHT
                     )
Arch Specialty Insurance )
Company, Scottsdale Insurance )
Company, Chubb Insurance )
Company, and March USA, Inc., )
                     )
     Defendants. )

## BRIEF IN SUPPORT OF REMOVAL JURISDICTION

Comes now Defendant, Federal Insurance Company, improperly named as Chubb Insurance Company, and per the Court's Order of March 28, 2008, submits this Brief in Support of Removal Jurisdiction.

## I. PROCEDURAL HISTORY

Plaintiffs[1] Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton, and

---

[1] The pleading initiating this action against the above-named Defendants is entitled "Third Party Complaint" and identifies the above-named Plaintiffs as "Third Party Plaintiffs" and the above-named Defendants as "Third Party Defendants." The pleading, however, was filed in an action with an assigned case number of CV-2005-2795, which was terminated on <u>November 11, 2007</u>, with the filing of a Stipulation of Dismissal with Prejudice.

Thus, the pleading is misnamed a Third Party Complaint; it incorrectly identifies the parties as "Third Parties", and is filed in an action that was previously terminated by law. Therefore, Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc., will be referred to as "Plaintiffs."

Singleton & Associates, Inc., (hereinafter "Plaintiffs") instituted this civil action in the Circuit Court of Montgomery County, Alabama, on <u>January 28, 2008</u>, against Arch Specialty Insurance Company ("Arch"), Scottsdale Insurance Company ("Scottsdale"), Federal Insurance Company, improperly named as Chubb Insurance Company, and Marsh USA, Inc. (hereinafter "Defendants"). Plaintiffs asserted a claim for bad faith on the part of Defendants Arch, Scottsdale and Federal Insurance Company, and a claim for fraudulent misrepresentation on the part of Marsh USA, Inc.

Thereafter, on <u>March 3, 2008</u>, Defendants Arch and Marsh USA, Inc., properly removed this cause from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. Both Scottsdale and Federal Insurance Company joined in and consented to the removal filed by Arch and Marsh USA, Inc., each filing a Joinder in and Consent to Removal on <u>March 3, 2008</u>.

On March 28, 2008, the Court entered an Order requesting that parties file Briefs concerning the Court's removal jurisdiction.

## II. <u>ARGUMENT</u>

### A. <u>DEFENDANT'S NOTICE OF REMOVAL COMPLIES WITH ALL PROCEDURAL REQUIREMENTS</u>.

The procedural requirements for removal in this instance have been met. Specifically, the Notice of Removal, which was submitted <u>on March 3, 2008</u>, was timely filed pursuant to 28 U.S.C. § 1446(b), as the Notice of Removal was filed within thirty (30) days of the

first service of the Third Party Complaint upon any removing party. The first notice of this action to any removing party, as required by 28 U.S.C. § 1446(b), was on <u>January 31, 2008</u>, when Federal Insurance Company was served with a copy of the Summons and Third Party Complaint.

Furthermore, venue is proper, as this action could have originally been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs and removing parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Finally, all Defendants have consented to the removal of this action.

**B.**    **<u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00</u>.**

> **(1)**    **<u>Federal Insurance Company has shown by a preponderance of the evidence that the Plaintiffs' claims against Federal Insurance Company exceed the amount in controversy jurisdictional requirement</u>.**

With regard to the $75,000.00 amount in controversy jurisdictional requirement, it is important to recognize that while the Plaintiffs' Third Party Complaint is noticeably silent as to the actual amount of damages sought, the Plaintiffs have suffered damages for "loss of insurance premiums and fees paid to Defendants for insurance coverage" and "costs associated with having to defend the underlying claims," which appears to have been litigated over a period of two (2) years. Based on the foregoing claims alone, the Plaintiffs have called into controversy damages in excess of $75,000.00, exclusive of interest and costs. Further, Plaintiffs'

Third Party Complaint includes Plaintiffs' allegations that the Defendants declined to indemnify Plaintiffs in the underlying matter. Consequently, while the Plaintiffs' Complaint stated a non-specific demand, <u>the above claims affirmatively indicate that the amount in controversy exceeds $75,000.00</u>.

Where, as here, a Plaintiff does not specifically allege an amount in controversy or the total amount in damages demanded in the Complaint, diversity jurisdiction exists where a moving Defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. <u>See</u> <u>Bankhead v. American Suzuki Motor Corp.</u>, 529 F. Supp. 2d 1329 (M.D.Ala. 2008), *citing* <u>Leonard v. Enterprise Rent-A-Car</u>, 279 F. 3d 967, 972 (11th Cir. 2002). Removal is proper if it is "facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement." <u>Bankhead</u>, 529 F. Supp. 2d 1329, *quoting* <u>Williams v. Best Buy Co.</u>, 269 F. 3d 1316, 1319 (11th Cir. 2001). If the amount in controversy is not facially apparent from the Complaint, the Court looks to the Notice of Removal and any evidence submitted by the parties "relevant to the amount in controversy at the time the case was removed." <u>Id</u>.

In the instant case, satisfaction of the amount in controversy was not only facially apparent from the Plaintiffs' Complaint, but also clearly established at the time the Defendant filed its Notice of Removal with the District Court. As previously noted,

-4-

Plaintiffs claims are wide ranging and extremely broad in that they assert loss of insurance premiums and fees, attorneys fees and costs of litigation (presumably in defending the underlying litigation) as well as indemnity for the losses sustained by Plaintiffs in the underlying action. Thus, in simply looking at the information provided by Plaintiffs on the face of their Complaint, it is facially apparent that Plaintiffs' claims against Defendants, <u>at a bare minimum</u>, made a clear showing, beyond a preponderance of the evidence, that their causes of action were worth well in excess of the threshold amount of $75,000.00 required for this Court to have jurisdiction based on 28 U.S.C. § 1332.

Nonetheless, even should the Court decide to look only at the Notice of Removal and evidence submitted relevant to the amount in controversy at the time of removal, <u>the jurisdictional amount would still be satisfied</u>. To this end, the Third Party Complaint alleges that Plaintiffs were caused to suffer damages of loss of insurance premiums and fees paid to Defendants for insurance coverage (*See* Third Party Complaint, ¶ 42 attached hereto as Exhibit "A"), though it is unclear from the Third Party Complaint as to which policy(ies) the Plaintiffs seek recovery under. For instance, the Complaint in the underlying litigation alleges that the Agreement for Management Services related to Village Manor was signed on <u>December 1, 2000</u>, and the Agreement for Management Services related to Cleveland Development, Inc., was signed on <u>November 29, 2001</u>.

-5-

(*See* Complaint, ¶¶ 18-19, attached hereto as Exhibit "B").
Moreover, there are additional allegations in the Complaint that
monies from the Village Manor and Cleveland Development
partnerships were improperly distributed between 1997 and 2004,
which included, among other claims, allegations of breach of the
partnership agreement and failure to maintain the subject property.
(*See* Id., ¶ 23).

The Complaint in the underlying litigation was filed on
October 31, 2005. For the policy period 11/5/1997 to 11/5/1998,
Singleton & Associates Keesler Villas, Ltd., paid a total of
$4,250.00 in premiums to Federal Insurance Company on the policy
placed on its behalf by AON Risk Services of Connecticut. (*See*
Declaration of Policy 11/5/1997 to 11/5/1998, attached hereto as
Exhibit "C"). For the policy period 11/5/1998 to 11/5/1999,
Singleton & Associates Keesler Villas, Ltd., paid a total of
$6,500.00 in premiums to Federal Insurance Company on the policy
placed on its behalf by Marsh & McLennan. (*See* Declaration of
Policy 11/5/1998 to 11/5/1999, attached hereto as Exhibit "D").
For the policy period 11/5/1999 to 8/15/2000, Singleton &
Associates paid $12,750.00 in premiums to Federal Insurance Company
on the policy placed on its behalf by Marsh USA, Inc. (*See*
Declaration of Policy 11/5/1999 to 8/15/2000, attached hereto as
Exhibit "E"). For the policy period 11/5/1999 to 8/15/2000,
Singleton & Associates also paid an additional $9,881.00 in

-6-

premiums to Federal Insurance Company. (*See* Declaration of Policy 11/5/1999 to 8/15/2000, attached hereto as Exhibit "F"). For the policy period 8/15/2000 to 8/15/2001, Singleton & Associates Keesler Villas, Ltd., paid a total of $12,750.000 in premiums to Federal Insurance Company on the policy placed on its behalf by Marsh USA, Inc. (*See* Declaration of Policy 8/15/2000 to 8/15/2001, attached hereto as Exhibit "G"). For the policy period 9/15/2001 to 8/15/2002, Singleton & Associates Keesler Villas, Ltd., paid $14,411.00 in premiums to Federal Insurance Company on the policy placed on its behalf by Marsh USA, Inc. (*See* Declaration of Policy 9/15/2001 to 8/15/2002, attached hereto as Exhibit "H"). Finally, for the policy period 6/14/2004 to 6/14/2005, Village Manor, LLC paid $10,500.00 in premiums to Federal Insurance Company on the policy placed on its behalf by Westar Insurance Managers, Inc. (*See* Declaration of Policy 6/14/2004 to 6/14/2005, attached hereto as Exhibit "I"). As such, just the total amount of all the above insurance premiums paid to Federal Insurance Company during the time allegedly relevant to this lawsuit is $60,542.00.

However, Plaintiffs also seek damages for Defendants' alleged failure to defend and indemnify in the underlying action. In Bankhead, supra, American Suzuki submitted, as evidence that the amount in controversy had been met at the time of removal, Bankhead's initial settlement demand letter which sought $150,000.00 to settle the matter. The Court, agreeing with

–7–

American Suzuki that the letter was admissible evidence of the amount in controversy at the time of removal, noted the 11th Circuit Court of Appeals' decision in <u>Lowery</u>, where the Court found that "numerous types of documents have been held to qualify as 'again other paper' which under 28 U.S.C. 1446(b) can serve as a basis for removal." <u>Bankhead</u> *quoting* <u>Lowery</u>, 483 F. 3d at 1212. "They include...settlement offers." <u>Id</u>. *See also*, <u>Daniel v. Nation Point</u>, 2007 WL 4533121 (M.D. Ala. December 19, 2007) (settlement letter appropriate in establishing value of claim where plaintiff does not allege specific amount of damages and court applies "preponderance of the evidence" standard).

Here, as stated in the Defendants' Notice of Removal, prior to filing Plaintiffs demanded $125,000.00 from Arch.  Given the Complaint's allegations of joint liability as against all the Defendants, Federal Insurance Company would also be liable for the same amount.  Thus, the $<u>60,542.00</u> total paid in premiums during the time allegedly relevant to the lawsuit, <u>coupled with the $125,000.00 demand for which the Defendants are jointly liable</u>, clearly evidences that the Plaintiffs seek to recover in excess of the $75,000.00 threshold from Federal Insurance Company.

Finally, Plaintiffs additionally claim that they are entitled to costs associated with defending the underlying claims, which were litigated over a period of two (2) years, apparently including attorneys fees and costs of litigation.  The foregoing evidence

indicates, by a preponderance of the evidence, that if Plaintiffs prevail, <u>they will not recover less than $75,000.00</u>.  Such evidence does not require the Court to engage in "impermissible speculation" to determine that Plaintiffs are seeking more than the $75,000.00 jurisdictional threshold.[2]  Therefore, it is clear that Federal Insurance Company has met the $75,000 amount in controversy requirement.

**(2)** <u>**Regardless of whether this Court determines that Federal Insurance Company meets the $75,000.00 jurisdictional threshold, the Plaintiffs' claims, when aggregated, meet the $75,000.00 jurisdictional threshold**</u>.

The $75,000.00 jurisdictional threshold is also met if the Plaintiffs' claims are aggregated.  As noted by the Court in <u>Hardy v. Jim Walter Homes, Inc.</u>, "multiple plaintiffs claims to enforce a single title or right in which they have a common and undivided interest are properly aggregated."  2007 WL 1889896 (S.D. Ala. June 28, 2007).  *See also* <u>Everett v. Verizon Wireless, Inc.</u>, 460 F. 3d 1818, 822 (when two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest, their claims may be aggregated for purposes of the amount in controversy requirement).

Here, the Third Party Complaint clearly states that "R. Timothy Singleton on behalf of himself and the other herein named third party plaintiffs purchased insurance policies from Defendants

---

[2] <u>Lowery</u>, 483 F. 3d at 1220.

Arch, Scottsdale, and Chubb..." and subsequently alleges that all the policies were purchased through Marsh USA, Inc., with the exception of the policies obtained from Scottsdale. (*See* Third Party Complaint, ¶¶ 13-14). As set out in the Complaint, R. Timothy Singleton was "at all times material hereto...an officer, owner, member, shareholder or stakeholder" in the Plaintiff entities. <u>There can be no dispute the Plaintiffs are clearly maintaining that they have a common and undivided interest in the claims that they are asserting and the damages that they seek.</u>(*See* <u>Id.,</u> ¶ 1).

Defendants, therefore, also reach the $75,000.00 jurisdiction threshold by aggregating the Plaintiffs' multiple claims. As this Court is well aware, according to the Third Amended Complaint in the underlying litigation, Plaintiffs are responsible for itemized damages to the property at issue in the amount of $500,000.00 (as to the Village Manor property) and $480,000.00 (as to the Forest Grove property) and for the improper distribution of $57,186.00 (as to the Village Manor property) and $65,407.00 (as to the Forest Grove property). (*See* Third Amended Complaint, ¶¶ 20, 22, 23, attached hereto as Exhibit "J"). Plaintiffs also, prior to filing the Third Party Complaint, demanded $125,000.00 from Arch. (*See* Notice of Removal, ¶ 6, attached hereto as Exhibit "K"). As noted above, this settlement offer can be considered in determining the amount in controversy. *See* <u>Bankhead</u>, <u>supra</u>; *see also* <u>Daniel v.</u>

<u>Nation Point</u>, <u>supra</u>.    <u>Based merely on these figures alone, the</u>
<u>Plaintiffs have far exceeded the $75,000.00 jurisdictional amount</u>
<u>in controversy requirement</u>.

In addition to the claims made above and as previously
indicated, the Third Party Complaint also alleges that Plaintiffs
purchased insurance policies from Arch, Scottsdale and Federal
Insurance Company, and these policies were purchased through
insurance broker Marsh. (*See* Third Party Complaint, ¶¶ 13-14).
The Plaintiffs claim they suffered damages in the form of "loss of
insurance premiums and fees" paid to the Defendants, relative to
the insurance policies purchased through Marsh, USA, Inc. (<u>Id</u>. ¶
26). As set forth in the Notice of Removal, though it is unclear
exactly which policy(ies) the Plaintiffs seek recovery under, the
Complaint in the underlying action alleges that the Agreement for
Management Services related to Village Manor was signed on December
1, 2000 and the Agreement for Management Services related to
Cleveland Development, Inc., was signed on November 29, 2001. (*See*
Complaint, ¶¶ 18-19). There are additional allegations in the
Complaint that monies from the Village Manor and Cleveland
Development partnerships were improperly distributed between 1997
and 2004, which included breach of the partnership agreement by
failure to maintain the property. (*See* Complaint, ¶ 23). The
Complaint in the underlying litigation was filed on October 31,
2005. (*See* Third Party Complaint, ¶ 12). Therefore, during the

-11-

time allegedly relevant to this lawsuit, as set forth in the Notice of Removal, the <u>total amount of insurance premiums paid to</u> <u>insurance carriers on the policies placed on behalf of Singleton &</u> <u>Associates by Marsh during the period of time allegedly relevant to</u> <u>this lawsuit and commissions paid to Marsh for those policies is</u> <u>$461,627.84</u>.

The foregoing indicates that, by a preponderance of the evidence, the Plaintiffs will recover in excess of $75,000.00 should they prevail in this action.  Therefore, the District Court has proper jurisdiction over the Plaintiffs' claims, given that diversity exists between the parties and the $75,000.00 amount in controversy requirement has been satisfied.

C.  **THE REMOVAL OF THE ACTION WAS PROPER SINCE DIVERSITY JURIDICTION EXISTS AS TO THE PLAINTIFFS AND NAMED DEFENDANTS.**

In relevant part, 28 U.S.C. § 1332 states as follows, "The District Court shall have original jurisdiction over all civil cases when a matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different states." *See* 28 U.S.C. § 1332(a)(1).  This statute further states that a corporation shall be deemed to be a citizen of any state by which it has been incorporated and that the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).  Arch and Marsh USA, Inc., along with Federal Insurance Company and Scottsdale, properly removed this case to the United States District Court for the Middle District of Alabama,

Northern Division, under the authority promulgated by 28 U.S.C. § 1332.

Plaintiffs have filed their Complaint against several parties. As indicated, Plaintiff Village Manor, Inc., was at the institution of this civil action, and at all times intervening, an Alabama corporation. (*See* Notice of Removal, ¶ 17). Plaintiff Cleveland Development, Inc., was at the institution of this action, and at all times intervening, a Tennessee corporation. (*See* <u>Id</u>., ¶ 18). Plaintiff Southeastern LIHTC Management, Inc., was at the institution of this action, and at all times intervening, an Alabama Corporation. (*See* <u>Id</u>., ¶ 19). Plaintiff R. Timothy Singleton is an individual residing in the State of Alabama. (*See* <u>Id</u>., ¶ 20). Plaintiff Singleton & Associates was at the institution of this action, and at all times intervening, an Alabama corporation. (*See* <u>Id</u>., ¶ 21).

Also, as indicated, none of the removing parties are, or were, at the institution of this civil action, or at any time intervening, corporations of or had their principal place of business in Alabama or Tennessee. Arch is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in the State of Nebraska. (*See* Notice of Removal, ¶ 23). Scottsdale is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in the State of Arizona. (*See* <u>Id</u>., ¶ 24).

Federal Insurance Company is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in the State of New Jersey. (*See* Id., ¶ 25). Marsh USA, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York. (*See* Id., ¶ 26). Thus, this action was properly removed under 28 U.S.C. § 1332 to the United States District Court for the Middle District of Alabama, Northern Division.

