IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGLETON & ASSOCIATES, INC.,** | * * * * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO.: 2:08-CV-00149-MHT-SRW |
| v. | * * | |
| **ARCH SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MARSH USA, INC.,** | * * * * * | |
| Defendants. | * | |

**<u>DEFENDANT SCOTTSDALE INSURANCE COMPANY'S
BRIEF IN SUPPORT OF REMOVAL JURISDCITION</u>**

**COMES NOW** a defendant, Scottsdale Insurance Company ("SIC"), and submits the following brief in support of removal jurisdiction requested by the court in its order entered March 28, 2008 (Doc. 46).

1

**A.     There is complete diversity of citizenship.**

The Third Party Complaint states that the plaintiffs are citizens of Alabama and Tennessee. (Third Party Complaint, paragraphs 1-5). SIC is incorporated in Ohio with is principal place of business in Arizona. (Louis Getz Affidavit, paragraph 4, attached to SIC's Joinder in Notice of Removal). Defendant Arch Speciality Insurance Company ("Arch") is incorporated in Nebraska with its principal place of business in Nebraska. (Marc Lanzkowsky Affidavit, paragraph 4, attached to Notice of Removal). Defendant Federal Insurance Company ("Federal") is incorporated in Indiana with its principal place of business in New Jersey. (Joy Ralston Affidavit, paragraph 4, attached to the Notice of Removal). Defendant Marsh USA. Inc. ("Marsh") is incorporated in Delaware with its principal place of business in New York. (Cliona Levy Affidavit, paragraph 2, attached to the Notice of Removal).

**B.     Defendants met their burden to prove the amount in controversy requirement for diversity jurisdiction.**

   **1.     Plaintiffs' $125,000 settlement demand establishes the amount in controversy requirement for diversity jurisdiction.**

In support of removal, defendants submitted an affidavit of Marc Lanzkowsky establishing that, prior to filing the Third Party Complaint, the plaintiffs made a $125,000 settlement demand to Arch. (Lanzkowsky

Affidavit, Exhibit B to Notice of Removal). This court has held that evidence of a $150,000 settlement demand established the amount in controversy requirement for diversity jurisdiction in <u>Bankhead v. American Suzuki Motor Corp.</u>, 529 F.Supp.2d 1329 (M.D. Ala. 2008).

> **2. The face of the Third Party Complaint and evidence submitted with the Notice of Removal establish that the amount in controversy requirement is met.**

The Third Party Complaint claims that the plaintiffs suffered damages in the form of "loss of insurance premiums and fees" paid to the defendants as well as "costs associated with having to defend against the underlying action." (Third Party Complaint, paragraph 42).

Defendants established at the time of removal that the premiums and commission fees paid by the plaintiffs for policies obtained by Marsh totaled $461,627.84. (Levy Affidavit, attached to Notice of Removal). At the time this matter was removed, the defendants proved by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.

**C. The removal was timely.**

The Third Party Complaint was filed in an action that was already terminated by operation of law and dismissed in its entirety, with prejudice. As a result, the Third Party Complaint was an "initial pleading" setting forth a

claim that was properly removed to this court within thirty (30) days pursuant to 29 U.S.C. § 1446.

KeyCorp Investment Limited Partnership III, Village Manor Limited, and Cleveland Apartments LP (collectively "KeyCorp") filed a complaint in the Circuit Court of Montgomery County, Alabama, CV-2005-2795 ("Original Action") on October 31, 2005.  The following individuals and entities, relevant to the allegations in the present matter, were named as defendants in that case: Village Manor, Inc. ("Village Manor"), Cleveland Development, Inc. ("Cleveland Development"), Southeastern LIHTC Management, Inc. ("Southeastern"), R. Timothy Singleton ("Singleton") and Singleton & Associates, Inc. ("Singleton & Associates").[1]

On November 29, 2007, the remaining parties to the Original Action signed and filed a properly executed Joint Stipulation of Dismissal With Prejudice informing the court that settlement was reached and the case was dismissed in its entirety.  Although not necessary to dismiss the case (discussed herein), Judge Price entered an order granting the stipulation of dismissal on December 5, 2007.

---

[1] On October 2, 2007, George Kershaw, Ron Dearlof, and Jeffery Brooks, the other named defendants to the Original Action, were dismissed from the case with prejudice.

On January 28, 2008, Village Manor, Cleveland Development, Southeastern, Singleton, and Singleton & Associates ("plaintiffs") filed a pleading styled Third Party Complaint asserting for the first time claims against Marsh, SIC, Federal and Arch.

Under both the Alabama and Federal Rules of Civil Procedure, a third party complaint is not proper if more than ten (10) days have passed after filing the original complaint, <u>unless leave of court is requested and granted</u>. A.R.C.P. 14 (a); F.R.C.P. 14(a)(1). Plaintiffs did not request and were not granted leave to file the Third Party Complaint. The Third Party Complaint was an improper and invalid pleading at the time it was filed because it did not comply with A.R.C.P. 14.

