IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VILLAGE MANOR, INC., et.al.** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| ) | |
| vs. ) | CASE No.: 2:08-cv-00149-MHT-SRW |
| ) | |
| **ARCH SPECIALTY INSURANCE, et.al.** ) | |
| ) | |
| **DEFENDANTS.** ) | |

### BRIEF REGARDING REMOVAL JURISDICTION

**COME NOW**, all Third Party Plaintiffs, by and through the undersigned counsel of record and make this their Brief in Response to this Honorable Court's Order Regarding Removal Jurisdiction and state as follows;

    A.    **Removal jurisdiction and diversity.**

Plaintiffs make no objection to this Honorable Court's removal jurisdiction and agree that complete diversity exists among the parties as necessary to invoke this Honorable court's jurisdiction over the matters.

    B.    **Response to matters of dismissal as plead by Defendants in their Brief regarding removal jurisdiction.**

Defendants argument for dismissal of Plaintiffs Third Party Complaint is devoid of merit inasmuch as Third Party Plaintiffs stipulation to dismissal in the underlying state court action has no bearing on the timeliness of the Third Party Complaint. Moreover, Third Party Plaintiffs hereto entered into the settlement agreement of the underlying state court action only after having fully given written notice to these Defendants of the terms of the settlement agreement and repeatedly requesting defense of the claims asserted in the state court Complaint. Defendants

hereto were on notice of the original complaint and each subsequent amended complaint filed against these Third Party Plaintiffs. Each such occurrence of notice was similar in that these Defendants each denied coverage and or denied a defense. These defendants have had every opportunity to provide a defense in good faith and to enter into a position of defense if they were dissatisfied or in disagreement with the terms of the settlement agreement, the simply did nothing. The fact that the stipulation of dismissal was entered into is not in and of itself a conclusive determination that the Third Party Plaintiffs are barred from seeking recourse through the filing of a complaint for bad faith whether said complaint be as a Third Party action or as a new complaint, the latter being presumed by the pleadings o Defendants thus far. The Alabama Supreme Court has held:

> "...when an insure denies coverage and absolutely refuses to defend an action against an insured, when it could do so with reservation of its rights as to coverage, the legal consequence of such refusal is that it waives the provisions of the policy against a settlement by the insured and becomes bound to ay th amount of any settlement made in good faith plus expenses and attorneys' fees." *Liberty Mutual Insurance Company v. Wheelwright trucking Co., Inc.,* 851 So.2d 466 (Ala.2002), citing to *Georgia Southern & florida Ry. V/United States Cas. Co.*, 97 Ga.App. 242,244, 102 S.E.2d 500 (1958), Atlanta Milling Co. V. Norris Grain Co., 271 F.2d 452 (5th Cir. 1959).

Defendants were put on notice of each and every complaint, amended complaint, and ultimately the terms of the settlement agreement in the underlying state court action. (Please see "Third Party Plaintiffs Exhibit 1a-g", letters of notice sent to each Defendant, and attached hereto).

Defendants hereto had ample and opportunity to enter a positions of providing a defense, however, they simply chose not to do so. Now Defendants seek to once again deprive these Third Party Plaintiffs by attempting to dissolve the legal remedy sought in the above styled cause of action by claiming that because the Third Party Plaintiffs entered into a settlement agreement

and stipulation of dismissal they have no recourse and have untimely sought the only remaining legal remedy. If in fact stipulation of dismissal were allowed to effectively terminate any opportunity of recourse for the bad faith failure to defend and indemnify an insured, then there would likely never be either a stipulation of dismissal as the result of a settlement agreement nor, and likewise, would there ever be a bad faith claim brought by and undefended insured against its presumed insurer after entering a settlement agreement in his/her/its own defense.

The instant Defendants have had opportunity to defend against the original claims in the State Court Complaint and Amended Complaints, again they refused.

> "However, if the indemnitor has been given notice of the action against the indemnitee and has been given an opportnity to defend or to settle the action, then the indemnitor is precluded from contesting the indemnitee's liability in a *subsequent indemnity or third party action*." *Watts v. Talladega Fed. Sav. & Loan Ass'n*., 445 So.2d 316,320(Ala.Civ.App.184). [emphasis added]

The instant action is proper, timely, and an appropriate means by which these Third Party Plaintiffs can seek their justice and recourse.

