IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **VILLAGE MANOR, INC., CLEVELAND DEVELOPMENT, INC., SOUTHEASTERN LIHTC MANAGEMENT, INC., R. TIMOTHY SINGLETON, SINGLETON & ASSOCIATES, INC.,** | * * * * * * | |
| Plaintiffs, | * | CIVIL ACTION NO.: |
| | * | 2:08-CV-00149-MHT-SRW |
| v. | * * | |
| **ARCH SPECIALTY INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, CHUBB INSURANCE COMPANY, MARSH USA, INC.,** | * * * * * * | |
| Defendants. | * | |

## DEFENDANT SCOTTSDALE INSURANCE COMPANY'S MOTION TO DISMISS

**COMES NOW** a defendant, Scottsdale Insurance Company ("SIC"), and requests this court dismiss this case on the grounds that at the time the Third Party Complaint was filed, the Original Action was terminated by operation of law, and the Third Party Complaint was an improper, void and invalid pleading. Dismissal of the Third Party Complaint is proper pursuant to Federal Rule of Civil Procedure 12(b) on the grounds of insufficient process,

insufficient service of process, lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, and/or failure to state a claim upon which relief can be granted. As additional grounds for this motion, SIC states:

1. KeyCorp Investment Limited Partnership III, Village Manor Limited, and Cleveland Apartments LP (collectively "KeyCorp") filed a complaint in the Circuit Court of Montgomery County, Alabama, CV-2005-2795 ("Original Action") on October 31, 2005. The following individuals and entities, relevant to the allegations in the present matter, were named as defendants in that case: Village Manor, Inc. ("Village Manor"), Cleveland Development, Inc. ("Cleveland Development"), Southeastern LIHTC Management, Inc. ("Southeastern"), R. Timothy Singleton ("Singleton") and Singleton & Associates, Inc. ("Singleton & Associates")(hereinafter sometimes referred to collectively as "Village Manor").[1]

2. On November 29, 2007, the remaining parties to the Original Action signed and filed a properly executed Joint Stipulation of Dismissal With Prejudice informing the court that settlement was reached and the case was dismissed in its entirety. Although not necessary to dismiss the case

---

[1] On October 2, 2007, George Kershaw, Ron Dearlof, and Jeffery Brooks, the other named defendants in the Original Action, were dismissed from the case with prejudice.

(discussed herein), Judge Price entered an Order granting the Joint Stipulation of Dismissal With Prejudice on December 5, 2007.

    3.    On January 28, 2008, Village Manor, Cleveland Development, Southeastern, Singleton, and Singleton & Associates filed a pleading styled Third Party Complaint naming as defendants Marsh USA, Inc. ("Marsh"), SIC, Chubb Insurance Company (the correct entity is identified herein as "Federal"), and Arch Speciality Insurance Company ("Arch"). The Third Party Complaint asserts claims of bad faith as to the insurers Arch, Federal and SIC and fraud/misrepresentation as to Marsh.

    4.    As set forth in the Notice of Removal and requested supplemental brief in support of removal jurisdiction, this court has jurisdiction over the present controversy based upon 28 U.S.C §1332 (diversity of citizenship and amount in controversy).

    5.    Under both the Alabama and Federal Rules of Civil Procedure, a third party complaint is not proper if more than ten (10) days have passed after filing the original complaint, <u>unless leave of court is requested and granted</u>. A.R.C.P. 14 (a); F.R.C.P. 14(a)(1). Village Manor did not request and was not granted leave to file the Third Party Complaint. The Third Party Complaint was an improper and invalid pleading at the time it was filed

because it did not comply with A.R.C.P. 14, and the same is due to be dismissed by this court.

6. The Third Party Complaint should also be dismissed because it was filed after the Original Action was dismissed rendering it a nullity. Alabama Rule of Civil Procedure 41(a)(1)(ii) provides that an action may be dismissed by the plaintiff, <u>without order of the court</u>, "by filing a stipulation of dismissal signed by all parties who have appeared in the action." F.R.C.P. 41(a)(1)(A)(ii) ("Rule 41 Dismissal of Action (a) Voluntary Dismissal. (1) By the Plaintiff. (A) Without Court Order. . . . the plaintiff may dismiss an action without court order by filing: (ii) a stipulation of dismissal signed by all parties who have appeared.")

7. The Original Action was terminated following the parties filing of the joint stipulation of dismissal on November 29, 2007 and all further proceedings in that action, including the Third Party Complaint, are void. <u>Greene v. Town of Cedar Bluff</u>, 965 So.2d 773 (Ala. 2007). In reaching its decision in <u>Greene</u>, the Alabama Supreme Court relied, in part, on federal decisions that held that the filing of a joint stipulation of dismissal by all remaining parties is effective immediately and does not require judicial approval. <u>See</u>, <u>First National Bank of Toms River, N.J. v. Marine City, Inc.</u>,

411 F.2d 674 (3rd Cir. 1969); see also, Orange Theater Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 186-87 (3rd 1942)(recognizing that F.R.C.P. 41 stipulations of dismissal by all parties do not require court approval).

8.   The Third Party Complaint failed to comply with the requirements of A.R.C.P. 14 at the time it was filed and is therefore an improper and invalid pleading.  In addition, the Original Action was terminated both by operation of law and by the court's order granting the Joint Stipulation of Dismissal With Prejudice prior to the filing of the Third Party Complaint rendering the same ineffective, null and void.

WHEREFORE, the above premises considered, SIC requests this court dismiss the Third Party Complaint.

/s/ Michael A. Vercher
Edgar M. Elliott, IV (ASB-1083-E61E)
Michael A. Vercher (ASB-4976-H32M)
Attorneys for Defendant Scottsdale Insurance Company

OF COUNSEL:
CHRISTIAN & SMALL LLP
505 North 20th Street, Suite 1800
Birmingham, AL  35203
Telephone:     (205) 795-6588
Facsimile:  (205) 328-7234
emelliott@csattorneys.com
mavercher@csattorneys.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 7th 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

                /s/ Michael A. Vercher
                OF COUNSEL