D.    **THE REMOVAL OF THIS ACTION IS PROPER SINCE THE NOTICE OF REMOVAL IS TIMELY**.

As this Court is fully aware, 28 U.S.C. § 1446(b) provides, "A Notice of Removal may be filed within thirty (30) days after receipt by the Defendant, through service or otherwise, a copy of the amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable...". The first notice of this action to any removing party was on January 31, 2008, when Federal Insurance Company was served with a copy of the Summons and Third Party Complaint. As such, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal was filed within thirty (30) days of the first service of the Third Party Complaint upon any removing party.

Additionally, 28 U.S.C. § 1446(b) provides that a case cannot be removed on the basis of diversity of citizenship more than one year after commencement of the action. The Notice of Removal was also timely filed in accordance with this aspect of the rule. This

-14-

matter was commenced on <u>January 28, 2008</u>, though it was filed in a Montgomery County Circuit Court case which was terminated more than two (2) months prior to the filing of the Third Party Complaint. As set forth in the Notice of Removal, the Montgomery County Circuit Court case was filed in October of 2005 and terminated on <u>November 29, 2007</u>, with the filing of a Stipulation of Dismissal as to all remaining parties. (*See* Notice of Removal, ¶¶ 28-29).

The Supreme Court of Alabama has previously held that following the filing of a Stipulation of Dismissal, under either Alabama Rule of Civil Procedure 41(a)(1)(i) or 41(a)(1)(ii), further proceedings are void as a matter of law. <u>Greene v. Town of Cedar Bluff</u>, 965 So. 2d 773 (Ala. 2007). *See also* <u>Ex parte Sealy, LLC</u>, 904 So. 2d 1230 (Ala. 2004) (holding that were a plaintiff filed a stipulation of dismissal, the notice *ipso facto* deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void).

Alabama law is well-settled that all pleadings and orders entered after a stipulation of dismissal are void. Here, following the filing of the Stipulation of Dismissal, Village Manor, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc., were no longer parties to the Montgomery County Circuit Court case. Therefore, they <u>cannot</u> be Third Party Plaintiffs, they <u>cannot</u> file a Third Party Complaint, and they <u>cannot</u> bring the Defendants into the prior suit. Instead,

it is clear that Plaintiffs' filing is a new action commenced with the filing of the Third Party Complaint. Therefore, that filing on <u>January 28, 2008</u>, commenced within one (1) year of the filing of the Notice of Removal, and the filing date of the original pleading in the Montgomery County Circuit Court action should not affect this matter. *See* <u>Sealy</u>, <u>supra</u>.

### III.   <u>CONCLUSION</u>

This cause is due to be removed to the United States District Court for the Middle District of Alabama, Northern Division. There is complete diversity of citizenship between the Plaintiffs, on the one hand, and the Defendants, on the other hand. Further, the amount in controversy requirement has been met, and the Notice of Removal was timely filed. Quite simply, all recognized procedural requirements for removal of our action have fully been met. Therefore, Federal Insurance Company respectfully requests that this Court retain jurisdiction of the above-styled action.

<div style="margin-left: 40%;">

s/Walter J. Price, III
Walter J. Price, III
Attorney for said Defendant
HUIE, FERNAMBUCQ & STEWART,LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223
Phone: (205)251-1193
Fax: (205)251-1256
Email: WJP@hfsllp.com
ASB-0127-c66w

</div>

## CERTIFICATE OF SERVICE

       I hereby certify that on the 4th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using E-File system which will send notification of such filing to the following attorneys and mailing the document via U. S. Mail to the attorneys who are non-participants to the E-File system:

Michael Guy Holten, Esquire
FULLER, TAYLOR & HOLTEN, P.C.
5748 Carmichael Parkway
Suite D
Montgomery, AL 36117

Spence A. Singleton, Esquire
Post Office Box 240894
Montgomery, AL 36124

John D. Bond, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
100 North Tryon Street
Suite 2690
Charlotte, NC 28202

Robert E. Poundstone, IV, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104

Matthew W. Robinette, Esquire
Thomas A. Kendrick, Esquire
NORMAN, WOOD, KENDRICK & TURNER
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL 35203

Edgar M. Elliott, IV, Esquire
Michael A. Vercher, Esquire
CHRISTIAN & SMALL, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203

                                    s/Walter J. Price, III
                                    OF COUNSEL



ELECTRONICALLY FILED
1/28/2008 10:47 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**CIVIL DIVISION**

| | |
|---|---|
| **VILLAGE MANOR, INC., CLEVELAND** ) | |
| **DEVELOPMENT, INC., SOUTHEASTERN** ) | |
| **LIHTC MANAGEMENT, INC., R. TIMOTHY** ) | |
| **SINGLETON, SINGELTON &** ) | |
| **ASSOCIATES, INC.,** ) | |
| ) | |
| **Third Party Plaintiffs,** ) | |
| **vs.** ) | |
| ) | **CASE NO.: CV-2005-2795** |
| **ARCH SPECIALTY INSURANCE COMPANY,** ) | |
| **SCOTTSDALE INSURANCE COMPANY,** ) | **JURY DEMAND** |
| **CHUBB INSURANCE COMPANY,** ) | |
| **MARSH USA,Inc..** ) | |
| ) | |
| **Third Party Defendants.** ) | |

**THIRD PARTY COMPLAINT**

**STATEMENT OF THE PARTIES**

1.   Third party Plaintiff R. Timothy Singleton , hereinafter referred to as Plaintiff Singleton, is over the age of nineteen years, a resident of the Montgomery County, Alabama and at all times material hereto was an officer, owner, member, shareholder or stakeholder in the above referenced Plaintiff entities, Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC, and Singleton & Associates, Inc.

2.   Third party Plaintiff Village Manor, Inc., hereinafter referred to as Plaintiff Village Manor, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

3.   Third party Plaintiff Cleveland Development, Inc., hereinafter referred to as Plaintiff Cleveland, is a Tennessee corporation and at all times material hereto



**EXHIBIT**
A

was a beneficiary of the insurance policies made the basis of this lawsuit.

4. Third party Plaintiff Southeastern LIHTC Management, Inc., hereinafter eferred to as Plaintiff Southeastern, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

5. Third party Plaintiff Singleton & Associates, Inc., hereinafter referred to as Plaintiff Singleton & Associates, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

6. Third party Defendant Scottsdale Insurance Company, hereinafter referred to as Defendant Scottsdale, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

7. Third party Defendant Arch Specialty Insurance Company, hereinafter referred to as Defendant Arch, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

8. Third party Defendant Chubb Insurance Company, hereinafter referred to as Defendant Chubb, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

9. Third party Defendant Marsh USA, Inc., is a foreign corporation and an insurance broker believed to be duly  licensed in the State of Alabama to sell /broker insurance and hereinafter referred to as Defendant Marsh.

## STATEMENT OF URISDICTION

10. This Honorable Court has jurisdiction of the maters complained of herein pursuant to all acts, omissions, and or occurrences occurred in Montgomery

County, Alabama.

11. This Honorable Court has jurisdiction over the matters complained of herein pursuant to § 6-5-1, et.seq., Code of Alabama, 1975.

### STATEMENT OF FACTS

12. On 10-31-05 KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

13. Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb and were covered insured's under those policies at all times material hereto.

14. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

15. Third party Plaintiffs notified Third party Defendants of the pending lawsuit pursuit to the notice requirements of the respective insurance policies.

16. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh represented to Plaintiffs that said insurance coverages included errors and omissions coverage.

17. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

18. Plaintiffs received replies or notice from each Defendant that each Defendant hereto declined to defend and or indemnify Plaintiffs.

19. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a

First Amended Complaint as against all of the Plaintiffs herein.

20. Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Limited Partnership III et.al. .

21. Again, Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

22. On or about 03-01-07 KeyCorp Limited Investment Partnership III et.al. filed a Second Amended Complaint as against all of the Plaintiffs herein.

23. Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Limited Partnership III et.al..

24. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

25. At all times material hereto Plaintiffs paid all premiums and reasonably relied on the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

26. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to suffer damages of loss of insurance premiums and fees paid to Defendants for insurance coverage and costs associated with having to defend against the underlying claims brought by KeyCorp Limited Partnership III et.al.

## COUNT I
## BAD FAITH

27. Plaintiffs reiterate and incorporate all preceding paragraphs as if fully set out herein.

28. Plaintiffs entered into insurance contracts for insurance coverages with Defendants Arch, Scottsdale and Chubb.

29. At all times material hereto Defendants owed Plaintiffs a duty to defend and or indemnify against lawsuits which plead claims that invoked occurrences which were covered pursuant to the terms of said insurance coverage by the policies made the basis of this lawsuit.

30. On 10-31-05  KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

31.  Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb.

32. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

33. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto timely noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

34. Plaintiffs received notice from each Defendant whereby each Defendant hereto declined to defend and or indemnify Plaintiffs.

35. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a First Amended Complaint as against all of the Plaintiffs herein.

36. On or about via letter Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Investment Limited Partnership III et.al. .

37. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

38. On or about 03-01-07 KeyCorp Investment Limited Partnership III et.al. filed a

Second Amended Complaint as against all of the Plaintiffs herein.

39. Plaintiffs once again timely noticed Defendants of the Amended Complaint filing by KeyCorp Investment Limited Partnership III et.al..

40. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

41. At all times material hereto Plaintiffs paid all premiums and reasonably relied on the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

42. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to suffer damages of loss of insurance premiums and fees paid to Defendants for insurance coverage and costs associated with having to defend against the underlying claims brought by KeyCorp Limited Partnership III et.al.

43. Plaintiffs were caused to incur attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Arch, Scottsdale, and Chubb in an amount which exceeds the minimum jurisdictional amount of this Honorable Court and further deemed reasonable by a jury plus costs associated with the instant litigation and reasonable attorneys fees.

## FRAUDULENT MISREPRESENTATION

44. Plaintiffs hereby reiterate and incorporate all preceding paragraphs as if fully set out herein.

45. Plaintiffs hereto purchased all of the policies, except from Defendant Scottsdale, through Defendant Marsh.

46. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh

represented to Plaintiffs that said insurance coverages included errors and
omissions coverage.

47. Plaintiffs were denied coverage for defense and indemnity pursuant to the terms
of their insurance contracts with Defendants Arch and Chubb in the underlying
lawsuit.

48. Plaintiffs reasonably relied on the expertise and knowledge of the industry by
Defendant Marsh when Defendant Marsh repeatedly represented that Plaintiffs
were covered by said insurance policies made the basis of this lawsuit.

**WHEREFORE** Plaintiffs demand judgment as against Defendant Marsh in an
amount which exceeds the minimum jurisdictional amount of this Honorable Court
and further deemed reasonable by a jury plus costs of litigation and reasonable
attorneys fees.

## DEMAND FOR JURY TRIAL

49. Plaintiffs demand trial by jury on all claims herein.

**RESPECTFULLY SUBMITTED** this the 28th day of January, 2008.


/s Michael Guy Holton
Michael Guy Holton (HOL106)
Co-Counsel for Plaintiffs
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway, Ste D
Montgomery, Alabama 36117
(334) 244-0447
gholtonattorney@bellsouth.net

/s Spence A. Singleton
Spence A. Singleton (SIN017)
Co-Counsel for Plaintiffs
P.O. Box 240894
Montgomery, Alabama 36124
(334) 396-5600
spencesingleton@bellsouth.net

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNERSHIP III; VILLAGE MANOR LIMITED AND CLEVELAND APARTMENTS, L.P. by and through WENTWOOD HOUSING FUND VIII, GP, INC., its General Partner,

      Plaintiffs,

-vs-

VILLAGE MANOR, INC.; CLEVELAND DEVELOPMENT, INC.; SOUTHEASTERN LIHTC MANAGEMENT, INC.; R. TIMOTHY SINGLETON; JEFFREY D. BROOKS; GEORGE KERSHAW; and RON DEAROLF, DEFENDANTS 1 THROUGH 20 WHO ARE ENTITIES OR INDIVIDUALS WHOSE WRONGFUL CONDUCT CAUSED THE INJURIES TO THE PLAINTIFF, ALL OF WHOSE TRUE AND CORRECT NAMES ARE UNKNOWN TO THE PLAINTIFFS AT THIS TIME BUT WILL BE SUBSTITUTED BY AMENDMENT WHEN ASCERTAINED,

      Defendants.

Case No. CV-2005- **2795**

## COMPLAINT

COME NOW Plaintiffs, KeyCorp Investment Limited Partnership, III, Village Manor, Ltd., by and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner, and Cleveland Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc., its General Partner, by counsel, and allege as follows:

### I. PARTIES

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama.

- 1 -

EXHIBIT
B

Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.    Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.  Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.    Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.    Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.    Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.    Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

8.    Defendant Jeffrey D. Brooks is an individual citizen of Birmingham, Alabama.

9.    Defendant George Kershaw is an individual citizen of Knoxville, Tennessee.

10.    Defendant Ron Dearolf is an individual citizen of Knoxville, Tennessee.

11.    This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

12.    Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama. It operates as an Alabama limited partnership.

13.    On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed. Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton, an officer of Village Manor, and Jeffrey D. Brooks also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement. The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

14.    Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee. The complex is operated as a limited partnership.

15.    On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the "Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton and two officers of Cleveland Development, George Kershaw and Ron Dearolf

also signed the agreement as individual Guarantors. Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement. The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

16.    The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

17.    The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

18.    On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Village Manor Apartments.

19.    On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

20. On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal as General Partner pursuant to the Village Manor Agreement. On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General Partner of the Village Manor Partnership in lieu of curing numerous defaults. At the time of the withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

21. On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments Agreement. On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as General Partner of the Cleveland Partnership in lieu of curing numerous defects. At the time of the withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state of disrepair and financial ruin.

22. Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing General Partner of the Village Manor Property and the Forrest Grove Property, respectively, Plaintiffs were forced to remove Southeastern as the Management Agent for the Village Manor Property and the Forrest Grove Property because of numerous outstanding and ongoing problems at the properties which resulted from negligence and mismanagement on the part of the General Partners and Management Agent. More specifically, many of the 55 units at Village Manor were uninhabitable and it is estimated that it would cost in excess of $500,000.000, or approximately $10,000.00 per unit, to repair the damages caused by Defendants mismanagement. Additionally, many of the 96 units at Forrest Grove were damaged and it is estimated that it would cost in excess of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants.

Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

23.    Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

24.    Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

25.    Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding and delinquent accounts payable in excess of $112,016.15 which led to the termination of key services at the development, failed to keep the development and the Partnership in compliance with the Low Income Housing Tax Credit Program, thereby putting the Partnership at risk for recapture

- 6 -

of past tax credits amounting to approximately $139,000.00; and improperly distributed in excess of $65,407.00 to themselves and its affiliates between 1997 and 2004.

26.    Defendants were negligent and wanton in their management of the partnerships and the developments, which led to the deterioration of the physical and financial condition of the partnerships and developments, and the damages more fully described herein.

27.    As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are continuing in nature.

### III. CAUSES OF ACTION
#### COUNT ONE: FRAUD (RECKLESS AND INTENTIONAL MISREPRESENTATION)
#### VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

28.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

29.    Defendants Village Manor, Southeastern and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Village Manor, Ltd. regarding the management of the Village Manor Property and the Village Manor Partnership. Furthermore, Defendants Village Manor, Southeastern, and Singleton made material representations to the Plaintiffs concerning the state of the Village Manor Partnership and the Village Manor Property.   When these Defendants made the representations, they knew they were false, or made the representations recklessly without knowledge or regard for the truth. These Defendants intended the Plaintiffs to continue to act on and trust their representations.   Plaintiffs KCILP III and Village Manor, Ltd., in fact, did rely on

Defendants' representations regarding the financial state of the Partnership and the Property, which proximately caused the damages more fully described herein.

30.    Defendants' Village Manor, Southeastern, and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of Plaintiffs KCILP III and Village Manor, Ltd.  Each of these Plaintiffs has been damaged by their wrongful conduct.

31.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">COUNT TWO: FRAUD (INNOCENT MISRERESENTATION)<br>VILLAGE MANOR, SOUTHEASTERN AND SINGLETON</div>

32.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

33.    The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs.  Therefore, Defendants are guilty of fraud as defined by Alabama law.

34.    As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

35.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally,

awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">

COUNT THREE: FRAUD (WILLFUL AND WANTON MISREPRESENTATION)
VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

</div>

36.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

37.    Each of the Defendants willfully and wantonly made said misrepresentations to Plaintiffs with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations to their injury. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

38.    As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

39.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">

COUNT FOUR: FRAUD (DECEIT)
VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

</div>

40.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

41.    The conduct of each of the Defendants as stated hereinabove constitute deceit in that Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

<div align="center">

- 9 -

</div>

42.    As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth hereinabove.

43.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FIVE: FRAUD (SUPPRESSION)
### VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

44.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

45.    Each of the Defendants concealed and withheld material facts from the Plaintiffs that the Defendants would fail to perform under the contract and agreement entered into between the parties here. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

46.    As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

47.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SIX: FRAUD (RECKLESS AND INTENTIONAL MISREPRESENTATION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

48.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

49.    Defendants Cleveland Development, Southeastern and Singleton knowingly or recklessly made numerous false and misleading statements of material fact and omitted to state material facts to Plaintiffs KCILP III and Cleveland Apartments, L.P. regarding the management of the Forrest Grove Property and the Cleveland Partnership.  Furthermore, these Defendants made material representations to the Plaintiffs concerning the state of the Partnership and the Forrest Grove Property.  When these Defendants made the representations, they knew they were false or made the representations recklessly, without knowledge of the truth.  Defendants intended Plaintiffs to continue to act on and trust the representations.  Plaintiffs KCILP III and Cleveland Apartments, L.P., in fact, did rely on these representations regarding the financial state of the Cleveland Partnership and the Forrest Grove Property, which proximately caused the damages more fully described herein.

50.    Defendants' Cleveland Development, Southeastern and Singleton fraudulent conduct, as alleged herein, was purposeful, malicious, reckless, and was committed without regard for the rights and interests of the Plaintiffs.  Each of these Plaintiffs has been damaged by Defendants wrongful conduct.