Further, the Third Party Complaint was filed after the Original Action was dismissed rendering the same a nullity. Alabama Rule of Civil Procedure 41(a)(1)(ii) provides that an action may be dismissed by the plaintiff, <u>without order of the court</u>, "by filing a stipulation of dismissal signed by all parties who have appeared in the action." <u>See also</u>, F.R.C.P. 41(a)(1)(A)(ii) ("Rule 41 Dismissal of Action (a) Voluntary Dismissal. (1) By the Plaintiff. (A) Without Court Order. . . . the plaintiff may dismiss an action without court order by filing: (ii) a stipulation of dismissal signed by all parties who have appeared.")

The Original Action was terminated following the remaining parties filing the joint stipulation of dismissal on November 29, 2007 and all further proceedings in that action, including the Third Party Complaint, were void. Greene v. Town of Cedar Bluff, 965 So.2d 773 (Ala. 2007). In Greene, the Alabama Supreme Court relied, in part, on federal decisions that held that the filing of a joint stipulation of dismissal by all remaining parties is effective immediately and does not require judicial approval. See, First National Bank of Toms River, N.J. v. Marine City, Inc., 411 F.2d 674 (3rd Cir. 1969); see also, Orange Theater Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 186-87 (3rd 1942)(recognizing that F.R.C.P. 41 stipulations of dismissal by all parties do not require court approval).

The Third Party Complaint failed to comply with the requirements of A.R.C.P. 14 at the time it was filed and is therefore an improper and invalid pleading. In addition, the Original Action was terminated both by operation of law and by the court's order granting the stipulation of dismissal prior to the filing of the Third Party Complaint rendering the same ineffective, null and void. As a result, the Third Party Complaint is not connected to the Original Action. It was an "initial pleading" that was timely removed to this court within

thirty (30) days of the first service of the Third Party Complaint upon any removing party pursuant to 28 U.S.C. § 1446.

**D.   The fact that the Third Party Complaint was improperly filed, null and void does not deprive this court of jurisdiction.**

As set forth above, the Third Party Complaint was improperly filed and is due to be dismissed by this court.  The plaintiffs' action of filing the Third Party Complaint against the defendants nevertheless instituted (however brief the action will remain pending) a controversy that was properly removed to this court.  This court previously recognized that, right or wrong, whether a state court pleading properly added parties to litigation was a proper matter for a federal court to address in this context.  <u>See</u>, <u>Castleberry v. Goldome Credit Corp.</u>, 969 F.Supp. 705, 711 (M.D. Ala. 1997).

In <u>Castleberry</u>, the plaintiffs filed a lawsuit in state court charging Goldome Credit with fraud in connection with mortgage loans.  The complaint was later amended to add Daiwa Finance as a defendant.  Daiwa filed an answer and five (5) months later, it filed a cross-claim against Goldome. In the cross-claim, Daiwa added the FDIC as defendants.  The FDIC removed the case to federal court.  Plaintiffs moved for a remand based, in part, on the argument that Daiwa's cross-claim adding the FDIC (the act that made the case removable pursuant to 12 U.S.C. § 1819(b)(2)(B)) was a nullity.

Specifically, plaintiffs argued that Daiwa's failure to obtain leave of court prior to filing the cross-claim rendered the addition of the FDIC a nullity and required a remand to state court. This court rejected that argument reasoning that rightly or wrongly, the FDIC was added to the proceedings and it was "up to this federal court to decide whether they have been properly added." Id. at 711.

In this case, the defendants were made parties to a controversy through an invalid and void Third Party Complaint. The fact that the Third Party Complaint was improperly filed and is due to be dismissed is a matter that this court can and should decide. Further, issues regarding the propriety of the Third Party Complaint under state procedural laws do not deprive this court of jurisdiction. As set forth in Castleberry, "Technicalities of state law . . . are ignored, just as state law generally is disregarded, when removal is considered. This approach is both practically desirable and perfectly consistent with the purposes and language of the federal removal statute." Id. at 711 quoting 14A Charles A. Wright, et al. Federal Practice and Procedure § 3732 at 516 (discussing removal under 28 U.S.C. 1446).

Wherefore, the above premises considered, this court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

                                          /s/ Michael A. Vercher
                                          Michael A. Vercher (ASB-4976-H32M)
                                          One of the Attorneys for Defendant Scottsdale Insurance Company

OF COUNSEL:

CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203
Telephone:     (205) 795-6588
Facsimile:  (205) 328-7234
mavercher@csattorneys.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

                                        /s/ Michael A. Vercher
                                        OF COUNSEL