**WHEREFORE**, Third Party Plaintiffs respectfully pray this Honorable Court will maintain jurisdiction, and , further, disregard the Defendants arguments for dismissal filed in Brief to Your Honor's Order regarding removal jurisdiction.

**RESPECTFULLY SUBMITTED** this the 4th day of April, 2008.

/s/ Michael Guy Holton
ASB-9926-L72H
Michael Guy Holton
Attorney for Plaintiffs
FULLER, TAYLOR & HOLTON, P.C.
57 48 Carmichael Parkway, Ste D.
Montgomery, Alabama 36117
(334) 514-6003 Direct

## CERTIFICATE OF SERVICE

I do hereby certify that /I have served a copy of the foregoing on the below listed counsel of record by filing same via CM/ECF electronic filing on this the 4th day of April, 2008.

Robert E. Poundstone, IV, Esq.
John D. Bond, III, Esq.
Walter J. Price, III. Esq.
Edgar M. Elliot, Esq.
Michael A. Vercher, Esq.
Matthew W. Robinett, Esq.
Thomas A. Kendrick, Esq.
David W. Henderson, Esq.
Michael J. Cohan, Esq.

/s/ Michael Guy Holton
OF COUNSEL



## SCOTTSDALE INSURANCE COMPANY®

August 14, 2007

Certified Mail/Return Receipt Requested

Singleton & Associates
Attn: R. Timothy Singleton
P.O. Box 680548
Prattville, AL 36068

RE: Insured: Singleton & Associates
    Claimant: KeyCorp Investment et al
    Our File #: 1005670-78
    Policy #: BCS0009542; effective January 1, 2005 - 2006
    Policy Limit: $1,000,000

Dear Mr. Singleton:

This will acknowledge receipt of the Second Amended Summons and Complaint styled KeyCorp Investment et al v. Village Manor Inc et al. This matter is pending in Montgomery County, AL. Case #: CV-2005-2795.

As you may recall, in November 2005, Scottsdale originally addressed the allegations contained within this litigation. Our review of the Second Amended complaint indicates that the sole change in allegations was to add Singleton & Associates as a party defendant. Singleton & Associates is one of several named insureds under the Scottsdale policy. However, the evaluation of coverage remains unchanged from our November 2005 disclaimer. These allegations fail to trigger the Insuring Agreements of the Scottsdale policy and therefore no coverage is available for any defendant who qualifies as an insured. Enclosed please find a copy of our prior correspondence addressing coverage for your reference.

Based on the failure to trigger the Insuring Agreements of our policy, Scottsdale Insurance Company respectfully denies coverage for this matter. Scottsdale Insurance Company further respectfully declines to defend or indemnify the insured(s) for this claim for damages to which this insurance policy does not apply.

We respectfully reserve the right to conduct further investigation and evaluation upon receipt of any new and/or additional information suggesting that any of the conclusions above are

Claims Division
P.O. Box 4120                 8877 N. Gainey Center Dr.    (480) 365-4000    1-800-423-7675
Scottsdale, AZ 85261-4120     Scottsdale, AZ 85258         FAX 480-483-6752                    A Nationwide Company

Singleton & Associates
Page 2

incorrect. If you believe that our conclusions are incorrect, please notify us forthwith to discuss the matter further. If you receive additional documents, including but not limited to a Summons and Complaint, which may cause us to alter our evaluation, please forward those to us as soon as possible for further review to determine the applicability of your policy as there may be changes in the type of claim being made. Our decision on coverage is based on the facts as presented to us to date and should not be construed as applicable to a new claim or lawsuit. Our right to have notice of either situation is reserved, as are the notice conditions of the policy.

This letter is not a waiver of any and all rights Scottsdale Insurance Company may have under the subject policy. All rights whether specifically stated here or not and whether known or unknown, are hereby explicitly reserved. In investigating any claim, defending any suit, or attempting any compromise settlement, Scottsdale Insurance is not waiving any rights nor admitting any obligation under the policy. Should you have any questions regarding our position, please feel free to contact my office to discuss. Waiving none and reserving all rights under the subject policy, we remain.