51.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SEVEN: FRAUD (INNOCENT MISREPRESENTATION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

52.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

- 11 -

53.  The Defendants' misrepresentations made hereinabove were misrepresentations made innocently or mistakenly to Plaintiffs and relied upon by Plaintiffs. Therefore, Defendants are guilty of fraud as defined by Alabama law.

54.  As a proximate result of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

55.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT EIGHT: FRAUD (WILLFUL AND WANTON MISREPRESENTATION) CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

56.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

57.  Each of the Defendants willfully and wantonly made said misrepresentations to Plaintiffs with the intent to induce Plaintiffs to act, that Plaintiffs did, in fact, act upon said misrepresentations to their injury. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

58.  As a proximate consequence of said misrepresentations, Plaintiffs were damaged as set forth hereinabove.

59.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT NINE: FRAUD (DECEIT)
CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

60.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

the preceding paragraphs in this Complaint.

61.    The conduct of each of the Defendants as stated hereinabove constitute deceit in that

Defendants intentionally set out to deceive Plaintiffs by making said misrepresentations. Therefore,

each of the Defendants are guilty of fraud as defined by Alabama law.

62.    As a proximate consequence of Defendants' conduct, Plaintiffs were damaged as set forth

hereinabove.

63.    By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are

entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton,

jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to

be determined at the trial of this action, together with interest at the statutory rate.

COUNT TEN: FRAUD (SUPPRESSION)
CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

64.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in

the preceding paragraphs in this Complaint.

65.    Each of the Defendants concealed and withheld material facts from the Plaintiffs that the

Defendants would fail to perform under the contract and agreement entered into between the parties

here. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

66.    As a proximate consequence of said conduct, Plaintiffs were damaged as set forth

hereinabove.

- 13 -

67.   By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern and Singleton, jointly and severally, awarding the **Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.**

<div align="center">

COUNT ELEVEN: BREACH OF FIDUCIARY DUTY
VILLAGE MANOR AND SINGLETON

</div>

68.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

69.   A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor and Singleton. These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor and Singleton to act in Plaintiffs' best interests and to protect their investments. As General Partner of the Village Manor Partnership, Defendants Village Manor and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs. Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

70.   Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner. By entering into this agreement, Defendants Village Manor and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets. Defendants Village Manor and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of

the Partnership Agreement and refraining from self-dealings. Defendants Village Manor and Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or unauthorized practices.

71. Defendants Village Manor and Singleton, either directly or by aiding and abetting its affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants Village Manor and Singleton was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants disregarded their duties to and the interest of the Plaintiffs.

72. As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor and Singleton in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

73. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor and Singleton, awarding them compensatory and punitive damages against Defendants Village Manor and Singleton for their breach of fiduciary duties in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT TWELVE: BREACH OF FIDUCIARY DUTY
### CLEVELAND DEVELOPMENT AND SINGLETON

74. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

75.    A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development and Singleton to act in Plaintiffs' best interests to protect their investments.  As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P.  Defendants Cleveland Development and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development and Singleton, so as not to cause injury to the Plaintiffs.

76.    Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

77.    By entering into this agreement, Cleveland Development and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.  Defendants Cleveland Development and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

78.    Defendants Cleveland Development and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. By engaging in the conduct alleged herein, Defendants repeatedly beached their

- 16 -

fiduciary duties and related obligations to Plaintiffs. The conduct of Defendants Cleveland Development and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

79.    As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs have been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

80.    By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development and Singleton, awarding them compensatory and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

## COUNT THIRTEEN: BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN AND SINGLETON

81.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

82.    A relationship of trust and confidence existed between Plaintiffs and Defendants Southeastern and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property. Defendants Southeastern and Singleton owed the highest obligations and fiduciary duties to Plaintiffs. Defendants were duty bound to act in a

responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

83.    By entering into the Management Agreements with the Partnerships, Southeastern and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties and in the use and preservation of the Plaintiffs' assets. Defendants Southeastern and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings. Defendants Southeastern and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

84.    Defendants Southeastern and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants Southeastern and Singleton disregarded their duties to and the interest of the Plaintiffs.

85.    As a proximate result of Defendants Southeastern and Singleton breach of their fiduciary duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court. Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

86.    By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">

COUNT FOURTEEN: CONVERSION
VILLAGE MANOR AND SINGLETON

</div>

87.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

88.    Defendants Village Manor and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $57,186.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

89.    Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

90.    As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

COUNT FIFTEEN: CONVERSION
CLEVELAND DEVELOPMENT AND SINGLETON

91.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

92.    As set forth above, Defendant Cleveland Development and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00.  Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made.  The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

93.    Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

94.    As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

COUNT SIXTEEN: BREACH OF CONTRACT
VILLAGE MANOR, SINGLETON, BROOKS

95.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

96.    Defendants Village Manor, Singleton and Brooks entered into a partnership agreement with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership Agreement for Village Manor, Ltd on approximately March 21, 1997.  The Agreement required

Defendants Village Manor and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

97.   As Guarantors, Singleton and Brooks agreed and represented that they had and would maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty Period, and that they would cover Operating Deficits, and other obligations of the General Partner during this period.

98.   Defendant Village Manor breached the Partnership Agreement by:

    1.   improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

    2.   improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

    3.   failing to adequately hire and maintain a competent Management Agent;

    4.   failing to adequately supervise the Management Agent; and

    5.   providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

99.   As a result of Village Manor and Singleton's breaches of contract, Plaintiffs KCILP III and Village Manor, Ltd. have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

100. Defendants Singleton and Brooks further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

101. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Singleton and Brooks, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT SEVENTEEN: BREACH OF CONTRACT
### CLEVELAND DEVELOPMENT, SINGLETON, KERSHAW & DEAROLF

102. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

103. Defendants Cleveland Development, Singleton, Kershaw & Dearolf entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996. The Agreement required Defendants Cleveland Development, Singleton, Kershaw & Dearolf to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

104. The Agreement required Defendants Cleveland Development, Singleton, Kershaw & Dearolf to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

- 22 -

105. As Individual Guarantors, Singleton, Kershaw & Dearolf agreed and represented that they had and would maintain, sufficient liquidity and net worth to sustain the Partnership during the Operating Guaranty Period, and that they would cover Operating Deficits, and other obligations of the General Partner during this period.

106. Defendant Cleveland Development breached the Partnership Agreement by:

    1.    improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

    2.    improperly managing the Partnership so as to put the Partnership at risk for recapture of tax credits taken in the past amounting to approximately $139,000.00;

    3.    failing to adequately hire and maintain a competent Management Agent;

    4.    failing to adequately supervise the Management Agent; and

    5.    providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

107. Defendants Singleton, Kershaw and Dearolf further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

108. As a result of Cleveland Development, Singleton, Kershaw & Dearolf breaches, Plaintiffs have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

109.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants, Cleveland Development, Singleton, Kershaw and Dearolf jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div style="text-align:center">

COUNT EIGHTEEN: BREACH OF CONTRACT
SOUTHEASTERN AND SINGLETON

</div>

110.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

111.  Southeastern entered into Management Agreements with the Village Manor Partnership and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove Property.

112.  Southeastern beached these agreements by, including but not limited to,:

1.  failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

2.  causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

3.  failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(60) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

4.  failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

5.  failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

<div style="text-align:center">- 24 -</div>

6.    allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

7.    failing to repair and maintain appliances located in the units on the Village Manor Property; and

8.    failing to address service and maintenance requests made by residents of both Properties.

113. As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

114. By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">

COUNT NINETEEN: NEGLIGENCE AND WANTONNESS
VILLAGE MANOR, SOUTHEASTERN AND SINGLETON

</div>

115. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

116. Defendants Village Manor, as General Partner of the Village Manor Partnership and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that the Village Manor Partnership and the Village Manor Property were being maintained in a lawful

and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

117. Defendants Village Manor and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

118. Defendants Southeastern and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership. Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

119. As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

120. Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

### COUNT TWENTY: NEGLIGENCE AND WANTONNESS
### CLEVELAND DEVELOPMENT, SOUTHEASTERN AND SINGLETON

121. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

122. Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

123. Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

124. Defendants Southeastern and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

125. As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

126. Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern and Singleton for their negligence and wantonness.

## IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)    Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Singleton, Brooks, Kershaw and Dearolf jointly and severally, in an amount to be determined at the trial of this action;

(2)    Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Singleton, Brooks, Kershaw and Dearolf in an amount to be determined at the trial of this action;

(3)    Interest on any award at the appropriate statutory or other rate;

(4)    Any attorneys fees Plaintiffs may be justly entitled to; and

(5)    Such other and further relief as this Court deems just and proper.

DATED THIS the 31st day of October, 2005.

## PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY

MICHAEL J. COHAN (COH017)
DAVID W. HENDERSON (HEN072)
Hill, Hill, Carter, Franco, Cole & Black, P.C.
425 South Perry Street
Montgomery, Alabama 36104-4235
(334) 834-7600
(334) 263-5969 - fax

Counsel for Plaintiffs

<u>DEFENDANTS TO BE SERVED:</u>

Village Manor, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

R. Timothy Singleton
8212 Marsh Pointe Court
Montgomery, Alabama 36117-7438

Cleveland Development, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117

George Kershaw
12231 South Fox Den Drive
Knoxville, Tennessee 37922-3729

Ronald E. Dearolf
8660 Bella Mina Way
Knoxville, Tennessee 37923-6856

Jeffrey D. Brooks
1089 Hampton Place
Birmingham, Alabama 35242

Southeastern LIHTC Management, Inc.
c/o R. Timothy Singleton
1965 Woodmere Loop
Montgomery, Alabama 36117


**CHUBB**

## THE CHUBB COMMERCIAL UMBRELLA

*Declarations*

**Chubb Group of Insurance Companies**
**15 Mountain View Road**
**Warren, NJ 07059**

Named Insured and Mailing Address    *(Item 1)*

SINGLETON & ASSOCIATES KEESLER VILLAS,
LTD.
809 MOTSIE ROAD
BILOXI, MS 39530

Policy Number    (98)   7976-52-95  CAS

Previous Policy No.    NEWLINE-RW

*Issued by the stock insurance company*
*indicated below, herein called the company.*

**FEDERAL INSURANCE COMPANY**

*Incorporated under the laws of Indiana*

Producer No.    60396-000
Producer    AON RISK SERVICES OF CT/GECC REAL ESTATE
55 RAILROAD AVENUE
GREENWICH, CT 06836-5050

*(vertical text at left margin:)* TRUE AND CERTIFIED COPY

### Policy Period    *(Item 2)*

*From:*  NOVEMBER 5, 1997          *To:*  NOVEMBER 5, 1998
*12:01 A.M. standard time at the address of the insured as stated.*

### Premium    *(Item 3)*

| | Amount |
|---|---|
| | $     4,250.00 |

### Limits of Insurance    *(Item 4)*

| | Amount |
|---|---|
| a. Each Occurrence | $  5,000,000. |
| b. Products Completed Operations Aggregate | |
| c. Other Aggregate (where applicable) | $  5,000,000. |
| d. Retained Limit Aggregate | |

### Authorization

*In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers,*
*but this policy shall not be valid unless also signed by a duly authorized representative of the company.*

**FEDERAL INSURANCE COMPANY**

*Henry A Aulick*
Secretary

*Robert Hamburger*

*President*

Authorized Representative
Date    December 22, 1997

Date Re-Issued          December 22, 1997

**EXHIBIT**
C

**CHUBB**

## THE CHUBB COMMERCIAL UMBRELLA

### Declarations

*Named Insured and Mailing Address  (Item 1)*

SINGLETON & ASSOCIATES KEESLER VILLAS, L
809 MOTSIE ROAD
BILOXI, MS 39530

***Chubb Group of Insurance Companies
15 Mountain View Road
Warren, NJ 07059***

*Policy Number*       7976-52-95  MTO

*Previous Policy No.*      7976-52-95

*Issued by the stock insurance company indicated
below, herein called the company.*

**FEDERAL INSURANCE COMPANY**

*Producer No.*  0077777-99999

*Producer*     J&H/MARSH & MCLENNAN-MMGB
1166 AVE OF AMERICAS
NEW YORK, NY 10036-0000

*Incorporated under the laws of
Indiana*

### Policy Period *(Item 2)*

From:  NOVEMBER 05, 1998      To:  NOVEMBER 05, 1999
12:01 A.M. standard time at the address of the insured as stated.

### Premium  *(Item 3)*

| | Amount |
|---|---|
| | $    6,500.00 |

### Limits of Insurance  *(Item 4)*

| | | Amount |
|---|---|---|
| a. | Each Occurrence | $    25,000,000. |
| b. | Products Completed Operations Aggregate | $    25,000,000. |
| c. | Other Aggregate (where applicable) | $    25,000,000. |
| d. | Retained Limit Aggregate | -0- |

### Authorization

In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers, but this
policy shall not be valid unless also signed by a duly authorized representative of the company.

**FEDERAL INSURANCE COMPANY**

*Henry A Aulich*
     *Secretary*

*[signature]*
     *President*

*Authorized Representative*

*[signature] Robert Hamburger*

Date  *January 14, 1999*

**EXHIBIT
D**

TRUE AND CERTIFIED COPY


CHUBB

## THE CHUBB COMMERCIAL UMBRELLA

### Declarations

**Chubb Group of Insurance Companies**
**15 Mountain View Road**
**Warren, NJ 07059**

*Named Insured and Mailing Address  (Item 1)*

SINGLETON & ASSOCIATES
809 MOTSIE ROAD
BILOXI, MS 39530

| | |
|---|---|
| *Policy Number* | 7976-52-95  MTO |
| *Previous Policy No.* | 7976-52-95 |

*Issued by the stock insurance company indicated below, herein called the company.*

**FEDERAL INSURANCE COMPANY**

*Producer No.*   0077777-99999

*Producer*     MARSH USA INC.
107 ELM STREET
STAMFORD, CT 06902-3851

*Incorporated under the laws of Indiana*

### Policy Period *(Item 2)*

From:   NOVEMBER 05, 1999          To:  AUGUST 15, 2000
12:01 A.M. standard time at the address of the insured as stated.

### Premium *(Item 3)*

| | *Amount* |
|---|---|
| | $   12,750.00 |

### Limits of Insurance *(Item 4)*

| | | *Amount* |
|---|---|---|
| a. | Each Occurrence | $   25,000,000. |
| b. | Products Completed Operations Aggregate | $   25,000,000. |
| c. | Other Aggregate (where applicable) | $   25,000,000. |
| d. | Retained Limit Aggregate | |

### Authorization

In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers, but this policy shall not be valid unless also signed by a duly authorized representative of the company.

**FEDERAL INSURANCE COMPANY**

*Secretary*                              *President*

*Authorized Representative*

*Date*  January 20, 2000

EXHIBIT
E

TRUE AND CERTIFIED COPY

**CHUBB**

## THE CHUBB COMMERCIAL UMBRELLA

### Declarations

*TRUE AND CERTIFIED COPY*

***Chubb Group of Insurance Companies***
***15 Mountain View Road***
***Warren, NJ 07059***

*Named Insured and Mailing Address  (Item 1)*

SINGLETON & ASSOCIATES
809 MOTSIE ROAD
BILOXI, MS 39530

| | |
|---|---|
| *Policy Number* | 7976-52-95 MTO |
| *Previous Policy No.* | 7976-52-95 |

*Issued by the stock insurance company indicated below, herein called the company.*

**FEDERAL INSURANCE COMPANY**

| | |
|---|---|
| *Producer No.* | 0077777-99999 |
| *Producer* | J&H/MARSH & MCLENNAN-MMGB |
| | 1166 AVE OF AMERICAS |
| | NEW YORK, NY 10036-0000 |

*Incorporated under the laws of Indiana*

## Policy Period *(Item 2)*

From:  NOVEMBER 05, 1999      To:  AUGUST 15, 2000
12:01 A.M. standard time at the address of the insured as stated.

## Premium  *(Item 3)*

| | Amount |
|---|---|
| | $    9,881.00 |

## Limits of Insurance  *(Item 4)*

| | | Amount |
|---|---|---|
| a. | Each Occurrence | $    25,000,000. |
| b. | Products Completed Operations Aggregate | $    25,000,000. |
| c. | Other Aggregate (where applicable) | $    25,000,000. |
| d. | Retained Limit Aggregate | |

## Authorization

In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers, but this policy shall not be valid unless also signed by a duly authorized representative of the company.

**FEDERAL INSURANCE COMPANY**

*Henry A Aulick*
*Secretary*

*[signature]*
*President*

*Authorized Representative*
*[signature] Robert Hamburger*

Date  *November 16, 1999*

**EXHIBIT**
F

**CHUBB**

## THE CHUBB COMMERCIAL UMBRELLA

*Declarations*

**Chubb Group of Insurance Companies**
**15 Mountain View Road**
**Warren, NJ 07059**

*Named Insured and Mailing Address  (Item 1)*

SINGLETON & ASSOCIATES KEESLER VILLAS,
LTD.
P.O. BOX 231286
MONTGOMERY, AL 36123

*Policy Number*          7976-52-95  MTO

*Previous Policy No.*

*Issued by the stock insurance company indicated*
*below, herein called the company.*

**FEDERAL INSURANCE COMPANY**

*Producer No.*   0077777-99999

*Producer*     MARSH USA, INC.
             FOUR STAMFORD PLAZA, 107 ELM STREET
             STAMFORD, CT 06902

*Incorporated under the laws of*
*Indiana*

*(left margin, handwritten/stamped)* TRUE AND CERTIFIED COPY

**Policy Period** (Item 2)

From:   AUGUST 15, 2000          To:  AUGUST 15, 2001
12:01 A.M. standard time at the address of the insured as stated.