Sincerely,

Dean W. Clause, CPCU
Senior Claim Specialist
Extension 2743


cc:   Colemont Insurance Broker
      Agent #: 10714

      J. Smith Lanier & Co.
      Attn: Bernadette Thompson
      P.O. Box 1997
      Columbus, GA  31902



SCOTTSDALE INSURANCE COMPANY®

November 29, 2005

Certified Mail/Return Receipt Requested

Singleton & Associates
Attn:  R. Timothy Singleton
P.O. Box 680548
Prattville, AL  36068

RE:  Insured:      Singleton & Associates
     Claimant:     KeyCorp Investment et al
     Our File #:   1005670-78
     Policy #:     BCS0009542; effective January 1, 2005 – 2006
     Policy Limit: $1,000,000

Dear Mr. Singleton:

This will acknowledge receipt of the Summons and Complaint styled KeyCorp Investment et al v. Village Manor Inc et al. This matter is pending in Montgomery County, AL, Case #: CV-2005-2795.

In their complaint, plaintiffs allege Fraud/Reckless and Intentional Misconduct; Fraud/Innocent Misrepresentation; Fraud/Willful & Wanton Misrepresentation; Fraud/Deceit; Fraud/Suppression; Breach of Fiduciary Duty; Conversion; Breach of Contract and Negligence & Wantonness. This dispute appears to arise from a dispute between partners in several apartment/real estate investments.

Please be advised that Scottsdale Insurance Company issued Singleton & Associates, a Commercial General Liability policy, policy number BCS0009542; effective January 1, 2005 to January 1, 2006. This policy provides a $1,000,000 limit of liability with a $2,000,000 General Aggregate limit of liability and a $2,000,000 Products/Completed Operations Aggregate limit of liability. Coverage is afforded under this policy for "bodily injury" or "property damage" resulting from an occurrence during the policy period or an offense of "personal injury" or "advertising injury" during the policy period. This matter raises coverage issues which are discussed below.

This coverage is provided under Scottsdale Insurance Form CG 00 01 (10/01). Please refer to the Insuring Agreements of your Scottsdale Insurance policy which reads in part:

Claims Division
P.O. Box 4120           8877 N. Gainey Center Dr.   (480) 365-4000      1-800-423-7675
Scottsdale, AZ 85261-4120   Scottsdale, AZ 85258    FAX 480-483-6752                    A Nationwide® Company

Singleton & Associates
Page 2

## SECTION I – COVERAGES
### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

   b. This insurance applies to "bodily injury" and "property damage" only if:
      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
      (2) The "bodily injury" or "property damage" occurs during the policy period; and
      (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

   c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

   d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:
      (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;
      (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or
      (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

-- -- -- -- --

Singleton & Associates
Page 3

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement
   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
      (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance ; and
      (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

Please now refer to the Definitions Section of your policy, which reads in part:

6. "Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    a. False arrest, detention or imprisonment;
    b. Malicious prosecution;
    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f. The use of another's advertising idea in your "advertisement"; or
    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

Singleton & Associates
Page 4

b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

Please also refer to Section II – Who is an Insured which reads in part:

### SECTION II – WHO IS AN INSURED

1.  If you are designated in the Declarations as:
    d.  An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

Finally, please refer to the endorsements of your policy, specifically the endorsement titled Exclusion – Designated Professional Services, CG 21 16 (07/98) which reads in part:

### EXCLUSION – DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE

Description of Professional Services
ALL PROFESSIONAL SERVICES OF ANY INSURED

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any professional services shown in the Schedule, the following exclusion is added to Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" due to the rendering of or failure to render any professional service.

A copy of the above captioned litigation has been forwarded to Scottsdale for consideration. Initially, SIC notes that several parties involved in this litigation are listed as named insureds on the policy, specifically plaintiffs Village Manor Limited and Cleveland Apartments L.P. and defendants Southeastern LIHTC Management Inc. Other parties may qualify as insureds under the terms of Section II – Who is an Insured, such as R. Timothy Singleton. Other individual

Singleton & Associates
Page 5

parties and entities may also qualify as an insured, however Scottsdale does not have sufficient information to make a final determination on which parties to this litigation will definitively qualify as an insured under the terms of the policy. The declarations of the policy note that Singleton & Associates is an organization other than a partnership, joint venture or limited liability company. Please note that coverage for employees and/or officers of insured organizations is limited to duties as employees or officers of the organization.