**Premium** (Item 3)

| | Amount |
|---|---|
| | $          12,750.00 |

**Limits of Insurance** (Item 4)

| | | Amount |
|---|---|---|
| a. | Each Occurrence | $      25,000,000. |
| b. | Products Completed Operations Aggregate | $      25,000,000. |
| c. | Other Aggregate (where applicable) | $      25,000,000. |
| d. | Retained Limit Aggregate | |

**Authorization**

In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers, but this
policy shall not be valid unless also signed by a duly authorized representative of the company.

**FEDERAL INSURANCE COMPANY**

*Henry A Aulil*                            *Henry R Oflane*
        *Secretary*                                  *President*

*Authorized Representative*    *Robert Hamburger*

Date  *October 30, 2000*

**EXHIBIT**

G



**CHUBB**

## THE CHUBB COMMERCIAL UMBRELLA

*Declarations*

**Chubb Group of Insurance Companies**
**15 Mountain View Road**
**Warren, NJ 07059**

Named Insured and Mailing Address  *(Item 1)*

SINGLETON & ASSOCIATES KEESLER VILLAS, L
P.O. BOX 231286
MONTGOMERY, AL 36123

*Policy Number*               7976-52-95  DTO

*Previous Policy No.*

*Issued by the stock insurance company indicated below, herein called the company.*

**FEDERAL INSURANCE COMPANY**

*Producer No.*   0077777-99999

*Producer*       MARSH USA, INC. (MMGB)
                 1166 AVE OF AMERICAS
                 NEW YORK, NY 10036-0000

*Incorporated under the laws of Indiana*

**Policy Period** *(Item 2)*

From:   SEPTEMBER 15, 2001        To:  AUGUST 15, 2002
12:01 A.M. standard time at the address of the insured as stated.

**Premium** *(Item 3)*

| | Amount |
|---|---|
| | $     14,411.00 |

**Limits of Insurance** *(Item 4)*

| | | Amount |
|---|---|---|
| a. | Each Occurrence | $   25,000,000. |
| b. | Products Completed Operations Aggregate | $   25,000,000. |
| c. | Other Aggregate (where applicable) | $   25,000,000. |
| d. | Retained Limit Aggregate | |

**Authorization**

In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers, but this policy shall not be valid unless also signed by a duly authorized representative of the company.

**FEDERAL INSURANCE COMPANY**

*Secretary*                                     *President*

Authorized Representative

Date  *October 18, 2001*

**EXHIBIT**

H

TRUE AND CERTIFIED COPY

**CHUBB**

## Chubb Commercial Excess And Umbrella Insurance

### Declarations

**Chubb Group of Insurance Companies**
**15 Mountain View Road**
**Warren, NJ 07059**

*Named Insured and Mailing Address*

VILLAGE MANOR LLC
P.O. BOX 1607
BELLEVUE, WA 98009

*Policy Number*     7983-97-28  SEA

*Issued by the stock insurance company indicated below, herein called the company.*

**FEDERAL INSURANCE COMPANY**

*Producer No.* 0005126

*Producer*     WESTAR INSURANCE MANAGERS, INC.
4040 LAKE WASH BLVD #205
KIRKLAND, WA 98033-0000

*Incorporated under the laws of Indiana*

TO THE BEST OF OUR KNOWLEDGE
THIS IS A TRUE AND CERTIFIED
COPY OF THE ORIGINAL CONTRACT.

SIGNED: _____

### Policy Period

From:    JUNE 14, 2004        To:    JUNE 14, 2005
12:01 A.M. standard time at the Named Insured's mailing address shown above.

### Premium

$       10,500.00

### Limits Of Insurance

| | | |
|---|---|---|
| Excess Coverage Other Aggregate Limit (as applicable) | $ | 10,000,000. |
| Umbrella Coverages Aggregate Limit | $ | 10,000,000. |
| Products Completed Operations Aggregate Limit | $ | 10,000,000. |
| Advertising Injury and Personal Injury Aggregate Limit | $ | 10,000,000. |
| Each Occurrence Limit | $ | 10,000,000. |

### Authorization

In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers, but this policy shall not be valid unless also signed by a duly authorized representative of the company.

**FEDERAL INSURANCE COMPANY**

*Henry A Aulich*
Secretary

*Thomas F. Motamed*
President

Authorized Representative    *Robert Hamburger*

July 26, 2004

**EXHIBIT**
I

ELECTRONICALLY FILED
9/24/2007 2:46 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L. P., BY AND
THROUGH WENTWOOD HOUSING FUND XIII,
GP., INC. AND WENTWOOD HOUSING FUND
XV, GP, INC., ITS GENERAL PARTNERS

       Plaintiffs,

-vs-

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON;
SINGLETON & ASSOCIATES, INC.;
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE WRONGFUL
CONDUCT CAUSED THE INJURIES TO THE
PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,

       Defendants.

Case No. CV-2005-2795

## THIRD AMENDED COMPLAINT

COME NOW Plaintiffs, KeyCorp Investment Limited Partnership, III, Village Manor,

Ltd., by and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc.,

its General Partner, by counsel, and for the third time amends the complaint and allege as

follows:

EXHIBIT

J

## I. PARTIES

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama. Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.    Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.  Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.    Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.    Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.    Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.    Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

2

8.    Defendant Singleton & Associates, Inc. is, upon information and belief, an Alabama corporation with its principle place of business in Montgomery County, Alabama.

9.    This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

10.    Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama.  It operates as an Alabama limited partnership.

11.    On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed.  Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner.  Singleton, an officer of Village Manor, and  also signed the agreement as individual Guarantor.  Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement.  The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

12.    Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee.  The complex is operated as a limited partnership.

3

13.  On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the "Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner.  Singleton also signed the agreement as individual Guarantor.  Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement.  The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

14.  The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

15.  The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

4

16.   On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Village Manor Apartments.

17.   On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

18.   On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal as General Partner pursuant to the Village Manor Agreement.   On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General Partner of the Village Manor Partnership in lieu of curing numerous defaults.   At the time of the withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

19.   On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments Agreement.   On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as General Partner of the Cleveland Partnership in lieu of curing numerous defects.   At the time of the withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state of disrepair and financial ruin.

20.   Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing General Partner of the Village Manor Property and the Forrest Grove Property, respectively, Plaintiffs were forced to remove Southeastern as the Management Agent for

the Village Manor Property and the Forrest Grove Property because of numerous outstanding and ongoing problems at the properties which resulted from negligence and mismanagement on the part of the General Partners and Management Agent. More specifically, the Village Manor property was deemed by the Alabama Housing and Finance Authority to be uninhabitable, and it was estimated that it would cost in excess of $500,000.000, or approximately $10,000.00 per unit, to repair the damages caused by Defendants mismanagement. The property was sold in 2006 for significantly less than the outstanding debt on the property, and for a fraction of the fair market value of the property had it been managed properly. Additionally, many of the 96 units at Forrest Grove were damaged. It was estimated that it would cost in excess of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants. Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

21. Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

6

22.  Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

23.  Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding and delinquent accounts payable in excess of $112,016.15 which led to the termination of key services at the development and improperly distributed in excess of $65,407.00 to themselves and their affiliates between 1997 and 2004.

24.  Singleton & Associates, Inc. ("Associates") is a closely held corporation by Timothy Singleton that is in the business of commercial real estate.  Associates was involved in the day to day operation and management of Village Manor, Inc., Cleveland Development, Inc. and Southeastern LIHTC Management, Inc.

25.  Defendants were negligent and wanton in their management of the partnerships and the developments, which led to the deterioration of the physical and financial condition of the partnerships and developments, and the damages more fully described herein.

26.  As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are continuing in nature.

7

### III. CAUSES OF ACTION
### COUNT ONE: FRAUD (SUPPRESSION)
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

27. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

28. Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Village Manor partnership and property. More specifically, Defendants concealed and withheld information regarding the deteriorating condition of the property, the delinquent accounts payable, the non-qualifying tenants at the property, and the improper distributions to Defendants. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

29. As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

30. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT TWO: FRAUD (SUPPRESSION)
### CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

31. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

32. Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Cleveland partnership and the Forest Grove property. More specifically,

8

Defendants concealed and withheld information about the deteriorating condition of the property, the delinquent accounts payable, and the improper distribution to Defendants. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

33.  As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

34.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">

COUNT THREE:  BREACH OF FIDUCIARY DUTY
VILLAGE MANOR, ASSOCIATES AND SINGLETON

</div>

35.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

36.  A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor, Associates and Singleton.  These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor, Associates and Singleton to act in Plaintiffs' best interests and to protect their investments. As General Partner of the Village Manor Partnership, Defendants Village Manor, Associates and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs. Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

<div align="center">9</div>

37.   Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner.  By entering into this agreement, Defendants Village Manor, Associates and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants Village Manor, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.  Defendants Village Manor, Associates and Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or unauthorized practices.

38.   Defendants Village Manor, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd.  By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs.  The conduct of Defendants Village Manor, Associates and Singleton was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements.  Defendants disregarded their duties to and the interest of the Plaintiffs.

39.   As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.  Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor, Associates and Singleton in that the Plaintiffs have suffered

losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

40.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Associates and Singleton, awarding them compensatory and punitive damages against Defendants Village Manor, Associates and Singleton for their breach of fiduciary duties in the amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT FOUR:  BREACH OF FIDUCIARY DUTY
CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

41.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

42.   A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development, Associates and Singleton to act in Plaintiffs' best interests to protect their investments.  As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. Defendants Cleveland Development, Associates and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development, Associates and Singleton, so as not to cause injury to the Plaintiffs.

11

43.  Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

44.  By entering into this agreement, Cleveland Development, Associates and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets. Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.  Defendants Cleveland Development, Associates and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

45.  Defendants Cleveland Development, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary duties and related obligations to Plaintiffs. The conduct of Defendants Cleveland Development, Associates and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

46.  As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.  Each of these Plaintiffs have been damaged by the wrongful

12

conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

47.  By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FIVE: BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN, ASSOCIATES AND SINGLETON

48.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

49.  A relationship of trust and confidence existed between Plaintiffs and Defendants Southeastern, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern, Associates and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property.   Defendants Southeastern, Associates and Singleton owed the highest obligations and fiduciary duties to Plaintiffs.  Defendants were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

50.  By entering into the Management Agreements with the Partnerships, Southeastern, Associates and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties

13

and in the use and preservation of the Plaintiffs' assets. Defendants Southeastern, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings. Defendants Southeastern, Associates and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

51. Defendants Southeastern, Associates and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants Southeastern, Associates and Singleton disregarded their duties to and the interest of the Plaintiffs.

52. As a proximate result of Defendants Southeastern, Associates and Singleton breach of their fiduciary duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court. Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

53. By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

14

COUNT SIX: CONVERSION
VILLAGE MANOR, ASSOCIATES AND SINGLETON

54. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

55. Defendants Village Manor, Associates and Singleton wrongfully unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $57,186.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

56. Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

57. As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

COUNT SEVEN: CONVERSION
CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

58. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

59. As set forth above, Defendant Cleveland Development, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00. Article 4 of the Partnership Agreement

15

describes in detail when and how distributions to the General Partner and related entities can be made. The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

60. Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

61. As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

<div align="center">

COUNT EIGHT: BREACH OF CONTRACT
VILLAGE MANOR, ASSOCIATES AND SINGLETON

</div>

62. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

63. Defendants Village Manor, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership Agreement for Village Manor, Ltd on approximately March 21, 1997. The Agreement required Defendants Village Manor, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

64. As Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

65. Defendant Village Manor breached the Partnership Agreement by:

1.  improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

2.  improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

3.  failing to adequately hire and maintain a competent Management Agent;

4.  failing to adequately supervise the Management Agent; and

5.  providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

66. As a result of Village Manor, Associates and Singleton's breaches of contract, Plaintiffs KCILP III and Village Manor, Ltd. have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

67. Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

17

68.  By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">COUNT NINE:  BREACH OF CONTRACT<br>CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON</div>

69.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

70.  Defendants Cleveland Development, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996.  The Agreement required Defendants Cleveland Development, Associates and Singleton to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

71.  The Agreement required Defendants Cleveland Development, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

72.  As an Individual Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the Partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

<div align="center">18</div>

73.  Defendant Cleveland Development breached the Partnership Agreement by:

1.  improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

2.  failing to adequately hire and maintain a competent Management Agent;

3.  failing to adequately supervise the Management Agent; and

4.  providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

74.  Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

75.  As a result of Cleveland Development, Associates and Singleton's breaches, Plaintiffs have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

76.  By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants, Cleveland Development, Associates and Singleton jointly and severally, awarding the Plaintiffs compensatory damages an amount to be determined at the trial of this action, together with interest at the statutory rate.

19

COUNT TEN: BREACH OF CONTRACT
SOUTHEASTERN, ASSOCIATES AND SINGLETON

77.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

78.   Southeastern entered into Management Agreements with the Village Manor Partnership and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove Property.

79.   Southeastern beached these agreements by, including but not limited to,:

    1.   failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

    2.   causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

    3.   failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(60) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

    4.   failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

    5.   failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

    6.   allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

    7.   failing to repair and maintain appliances located in the units on the Village Manor Property; and

    8.   failing to address service and maintenance requests made by residents of both Properties.

20

80.   As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages.  Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

81.   By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT ELEVEN: NEGLIGENCE AND WANTONNESS
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

82.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

83.   Defendants Village Manor, as General Partner of the Village Manor Partnership and Associates and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose.  From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that the Village Manor Partnership and the Village Manor Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

84.   Defendants Village Manor, Associates and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

21

85. Defendants Southeastern, Associates and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership. Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

86. As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

87. Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern, Associates and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

COUNT TWELVE: NEGLIGENCE AND WANTONNESS
CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

88. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

89. Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Associates and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997

22

through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

90.   Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

91.   Defendants Southeastern, Associates and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern, Associates and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin.  Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

92.   As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

93.   Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern, Associates and Singleton for their negligence and wantonness.

23

IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)    Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Associates and Singleton jointly and severally, in an amount to be determined at the trial of this action;

(2)    Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Associates and Singleton in an amount to be determined at the trial of this action;

(3)    Interest on any award at the appropriate statutory or other rate;

(4)    Any attorneys fees Plaintiffs may be justly entitled to; and

(5)    Such other and further relief as this Court deems just and proper.

DATED THIS the 24th day of September, 2007.

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY**


/s/ David W. Henderson
DAVID W. HENDERSON (HEN072)

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

/s/ Robert N. McGehee, Jr.
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

24

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 24th day of September, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL   35203

/s/ David W. Henderson
Of COUNSEL

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

VILLAGE MANOR, INC.,                      *
CLEVELAND DEVELOPMENT,        *
INC., SOUTHEASTERN LIHTC       *
MANAGEMENT, INC., R. TIMOTHY  *
SINGLETON, SINGLETON &         *
ASSOCIATES, INC.,                    *
                                    *
      Plaintiffs,                   *
                                    *
vs.                                    *
                                    *
ARCH SPECIALTY INSURANCE     *
COMPANY, SCOTTSDALE          *
INSURANCE COMPANY, CHUBB    *
INSURANCE COMPANY, MARSH    *
USA, Inc.,                           *
                                    *
      Defendants.                 *

## NOTICE OF REMOVAL

COMES NOW Arch Specialty Insurance Company ("Arch") and Marsh USA, Inc. ("Marsh")[1] (hereinafter referred to as "removing parties" or "defendants") and give notice, with full reservation of all defenses, including but not limited to, lack of personal jurisdiction, insufficient

---

[1] The pleading initiating this action against the removing parties is entitled "Third Party Complaint," and identifies the above-named "plaintiffs" as "third party plaintiffs" and the removing parties as "third party defendants." The pleading, however, was filed in an action with an assigned case number of CV-2005-2795, which action was terminated on November 11, 2007, with the filing of a Stipulation of Dismissal with Prejudice. Thus, the pleading is misnamed a third party complaint, it incorrectly identified the parties as "third parties", and it is filed in an action that was previously terminated by law. For ease of pleading, Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc. will be referred to herein as "plaintiffs."



EXHIBIT

K

process, insufficient service of process, improper venue, and failure to state a claim upon which relief can be granted, that this cause is hereby removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As for its Notice of Removal, the removing parties show unto the Court as follows:

## BACKGROUND

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases, and therefore removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 based upon diversity of citizenship.

2.    Plaintiffs Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc. instituted this civil action in the Circuit Court of Montgomery County, Alabama, on January 28, 2008, against the removing parties Arch, Scottsdale Insurance Company ("Scottsdale"), Federal Insurance Company, improperly named as Chubb Insurance Company, and Marsh.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

3.    This action could have originally been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between plaintiffs and the removing parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.    The purported Third-Party Complaint alleges a cause of action for Bad Faith against Arch, Scottsdale, and Federal Insurance Company, and alleges a cause of action for Fraudulent Misrepresentation against Marsh. The Third-Party Complaint alleges that Arch, Scottsdale and Federal Insurance Company failed to defend and indemnify the plaintiffs from allegations brought in case number CV-2005-2795 in the Circuit Court of Montgomery County, Alabama.

## AMOUNT IN CONTROVERSY

5.    According to the Third Amended Complaint in the underlying litigation, plaintiffs were responsible for itemized damages to the property at issue in the amounts of $500,000 (as to the Village Manor property) and $480,000 (as to the Forrest Grove property) and for the improper distribution of $57,186 (as to the Village Manor Property) and $65,407 (as to the Forrest Grove property).   (*See* Third Amended Complaint, ¶¶ 20, 22, and 23 attached hereto as Exhibit A).

3

6.    While the Third-Party Complaint is silent as to an exact amount of damages sought, prior to filing, plaintiffs demanded $125,000 from Arch. (*See* Affidavit of Marc Lanzkowsky ("Lanzkowsky Affid."), ¶ 5, attached hereto as Exhibit B).

7.    The Third-Party Complaint alleges that R. Timothy Singleton on behalf of himself and the other plaintiffs purchased insurance policies from removing parties Arch, Scottsdale and Federal Insurance Company. (*See* Third-Party Complaint, ¶ 13, attached hereto as Exhibit C).

8.    The Third-Party Complaint also alleges that plaintiffs purchased the policies through insurance broker Marsh. (*Id.* ¶ 14).