Plaintiffs' allegations arise from the ownership and management of two apartment complexes located at 1122-A Spring Villa Circle, Birmingham, Alabama (Village Manor) and 2350 Blackburn Rd., Cleveland, Tennessee (Cleveland Apartments). Both properties are listed as insured locations on the SIC policy. The allegations in the complaint indicate that R. Timothy Singleton was the General Partner of these two properties from 1996/1997 to June 2005. It appears that Mr. Singleton may have had an ownership interest in both properties. Southeastern LIHTC Management Inc. appears to be the property management company on these two properties. In general, plaintiffs allege failure to provide proper maintenance and management of the properties allowing the properties to fall into disrepair and financial ruin. Additionally, plaintiffs allege that defendants improperly distributed funds from the apartment accounts.

The activities alleged and the Causes of Action resulting do not constitute either an occurrence as defined by the policy or an offense of personal and advertising injury. As there was no occurrence or offense of personal and advertising injury, the Insuring Agreements of the policy are not triggered and there cannot be coverage under the policy for these allegations.

Notwithstanding the failure to trigger the Insuring Agreement of the policy, the Designated Professional Exclusions Endorsement precludes all professional services of an insured. Some or all of the allegations of this complaint arise from the professional services of an insured. We suggest that you bring this matter to the attention of any other insurers which may provide coverage for these types of allegations, possibly a Directors and Officers policy.

Additionally, Scottsdale notes that a substantial portion of the alleged wrongdoing began some time prior to the inception of the Scottsdale policy, January 1, 2005. Based on the Insuring Agreement, there would be no coverage for any damages which occurred prior to the policy inception.

Based on the failure to trigger the Insuring Agreements of our policy noted above, Scottsdale Insurance Company respectfully denies coverage for the above captioned claim. Scottsdale Insurance Company further respectfully declines to defend or indemnify the insured(s) for this claim for damages to which this insurance policy does not apply.

We respectfully reserve the right to conduct further investigation and evaluation upon receipt of any new and/or additional information suggesting that any of the conclusions above are incorrect. If you believe that our conclusions are incorrect, please notify us forthwith to discuss the matter further. If you receive additional documents, including but not limited to a Summons and Complaint, which may cause us to alter our evaluation, please forward those to us as soon as possible for further review to determine the applicability of your policy as there may be changes in the type of claim being made. Our decision on coverage is based on the facts as

Singleton & Associates
Page 6

presented to us to date and should not be construed as applicable to a new claim or lawsuit. Our right to have notice of either situation is reserved, as are the notice conditions of the policy.

This letter is not a waiver of any and all rights Scottsdale Insurance/National Casualty Company may have under the subject policy. All rights whether specifically stated here or not and whether known or unknown, are hereby explicitly reserved. In investigating any claim, defending any suit, or attempting any compromise settlement, Scottsdale Insurance is not waiving any rights nor admitting any obligation under the policy. Should you have any questions regarding our position, please feel free to contact my office to discuss. Waiving none and reserving all rights under the subject policy, we remain.

Sincerely,

Dean W. Clause, CPCU
Senior Claim Specialist
Extension 2743


cc:    Colemont Insurance Broker
       Agent #: 10714

       J. Smith Lanier & Co.
       P.O. Box 1997
       Columbus, GA 31902

January 17, 2006

Arch Specialty Insurance

Re:     Claim filed 12/1/05
Policy Number    25RRGPP0293900-271  Arch Specialty Insurance
Policy Period     8/15/02 to 8/15/03

Dear Sirs,

I received a Summons and Complaint from the Circuit Court of Montgomery County, Alabama on approximately November 14, 2005.  I notified you by phone and email.  I also forwarded to you a copy of the lawsuit by email.