9.    The Third-Party Complaint alleges that plaintiffs suffered damage in the form of "loss of insurance premiums and fees" paid to the removing parties. (*Id.*, ¶ 26).

10.    Although it is unclear from the Third-Party Complaint as to which policy(ies) the plaintiffs' seek recovery under, the Complaint in the underlying litigation alleges that the Agreement for Management Services related to Village Manor was signed on December 1, 2000, and the Agreement for Management Services related to Cleveland Development, Inc., was signed November 29, 2001. (*See* Compl. ¶¶ 18-19).    The

Complaint in the underlying litigation was filed on October 31, 2005. (*See* Third-Party Compl., ¶ 12).

11.    During the period of time allegedly relevant to this lawsuit, Singleton & Associates paid commissions to Marsh for policies placed by Marsh on behalf of Singleton, and paid premiums to certain insurance carriers for those policies. (*See* Affidavit of Cliona Levy ("Levy Affid."), ¶ 5, attached hereto as Exhibit D).

12.    For the policy period 08/15/00 to 08/15/01, Singleton & Associates paid a total of $73,709.44 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $19,548.56 in commissions to Marsh, for a total amount of premiums and fees of $93,258.00. (Levy Affid., ¶ 6).

13.    For the policy period 08/15/01 to 08/15/02, Singleton & Associates paid a total of $111,541.17 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $29,656.86 in commissions to Marsh, for a total amount of premiums and fees of $141,198.03. (Levy Affid., ¶ 7)

14.    For the policy period 08/15/02 to 08/15/03, Singleton & Associates paid a total of $196,504.64 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $30,667.17 in

commissions to Marsh, for a total amount of premiums and fees of $227,171.81. (Levy Affid., ¶ 8).

15.    The total amount of insurance premiums paid to insurance carriers on the policies placed on behalf of Singleton & Associates by Marsh during the period of time allegedly relevant to this lawsuit and commissions paid to Marsh for those policies is $461,627.84.

16.    Because plaintiffs seek recovery of "loss of insurance premiums and fees" paid to the removing parties for the policies in addition to costs associated with defending the underlying claim, which appears to have been litigated over a period of two years, the amount of damages plaintiffs seek to recover is in excess of the threshold required for diversity jurisdiction under 28 U.S.C. § 1332.

## COMPLETE DIVERSITY OF PARTIES

17.    Plaintiff Village Manor, Inc. was at the institution of this civil action, and at all times intervening, an Alabama Corporation. (*See* Third-Party Compl., ¶ 2).

18.    Plaintiff Cleveland Development, Inc. was at the institution of this civil action, and at all times intervening, a Tennessee Corporation. (*See Id.*, ¶ 3).

19.    Plaintiff Southeastern LIHTC Management, Inc. was at the institution of this civil action, and at all times intervening, an Alabama Corporation. (*See Id.*, ¶ 4).

20.    Plaintiff R. Timothy Singleton, was at the institution of this civil action, and at all times intervening, a citizen and resident of Alabama. (*See Id.*, ¶ 1).

21.    Plaintiff Singleton & Associates, Inc. was at the institution of this civil action, and at all times intervening, an Alabama Corporation. (*See Id.*, ¶ 5).

22.    None of the removing parties are, or were, at the institution of this civil action, or at any time intervening, corporations of or had their principal place of business in Tennessee or Alabama.

23.    Arch is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Nebraska.  Arch is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Lanzkowsky Affid., ¶ 4).

24.    Scottsdale is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Arizona.  Scottsdale is not, and

7

was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Affidavit of Louis Getz, III, ¶ 4, attached hereto as Exhibit E).

25.    Federal Insurance Company is, and was at the time of the institution of this civil action, a corporation organized under the laws of the State of Indiana with its principal place of business in the State of New Jersey. Federal Insurance Company is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Affidavit of Joy Ralston, ¶ 4, attached hereto as Exhibit F).

26.    Marsh is, and was at the time of the institution of this civil action, a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York. Marsh is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee. (*See* Levy Affid. ¶ 2).

## THE REMOVAL NOTICE IS TIMELY

27.    This Notice of Removal is filed within thirty days of the first service of the Third-Party Complaint upon any removing party, pursuant to 28 U.S.C. § 1446(b). The first notice of this action to any removing party as required by 28 U.S.C. § 1446(b) was on January 31, 2008, when Federal

Insurance Company was served with a copy of the summons and Third-Party Complaint.

28.    This Notice of Removal is filed within one year of the commencement of this action by the plaintiffs against these removing parties pursuant to 28 U.S.C. § 1446(b).  This matter was commenced on January 28, 2008, despite the fact that it was filed in a Montgomery County Circuit Court case numbered CV-2005-2795 which was terminated more than two months prior to the filing of the Third-Party Complaint.

29.    The Montgomery County Circuit Court case numbered CV-2005-2795 was filed in October 2005 and it terminated in November 2007. CV-2005-2795 progressed as follows until a stipulation of dismissal was filed on November 29, 2007:

> On October 31, 2005, in the Circuit Court of Montgomery County, Alabama, in CV-2005-2795, KeyCorp Investment Limited Partnership; Village Manor Limited; and Cleveland Apartments, LP filed suit against Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; R. Timothy Singleton; Jeffery D. Brooks; George Kershaw; Ronald E. Dearolf; and Singleton & Associates, Inc.

On October 2, 2007, defendants Brooks, Kershaw, and Dearolf were dismissed from CV-2005-2795 with prejudice.

On November 29, 2007, the remaining parties to CV-2005-2795 filed a stipulation of dismissal with prejudice signed by counsel for all parties.

30.    A true and accurate copy of the Stipulation of Dismissal with Prejudice terminating the underlying state court action is attached hereto as Exhibit G.

31.    Alabama law is clear that a case is terminated upon the filing of a stipulation of dismissal, and following the filing of a stipulation of dismissal all further pleadings and orders are void.[2]

---

[2] In *Greene v. Town of Cedar Bluff*, 965 So.2d 773 (Ala. Feb. 16, 2007), the Supreme Court of Alabama discussed the termination of an action following the filing of stipulation of dismissal. The Court held that following a stipulation of dismissal under either Alabama Rule of Civil Procedure 41(a)(1)(i) or 41(a)(1)(ii) further proceedings were void. 965 So.2d at 779. In this case, Greene attempted to intervene in an action after the original parties had filed a stipulation of dismissal under Rule 41(a)(1)(ii). The trial court denied Greene's motion to intervene and Greene appealed. The Court stated, "because the parties' stipulation of dismissal terminated case no. CV-03-107 when the stipulation was filed, the trial court's order denying Greene's motion to intervene is void, and we dismiss the appeal." *Greene*, 965 So.2d at 780.

In reaching its holding, the Court quoted extensively from *Ex parte Sealy, L.L.C.*, 904 So.2d 1230 (Ala. 2004). In *Ex parte Sealy*, the plaintiff filed a notice of dismissal, and the court held:

> [the] notice *ipso facto* deprived the trial court of the power to proceed further with the action and rendered all orders entered after its filing void. Moreover, the notice "carried down with it [all] *previous* proceedings and orders in the action and all pleadings, both of [Sealy] and [Banks], and all issues, with respect to [Sealy's] claim," *In re Piper Aircraft*, 551 F.2d at 219.

*Id.*, 904 So. 2d at 1236.

32.    In the present matter, following the filing of the stipulation of dismissal, Village Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC Management, Inc., R. Timothy Singleton and Singleton & Associates, Inc. were no longer parties to CV-05-2795. Therefore, they cannot be third party plaintiffs, they cannot file a third party complaint, and they cannot bring the removing parties into a suit to which they do not belong. Accordingly, the Third-Party Complaint filed against the removing parties is a new action which commenced on January 28, 2008, clearly within one year of the filing of this Notice of Removal.

33.    A true and correct copy of all pleadings served on the removing parties in this action is attached as Exhibit C, referred to previously, and a copy of the Court file of CV-2005-2795 is attached hereto as Exhibit H herein, and both are incorporated by reference herein.

34.    The removing parties also attach copies of all documents filed in the Montgomery Circuit Court in case numbered CV-2005-2795 for the Court's reference. However, as CV-2005-2795 was terminated on November 29, 2007, per Alabama law, the filing date of the pleading of CV-2005-2795 should not affect this action.[3]

---

[3] *See Ex parte Sealy, L.L.C.*, 904 So.2d 1230, 1236 (Ala. 2004) (holding that the filing of a stipulation of dismissal "carried down with it [all] previous proceedings and orders in the action, and all pleadings...").

35.    All properly joined and served removing parties consent to and join with this Notice of Removal.  (*See* Consents and Joinders to Notice of Removal attached hereto as Exhibits I & J).

36.    The removing parties filed a copy of this Notice with the Clerk of the Circuit Court of Montgomery County, Alabama.

37.    The removing parties meet all prerequisites for removal under 28 U.S.C. § 1441 and this pleading complies with the procedures for removal under 28 U.S.C. § 1446.

38.    If any question arises as to the propriety of the removal of this action, the removing parties request the opportunity to present a brief and oral argument in support of this Court's subject-matter jurisdiction.

WHEREFORE, the removing parties request this Honorable Court to take cognizance of and jurisdiction over this cause, to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, and to enter such orders as may be necessary to obtain a true record of such proceedings as may have been had in the Circuit Court of Montgomery County, Alabama.

This the 3rd day of March, 2008.

Respectfully submitted,


**BRADLEY ARANT ROSE & WHITE LLP**

ROBERT E. POUNDSTONE, IV
ASB-5864-N53R
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
Fax: 334.956.7701
E-mail: bpoundstone@bradleyarant.com

JOHN D. BOND, III
ASB-3910-B61J
100 N. Tryon St., Suite 2690
Charlotte, NC 28202
(704) 338-6000 – Telephone
(704) 332-8852 – Facsimile
E-mail: jbond@bradleyarant.com


*Attorneys for Marsh USA, Inc.*

/s/ [signature]

MATTHEW W. ROBINETT
ASB-3523-I72M
NORMAN, WOOD, KENDRICK, & TURNER
Financial Center – Suite 1600
505 Twentieth Street North
Birmingham, AL 35203
Telephone: (205) 328-6643
Fax: (205) 251-5479
E-mail: mrobinett@NWKT.com

/s/ [signature]

THOMAS A. KENDRICK
ASB-5668-E25T
NORMAN, WOOD, KENDRICK, & TURNER
Financial Center – Suite 1600
505 Twentieth Street North
Birmingham, AL 35203
Telephone: (205) 328-6643
Fax: (205) 251-5479
E-mail: tkendrick@nwkt.com

*Attorneys for Arch Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify on this the 3rd day of March, 2008, a true and correct copy of the above and foregoing has been served upon the following listed persons via first class mail, postage prepaid and addressed as follows:

Michael Guy Holton, Esq.          *(via mail and hand delivered)*
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Spence A. Singleton, Esq.          *(via mail and hand delivered)*
Post Office Box 240894
Montgomery, AL 36124

Walter J. Price, III, Esq.
Huie, Fernambucq & Stewart, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484

Edgar M. Elliot, Esq.
Michael A. Vercher
Christian & Small, LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203

_____
OF COUNSEL

ELECTRONICALLY FILED
04/24/2006 2:46 PM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KEYCORP, INVESTMENT, LIMITED PARTNER-
SHIP III; VILLAGE MANOR LIMITED AND
CLEVELAND APARTMENTS, L. P., BY AND
THROUGH WENTWOOD HOUSING FUND XIII,
GP., INC. AND WENTWOOD HOUSING FUND
XV, GP, INC., ITS GENERAL PARTNERS

       Plaintiffs,

  -vs-

VILLAGE MANOR, INC.; CLEVELAND DEVELOP-
MENT, INC.; SOUTHEASTERN LIHTC MANAGE-
MENT, INC.; R. TIMOTHY SINGLETON;
SINGLETON & ASSOCIATES, INC.;
DEFENDANTS 1 THROUGH 20 WHO ARE
ENTITIES OR INDIVIDUALS WHOSE WRONGFUL
CONDUCT CAUSED THE INJURIES TO THE
PLAINTIFF, ALL OF WHOSE TRUE AND
CORRECT NAMES ARE UNKNOWN TO THE
PLAINTIFFS AT THIS TIME BUT WILL BE
SUBSTITUTED BY AMENDMENT WHEN
ASCERTAINED,

      Defendants.

                          Case No. CV-2005-2795

## THIRD AMENDED COMPLAINT

    COME NOW Plaintiffs, KeyCorp Investment  Limited Partnership, III, Village Manor,

Ltd., by and through Wentwood Housing Fund XIII, G.P., Inc., its acting General Partner,

and Cleveland Apartments, L.P., by and through Wentwood Housing Fund XV, G.P., Inc.,

its General Partner, by counsel, and for the third time amends the complaint and allege as

follows:

1



## I. PARTIES

1.    Plaintiff, KeyCorp Investment Limited Partnership III ("KCILP" or the "Investment Partnership"), is an Ohio Limited Partnership, with its principal place of business in Cleveland, Ohio.

2.    Plaintiff Village Manor Limited ("Village Manor Ltd." or the "Partnership") is an Alabama limited partnership, with its principal place of business in Montgomery, Alabama. Wentwood Housing Fund XIII, G.P., Inc., acting General Partner of Village Manor, Ltd., is a Texas corporation with its principal place of business in Austin, Texas.

3.    Plaintiff Cleveland Apartments, L.P. ("Cleveland Apartments" or the "Partnership") is a limited partnership, with its principal place of business in Cleveland, Tennessee.   Wentwood Housing Fund XV, G.P., Inc., General Partner of Cleveland Apartments is a Texas corporation with its principal place of business in Austin, Texas.

4.    Defendant Village Manor, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

5.    Defendant Cleveland Development, Inc. is, upon information and belief, an Tennessee corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

6.    Defendant Southeastern LIHTC Management, Inc. is, upon information and belief, an Alabama corporation with its principal place of business in Montgomery, Montgomery County, Alabama.

7.    Defendant R. Timothy Singleton is an individual citizen of Montgomery, Alabama.

2

8.     Defendant Singleton & Associates, Inc. is, upon information and belief, an Alabama corporation with its principle place of business in Montgomery County, Alabama.

9.     This court has jurisdiction over Defendants, in that all defendants do business in, are residents of, or are otherwise subject to, the jurisdiction of the Circuit Court of Montgomery County, Alabama.

## II. FACTS COMMON TO ALL CLAIMS

10.   Village Manor Apartments is a low income housing tax credit development located in Montgomery, Alabama. It operates as an Alabama limited partnership.

11.   On March 21, 1997, the Second Amended and Restated Limited Partnership Agreement ("The Village Manor Agreement"), for Village Manor, Ltd. was executed. Under this Agreement, Village Manor, Inc. ("Village Manor") and R. Timothy Singleton ("Singleton") were the General Partners of the Partnership, and Plaintiff KCILP III was the Investment Limited Partner. Singleton, an officer of Village Manor, and also signed the agreement as individual Guarantor. Among the duties and obligations that the general partners assumed relating to the partnership was the fiduciary duty to conduct and manage the affairs of the partnership in a prudent, businesslike and lawful manner and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out the purposes of the partnership as contemplated in the partnership agreement. The General Partners further agreed to use their best efforts and exercise good faith in all activities related to the business of the partnership.

12.   Forrest Grove Apartments is a low income housing tax credit development located in Cleveland, Tennessee. The complex is operated as a limited partnership.

3

13.  On December 10, 1996, an Amended and Restated Limited Partnership Agreement (the "Cleveland Agreement") for Cleveland Apartments L.P. was completed. Under the Cleveland agreement, Cleveland Development, Inc. ("Cleveland Development") and R. Timothy Singleton were the General Partners of the partnership, and Plaintiff KCILP III was the Investment Limited Partner.  Singleton also signed the agreement as individual Guarantor.  Among the duties and obligations that the general partners assumed relating to the partnership was fiduciary duty to conduct and manage the affairs of the partnership in a prudent, business, and lawful manner, and the duty to devote such part of its time to the affairs of the partnership as shall be deemed necessary and appropriate to pursue the business and carry out of the purposes of the partnership as contemplated in the partnership agreement.  The general partner further agreed to use their best efforts and exercise good faith in all activities relating to the business of the partnership.

14.  The Village Manor Agreement transferred the role of Managing General Partner and Tax Matters Partner of Village Manor, Ltd. to Village Manor Inc. and R. Timothy Singleton, and gave Village Manor Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

15.  The Cleveland Development Agreement transferred the role of Managing General Partner and Tax Matters Partner of the Cleveland Apartments, L.P. to Cleveland Development Inc. and R. Timothy Singleton, and gave Cleveland Development Inc. and Singleton full and exclusive control over the affairs of the partnership, subject however to the limitations on its authority set forth in this partnership agreement.

4

16.    On December 1, 2000, R. Timothy Singleton, on behalf of Village Manor Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Village Manor Apartments.

17.    On November 29, 2001, R. Timothy Singleton, on behalf of Cleveland Development, Inc. and Southeastern LIHTC, Management, Inc. ("Southeastern"), signed an Agreement for Management Services, appointing Southeastern as Management Agent of Forrest Grove Apartments.

18.    On May 11, 2005, Village Manor, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal as General Partner pursuant to the Village Manor Agreement.  On or about June 16, 2005, Village Manor, Inc. voluntarily withdrew as General Partner of the Village Manor Partnership in lieu of curing numerous defaults.  At the time of the withdrawal, the Village Manor Property was in a state of complete disrepair and financial ruin.

19.    On May 11, 2005, Cleveland Development, Inc., by and through its president, R. Timothy Singleton, was provided with a written notice of removal pursuant to the Cleveland Apartments Agreement.  On or about June 13, 2005, Cleveland Development Inc. voluntarily withdrew as General Partner of the Cleveland Partnership in lieu of curing numerous defects.  At the time of the withdrawal and removal of Cleveland Development Inc., the Forrest Grove Property was in a state of disrepair and financial ruin.