It has now been almost two months since I notified your company of the lawsuit but no action has been taken by my insurance company to defend me and my companies from these false claims.  I still have not received a letter or anything in writing advising me what you plan to do. I thought this type of circumstances is why I spend so much money on insurance. Due to your lack of action, I have had to pay a lawyer to file an answer to the lawsuit and I am sure another bill is on the way from an attorney that I should not have been forced to hire.

This letter is a plea to your company to defend me and my companies against these claims.  If your company is not going to protect my interest, would you please at least state it in writing?  I am not able to defend myself or companies against these accusations without going into debt that will surely force me into financial difficulties.  Again, this is the reason I pay my insurance premiums and I pay them on time.

Please respond to this letter in writing so that I may strategically determine my course of action.

Sincerely,


Tim Singleton

Cc:     J. Smith Lanier
        J & H Marsh



March 27, 2007

Marsh USA, Inc.
Insurance Coverages
601 Merrit 7 #6
Norwalk, CT. 06856

Re: Singleton & Associates, Inc.
Errors and Omissions Coverage

Dear Sirs:
For many years Marsh did serve as the insurance agent for my companies. In late 2005 several of my companies and me were served with a summons and complaint. These documents were timely forwarded to the various insurance companies represented by Marsh.

Each of those companies have stated that they did not provide coverage for the claims nor did they have coverage for me or my companies. I have letters from you annually that state the coverage we have along with proof of coverage provided for each of my companies. Again, the insurance companies have not provided the coverages that we paid for and you clearly and emphatically represented we were covered. We relied upon the stated coverages as protection for our business.

Now we have a major problem. Since I have letters from your company annually that we have errors and omission coverages then why are the insurance companies claiming there was none nor were they protecting my related companies under my umbrella policy? Every company has proof of coverage and each year you were provided the listings of my companies to be insured. These listings were acknowledged and coverage shown.

So I am going to allow a very short period of time here to rectify this situation. I paid for coverage and I demand coverage from the claims alleged in the attached litigation. I am attaching to this email the recently amended compliant and one of the many letters I have from you stating the coverages of my companies.

This is not just an issue of Marsh telling me verbally that I was covered. I have numerous letters specifically addressing the coverages that I am being denied now. I would expect a quick reply to this letter. I am also expecting full coverage and protection that I paid for and depended upon for my business.

8212 Marsh Pointe Court – Montgomery, AL 36117
Ph. (334) 279-7855  Fax (334) 279-1239

Page 2
Marsh Letter
March 27, 2007

My attorney has had correspondence with your company as to these issues but nothing has been done to rectify the issues created by the failure to provide proper and stated coverage.

Sincerely,

R. Timothy Singleton,
President – Singleton & Associated, Inc.
8212 Marsh Pointe Court
Montgomery, Al. 36117
334-279-7855


CC:   Spence Singleton, Esquire
      334-396-6434

Attachments:
Amended Compliant
Policy Numbers
One Marsh Letter stating coverage

November 8, 2007

Scottsdale Insurance Company
877 N. Gainey Center
Scottsdale, AZ 85258

Re: CV-2005-2795 Montgomery Circuit Court

Policy BCS0009542 Scottsdale Insurance Company
    1005670-78

Dear Sirs:

I have previously put your company on notice of the above referenced lawsuit against my companies and myself, Singleton & Associates, Southeastern LIHTC Management, Inc., R. Timothy Singleton, Village Manor, Inc., and Cleveland Development, Inc. You have refused to provide a defense in the original complaint and each amended complaint of which you have also been noticed.

I have, with aide of counsel, negotiated a good faith settlement of all claims as against the aforementioned entities. I am writing to advise you and place you on notice that a good faith settlement has been reached, although not concluded, in the amount of $125,000.00. I am asking you to either (1) approve the settlement; or (2) take over the defense on behalf of the aforementioned entities. Please provide notice to me in writing of your intent, if any, within the next ten business days as time is of the essence.

Sincerely,

R. Timothy Singleton


CC:   Guy Holton, Esq.

      Spence Singleton, Esq.