20.    Shortly after Village Manor Inc. and Cleveland Development Inc. resigned as Managing General Partner of the Village Manor Property and the Forrest Grove Property, respectively, Plaintiffs were forced to remove Southeastern as the Management Agent for

5

the Village Manor Property and the Forrest Grove Property because of numerous outstanding and ongoing problems at the properties which resulted from negligence and mismanagement on the part of the General Partners and Management Agent.   More specifically, the Village Manor property was deemed by the Alabama Housing and Finance Authority to be uninhabitable, and it was estimated that it would cost in excess of $500,000.000, or approximately $10,000.00 per unit, to repair the damages caused by Defendants mismanagement.   The property was sold in 2006 for significantly less than the outstanding debt on the property, and for a fraction of the fair market value of the property had it been managed properly.   Additionally, many of the 96 units at Forrest Grove were damaged.   It was estimated that it would cost in excess of $480,000.00, or approximately $5,000.00 per unit, to repair the damages caused by Defendants.   Such damage was the result of the negligence and mismanagement of the General Partner and Management Agent.

21.   Defendants Village Manor, Inc., Cleveland Development, Inc., R. Timothy Singleton and Southeastern LIHTC, Inc. breached their fiduciary duties to Plaintiffs by improperly distributing monies from the Partnerships to themselves and their affiliates between 1997 and 2004. Defendants breached their partnership agreements with Plaintiffs by failing to maintain the property, failing to rent the units to qualified and respectable tenants, failing to hire and maintain sufficient and qualified employees, failing to establish and fund the Operating Reserve Account and Replacement Reserve Account, failing to pay outstanding invoices, and, by failing to qualify the property for, and secure Low Income Housing Tax Credits for the Partnerships.

6

22.   Defendants Village Manor, Inc., Southeastern, and Singleton failed to establish and fund the Operating Reserve Account for approximately $116,000.00 for the Village Manor Partnership; failed to pay outstanding and delinquent accounts payable in excess of $151,489.55 which led to the termination of key services at the development; failed to qualify the development and the Partnership for low income housing tax credits in the past and future totaling in excess of $620,000, and improperly distributed in excess of $57,186.00 to themselves and their affiliates between 1997 and 2004.

23.   Defendants Cleveland Development, Southeastern, and Singleton failed to establish and fully fund the Operating Reserve Account for the Cleveland Partnership; failed to pay outstanding and delinquent accounts payable in excess of $112,016.15 which led to the termination of key services at the development and improperly distributed in excess of $65,407.00 to themselves and their affiliates between 1997 and 2004.

24.   Singleton & Associates, Inc. ("Associates") is a closely held corporation by Timothy Singleton that is in the business of commercial real estate.  Associates was involved in the day to day operation and management of Village Manor, Inc., Cleveland Development, Inc. and Southeastern LIHTC Management, Inc.

25.   Defendants were negligent and wanton in their management of the partnerships and the developments, which led to the deterioration of the physical and financial condition of the partnerships and developments, and the damages more fully described herein.

26.   As a result of the assorted acts and omissions of the Defendants in this suit, the Plaintiffs have suffered damages well in excess of the minimum jurisdictional limits of this Court, which are continuing in nature.

7

III. CAUSES OF ACTION
COUNT ONE: FRAUD (SUPPRESSION)
VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

27.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

28.   Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Village Manor partnership and property.   More specifically, Defendants concealed and withheld information regarding the deteriorating condition of the property, the delinquent accounts payable, the non-qualifying tenants at the property, and the improper distributions to Defendants.   Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

29.   As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

30.   By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT TWO: FRAUD (SUPPRESSION)
CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

31.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

32.   Each of the Defendants concealed and withheld material facts from the Plaintiffs regarding the Cleveland partnership and the Forest Grove property.   More specifically,

8

Defendants concealed and withheld information about the deteriorating condition of the property, the delinquent accounts payable, and the improper distribution to Defendants. Therefore, each of the Defendants are guilty of fraud as defined by Alabama law.

33.   As a proximate consequence of said conduct, Plaintiffs were damaged as set forth hereinabove.

34.   By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants Cleveland Development, Southeastern, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory and punitive damages in an amount to be determined at the trial of this action, together with interest at the statutory rate.

<div align="center">

COUNT THREE: BREACH OF FIDUCIARY DUTY
VILLAGE MANOR, ASSOCIATES AND SINGLETON

</div>

35.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

36.   A relationship of trust and confidence existed between Plaintiffs KCILP III and Village Manor, Ltd. and Defendants Village Manor, Associates and Singleton.  These Plaintiffs justifiably placed trust and confidence in Defendants Village Manor, Associates and Singleton to act in Plaintiffs' best interests and to protect their investments. As General Partner of the Village Manor Partnership, Defendants Village Manor, Associates and Singleton owed the highest obligations and fiduciary duties to these Plaintiffs. Defendant Village Manor and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants, so as not to cause injury to the Plaintiffs.

<div align="center">9</div>

37. Article 5 of the Village Manor Partnership Agreement fully sets for the powers, rights and duties of the General Partner. By entering into this agreement, Defendants Village Manor, Associates and Singleton owed directly to Plaintiffs KCILP III and Village Manor, Ltd. the duty to exercise due care and diligence in the management and administration of the Property and the Partnership and in the use and preservation of the Plaintiffs' assets. Defendants Village Manor, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings. Defendants Village Manor, Associates and Singleton were obligated to ensure that they did not engage in any fraudulent, unsafe, or unauthorized practices.

38. Defendants Village Manor, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached its fiduciary duties to Plaintiffs KCILP III and Village Manor, Ltd. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants Village Manor, Associates and Singleton was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants disregarded their duties to and the interest of the Plaintiffs.

39. As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court. Each of these Plaintiffs has been damaged by the wrongful conduct of Defendants Village Manor, Associates and Singleton in that the Plaintiffs have suffered

10

losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

40.    By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against Defendants Village Manor, Associates and Singleton, awarding them compensatory and punitive damages against Defendants Village Manor, Associates and Singleton for their breach of fiduciary duties in the amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT FOUR: BREACH OF FIDUCIARY DUTY
CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

41.    Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

42.    A relationship of trust and confidence existed between Plaintiffs KCILP III and Cleveland Apartments, L.P., and Defendants Cleveland Development, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Cleveland Development, Associates and Singleton to act in Plaintiffs' best interests to protect their investments.  As General Partner of Cleveland Apartments, L.P., Defendants owed the highest obligations and fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P. Defendants Cleveland Development, Associates and Singleton were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting their monies to Defendants Cleveland Development, Associates and Singleton, so as not to cause injury to the Plaintiffs.

11

43.  Article 5 of the Cleveland Partnership Agreement fully sets for the powers, rights and duties of the General Partner.

44.  By entering into this agreement, Cleveland Development, Associates and Singleton owed directly to Plaintiffs KCILP III and Cleveland Apartments, L.P. the duty to exercise due care and diligence in the management and administration of the Forrest Grove Property and the Cleveland Partnership and in the use and preservation of the Plaintiffs' assets.  Defendants also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Property and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Partnership Agreement and refraining from self-dealings.   Defendants Cleveland Development, Associates and Singleton were  obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

45.  Defendants Cleveland Development, Associates and Singleton, either directly or by aiding and abetting its affiliates, breached their fiduciary duties to Plaintiffs KCILP III and Cleveland Apartments, L.P.  By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary duties and related obligations to Plaintiffs.  The conduct of Defendants Cleveland Development, Associates and Singleton was purposeful and it departed from the agreed upon terms of the Cleveland Partnership Agreement. Defendants disregarded their duties to and the interest of Plaintiffs KCILP III and Cleveland Apartments, L.P.

46.  As a proximate result of Defendants' breach of their fiduciary duties, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.  Each of these Plaintiffs have been damaged by the wrongful

12

conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

47.  By reason of the foregoing, the Plaintiffs are entitled to a judgment against Defendant Cleveland Development, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for its breach of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT FIVE:  BREACH OF FIDUCIARY DUTY
### SOUTHEASTERN, ASSOCIATES AND SINGLETON

48.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

49.  A relationship of trust and confidence existed between Plaintiffs and Defendants Southeastern, Associates and Singleton in that Plaintiffs justifiably placed trust and confidence in Defendants Southeastern, Associates and Singleton to act in Plaintiffs' best interests to manage and protect the Village Manor Property and the Forrest Grove Property.   Defendants Southeastern, Associates and Singleton owed the highest obligations and fiduciary duties to Plaintiffs.  Defendants were duty bound to act in a responsible and lawful manner, in utmost good faith, and in accordance with the representations on which the Plaintiffs relied on in entrusting the Properties to Defendants, so as not to cause injury to the Plaintiffs.

50.  By entering into the Management Agreements with the Partnerships, Southeastern, Associates and Singleton owed directly to each of the Plaintiffs the duty to exercise due care and diligence in the management and administration of the Properties

13

and in the use and preservation of the Plaintiffs' assets. Defendants Southeastern, Associates and Singleton also owed directly to the Plaintiffs duties of full disclosure of all material facts relevant to the Properties and duties to deal fairly and honestly with the Plaintiffs, including strictly adhering to the provisions of the Management Agreements and refraining from self-dealings. Defendants Southeastern, Associates and Singleton were obligated to ensure that it did not engage in any fraudulent, unsafe, or unauthorized practices.

51.   Defendants Southeastern, Associates and Singleton, either directly or by aiding and abetting their affiliates, breached their fiduciary duties to Plaintiffs. By engaging in the conduct alleged herein, Defendants repeatedly beached their fiduciary and related obligations to these Plaintiffs. The conduct of Defendants was purposeful and it departed from the agreed upon terms of each of the Partnership Agreements. Defendants Southeastern, Associates and Singleton disregarded their duties to and the interest of the Plaintiffs.

52.   As a proximate result of Defendants Southeastern, Associates and Singleton breach of their fiduciary duties, Plaintiffs sustained damages in excess of the jurisdictional minimum of this Court. Each of the Plaintiffs has been damaged by the wrongful conduct of Defendants in that the Plaintiffs have suffered losses as a result of the breaches more fully described above, and Plaintiffs continue to incur additional damages.

53.   By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendants Southeastern, Associates and Singleton, awarding them compensatory and punitive damages against Defendant for their breaches of fiduciary duties, in the amount to be determined at the trial of this action, together with interest at the statutory rate.

14

<u>COUNT SIX:  CONVERSION</u>
<u>VILLAGE MANOR, ASSOCIATES AND SINGLETON</u>

54.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

55.   Defendants Village Manor, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $57,186.00. Article 4 of the Partnership Agreement describes in detail when and how distributions to the General Partner and related entities can be made. These payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

56.   Defendants wrongfully converted Partnership property for their own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of the Plaintiffs' KCILP III and Village Manor, Ltd. rights.

57.   As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Village Manor, Ltd. sustained damages in excess of the jurisdictional minimum of this Court.

<u>COUNT SEVEN:  CONVERSION</u>
<u>CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON</u>

58.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

59.   As set forth above, Defendant Cleveland Development, Associates and Singleton wrongfully made unauthorized distributions to themselves and their affiliates between 1997 and 2004 in an amount in excess of $65,407.00. Article 4 of the Partnership Agreement

15

describes in detail when and how distributions to the General Partner and related entities can be made. The payments were not contemplated by any agreement between the parties and were, in fact, specifically prohibited.

60. Defendants wrongfully converted Partnership property for its own use and beneficial enjoyment through a wrongful taking, an illegal assumption of ownership and an illegal use and/or misuse of Partnership property in exclusion and defiance of Plaintiffs' KCILP III and Cleveland Apartments, L.P. rights.

61. As a proximate result of Defendants' wrongful taking and conversion of Partnership funds, Plaintiffs KCILP III and Cleveland Apartments, L.P. sustained damages in excess of the jurisdictional minimum of this Court.

<div align="center">

COUNT EIGHT: BREACH OF CONTRACT
VILLAGE MANOR, ASSOCIATES AND SINGLETON

</div>

62. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

63. Defendants Village Manor, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Second Amended and Restated Limited Partnership Agreement for Village Manor, Ltd on approximately March 21, 1997. The Agreement required Defendants Village Manor, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

<div align="center">

16

</div>

64.  As Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

65.  Defendant Village Manor breached the Partnership Agreement by:

1.  improperly distributing in excess of $57,186.00 to itself and its affiliates between 1997 and 2004;

2.  improperly managing the Partnership so as to cause the Partnership not to qualify for low income housing tax credits in violation of Section 5.3(a) and 5.3(b), equaling a loss of approximately $321,906.00 in future tax credits and a likely recapture of tax credits taken in the past amounting to $299,415.00;

3.  failing to adequately hire and maintain a competent Management Agent;

4.  failing to adequately supervise the Management Agent; and

5.  providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

66.  As a result of Village Manor, Associates and Singleton's breaches of contract, Plaintiffs KCILP III and Village Manor, Ltd. have incurred financial losses and damages more fully described herein.  Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

67.  Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

17

68. By reason of the foregoing, Plaintiffs KCILP III and Village Manor, Ltd. are entitled to a judgment against the Defendants Village Manor, Associates and Singleton, jointly and severally, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

COUNT NINE: BREACH OF CONTRACT
CLEVELAND DEVELOPMENT, ASSOCIATES AND SINGLETON

69. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

70. Defendants Cleveland Development, Associates and Singleton entered into a partnership agreement with Plaintiffs by signing and executing the Amended and Restated Limited Partnership Agreement for Cleveland Apartments, L.P. on approximately December 10, 1996. The Agreement required Defendants Cleveland Development, Associates and Singleton to manage the affairs of the Partnership in a prudent, businesslike and lawful manner.

71. The Agreement required Defendants Cleveland Development, Associates and Singleton to conduct and manage the affairs of the Partnership in a prudent, businesslike and lawful manner and shall devote such part of its time to the affairs of the Partnership as contemplated in this Partnership Agreement and the General Partner shall use its best efforts and exercise good faith in all activities related to the business of the Partnership.

72. As an Individual Guarantor, Singleton agreed and represented that he had and would maintain, sufficient liquidity and net worth to sustain the Partnership during the Operating Guaranty Period, and that he would cover Operating Deficits, and other obligations of the General Partner during this period.

18

73. Defendant Cleveland Development breached the Partnership Agreement by:

    1.    improperly distributing in excess of $65,407.00 to itself and its affiliates between 1997 and 2004;

    2.    failing to adequately hire and maintain a competent Management Agent;

    3.    failing to adequately supervise the Management Agent; and

    4.    providing information to the Limited Partner Plaintiffs that was inaccurate, incomplete or misleading in violation of Section 5.3(q).

74. Defendant Singleton further breached the Agreement by failing to maintain sufficient liquidity to cover Operating Deficits during the Operating Guaranty Period, and by failing to satisfy the obligations of the General Partner, in accordance with the individual guaranties contained in the Agreement.

75. As a result of Cleveland Development, Associates and Singleton's breaches, Plaintiffs have incurred financial losses and damages more fully described herein. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

76. By reason of the foregoing, Plaintiffs KCILP III and Cleveland Apartments, L.P. are entitled to a judgment against Defendants, Cleveland Development, Associates and Singleton jointly and severally, awarding the Plaintiffs compensatory damages an amount to be determined at the trial of this action, together with interest at the statutory rate.

19

COUNT TEN: BREACH OF CONTRACT
SOUTHEASTERN, ASSOCIATES AND SINGLETON

77.   Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

78.   Southeastern entered into Management Agreements with the Village Manor Partnership and with the Cleveland Partnership to manage the Village Manor Property and the Forrest Grove Property.

79.   Southeastern beached these agreements by, including but not limited to,:

1.   failing to promptly and competently perform all duties of the Management Agent under the management agreements with the Partnerships;

2.   causing the Village Manor Property to generate less than 90% of the Projected Tax Credits in any calendar year;

3.   failing to materially comply with the record keeping, tenant qualification and rental requirements of the Restrictive Covenant (the extended low-income housing commitment entered into between the Partnerships and the State Housing Finance Agency pursuant to Section 42(h)(60) of the Code) and Code §42 of the Federal Income Tax Regulations, rulings and policies related thereto;

4.   failing to pay outstanding and delinquent accounts totaling approximately $151,489.55 for the Village Manor Property;

5.   failing to pay outstanding and delinquent accounts totaling approximately $112,016.50 for the Forrest Grove Property;

6.   allowing key services, such as trash removal, to be terminated for failure to keep accounts payable current for both Properties;

7.   failing to repair and maintain appliances located in the units on the Village Manor Property; and

8.   failing to address service and maintenance requests made by residents of both Properties.

20

80. As a result of Southeastern's breaches described above, Plaintiffs have incurred financial losses and damages. Despite Plaintiffs' demands, Defendants have failed and refused and continue to fail and refuse to reimburse Plaintiffs for these losses.

81. By reason of the foregoing, the Plaintiffs are entitled to a judgment against the Defendant Southeastern, awarding the Plaintiffs compensatory damage an amount to be determined at the trial of this action, together with interest at the statutory rate.

### COUNT ELEVEN: NEGLIGENCE AND WANTONNESS
### VILLAGE MANOR, SOUTHEASTERN, ASSOCIATES AND SINGLETON

82. Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

83. Defendants Village Manor, as General Partner of the Village Manor Partnership and Associates and Singleton, had a duty to the Plaintiffs to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax benefits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997 through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances, caused Plaintiffs KCILP III and Village Manor, Ltd. to erroneously believe that the Village Manor Partnership and the Village Manor Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

84. Defendants Village Manor, Associates and Singleton also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

21

85.  Defendants Southeastern, Associates and Singleton had a duty to Plaintiffs KCILP III and Village Manor, Ltd. to competently manage the Village Manor Property and competently perform all duties of the Management Agreements with the Partnership. Defendants performed their duties negligently as to the Village Manor Partnership and Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs KCILP III and Village Manor, Ltd. would rely upon Defendants' management skills in furtherance of the purpose of the Partnerships.

86.  As a proximate result of the negligence and wantonness of the Defendants Village Manor, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Village Manor, Ltd. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

87.  Plaintiffs seek an award for compensatory and punitive damages against the Defendants Village Manor, Southeastern, Associates and Singleton for their negligence and wantonness in the management of the Village Manor Partnership and Property.