Sent by Email and Certified Letter

November 8, 2007

**Arch Specialty Insurance**
**1125 Sanctuary Parkway**
**Suite 100**
**Alpharetta, GA 30004**

**Marsh USA, Inc.**
**601 Merit 7 #6**
**Norwalk, CT 06856**

Re:   CV-2005-2795 Montgomery Circuit Court

Policy   25RRGPP0293900-271 Arch Specialty Insurance


Dear Sirs:

I have previously put your company on notice of the above referenced lawsuit against my companies and myself, Singleton & Associates, Southeastern LIHTC Management, Inc., R. Timothy Singleton, Village Manor, Inc., and Cleveland Development, Inc.  You have refused to provide a defense in the original complaint and each amended complaint of which you have also been noticed.

I have, with aide of counsel, negotiated a good faith settlement of all claims as against the aforementioned entities.  I am writing to advise you and place you on notice that a good faith settlement has been reached, although not concluded, in the amount of $125,000.00.  I am asking you to either (1) approve the settlement; or (2) take over the defense on behalf of the aforementioned entities.  Please provide notice to me in writing of your intent, if any, within the next ten business days as time is of the essence.

Sincerely



R. Timothy Singleton



CC:   Guy Holton, Esq.

       Spence Singleton, Esq.


Sent by email and certified mail

November 8, 2007

Chubb Insurance Company
Two Live Oak Center
3447 Peachtree Road
Suite 900
Atlanta, GA 30326-1276

Marsh USA, Inc.
601 Merit 7 #6
Norwalk, CT 06856

Re: CV-2005-2795 Montgomery Circuit Court

Policy 7976-52-95 Chubb Insurance Company

Dear Sirs:

I have previously put your company on notice of the above referenced lawsuit against my companies and myself, Singleton & Associates, Southeastern LIHTC Management, Inc., R. Timothy Singleton, Village Manor, Inc., and Cleveland Development, Inc. You have refused to provide a defense in the original complaint and each amended complaint of which you have also been noticed.

I have, with aide of counsel, negotiated a good faith settlement of all claims as against the aforementioned entities. I am writing to advise you and place you on notice that a good faith settlement has been reached, although not concluded, in the amount of $125,000.00. I am asking you to either (1) approve the settlement; or (2) take over the defense on behalf of the aforementioned entities. Please provide notice to me in writing of your intent, if any, within the next ten business days as time is of the essence.

Sincerely

R. Timothy Singleton

CC: Guy Holton, Esq.

    Spence Singleton, Esq.

Sent by email and certified letter

# SCOTTSDALE INSURANCE COMPANY®

November 9, 2007

Certified Mail/Return Receipt Requested

Singleton & Associates
Attn: R. Timothy Singleton
P.O. Box 680548
Prattville, AL 36068

RE: Insured: Singleton & Associates
Claimant: KeyCorp Investment et al
Our File #: 1005670-78
Policy #: BCS0009542; effective January 1, 2005 – 2006
Policy Limit: $1,000,000

Dear Mr. Singleton:

This will acknowledge receipt of your November 8, 2007 correspondence. You have advised that your defense team has negotiated a resolution to the litigation for the sum of $125,000. As you are aware, Scottsdale has previously reviewed the allegations contained in this litigation and advised that there was no coverage available under the Scottsdale policy.

In your correspondence, you have requested that Scottsdale either (1) approve the settlement (and assumedly pay the settlement amount) or (2) take over the defense. There is no change to Scottsdale's position with regard to the allegations contained within the complaint filed against you. The allegations in the complaint do not trigger the Insuring Agreements of the policy and therefore there cannot be coverage for these allegations.

Scottsdale Insurance Company respectfully declines your invitation to either fund the settlement or assume the defense for this claim for damages to which the insurance policy does not apply. If you have additional documents, which may cause us to alter our evaluation, please forward those to us

Claims Division
P.O. Box 4120                8877 N. Gainey Center Dr.   (480) 365-4000    1-800-423-7675
Scottsdale, AZ 85261-4120    Scottsdale, AZ 85258        FAX 480-483-6752            A Nationwide® Company

Singleton & Associates
Page 2

Sincerely,

*[signature]*

Dean W. Clause, CPCU
Senior Claim Specialist
Extension 2743

cc:   Colemont Insurance Broker
      Agent #: 10714

      J. Smith Lanier & Co.
      Attn: Bernadette Thompson
      P.O. Box 1997
      Columbus, GA  31902