COUNT TWELVE: NEGLIGENCE AND WANTONNESS
CLEVELAND DEVELOPMENT, SOUTHEASTERN, ASSOCIATES AND SINGLETON

88.  Plaintiffs re-allege and incorporate by reference all factual allegations which appear in the preceding paragraphs in this Complaint.

89.  Defendants Cleveland Development, as General Partners of the Cleveland Partnership and Associates and Singleton, had a duty to the Plaintiffs KCILP III and Cleveland Development to, among other things, maintain and manage the Partnership and the Property so that they would qualify for low income housing tax credits, in addition to employing a competent Management Agent to further this purpose. From on or about 1997

22

through present, Defendants negligently, carelessly, wantonly and without exercising reasonable care under the circumstances caused the Plaintiffs to erroneously believe that the Partnership and the Property were being maintained in a lawful and prudent manner, maintaining the Property's qualification for low income housing tax credits according to the Partnership Agreement.

90.   Defendants also negligently, carelessly, wantonly and without exercising reasonable care, failed to provide a competent Management Agent for the Property.

91.   Defendants Southeastern, Associates and Singleton had a duty to the Plaintiffs to competently manage the Forrest Grove Property and competently perform all duties of the Management Agreements with the Partnerships. Defendants Southeastern, Associates and Singleton performed its duties negligently and wantonly as to the Cleveland Partnership and the Forrest Grove Property, thereby causing the Property to fall into disrepair and financial ruin. Defendants knew or reasonably should have known Plaintiffs and the Partnerships would rely upon Defendant's management skills in furtherance of the purpose of the Partnership.

92.   As a proximate result of the negligence and wantonness of Defendants Cleveland Development, Southeastern, Associates and Singleton, Plaintiffs KCILP III and Cleveland Apartments, L.P. have sustained damages in excess of the jurisdictional minimum of this court, and Plaintiffs continue to incur additional damages.

93.   Plaintiffs seek an award for compensatory and punitive damages against Defendants Cleveland Development, Southeastern, Associates and Singleton for their negligence and wantonness.

23

IV. CONCLUSION

WHEREFORE, Plaintiffs demand judgment from this Court awarding:

(1)    Compensatory damages to Plaintiffs against the Defendants Village Manor, Cleveland Development, Southeastern, Associates and Singleton jointly and severally, in an amount to be determined at the trial of this action;

(2)    Punitive damages to Plaintiffs against Defendants Village Manor, Cleveland Development and Southeastern, Associates and Singleton in an amount to be determined at the trial of this action;

(3)    Interest on any award at the appropriate statutory or other rate;

(4)    Any attorneys fees Plaintiffs may be justly entitled to; and

(5)    Such other and further relief as this Court deems just and proper.

DATED THIS the 24th day of September, 2007.

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY**

/s/ David W. Henderson
DAVID W. HENDERSON (HEN072)

OF COUNSEL:
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
(334) 834-7600

/s/ Robert N. McGehee, Jr.
ROBERT N. MCGEHEE, JR.
Admitted Pro Hac Vice

OF COUNSEL:
4200 West Vickery, Suite 101
Fort Worth, Texas 76107

24

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the parties listed below by placing a copy of the same in the U. S. Mail, postage prepaid, on this the 24th day of September, 2007.

Spence A. Singleton, Esq.
The Law Offices of Spence A. Singleton, LLC
Post Office Box 240894
Montgomery, Alabama 36124-0894

Peck Fox, Esq.
Maynard, Cooper & Gale, P.C.
RSA Union Building
100 N. Union Building, Suite 650
Montgomery, AL 36104

Michael Guy Holton, Esq.
Fuller, Taylor & Holton, P.C.
5748 Carmichael Parkway, Suite D
Montgomery, AL 36117

Thomas S. Hiley, Esq.
Eugene P. Stutts, Esq.
Spain & Gillon, L.L.C.
The Zinszer Building
2117 2nd Avenue North
Birmingham, AL  35203

                                        /s/ David W. Henderson
                                        Of COUNSEL

25

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

VILLAGE MANOR, INC.,               *
CLEVELAND DEVELOPMENT,     *
INC., SOUTHEASTERN LIHTC     *
MANAGEMENT, INC., R. TIMOTHY   *
SINGLETON, SINGLETON &        *
ASSOCIATES, INC.,                 *
                                   *
       Plaintiffs,                *
                                   *
vs.                                   *
                                   *
ARCH SPECIALTY INSURANCE     *
COMPANY, SCOTTSDALE         *
INSURANCE COMPANY, CHUBB    *
INSURANCE COMPANY, MARSH    *
USA, Inc.,                           *
                                   *
       Defendants.            *

## <u>AFFIDAVIT OF</u>

Before the undersigned, a notary public in and for said county and state, personally appeared Marc Lanzkowsky, who upon oath, deposes and says as follows:

1.     My name is Marc Lanzkowsky; I have personal knowledge of the facts stated herein.

2.     I am the Senior Vice President – Home Office Claims Management for Arch Specialty Insurance Company.



3.    I am giving this affidavit in support of a notice of removal filed in the above styled matter.

4.    Arch Specialty Insurance Company is, and was at the institution of this civil action, a corporation organized under the laws of the State of Nebraska with its principal place of business in the State of Nebraska. Arch Specialty Insurance Company is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee.

5.    Before service of this defendant, Arch Specialty Insurance Company received correspondence from plaintiff R. Timothy Singleton, attached as Exhibit A, advising of a settlement reached in the litigation pending in the Circuit Court of Montgomery County, Alabama, in the amount of $125,000.00. The plaintiffs now claim damages from Arch Specialty Insurance Co. for an alleged bad faith denial of an insurance claim related to the litigation filed against them in the Circuit Court of Montgomery County. Thus, the amount in controversy exceeds $75,000.00.

_____

State            )
County           )

I, the undersigned Notary Public, in and for said County and State, hereby certify that Marc Lanzkowsky whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day

2

that, being informed of the contents of the instrument, he executed the same voluntarily on the day the same bears date.

Given under my hand and Official Seal on this the 28th day of February _____, 2008.

_____
NOTARY PUBLIC

Commission Expires: May 3, 2008

PETER J. CALLEO, ESQ.
Notary Public, State of New York
No. 02CA6109336
Qualified in New York County
Commission Expires May 3, 2008

3

*Chris*

November 8, 2007

RECEIVED
NOV 13 2007

Arch Specialty Insurance
1125 Sanctuary Parkway
Suite 100
Alpharetta, GA 30004

Marsh USA, Inc.
601 Merit 7 #6
Norwalk, CT 06856

Re:  CV-2005-2795 Montgomery Circuit Court

Policy  25RRGPP0293900-271 Arch Specialty Insurance

Dear Sirs:

I have previously put your company on notice of the above referenced lawsuit against my companies and myself, Singleton & Associates, Southeastern LIHTC Management, Inc., R. Timothy Singleton, Village Manor, Inc., and Cleveland Development, Inc.  You have refused to provide a defense in the original complaint and each amended complaint of which you have also been noticed.

I have, with aide of counsel, negotiated a good faith settlement of all claims as against the aforementioned entities.  I am writing to advise you and place you on notice that a good faith settlement has been reached, although not concluded, in the amount of $125,000.00.  I am asking you to either (1) approve the settlement; or (2) take over the defense on behalf of the aforementioned entities.  Please provide notice to me in writing of your intent, if any, within the next ten business days as time is of the essence.

Sincerely

R. Timothy Singleton

CC:    Guy Holton, Esq.

       Spence Singleton, Esq.

Sent by email and certified mail

EXHIBIT A

[stamp illegible]
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
[ILLEGIBLE] MELISSA RITTENOUR, CLERK

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
CIVIL DIVISION

VILLAGE MANOR, INC., CLEVELAND )
DEVELOPMENT, INC., SOUTHEASTERN )
LIHTC MANAGEMENT, INC., R. TIMOTHY )
SINGLETON, SINGELTON & )
ASSOCIATES, INC., )
                                    )
        Third Party Plaintiffs, )
vs.                                 )
                                    )        CASE NO.: CV-2005-2795
ARCH SPECIALTY INSURANCE COMPANY, )
SCOTTSDALE INSURANCE COMPANY, )        JURY DEMAND
CHUBB INSURANCE COMPANY, )
MARSH USA,Inc.. )
                                    )
        Third Party Defendants. )

## THIRD PARTY COMPLAINT

### STATEMENT OF THE PARTIES

1.  Third party Plaintiff R. Timothy Singleton , hereinafter referred to as Plaintiff

    Singleton, is over the age of nineteen years, a resident of the Montgomery

    County, Alabama and at all times material hereto was an officer, owner, member,

    shareholder or stakeholder in the above referenced Plaintiff entities, Village

    Manor, Inc., Cleveland Development, Inc., Southeastern LIHTC, and Singleton &

    Associates, Inc.

2.  Third party Plaintiff Village Manor, Inc., hereinafter referred to as Plaintiff

    Village Manor, is an Alabama corporation and at all times material hereto was a

    beneficiary of the insurance policies made the basis of this lawsuit.

3.  Third party Plaintiff Cleveland Development, Inc., hereinafter referred to as

    Plaintiff Cleveland, is a Tennessee corporation and at all times material hereto


EXHIBIT
C

was a beneficiary of the insurance policies made the basis of this lawsuit.

4. Third party Plaintiff Southeastern LIHTC Management, Inc., hereinafter eferred to as Plaintiff Southeastern, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

5. Third party Plaintiff Singleton & Associates, Inc., hereinafter referred to as Plaintiff Singleton & Associates, is an Alabama corporation and at all times material hereto was a beneficiary of the insurance policies made the basis of this lawsuit.

6. Third party Defendant Scottsdale Insurance Company, hereinafter referred to as Defendant Scottsdale, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

7. Third party Defendant Arch Specialty Insurance Company, hereinafter referred to as Defendant Arch, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

8. Third party Defendant Chubb Insurance Company, hereinafter referred to as Defendant Chubb, is a foreign corporation believed to be duly licensed to provide or sell insurance in the State of Alabama at all times material hereto.

9. Third party Defendant Marsh USA, Inc., is a foreign corporation and an insurance broker believed to be duly licensed in the State of Alabama to sell /broker insurance and hereinafter referred to as Defendant Marsh.

## STATEMENT OF URISDICTION

10. This Honorable Court has jurisdiction of the maters complained of herein pursuant to all acts, omissions, and or occurrences occurred in Montgomery

County, Alabama.

11. This Honorable Court has jurisdiction over the matters complained of herein pursuant to § 6-5-1, et.seq., Code of Alabama, 1975.

## STATEMENT OF FACTS

12. On 10-31-05 KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

13. Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb and were covered insured's under those policies at all times material hereto.

14. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

15. Third party Plaintiffs notified Third party Defendants of the pending lawsuit pursuit to the notice requirements of the respective insurance policies.

16. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh represented to Plaintiffs that said insurance coverages included errors and omissions coverage.

17. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

18. Plaintiffs received replies or notice from each Defendant that each Defendant hereto declined to defend and or indemnify Plaintiffs.

19. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a

First Amended Complaint as against all of the Plaintiffs herein.

20. Plaintiffs once again noticed Defendants of the Amended Complaint filing by

KeyCorp Limited Partnership III et.al. .

21. Again, Defendants denied coverage and declined to defend and or indemnify

Plaintiffs in the underlying matter.

22. On or about 03-01-07 KeyCorp Limited Investment Partnership III et.al. filed a

Second Amended Complaint as against all of the Plaintiffs herein.

23. Plaintiffs once again noticed Defendants of the Amended Complaint filing by

KeyCorp Limited Partnership III et.al..

24. Once again Defendants denied coverage and declined to defend and or indemnify

Plaintiffs in the underlying matter.

25. At all times material hereto Plaintiffs paid all premiums and reasonably relied on

the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

26. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably

relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to

suffer damages of loss of insurance premiums and fees paid to Defendants for

insurance coverage and costs associated with having to defend against the

underlying claims brought by KeyCorp Limited Partnership III et.al.

## COUNT I
## BAD FAITH

27. Plaintiffs reiterate and incorporate all preceding paragraphs as if fully set out

herein.

28. Plaintiffs entered into insurance contracts for insurance coverages with

Defendants Arch, Scottsdale and Chubb.

29. At all times material hereto Defendants owed Plaintiffs a duty to defend and or indemnify against lawsuits which plead claims that invoked occurrences which were covered pursuant to the terms of said insurance coverage by the policies made the basis of this lawsuit.

30. On 10-31-05 KeyCorp Investment Limited Partnership III et.al. filed suit as against the above named Third party Plaintiff at the Civil Case Number above.

31. Third party Plaintiff R. Timothy Singleton on behalf of himself and the other herein named Third party Plaintiffs purchased insurance policies from Defendants Arch, Scottsdale, and Chubb.

32. Third party Plaintiffs hereto purchased all of the policies except from Defendant Scottsdale through Defendant Marsh.

33. Plaintiff Singleton on behalf of himself and the other named Plaintiffs hereto timely noticed to all Defendants hereto the lawsuit filed by KeyCorp Investment Limited Partnership III et. al. .

34. Plaintiffs received notice from each Defendant whereby each Defendant hereto declined to defend and or indemnify Plaintiffs.

35. On or about 03-11-06 KeyCorp Investment Limited Partnership III et.al. filed a First Amended Complaint as against all of the Plaintiffs herein.

36. On or about via letter Plaintiffs once again noticed Defendants of the Amended Complaint filing by KeyCorp Investment Limited Partnership III et.al. .

37. Once again Defendants denied coverage and declined to defend and or indemnify Plaintiffs in the underlying matter.

38. On or about 03-01-07 KeyCorp Investment Limited Partnership III et.al. filed a

Second Amended Complaint as against all of the Plaintiffs herein.

39. Plaintiffs once again timely noticed Defendants of the Amended Complaint filing

by KeyCorp Investment Limited Partnership III et.al..

40. Once again Defendants denied coverage and declined to defend and or indemnify

Plaintiffs in the underlying matter.

41. At all times material hereto Plaintiffs paid all premiums and reasonably relied on

the coverages as presented by Defendants Arch, Scottsdale, Chubb and Marsh.

42. Pursuant to the language of the policies as purchased by Plaintiffs, reasonably

relied upon by Plaintiffs, and represented by Defendants, Plaintiffs were caused to

suffer damages of loss of insurance premiums and fees paid to Defendants for

insurance coverage and costs associated with having to defend against the

underlying claims brought by KeyCorp Limited Partnership III et.al.

43. Plaintiffs were caused to incur attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiffs demand judgment against Defendants Arch, Scottsdale,

and Chubb in an amount which exceeds the minimum jurisdictional amount of this

Honorable Court and further deemed reasonable by a jury plus costs associated with

the instant litigation and reasonable attorneys fees.

## FRAUDULENT MISREPRESENTATION

44. Plaintiffs hereby reiterate and incorporate all preceding paragraphs as if fully set

out herein.

45. Plaintiffs hereto purchased all of the policies, except from Defendant Scottsdale,

through Defendant Marsh.

46. Defendant Marsh sold Plaintiffs insurance policies whereupon Defendant Marsh

represented to Plaintiffs that said insurance coverages included errors and omissions coverage.

47. Plaintiffs were denied coverage for defense and indemnity pursuant to the terms of their insurance contracts with Defendants Arch and Chubb in the underlying lawsuit.

48. Plaintiffs reasonably relied on the expertise and knowledge of the industry by Defendant Marsh when Defendant Marsh repeatedly represented that Plaintiffs were covered by said insurance policies made the basis of this lawsuit.

**WHEREFORE** Plaintiffs demand judgment as against Defendant Marsh in an amount which exceeds the minimum jurisdictional amount of this Honorable Court and further deemed reasonable by a jury plus costs of litigation and reasonable attorneys fees.

## DEMAND FOR JURY TRIAL

49. Plaintiffs demand trial by jury on all claims herein.

**RESPECTFULLY SUBMITTED** this the 28th day of January, 2008.

/s Michael Guy Holton                    /s Spence A. Singleton
Michael Guy Holton (HOL106)              Spence A. Singleton (SIN017)
Co-Counsel for Plaintiffs                Co-Counsel for Plaintiffs
FULLER, TAYLOR & HOLTON, P.C.            P.O. Box 240894
5748 Carmichael Parkway, Ste D           Montgomery, Alabama 36124
Montgomery, Alabama 36117                (334) 396-5600
(334) 244-0447                           spencesingleton@bellsouth.net
gholtonattorney@bellsouth.net

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

VILLAGE MANOR, INC.,            )
CLEVELAND DEVELOPMENT, INC.,    )
SOUTHEASTERN LIHTC              )
MANAGEMENT, INC., R. TIMOTHY    )
SINGLETON, SINGLETON &          )
ASSOCIATES, INC.                )
                                )
    Plaintiffs,               )
                                )    Civil Action No.:
v.                              )
                                )
ARCH SPECIALTY INSURANCE        )
COMPANY, SCOTTSDALE             )
INSURANCE COMPANY, CHUBB        )
INSURANCE COMPANY, MARSH        )
USA, Inc.                       )
                                )
    Defendants.

## AFFIDAVIT OF CLIONA A. LEVY

1.  My name is Cliona A. Levy. I am over the age of twenty-one and am competent to testify concerning the matters stated herein, which are true and correct, and of which I have personal knowledge. I am authorized to make this affidavit on behalf of Defendant Marsh USA, Inc. ("Marsh").

2.  I am Litigation Counsel for Marsh.

3.  Marsh is, and was at the time of the institution of this civil action, a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York. Marsh is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee.

4.  Although Marsh denies any liability to any of the third-party plaintiffs in this matter, as broker of record for Third-Party Plaintiff Singleton & Associates, Inc.



EXHIBIT

D

("Singleton"), Marsh placed several insurance policies on behalf of Singleton for the period of time allegedly relevant to this lawsuit.

5.     During the period of time allegedly relevant to this lawsuit, Singleton paid commissions to Marsh for policies placed by Marsh on behalf of Singleton, and paid premiums to certain insurance carriers for those policies.

6.     For the policy period 08/15/00 to 08/15/01, Singleton paid a total of $73,709.44 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $19,548.56 in commissions to Marsh, for a total amount of premiums and fees of $93,258.00.

7.     For the policy period 08/15/01 to 08/15/02, Singleton paid a total of $111,541.17 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $29,656.86 in commissions to Marsh, for a total amount of premiums and fees of $141,198.03.

8.     For the policy period 08/15/02 to 08/15/03, Singleton paid a total of $196,504.64 in premiums to insurance carriers on the policies placed on its behalf by Marsh, and paid $30,667.17 in commissions to Marsh, for a total amount of premiums and fees of $227,171.81.

9.     The total amount of insurance premiums paid to insurance carriers on the policies placed on behalf of Singleton by Marsh during the period of time allegedly relevant to this lawsuit and commissions paid to Marsh for those policies is $461,627.84.

10.     As is evident from the purported Third-Party Complaint, third-party plaintiffs allege damage in the form of "loss of insurance premiums and fees" paid to third-party defendants. (Third Party Compl. ¶ 26). As such, third-party plaintiffs clearly

seek damages in excess of the threshold required for diversity jurisdiction under 28 U.S.C. § 1332.

FURTHER, THE AFFIANT SAYETH NOT:

_Cliona A. Levy_
Cliona A. Levy

STATE OF NEW YORK        )
NEW YORK COUNTY          )

I, the undersigned authority, a Notary Public hereby certify that Cliona A. Levy, whose name is signed to the foregoing instrument, and who is known to me, swore before me on this date that the statements set forth in this Affidavit are based on her personal knowledge, that these statements are made under oath and that she executed this Affidavit voluntarily on the day the same bears date.

SWORN TO AND SUBSCRIBED BEFORE me this the 29th day of FEB., 2008.

_Notary Public_
Notary Public

My Commission Expires: 6/18/2010

MICHAEL J. CINCOTTA
Notary Public, State of New York
No. 01CI4968189
Qualified in Kings County
Commission Expires June 18, 2010

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

VILLAGE MANOR, INC.,           *
CLEVELAND DEVELOPMENT,         *
INC., SOUTHEASTERN LIHTC       *
MANAGEMENT, INC., R. TIMOTHY   *
SINGLETON, SINGLETON &         *    CIVIL ACTION NO.:
ASSOCIATES, INC.,              *
                               *    _____
        Plaintiffs,            *
                               *
v.                             *
                               *
ARCH SPECIALTY INSURANCE       *
COMPANY, SCOTTSDALE            *
INSURANCE COMPANY, CHUBB       *
INSURANCE COMPANY, MARSH       *
USA, INC.,                     *
                               *
        Defendants.            *


## AFFIDAVIT OF LOUIS GETZ, III

Before the undersigned, a notary public in and for said county and state,

personally appeared Louis Getz, III, who upon oath, deposes and says as

follows:

1.    My name is Louis Getz, III; I have personal knowledge of the facts

stated herein.

2.    I am an employee of Scottsdale Insurance Company.

3.    I am giving this affidavit in support of a notice of removal filed in



the above styled matter.

    4.    Scottsdale Insurance Company is, and was at the institution of this civil action, a corporation organized under the laws of the State of Ohio with its principal place of business in Scottsdale, Arizona. Scottsdale Insurance Company is not, and was not at the time of the institution of this civil action, a citizen of the State of Alabama or the State of Tennessee.

_____
Louis Getz, III

State of Arizona      )
County of Maricopa   )

    I, the undersigned Notary Public, in and for said County and State, hereby certify that **Louis Getz, III** whose names is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he executed the same voluntarily on the day the same bears date.

    Given under my hand and Official Seal on this the 24th day of February, 2008.

OFFICIAL SEAL
SUSAN McROBERTS
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires March 22, 2008

_____
NOTARY PUBLIC

Commission Expires: March 22, 2008

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Village Manor, Inc.,            )
Cleveland Development, Inc.,    )
Southeastern LIHTC Management,  )
Inc., R. Timothy Singleton,    )
and Singleton & Associates,    )
Inc.,                          )
                               )
        Plaintiffs,            )
                               )  CIVIL ACTION NO.:
vs.                            )
                               )
Arch Specialty Insurance       )
Company, Scottsdale Insurance  )
Company, Chubb Insurance       )
Company, and March USA, Inc.,  )
                               )
        Defendants.            )

AFFIDAVIT OF JOY RALSTON

        Before the undersigned, a notary public in and for said county and state, personally appeared Joy Ralston, who upon oath, deposes and says as follows:

        1.  My name is Joy Ralston; I have personal knowledge of the facts stated herein.

        2.  I am an employee of Chubb & Son, a Division of Federal Insurance Company.  I am employed as a Litigation Examiner.

        3.  I am giving this Affidavit in support of a Notice of Removal filed in the above-styled case.

        4.  Federal Insurance Company, incorrectly identified as "Chubb Insurance Company" in the "Third-Party Complaint" filed on behalf of Village Manor, Inc., Cleveland Development, Inc.,


EXHIBIT
F

Southeastern LHTC Management, Inc., R. Timothy Singleton, and Singleton & Associates, Inc. is, and was at the institution of this civil action, a corporation organized under the laws of the State of Indiana with its principal place of business in the State of New Jersey.  Federal Insurance Company is not, and was not at the time of the institution of this action, a citizen of the State of Alabama or the State of Tennessee.

JOY RALSTON

Sworn to and subscribed before me
on this 3ʳᵈ day of _____
2008.

MARK F. PASS
Notary Public-Gwinnett County, Georgia
My Commission Expires August 17, 2009

Notary Public _____

My Commission Expires: 8/17/09

ELECTRONICALLY FILED
11/2/2007 10:52 AM
CV-2005-002795.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KEYCORP INVESTMENT, LTD. III, et al., | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )    CIVIL ACTION NO: CV-05-2795 |
| | ) |
| VILLAGE MANOR, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW the Defendants Village Manor, Inc.; Cleveland Development, Inc.; Southeastern LIHTC Management, Inc.; R. Timothy Singleton; and Singleton & Associates, Inc. (collectively, "Defendants") and the Plaintiffs, KeyCorp, Investment, Limited Partnership III; Village Manor Limited; Cleveland Apartments, L.P.; Wentwood Housing Fund XIII, GP., Inc.; and Wentwood Housing Fund XV, GP, Inc., (collectively, "Plaintiffs"), and hereby give notice that the parties have reached a settlement and therefore Plaintiffs dismiss with prejudice all claims asserted in this matter. Costs are taxed as paid with each party bearing his/her/its own attorney fees.

Respectfully submitted,

s/ Eugene P. Stutts
Eugene P. Stutts (STU003)
Thomas S. Hiley (HIL047)
Attorneys for Defendants,
Village Manor, Inc.; Cleveland
Development, Inc.; Southeastern LIHTC
Management, Inc.; R. Timothy Singleton;
and Singleton & Associates, Inc.



EXHIBIT

6

**OF COUNSEL:**

SPAIN & GILLON, LLC
The Zinszer Building
2117 Second Avenue North
Birmingham, AL 35203
Phone: (205) 328-4100
Fax:    (205) 324-8866
Email: cps@spain-gillon.com
        tsh@spain-gillon.com

                                           s/ David W. Henderson
                                           David W. Henderson (HEN072)
                                           Attorney for Plaintiffs

**OF COUNSEL:**

HILL, HILL, CARTER, FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, AL 36101-0116
(334) 834-7600

                                           s/ Robert N. McGehee, Jr.
                                           Robert N. McGehee, Jr.
                                         Attorney for Plaintiffs

**OF COUNSEL:**

4200 West Vickery, Suite 101
Fort Worth, TX 76107

## CERTIFICATE OF SERVICE

I hereby certify that on **November 29, 2007,** I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to all counsel of record.

And I hereby certify that I have mailed the foregoing by United States Postal Service to the following non-electronic participants:

Robert N. McGehee, Jr., Esq.
4200 West Vickery, Suite 101
Fort Worth, TX 76107

<div style="text-align: right;">

s/ Eugene P. Stutts
Of Counsel

</div>

3





IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Village Manor, Inc.,               )
Cleveland Development, Inc.,       )
Southeastern LIHTC Management,)
Inc., R. Timothy Singleton,        )
and Singleton & Associates,        )
Inc.,                              )
                                   )
      Plaintiffs,                  )
                                   )  CIVIL ACTION NO.:
vs.                                )
                                   )
Arch Specialty Insurance           )
Company, Scottsdale Insurance      )
Company, Chubb Insurance           )
Company, and March USA, Inc.,      )
                                   )
      Defendants.                  )

JOINDER IN AND CONSENT TO REMOVAL

       Comes now Federal Insurance Company, incorrectly identified
previously as "Chubb Insurance Company," by and through its
undersigned counsel, and joins in and consents to the removal of
the above-styled case from the Circuit Court of Montgomery County,
Alabama, to the United States District Court for the Middle
District of Alabama, Northern Division. Defendant's Joinder in and
Consent to Removal is without waiver of any defenses, including,
but not limited to, lack of standing, lack of ripeness, lack of
personal jurisdiction, and improper venue.

       Respectfully submitted this 29th day of February, 2008.



s/Walter J. Price
Walter J. Price, III
Attorney for said Defendant
d/b/a Lane Company
HUIE, FERNAMBUCQ & STEWART,LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, Alabama 35223
Phone: (205)251-1193
Fax: (205)251-1256
Email: WJP@hfsllp.com
ASB-0127-c66w


## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of February, 2008, I
electronically filed the foregoing with the Clerk of the Court
using E-File system which will send notification of such filing to
the following attorneys and mailing the document via U. S. Mail to
the attorneys who are non-participants to the E-File system:

Michael Guy Holten, Esquire
FULLER, TAYLOR & HOLTEN, P.C.
5748 Carmichael Parkway
Suite D
Montgomery, AL 36117

Spence A. Singleton, Esquire
Post Office Box 240894
Montgomery, AL 36124

John D. Bond, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
100 North Tryon Street
Suite 2690
Charlotte, NC 28202

Robert E. Poundstone, IV, Esquire
BRADLEY, ARANT, ROSE & WHITE, LLP
Alabama Center for Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104

Matthew W. Robinette, Esquire
Thomas A. Kendrick, Esquire
NORMAN, WOOD, KENDRICK & TURNER
Financial Center - Suite 1600
505 20th Street North
Birmingham, AL 35203

Edgar M. Elliott, IV, Esquire
Michael A. Vercher, Esquire
CHRISTIAN & SMALL, LLP
505 North 20th Street
Suite 1800
Birmingham, AL 35203


                             s/Walter J. Price
                             OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

VILLAGE MANOR, INC.,                          *
CLEVELAND DEVELOPMENT,                         *
INC., SOUTHEASTERN LIHTC                       *
MANAGEMENT, INC., R. TIMOTHY                   *
SINGLETON, SINGLETON &                         *    CIVIL ACTION NO.:
ASSOCIATES, INC.,                             *
                                              *
        Plaintiffs,                           *    _____
                                              *
v.                                            *
                                              *
ARCH SPECIALTY INSURANCE                       *
COMPANY, SCOTTSDALE                            *
INSURANCE COMPANY, CHUBB                        *
INSURANCE COMPANY, MARSH                        *
USA, INC.,                                     *
                                              *
        Defendants.                           *

## JOINDER IN AND CONSENT TO REMOVAL

COMES NOW Scottsdale Insurance Company ("Scottsdale"), by and

through its undersigned counsel, and joins in and consents to the removal of

the above-styled case from the Circuit Court of Montgomery County,

Alabama, to the United States District Court for the Middle District of

Alabama, Northern Division. Scottsdale's joinder in and consent to removal

is without waiver of any defenses, including, but not limited to, lack of

personal jurisdiction, insufficient process, insufficient service of process,

EXHIBIT

J

ALL-STATE LEGAL®

improper venue, failure to state a claim upon which relief can be granted, the subject Third-Party Complaint is improper and due to be dismissed by this court, and failure to join a party under F.R.C.P. 19.

As set forth in Scottsdale's affidavit in support of the Notice of Removal, Scottsdale's state of incorporation is Ohio and its principal place of business is located in Scottsdale, Arizona.

Attached hereto is Scottsdale Insurance Company policy number BCS0009542 naming as the insured Singleton & Associates, Inc. with a policy period of January 1, 2005 to January 1, 2006.

Signed this the 3rd day of March, 2008.

_____
Edgar M. Elliott, IV (ASB-1083-E61E)
Michael A. Vercher (ASB-4976-H32M)
Attorneys for Defendant Scottsdale
Insurance Company

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
Telephone:      (205) 795-6588
Facsimile:  (205) 328-7234
emelliott@csattorneys.com
mavercher@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the above and foregoing upon all counsel of record in this cause by placing a copy of same in the United States mail, postage prepaid, addressed as follows on this the  day of 3rd day of March, 2008:

Michael Guy Holton
FULLER, TAYLOR & HOLTON, P.C.
5748 Carmichael Parkway
Suite D
Montgomery, AL 36117

Spence A. Singleton
P.O. Box 240894
Montgomery, AL 36124

Walter J. Price, III
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
Suite 200
2801 Highway 280 South
Birmingham, AL 35223-2484

Robert E. Poundstone, IV
BRADLEY, ARANT, ROSE & WHITE, LLP
Alabama Center for Commerce
401 Adams Avenue
Suite 780
Montgomery, AL 36104

Thomas A. Kendrick
Matthew W. Robinett
NORMAN, WOOD, KENDRICK & TURNER
Financial Center
Suite 1600
505 20th Street North
Birmingham, AL 35203


_____
OF COUNSEL

| Renewal of Number | | Policy Number |
|---|---|---|
| NEW | | BCS0009542 |

## ᛘᚫ SCOTTSDALE INSURANCE COMPANY®

Home Office:
One Nationwide Plaza - Columbus, Ohio 43215
Administrative Office:
8877 North Gainey Center Drive, Scottsdale, Arizona 85258
1-800-423-7675 (outside Arizona)
A STOCK COMPANY

### COMMON POLICY DECLARATIONS

__Item 1.   Named Insured and Mailing Address__

SINGLETON & ASSOCIATES, INC.;
SEE SCHEDULE OF NAMED INSUREDS
2302 WYNOAKS DR
PRATTVILLE AL 36067

__Agent Name and Address__

HEATH INSURANCE BROKERS INC
2859 PACES FRY RD STE 1500
ATLANTA GA 30339-6211

Agent No.  10714          Program No.:  NONE

| Item 2.   Policy Period | From: | 01-01-05 | To: | 01-01-06 | Term: 1 · Year |
|---|---|---|---|---|---|

12:01 A.M., Standard Time at your mailing address

BROKERAGE
CASUALTY

Business Description:       APARTMENT OWNER

In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy. This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | | Premium |
|---|---|---|
| Commercial General Liability Coverage Part | $ | 63,000.00 |
| Commercial Property Coverage Part | $ | NOT COVERED |
| Commercial Crime Coverage Part | $ | NOT COVERED |
| Commercial Inland Marine Coverage Part | $ | NOT COVERED |
| Commercial Auto (Business Auto or Truckers) Coverage Part | $ | NOT COVERED |
| | | |
| Commercial Garage Coverage Part | $ | NOT COVERED |
| Professional Liability Coverage Part | $ | NOT COVERED |
| | $ | |
| | $ | |
| | Total Policy Premium | $ | 63,000.00 |
| | $ | |
| | $ | |

Form(s) and Endorsement(s) made a part of this policy at time of issue:

See Schedule of Forms and Endorsements

THIS COMMON POLICY DECLARATION AND THE SUPPLEMENTAL DECLARATION(S), TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE PART(S), COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, COMPLETE THE ABOVE NUMBERED POLICY.

OPS-D-1 (12-00)

## COMPANY ISSUED POLICY

EXHIBIT
Attachment to
Scottsdale's Joinder
in and Consent to
Removal

# SCOTTSDALE INSURANCE COMPANY®

## COMMERCIAL GENERAL LIABILITY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

Policy No. BCS0009542

Named Insured SINGLETON & ASSOCIATES, INC.;

Effective Date: 01-01-05
12:01 A.M., Standard Time

Agent No. 10714

**Item 1.   Limits of Insurance**

| Coverage | Limit of Liability | |
|---|---|---|
| Aggregate Limits of Liability | $ 2,000,000 | Products/Completed Operations Aggregate |
| | $ 2,000,000 | General Aggregate (other than Products/Completed Operations) |
| Coverage A - Bodily Injury and Property Damage Liability | $ 1,000,000 | any one occurrence subject to the Products/Completed Operations and General Aggregate Limits of Liability |
| Damage To Premises Rented To You | $ 50,000 | any one premises subject to the Coverage A occurrence and the General Aggregate Limits of Liability |
| Coverage B - Personal and Advertising Injury Liability | $ 1,000,000 | any one person or organization subject to the General Aggregate Limits of Liability |
| Coverage C - Medical Payments | $ NOT COVERED | any one person subject to the Coverage A occurrence and the General Aggregate Limits of Liability |

**Item 2.   Form of Business and Location of Premises**

Form of Business: APARTMENT OWNER

☐ Individual   ☐ Partnership   ☐ Joint Venture   ☐ Trust   ☐ Limited Liability Company

☒ Organization including a corporation (other than Partnership, Joint Venture or Limited Liability Company)

Location of All Premises You Own, Rent or Occupy:

   See Schedule of Locations

**Item 3.   Forms and Endorsements**

Form(s) and Endorsement(s) made a part of this policy at time of issue:

   See Schedule of Forms and Endorsements

**Item 4.   Premiums**

| | | |
|---|---|---|
| Coverage Part Premium: | $ | 63,000.00 |
| Other Premium: | $ | |
| Total Premium: | $ | 63,000.00 |

THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.

CLS-SD-1t (08/01)                                    Home Office Copy